# EXHIBIT S-DC-NR-4

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

OCT 3 0 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

TEDDY A. WATSON ON BEHALF OF          *
HIMSELF, CITIZENS OF ALABAMA &        *
CITIZENS OF THE UNITED STATES         *
                                      *
　　　Plaintiffs/Defendants,           *
                                      *
                                      *
vs.                                   *
                                      *   CIVIL ACTION NO.
                                      *   2:06 CV 978 - MEF
JERE L. BEASLEY,  J. GREG ALLEN,      *   "DEMAND FOR JURY TRIAL"
MICHAEL J. CROW,  THOMAS J. METHVIN,  *
J. COLE PORTIS  &  DANIEL MILES, III  *  "DEMAND FOR INJUNCTION RELIEF"
　　　of                               *
　　　THE BEASLEY LAW FIRM,            *  "NATIONAL CLASS ACTION STATUS"
                                      *
PHILIP S. GIDIERE, JR., JACK B. HINTON, JR. *
& STEVEN K. HERNDON                   *
　　　of                               *
　　　THE GIDIERE LAW FIRM,            *
                                      *
OFFICIALS OF THE STATE OF ALABAMA,    *
                                      *
OFFICIALS OF THE UNITED STATES OF     *
AMERICA,                              *
                                      *
　　　Defendants/Plaintiffs            *

## STATEMENT ON EVIDENCE IN SUPPORT

## OF

## NOTICE OF REMOVAL

Comes now Plaintiff/Defendant Teddy A. Watson on behalf of himself,

Plaintiffs/Defendants Citizens of Alabama and Plaintiff/Defendants Citizens of the United

States, statement on evidence in support of notice of removal, that is removing the pending

national class action civil jury demands & criminal/civil injunction relief demands in the

1

CV-91-78 case in Lowndes County Circuit Court, **(1)** the amended complaint on July 13,2004, **(2)** the amendment to the amended complaint (7/13/04) on February 25,2005, **(3)** the second amendment to the amended complaint (7/13/04) on May 11,2005, **(4)** in four of the five federal (CV-05-T-179-N) motions to compel that were filed on February 25,2005, and **(5)** in the three state (CV-91-78) motions that were filed on May 11,2005.

**1.** The criminal/civil injunction relief demands (7/13/04, 2/25/05 & 5/11/05) against lawyers & state/federal officials, are connected/related to Watson's civil jury demands (2/25/05) against the following: **(lawyers)** the Beasley Law Firm partners **&** the Gidiere Law Firm partners; **(state officials of Alabama)** Second Judicial Circuit Judge H. Edward McFerrin (the presiding judge in the state CV-91-78 case) **&** Attorney General Troy King; **(federal officials of the United States) 1**-U.S. Attorney Leura G. Canary, **2**-U.S. Magistrate Susan Russ Walker, **3**-U.S. District Judge W. Harold Albritton III, **4**-former U.S. Attorney General John Ashcroft, and **5**-U.S. Richard Shelby, for their conspiracy engagement in conspiring in **or** unlawfully allowing the continuation of the below (par.1-A - 1-C-1) conspiracy deprivations on Watson's civil rights & property in the state CV-91-78 case in Lowndes County Circuit Court.

**1-A.** A known illegal judicial search on Watson in the state CV-91-78 case, that is unlawfully allowing the Beasley Firm to continue to claim judicial/legal rights to money from Watson's pro se settlement with CSX on February 16,1996, with liens/demands that are known to be barred by res judicata.

**1-B.** A known illegal judicial seizure of Watson's property in the state CV-91-78 case, that is unlawfully keeping half the money from Watson's pro se settlement with CSX on February 16,1996 ($237,500 plus interest) held on the Beasley Firm's liens/demands that are

known to be barred by res judicata.

   **1-C.** A known obstruction of justice in the state CV-91-78 case, on Watson's rights to

hold the Beasley Firm civilly liable to Watson, for the damages Defendant Watson incurred in

and as a result of Cole Portis of the Beasley Firm (Defendant Watson's attorney) conspiring with

Lowndes County Officials, Plaintiff Daniel Thomas and plaintiff attorney Albert Butler in the

cow case (CV-92-03) in Lowndes County Circuit Court, to frame Defendant Watson **and**

mislead the civil jury of citizens to return a civil judgment against Watson for conversion/theft of

26 of Thomas's cattle on June 8,1991, **(a)** which the conspirators knew was a fraud imputation

of a felony crime against Defendant Watson, and **(b)** which the conspirators knew, **(b-1)** was not

the conversion of 26 cattle Plaintiff Thomas had sued Defendant Watson for (**which** claimed

Watson had been caught trying to sell 26 of 70 cattle at Hooper Auction Co. on June 11,1991

that Thomas had reported missing to state livestock officers on May 30,1991), and **(b-2)** that

Plaintiff Thomas's civil complaint claims of conversion against Defendant Watson, **was also** a

fraud accusation & imputation of a felony crime against Defendant Watson.

   **1-C-1.** The amendment to the amended complaint (7/13/04) on February 25,2005

(par.13-A - 14-A-1 on pages 21-25) shows that the damages Watson's incurred as a result of the

conspiracy on Watson & civil jury of citizens in the cow case (CV-92-03), includes, **(a)** Watson

being forced by Lowndes County Officials to sell his home & property in Lowndes County, that

Lowndes County Officials had conspired to get by unlawfully means (**Ex.A-33** bound in Ex. Pk.

5 to DC-NR-4 verses **Ex.2-A & Ex.6-A** bound in Ex. Pk. 4 to DC-NR-4) and **(b)** federal

attorneys in Montgomery Al., conspiring to obstruct criminal & civil prosecution on the

conspirators in the cow case (CV-92-03) **and also** conspirators in the CSX case (CV-91-78),

3

before **and** after civilly prosecuting Defendant Watson in the CV-95-T-1445-N case in U.S.

District Court for defaulting on federal farm loans, **which** Watson defaulted on because of the

conspiracy in the cow case (CV-92-03 ), **(Ex.US-7, Ex.US-8, Ex.US-12, Ex.Z-5, Ex.Z-6 &**

**Ex.FC-18** verses **Ex.AA-1** bound in Ex. Pk. 5 to DC-NR-4).

 **2.** The exhibits bound in Exhibit Pack 4 to DC-NR-4 & Exhibit Pack 5 to DC-NR-4 being

filed with this notice of removal, are indisputable & persuasive evidence that there has been

conspiracy obstructions of justice on the issues in the (par.1-A - 1-C), in three prior of notice of

removal cases in this U.S. District Court, on complaints filed in the CV-91-78 case in Lowndes

County Circuit Court: **(Ex.DC-NR-1)** the CV-02-F-1214-N case **(1st notice of removal case)** on

the state (CV-91-78) amended complaint on October 31,2002; **(Ex.DC-NR-2)** the

CV-04-A-677-N case **(2nd notice of removal case)** on the amended  complaint on July 13,2004;

and **(Ex.DC-NR-3)** the CV-05-T-179-N case **(3rd notice of removal case)** also on the amended

complaint on July 13,2004 **(being** removed the third time) **and** on the amendment to the

amended complaint (7/13/04) on February 25,2005 **(being** removed the second time).

 **2-A. Ex.FC-19 & Ex.FC-23** bound in Exhibit Pack 4 to DC-NR-4 show that U.S.

Magistrate Susan Russ Walker & U.S. District Judge Mark E Fuller, were the federal justice

officials who presided over the 1st notice of removal case (CV-02-F-1214-N); **and** in addition to

State Circuit Judge H. Edward McFerrin (the presiding judge in the state CV-91-78 case), the

corrective copy of the state (CV-91-78) amended complaint on July 13,2004 and **Ex.DC-NR-2**

bound in Exhibit Pack 4 to DC-NR-4 also show, **(1)** that Magistrate Walker & Judge Fuller have

criminal/civil liability to government & its citizens under the injunction relief demands

(7/13/04), for conspiring to use fraud in the 1st notice of removal case (CV-02-F-1214-N) to

4

remand the amended complaint (10/31/02) back to Judge McFerrin in the state CV-91-78 case,

and **(2)** that U.S. Attorney General Leura G. Canary also has criminal/civil liability to

government & its citizens, along with former Alabama Attorney General Bill Pryor, for

conspiring to obstruct criminal prosecution on Watson's petitions to them on November 24,

2003, against the lawyers & state/federal officials who conspired to use fraud to obstruct justice

on Watson's amended complaint on October 31,2002.

**2-A-1. Ex.DC-NR-1 (par.6 on page 6)** shows that Watson stated in the notice of removal

in the CV-02-F-1214-N case on October 31,2002, that because they were subject to be

impeached & criminally prosecuted, subject matter barred the following from presiding over that

case: **(1)** U.S. Magistrate Charles S. Coody, **(2)** U.S. Magistrate Vanzetta Penn McPherson. **(3)**

U.S. District Judge Ira DeMent, and **(4)** U.S. District Judge Myron H. Thompson.

**2-B. Ex.DC-CD-1, Ex.DC-CD-2 & Ex.DC-O** bound in Exhibit Pack 4 to DC-NR-4,

show that with Magistrate Walker co-presiding & U.S. Attorney Canary being listed as

representing the United States in the 2nd notice of removal case (CV-04-A-677-N) on the above

(par.1-A) criminal/civil injunction relief demands (7/13/04), U.S. District Judge W. Harold

Albritton III remanded the amended complaint (7/13/04) back to Judge McFerrin in the state

CV-91-78 case on July 23,2004.

**2-B-1.** The second amendment to the amended complaint (7/13/04) on February 25,2005

and **Ex.DC-NR-3** bound in Exhibit Pack 4 to DC-NR-4 show that in addition to the above (par.1

- 1-C-1) civil liability to Watson, Judge Albritton also has criminal/civil liability to government

& its citizens under the injunction relief demands (2/25/05), for conspiring to obstruct justice in

the second notice of removal case (CV-04-A-677-N), on Watson's civil jury demands (7/13/04)

against the Beasley Firm **and** on the criminal/civil injunction relief demands (7/13/04) against

lawyers & state officials & federal officials, because **Ex.DC-NR-2 (par.1 - 2 on pages 1-3)**

bound in Exhibit Pack 4 to DC-NR-4 show that Judge Albritton knew that the following

magistrates & district judges of this federal court have criminal/civil liability to government &

its citizens under the injunction relief demands on July 13,2004, for prior related/connecting

conspiracy obstructions of justice, **(1)** U.S. Magistrate Charles S. Coody & U.S. District Judge

Ira DeMent in the CV-94-D-1112-N case **(see Ex.D** bound in Ex. Pk. 4 to DC-NR-4), **(2)** U.S.

Magistrate Vanzetta Penn McPherson & U.S. District Judge Ira DeMent in the CV-98-D-1023-N

case **(note)** which the defendant federal attorneys removed from the CV-98-1871-PR case in

Montgomery County Circuit Court **(see Ex.F** bound in Ex. Pk. 4 to DC-NR-4 and **Ex.Z-5,**

**Ex.Z-6 & Ex.542** bound in Ex. Pk. 5 to DC-NR-4), **(3)** U.S. District Judge Myron H. Thompson

in the CV-01-T-1268-N case **(see below in par.22 - 22-A on pages 63-65)**, and **(4)** U.S.

Magistrate Susan Russ Walker & U.S. District Judge Mark E. Fuller in the 1st notice of removal

case (CV-02-F-1214-N, **see Ex.FC-19 & Ex.FC-23** bound in Ex. Pk. 4 to DC-NR-4).

    **2-C. Ex.JT-O-1 thru Ex.JT-O-4 & Ex.MW-O-1** bound in Exhibit Pack 4 to DC-NR-4

show that U.S. Magistrate Walker & U.S. District Judge Myron H. Thompson are the federal

justice officials who presided over the 3rd notice of removal case (CV-05-T-179-N); **and** the

above (par.2-A - 2-B-1) along with all the claims/demands in amended complaint on July 13,

2004, amendment to the amended complaint (7/13/04) on February 25,2005 and notice of

removal in the 3rd notice of removal case (CV-05-T-179-N) on February 25,2005 (**Ex.DC-NR-3**

bound in Ex. Pk. 4 to DC-NR-4), show that in addition to themselves, Magistrate Walker &

Judge Thompson knew they also conspired to keep the other magistrates & district judges in the

above (par.2-B-1) from being impeached held criminally/civilly liability to government & its citizens under the injunction relief demands (7/13/04 & 2/25/05) **and also** U.S. 11th Circuit Court Appeal Judge Bill Pryor from being impeached & held criminally/civilly liable to government & its citizens, for his conspiracy engagement in obstructing criminal & civil justice in this case as Attorney General of Alabama.

**2-C-1.** The state (CV-91-78) second amendment to the amended complaint (7/13/04) on February 25,2005 **and** the notice of removal in the 3rd notice of removal case (CV-05-T-179-N, **Ex.DC-NR-3** in Ex. Pk .4 DC-NR-4), show that Magistrate Walker & Judge Thompson were also aware that in addition to the above (par.1- 1-C) civil liability to Watson, Alabama Attorney General King, former U.S. Attorney General Ashcroft and U.S. Senator Shelby have criminal & civil liability to government & its citizens under the injunction relief demands on February 25, 2005, for conspiring to obstruct justice on the amended complaint on July 13,2004, by refusing to file answers or responses to the criminal/civil injunction relief demands in the amended complaint on July 13,2004.

**3. Ex.JT-O-2 & Ex.JT-O-4** bound in Exhibit Pack 4 to DC-NR-4 **and** the below (par.3-A - 3-E) show: **(Ex.JT-O-4)** that the four federal motions to compel being removed in the below (par.3-A - 3-D), were remanded to the state CV-91-78 case by Judge Thompson in the federal CV-05-T-179-N case on March 15,2005; and **(Ex.JT-O-2)** that Judge Thompson denied the below (par.3-E) federal motion to compel (2/25/05) in the federal CV-05-T-179-N case on March 3,2005, **which** is also being filed because it supports the below (par.4-C) state (CV-91-78) motion to compel (5/11/05) being removed.

**3-A.** Motion to compel for federal officials of the United States & state officials of

7

Alabama, be held in default to oppose the injunction relief demands in the amended complaint

on July 13,2004, **(note)** which was filed because state officials (Attorney General King) **and also**

federal officials (U.S. Attorney General Ashcroft & U.S. Senator Shelby and/or U.S. Attorney

Canary), failed/refused to filed answers or responses thereof within 30 days.

    **3-A-1. Ex.DC-NR-3 (par.1-C on pages 3-4)** bound in Exhibit Pack DC-NR-4 shows that

the criminal/civil injunction relief demands (7/14/04), that state/federal officials are due to be

held in default on rights to oppose under the above (par.3-A), include the following being

demanded of the U.S. Congress, **(a)** to impeach the federal judges who have conspired to

obstruct justice in the case, and **(b)** to assign special congressional investigators & prosecutors to

hold all the racketeering conspiring lawyers, state officials of Alabama & federal officials

criminally & civilly liable to government & its citizens.

    **3-B.** Motion to compel for injunction order for removal of property from state court

under U.S. Title 28 (§ 1442), that orders the Circuit Clerk of Lowndes County to transfer money

being held in the CV-91-78 case to U.S. District Court for a jury trial; **and** which has attached,

the federal motion for injunction order for the same, that was filed in the second notice of

removal case (CV-04-A-677-N) on July 13,2004, **which** the above (par.2-B) **Ex.DC-O** shows

that Judge Albritton did not even recognize much less address in his remand order on July 23,

2004.

    **3-C.** Motion to compel for lawyer, state & federal defendants/plaintiffs to be held in

contempt of court, **note** which for further references purposes is marked as **Ex.DC-MC-C**,

because it has demands for federal bench arrest warrants against the following:

    **3-C-1.** Against the lawyers, state officials of Alabama & federal officials of the United

States, who were defendants in the amended complaint/notice of removal on October 31,2002,

**Note,** which **Ex.DC-NR-1** bound in Exhibit Pack 4 to DC-NR-4 shows are, **(federal defendants)**

federal attorney Lynn A. Zentner of the Executive Office for U.S. Attorneys in Washington DC

**(see Ex.USA-Z1** bound in Ex.Pk.5 to DC-NR-4) **and** federal attorneys in the U.S. Attorney's

Office in Montgomery Al.; **(state defendants) 1-**Gov. Don Siegelman (former), **2-**Lt. Gov. Steve

Windom (former), **3-**Speaker of the House (Rep.) Seth Hammett, **4-**Justices on the Alabama

Supreme Court (in January 2002, **see Ex.ASC-1 - Ex.ASC-3** bound in Ex. Pk. 5 to DC-NR-4),

**5-**Attorney General William H. Pryor Jr. (former), **6-**Assistant Attorney General Fred F. Bell,

**7-**Circuit Judge Sally M. Greenhaw, and **8-**Circuit Judge H. Edward McFerrin; and **(lawyers)** the

Beasley Law Firm partners **and** the Gidiere Law Firm partners; **and also** the attorneys, state

officials, federal officials, who conspired to use fraud to obstruct justice on the fraud, conspiracy

& racketeering claims against lawyers & state/federal officials in the amended complaint/notice

of removal on October 31,2002, which are **(a)** Jack B. Hinton Jr. of the Gidiere Firm (Defendant

Beasley Firm's attorney, **see Ex.CSX-1 & Ex.FC-5** bound in Ex. Pk. 3 to DC-NR-4), **which** are

in Exhibit Pack A & Exhibit Pack 4 on file in the 2nd notice of removal case (CV-04-A-677-N)

**(b)** Ronald G. Davenport of the law firm of Rushton, Stakely, Johnson & Garrett (Defendant

Gidiere Firm's attorney, **see Ex.CSX-2 & Ex.FC-6** bound in Ex. Pk. 3 to DC-NR-4) **which** are

in Exhibit A & Exhibit 4 on file in the 2nd notice of removal case (CV-04-A-677-N), **(c)**

Assistant Attorney General Ellen Leonard (attorney for the state defendants, **see Ex.CSX-3**

bound in Ex. Pk. 3 to DC-NR-4) **which** is in Exhibit Pack A & Exhibit Pack 4 on file in the 2nd

notice of removal case (CV-04-A-677-N), **(d)** Assistant U.S. Attorney Kenneth E. Vines

(attorney for the federal attorney defendants, **see Ex.FC-18** bound in Ex. Pk. 4 to DC-NR-4), **(e)**

9

U.S. Magistrate Susan Russ Walker **(see Ex.FC-19** bound in Ex. Pk. 4 to DC-NR-4) **(f)** U.S.

District Judge Mark E. Fuller **(see Ex.FC-23** bound in Ex. Pk. 4 to DC-NR-4), **(g)** State Circuit

Judge H. Edward McFerrin **(see Ex.C, Ex.BF-A & Ex.BF-B** bound in Ex. Pk. 4 to DC-NR-4);

     **3-C-2.** Against U.S. Attorney Leura G. Canary **and** former Alabama Attorney General

Bill Pryor, for conspiring to obstruct criminal prosecution on Watson's petitions on November

24,2003, **(see Ex.CSX-13 & Ex.CSX-14** bound in Ex. Pk. 3 to DC-NR-4) **which** are in Exhibit

Pack 2 on file in the 2nd notice of removal case (CV-04-A-677-N);

     **3-C-3.** Against U.S. District Judge W. Harold Albritton III, for conspiring with U.S.

Magistrate Walker & U.S. Attorney Canary, to obstruct to justice in the federal CV-04-A-677-N

case on the fraud, conspiracy & racketeering claims against lawyers & state/federal officials on

July 13,2004 **(see Ex.DC-NR-4, Ex.DC-CD-1, Ex.DC-CD-2 & Ex.DC-O** bound in Ex. Pk. 4 to

DC-NR-4);

     **3-C-4.** Against Alabama Attorney General Troy King, former U.S. Attorney John

Ashcroft and U.S. Senator Richard Shelby, for conspiring to obstruct justice (by refusing to file

answers & responses to the criminal/civil injunction relief demands on 7/13/04), **see** corrective

copy of the amended complaint on 7/13/04) **and also** Watson's petitions to them on July 13,2004

**(see Ex.AGK-P1, Ex.USAG-P5 & Ex.USSS-P3** in Ex. Pk. P to DC-NR-4 being filed) **which**

are in Exhibit Pack SAK on file in 2nd notice of removal case (CV-04-A-677-N); **and**

     **3-C-5.** Being demanded in the second amendment to the amended complaint (7/13/04)

on February 25,2005 **(see** par.21-A - 21-A-5 on pages 35-45), against the following judges for

their connecting/related judiciary conspiracies in defrauding Watson of rights to even a hearing,

involving the above (1-A - 1-C) conspiracy deprivations on Watson's civil rights & property in

the state CV-91-78 case, **(1)** State Circuit Judge H. Edward McFerrin in the CV-91-78 case in

Lowndes County Circuit Court (ongoing since June of 2002), **(2)** State Circuit Judge Sally M.

Greenhaw in the Watson v. Judge McFerrin case (CV-02-2048-GR) in Montgomery County

Circuit Court (October 2002), **(3)** U.S. Magistrate Susan Russ Walker & U.S. District Judge

Mark E. Fuller in the CV-02-F-1214-N case in U.S. District Court (from December 2002 thru

February 25,2003) and **(4)** U.S. Magistrate Susan Russ Walker & U.S. District Judge W. Harold

Albritton III in the CV-04-A-677-N case in U.S. District Court (July 2004).

 **3-D.** Motion to compel for hearings on the pretrial injunction relief demands in the above

(par.3-A - 3-C-5) **and** below (par.3-E).

 **3-E.** Motion to compel for recusal of the state judicial officials **and** the federal justice

officials, who have civil liability to Watson under the civil jury demands (2/25/05) **and/or**

criminal/civil liability to government & its citizens under the injunction relief demands (7/13/04

& 2/25/05), **NOTE** Watson filed the below (par.4-C) state motion to compel for recusal on May

11,2005, because the above (par.2 - 2-C-3) **verses** the above (par.3 - 3-D) show that Judge

Thompson knew his denial of the federal motion to compel recusal on March 3,2005 was

unlawful, because Federal Judge Thompson, Federal Magistrate Walker and State Judge

McFerrin being held criminally/civilly liable to government & its citizens for prior related &

connecting conspiracy obstructions of justice, were included in the criminal/civil injunction

relief demands on July 13,2004, that state/federal officials were due to be held in default on

having rights to oppose on the above (par.3-A - 3-A-1) federal motion to compel on February 25,

2005.

 **4.** The three state (CV-91-78) motions being removed in the below (par.4-A - 4-C), were

11

filed with second amendment to the amended complaints (7/13/04) on May 11,2005, **with** Exhibit Pack SC-MLTA that is also being filed with this statement & notice of removal.

**4-A.** Motion for leave to amend, **which** was filed because **Ex.JT-O-4** bound in Exhibit Pack 4 to DC-NR-4 shows that in the 3rd notice of removal case (CV-05-T-179-N) on March 15, 2005, Judge Thompson remanded the complaints (7/13/04 & 2/25/05) back to the state CV-91-78 case, on grounds Watson did not have leave (permission) from the state court (Judge McFerrin) to file those federal claims.

**4-B.** Motion to compel for default on **(1)** federal officials of the United States **&** state officials of Alabama having rights to oppose the criminal/civil injunction relief demands in the amended complaint (7/13/04) on February 25,2005, and **(2)** on the lawyer, state & federal defendants/plaintiffs having rights to oppose a jury trial being held on the federal civil jury demands in the amendment to the amended complaint (7/13/04) on February 25,2005, **which** was filed, **(a)** because state & federal officials had also refused to file answers or responses thereof in the state CV-91-78 case; and **(b)** because **Ex.BF-M/D-2** bound in Exhibit Pack 4 to DC-NR-4 shows that in the Beasley Firm's motion to dismiss in the state CV-91-78 case on March 11,2005, the Beasley Firm's attorney (Jack B. Hinton Jr. of the Gidiere Firm) had reference to the non-factor civil jury demands against the Beasley Firm in the corrective copy of the amended complaint on July 13,2004 **(note** that had corrective errors Watson had discovered in the amended complaint on 7/13/04), **that** was filed with the second amendment to the amended complaint (7/13/04) on February 25,2005, **in order** to evade having to address the above (par.1- 1-C) civil jury demands against partners of the Beasley Firm **&** partners of the Gidiere Firm in the amendment to the amended complaint (7/13/04) on February 25,2005.

12

**4-B-1.** The above (par.4-B) state (CV-91-78) motion to compel for default on May 11,

2005, **along** with the state (CV-91-78) amendment to the amended complaint (7/13/04) on

February 25,2005 (par.8-A on page 14) **and** the 3rd notice of removal (CV-05-T-179-N,

**Ex.DC-NR-3, par.7** on pages 12-13 bound in Ex. Pk. 4 to DC-NR-4), show that the U.S.

Congress having a special federal judge to preside over this case because of Judge Albritton

conspiring to obstruct justice in the 2nd notice of removal case (CV-04-A-677-N), is part of the

injunction relief demands (2/25/05) that federal officials are due to be held in default on having

rights to oppose under the above (par.4-B) motion to compel on May 11,2005.

**4-C.** Motion to compel for recusal of the state judicial officials **and** federal justice

officials, who have criminal & civil liability, **which** was filed because Judge Thompson's above

(par.3 & par.3-E) unlawful dismissal of the federal motion to compel for recusal (2/25/05) in the

3rd notice of removal case (CV-05-T-179-N) on March 3,2005.

**5. Ex.USAG-P1** in Exhibit Pack USAGG to DC-NR-4 is a copy of Watson's petition to

U.S. Attorney General Alberto Gonzales on May 11,2005, **which** along with the state

(CV-91-78) second amendment to the amended complaint (7/13/04) on May 11,2005, show

demanded the following of U.S. Attorney General Gonzales:

**5-A.** To inform President Bush & the U.S. Congress of former U.S. Attorney General

Ashcroft & U.S. Senator Shelby's conspiracy engagement with federal justice officials, in

obstructing criminal/civil justice on the amended complaint on July 13,2004 & amendment to

the amended complaint (7/13/04) on February 25,2005, because President Bush had been

mislead to re-nominate Pryor **and** the U.S. Congress was due to take-up Pryor's re-nomination

for a lifetime position on the U.S. 11th Circuit Court of Appeals;

13

**5-B.** To order a federal grand jury investigation in Montgomery Alabama, which will allow citizens as grand jurors to indict lawyers & state/federal officials to be held criminally & civilly liable to state/federal government & its citizens, for committing racketeering conspiracy crimes of fraud on this nation's bill of rights & citizens rights/interests thereunder to defraud the State of Alabama & its citizens of a lawful & constitutional state & federal criminal/civil judicial system, **note** which includes federal prosecutors obstructing justice in federal prosecutors ongoing federal grand jury investigation on corruption in former Gov. Don Siegelman's administration;

**5-C.** To order a Washington DC federal grand jury investigation, to determine the extent of corruption in the U.S. Department of Justice during John Ashcroft's tenure as Attorney General of the United States **and** U.S. Senator Shelby's conspiracy engagement therein; and

**5-D.** To remove to U.S. District Court from the state CV-91-78 case under U.S. Title 28 (§ 1442), Watson's money, the amended complaint on July 13,2004, amendment to the amended complaint (7/13/04) on February 25,2005, and pending motions, **(a)** for a jury trial to be held on Watson & Beasley Firm's counterclaims on said money, and **(b)** for due process of law on the criminal & civil injunction relief demands, **because** of the two defaults in the above (par.3-A **&** par.4-B), **(1)** on the above (par.1) named lawyers & state federal officials having rights to oppose a jury trial being held on Watson above (par.1-A - 1-C) civil jury demands in the amendment to the amended complaint (7/13/04) on February 25,2005, and **(2)** on state/federal officials having rights to oppose the above (par.2-A - 2-C-1, par.3-A-1 & par.4-A-1) criminal/civil injunction relief demands in the amended complaint on July 13,2004 **and** amendment to the amended complaint (7/13/04) on February 25,2005.

14

**6.** The averments in **Ex.USAG-G-P1** bound in Exhibit Pack USAGG to DC-NR-4 along with exhibits in bound in Exhibit Pack P to DC-NR-4, shows that in his petition on May 11, 2005, Watson provided U.S. Attorney General Gonzales with persuasive evidence of the following:

**6-A.** Washington civil rights justice officials conspiracy obstruction of justice in June & July 2003, on Watson's two petitions to U.S. Attorney General Ashcroft on May 16,2003 **(Ex.USAG-P1, Ex.USAG-P2** vs. **Ex.USDJ-1, Ex.USA-M1 & Ex.USA-M2** in Ex.Pk.P being filed with this statement **&** on file in the federal CV-04-A-677-N case in Ex.Pk.1), **note** which lead to President Bush being mislead to make his senate recess appointment of Alabama Attorney General Pryor to the U.S. 11th Circuit Court of Appeals on February 20,2004;

**6-A-1.** The above (par.6) **Ex.USA-M1 & Ex.USDJ-1** are bound in Exhibit Pack 5 to DC-NR-4.

**6-B.** Former U.S. Attorney General Ashcroft & U.S. Senator Shelby's conspiracy engagement (starting in April of 2004) in obstructing justice on Washington civil rights justice officials above (6-A) June/July 2003 conspiracy obstruction of justice, see **Ex.USSS-P1 thru Ex.USSS-P3, Ex.USSS-R, Ex.USAG-P3 thru Ex.USAG-P5** in Exhibit Pack P being filed with this statement, **which** are also on file in the 2nd notice of removal case (CV-04-A-677-N) in Exhibit Pack AA **(Ex.USSSP1 & Ex.USAG-P3)**, Exhibit Pack AAA **(Ex.USSS-P2 & Ex.USAG-P5)** and Exhibit Pack SAK **(Ex.USSS-R, Ex.USSS-P3 & Ex.USAG-P5)**.

**6-B-1. Ex.USSS-R** is also in Exhibit Pack USAGG to DC-NR-4.

**7.** The second amendment to the amended complaint (7/13/04) on May 11,2005 (par.AA-8 - AA-9 on pages 5-8), shows that in his answer, U.S. Attorney Gonzales was to also

15

address if he had holdover members on his staff from former U.S. Attorney General Ashcroft's staff who had withheld & destroyed the pleadings & exhibits Watson had mailed to U.S. Attorney General Gonzales on February 25,2005 & March 11,2005, **which** is an issue U.S. Attorney General Gonzales has duty to address in an answer/response to the notice of removal being filed, **because** U.S. Attorney General Gonzales failure to file an answer **and also** uphold his duty on the above (par.5 - 5-D) injunction relief demands in the second amendment to the amended complaint (7/13/04) on May 11,2005,  is a result of said holdover staff members also withholding the pleadings & exhibit evidence Watson mailed U.S. Attorney Gonzales on May 11,2005, **or** that U.S. Attorney General Gonzales is conspiring with other federal justice officials in Washington DC **and** U.S. Senator Shelby, to obstruct criminal/civil justice on the fraud, conspiracy & racketeering claims against lawyers & state/federal officials in this national class action criminal/civil injunction case & civil jury case.

    **8. Ex.USDJ-CRD** in Exhibit Pack USAGG to DC-NR-4 is a copy of a letter to Watson from Theresa Weathers (Civil Rights Division) of the U.S. Department of Justice in Washington DC on July 29,2005, **which** in addition to stating was in reply to Watson's correspondence to U.S. Attorney General Gonzales **and** apologizing for the delay in responding, **also** states the following: **(a)** that the matter Watson had mention in his letter "is one within the jurisdiction of the courts or the state."; and **(b)** "This Department has no authority to take any action in this matter."

    **8-A.** Just the above (par.5 - 7) **verses** the above (par.8) show that Civil Rights Justice Official Weathers claimed on July 29,2005, that the U.S. Department of Justice did not have authority to take action, **(a)** against the Washington civil rights justice officials who conspired in

16

June/July 2003, to obstruct justice on Watson's two petitions to U.S. Attorney General Ashcroft on May 16,2003, **which** had resulted in President Bush being mislead to make his senate recess appointment of Pryor to the U.S. 11th Circuit Court of Appeals on February 20,2004 **(b)** against former U.S. Attorney General Ashcroft & U.S. Senator Shelby's for their conspiracy (that started in April of 2004), in obstructing justice on Washington civil rights justice officials June/July 2003 conspiracy obstruction of justice, **(c)** against U.S. Senator Shelby **and the** federal justice officials in  Washington DC for continuing to conspire to obstruct justice, **(c-1)** which may now include U.S. Attorney General Gonzales, and **(c-2)** which has now resulted in the U.S. Congress being mislead to approve & give Pryor a lifetime position on the U.S. 11th Circuit Court of Appeals on June 9,2005.

**9. Ex.BF-A & Ex.C** bound in Exhibit Pack 4 to DC-NR-4, are both copies of Judge McFerrin's Amended Order in the CV-91-78 case on April 18,2002, which shows/states, **(a)** that Judge McFerrin struck/disallowed Watson's amended complaint on April 2,2002, on grounds it was filed too late **and** without leave of the court, because Judge McFerrin had held a final hearing on March 26,1996 on an attorney lien Watson's former attorneys had on file in the CV-91-78 case before Watson's pro se settlement with CSX on February 16,1996, **(b)** that Judge McFerrin acknowledged other filing & motions had been filed after the hearing on March 26, 1996, **in addition** to also stating that some of those filings/motions (filed after 3/26/96) had contributed to the delay in Judge McFerrin not making a final judgment, and **(c)** Judge McFerrin acknowledged that Watson's amended complaint (4/2/02) was trying to force Judge McFerrin recusal on presiding over the attorney lien dispute on Watson's settlement money that Judge McFerrin has held in trust in the CV-91-78 case from said settlement on February 16,1996.

17

**9-A. Ex.B** bound in Exhibit Pack 4 to DC-NR-4 is a copy of Watson's amended complaint in the CV-91-78 case on April 2,2002, which shows the following:

**9-A-1.** Sued Judge McFerrin, partners of the Beasley Firm, Jack B. Hinton of the Gidiere Firm (the Beasley Firm's attorney) and U.S. Attorney's Office in Montgomery Al., for fraud, conspiracy & racketeering;

**9-A-2** Claimed a conspiracy in the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court, that obstruct justice on the ongoing conspiracy in the CV-91-78 case, that was defrauding Watson of rights to due process of law on the same issues in the above (1-A - 1-C).

**9-A-3.** Claimed a conspiracy in the Alabama Supreme Court, that deprived Watson of rights to due process of law, **(a)** on Watson's writ of mandamus against Judge McFerrin **(see Ex.ASC-1** bound in Ex. Pk. 5 to DC-NR-4), and **(b)** on Watson's appeal of the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court **(see Ex.ASC-2 & Ex.ASC-3** bound in Ex. Pk. 5 to DC-4).

**10. Ex.BF-B** bound in Exhibit Pack 4 to DC-NR-4 is a copy of Judge McFerrin's Order in the CV-91-78 case on February 26,2003, which shows/states: **(a)** acknowledged that federal court had remanded the amended complaint (10/31/02) back to the state CV-91-78 case on February 12,2003 **(see Ex.FC-23** in Ex.Pk.4 to DC-NR-4), and **(b)** that because they were similar to the claims in the amended complaint on April 2,2002, Judge McFerrin struck/disallowed the claims in the amended complaint on October 31,2002, on the same grounds in Judge McFerrin's Amended Order on April 18,2002 **(Ex.BF-A & Ex.C** in above par.9).

**10-A. Ex.DC-NR-1 (par.4 - 4-A on pages 4-5)** bound in Exhibit Pack 4 to DC-NR-4

18

shows that Watson's amended complaint on October 31,2002, included the following connecting

& related conspiracy obstructions of justice/enforcements of unconstitutional law claims against

Judge McFerrin and Judge Sally Greenhaw: **(1)** Judge McFerrin in the Watson v. Thomas case

(CV-95-108) in Lowndes County Circuit Court on February 7,2001; **(2)** Judge Greenhaw in the

Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court on July

30,2001; **(3)** Judge McFerrin in CV-91-78 case in Lowndes County Circuit Court on April 17 &

18,2002; and **(4)** Judge Greenhaw in the Watson v. Judge McFerrin case (CV-02-2048-GR) in

Montgomery County Circuit Court on October 2 & 15,2002.

    **11.** The below (par.11-A - 11-F-1) averments on **Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.14**

**thru Ex.16, Ex.18 & Ex.24** bound in Exhibit Pack 4, **Ex.27 thru Ex.30** bound in Exhibit Pack 5

to DC-NR-4, and **Ex.C-9, Ex.C-24 & Ex.17** bound in Exhibit Pack 2 to DC-NR-4 **and also**

Exhibit Pack A & Exhibit Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N),

**verses** the above (par.9) on **Ex.BF-A & Ex.C** and the above (par.10) on **Ex.BF-B**, are persuasive

evidence that to cover-up Judge McFerrin's conspiracy engagement in unlawfully holding

Watson's money in the CV-91-78 case on the Beasley Firm's barred by res judicata liens &

demands (40% on 3/26/96, 50% on 3/17/97 & on 8/30/99), Judge McFerrin knew **(a)** that he

fraudulently claimed in his Amended Order on April 2,2002 (Ex.BF-A & Ex.C), that the Beasley

Firm had an attorney lien on file in the CV-91-78 case before Watson's pro se settlement with

CSX on February 16,1996 **and** that Judge McFerrin had held a final hearing on March 26,1996

on that phantom attorney lien the Beasley Firm was to have on file before said settlement

(2/16/96), and **(b)** that Judge McFerrin used that same fraud (on 4/18/02 in Ex.BF-A & Ex.C) in

his Order on February 26,2003 (Ex.BF-B).

**11-A.** **Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.18 & Ex.24** bound in Exhibit Pack 4 to

DC-NR-4 are copies of: **(Ex.C-6)** Julia Asam's 10% attorney lien in the CV-91-78 case on May

23,1995; **(Ex.C-19)** Judge McFerrin's signed Order in the CV-91-78 case on February 16,1996,

that approved Watson & CSX's attached joint stipulation for dismissal in the CV-91-78 case;

**(Ex.C-20)** Judge McFerrin's signed Order in the CV-91-78 case on February 29,1996, that

ordered the Clerk to release 50% of the settlement money to Watson **and** to continuing holding

50% of the settlement money to cover attorney liens; **(Ex.C-21)** Judge McFerrin signed Order in

the CV-91-78 case on February 29,1996, that ordered the Clerk to serve notice to Watson, Julia

Asam & Greg Allen of the Beasley Firm, that Judge McFerrin would hold an attorney lien

hearing in the CV-91-78 case on March 26,1996; and **(Ex.18 & Ex.24)** Judge McFerrin's signed

& sworn affidavits in the CV-98-1871-PR case in Montgomery County Circuit Court on

September 8, 1998 (Ex.18) & CV-98-D-1023-N case in U.S. District Court on January 20,1999

(Ex.24) which along with the above **Ex.C-6 & Ex.C-19 thru Ex.C-21** show in that in regards to

attorney liens, Judge McFerrin acknowledged in said affidavits (Ex.18 & Ex.24), **(a)** that Asam's

10% lien (Ex.C-6) was the only attorney lien on file in the CV-91-78 case when Watson made

his pro se settlement with CSX, **(b)** that on CSX's attorney's knowledge of a claimed attorney

lien by the Beasley Firm, Judge McFerrin had ordered the Clerk (Ex.C-20) to release 50% to

Watson **and** continue holding 50% of the settlement money to cover Asam's 10% lien on file &

claims of a forthcoming lien from the Beasley Firm, and **(c)** that the Beasley Firm had filed their

attorney 40% lien/demand on Watson's settlement money, in the attorney lien hearing Judge

McFerrin had ordered (2/29/96 in Ex.C-21) **and** held on March 26,1996.

**11-A-1.** What Judge McFerrin knew and refused to disclose in the above (par.11-A)

affidavits on September 8,1998 (Ex.18) & January 20,1999 (Ex.24), was that by having failed to

comply with Judge McFerrin's Order on February 29,1996 (Ex.C-21, to appear & defend her

attorney lien in the hearing on 2/26/96), Julia Asam had defaulted on & forfeited the 10% lien

she had filed on May 23,1995 (Ex.C-6).

    **11-B.** Ex.C-9 & Ex.C-24 bound in Exhibit Pack 2 to DC-NR-4 **and also** in Exhibit Pack

A & Exhibit Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N), are copies of the

following in the CV-91-78 case in Lowndes County Circuit Court: **(Ex.C-9)** Watson's motion on

September 1,1995, **which** shows demanded any official demand for attorney fees the Beasley

Firm was to make for attorney fees on the CSX case (CV-91-78), be filed & decided in the case

Watson was filing against the Beasley Firm in Montgomery County Circuit Court on September

1,1995, **note** the certificate of service on page 3 show Hinton of the Gidiere Firm was served;

**(Ex.C-24)** Watson's motion to compel on April 23,1996, **which** shows demanded Judge

McFerrin to transfer Watson's money & the Beasley Firm's demand thereon (3/26/96) to the

pending CV-95-1944-G case in Montgomery County Court **and** allow a jury to decide that issue

along with Watson's claims against the Beasley Firm for legal malpractice in the CSX case

(CV-91-78) & cow case (CV-92-03) in Lowndes County Circuit Court, **note** the certificate of

service on page 4 shows that Gidiere of the Gidiere Firm was served.

    **11-B-1.** Ex.18 & Ex.24 bound in Exhibit Pack 4 **along** with the above (par.11-B) **Ex.C-9**

**& Ex.C-24,** show that in his affidavits in the CV-98-1871-PR case in Montgomery County

Circuit Court on September 8,1998 (Ex.18) and CV-98-D-1023-N case in U.S. District Court on

January 20,1999 (Ex.24), Judge McFerrin refused to disclose Watson had filed the above

(par.11-B) motions on September 1,1995 (Ex.C-9) and April 23,1996 (Ex.C-24), **because** those

motions were persuasive evidence that Judge McFerrin knew the Montgomery case had

jurisdiction of the demand the Beasley Firm filed on Watson's money in the CV-91-78 case on

March 26,1996 **and** that Judge had deprived/interfered with Watson's rights to a jury trial in the

Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery County Circuit Court.

 **11-B-2. Ex.C-23** bound in Exhibit Pack 5 to DC-NR-4 is a copy of Philip S. Gidiere Jr.

of Gidiere Firm's letter to Watson on February 13,1996, **which** shows was in regards to a

settlement in the Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery County Circuit

Court, that required Watson to pay the Beasley Firm attorney fees; **NOTE** the above (par.11-B)

**Ex.C-24** shows that Gidiere knew Watson had demanded in the CV-91-78 case on April 23,

1996, that Watson's money **and** the Beasley Firm's demand thereon (3/26/96), be transferred &

decided by a jury in the Watson v. Beasley Firm case (CV-95-1944-G).

 **11-C. Ex.14 thru Ex.16** bound in Exhibit Pack 4 to DC-NR-4 are copies of the

following: **(Ex.14 & Ex.15)** motions for summary judgment dismissing lien for & attorney's

fees, that attorneys Kenneth T. Hemphill & Donald R. Harrison filed in the CV-91-78 case on

September 3,1996 (Ex.14) & January 22,1997 (Ex.15), which show claimed that the Beasley

Firm's attorney lien demanding payment of attorney fees from Watson's settlement money was

barred by res judicata, because the Beasley Firm's failure to file counterclaims in the prior cases

in U.S. District Court (CV-94-D-1112-N) & Montgomery County Circuit Court (CV-95-1944-T);

and **(Ex.16)** the Beasley Firm's opposition to Hemphill & Harrison's motions that Greg Allen

filed in the CV-91-78 case in March 14,1997, which shows, **(a)** claimed that the Beasley Firm

had a 50% contingency fee contract with Watson in the CSX case **and** that the Beasley Firm was

not barred by res judicata, because the Beasley Firm had filed a 50% attorney lien in the

22

CV-91-78 case when the Beasley Firm withdrew as Watson's attorneys on August 30,1994, **(b)**

claimed that by ordering the clerk to retain 50% of Watson's money, the Court (Judge McFerrin)

had recognized the Beasley Firm's 50% attorney lien in an order on February 29,1996 **(see**

**Ex.C-20 & Ex.C-21** in the above par.11-A); and **(c)** that Allen also acknowledged, that if the

Beasley Firm had not filed their 50% attorney lien when they withdrew as Watson's attorneys on

August 30,1994, the Beasley Firm would be barred by res judicata from having rights in the

CV-91-78 case to demand payment of attorney fees from Watson's settlement money, by not

having filed counterclaims attorney fees in the CV-91-78 case, in the prior cases in U.S. District

Court (CV-94-D-1112-N) and Montgomery County Circuit Court (CV-95-1944-T).

**11-C-1.** The above (par.11-A) recorded facts in **Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.18 &**

**Ex.24** verses the above (par.11-B) on recorded facts in **Ex.14 thru Ex.16**, show that Judge

McFerrin allowed Allen of the Beasley Firm to file a barred by res judicata demands on

Watson's money on March 14,1997, that fraudulently claimed that the Beasley Firm had a 50%

attorney lien on file in the CV-91-78 case since August 30,1994, to cover-up that the Beasley

Firm's 40% lien/demand Allen had filed in the attorney lien hearing that Judge McFerrin ordered

on February 29,1996 **and** held on March 26,1996, **is barred by res judicata.**

**11-D.** **Ex.17** bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack A & Exhibit

Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N), is a copy of the demand for a

jury trial attorney Harrison filed in the CV-91-78 case in Lowndes County Circuit Court on April

3,1997, **which** shows demanded a jury trial on the Beasley Firm's above (par.11-C) demand on

Watson's money on March 14,1997.

**11-D-1.** **Ex.18 & Ex.24** bound in Exhibit Pack 4 to DC-NR-4 **along** with **Ex.14** thru

23

**Ex.17** in the above (par.11-C - 11-D), show that in his affidavits in the CV-98-1871-PR case in Montgomery County Circuit Court on September 8,1998 (Ex.18) and the CV-98-D-1023-N case in U.S. District Court on January 20,1999 (Ex.24), Judge McFerrin only acknowledged that additional papers had been filed in the CV-91-78 case after the attorney lien hearing on March 26,1996, **in order** to keep from having to address why Judge McFerrin had been depriving Watson of a jury trial in the CV-91-78 case on the Beasley Firm's above (par.11-C) demand on Watson's money on March 14,1997, on the above (par.11-D) demand thereof on April 3,1997,

    **11-E. Ex.27 thru Ex.30** bound in Exhibit Pack 5 to Dc-NR-4 are copies of the following: **(Ex.27 - Ex.29)** answer to plaintiff's motion of complaints against counsel and demand for jury trial thereof **(Ex.27)**, response to plaintiff's motion for judgment of default **(Ex.28)** and motion to dismiss **(Ex.29)**, that Philip S. Gidiere Jr. of the Gidiere Firm filed in the CV-91-78 case on August 30,1999, **which** show claimed that following: **(1)** that Beasley Firm was not due to be held in the default for failing to file an answer within 30 days to Watson's motion of complaints/demands for jury trial, and **(2)** that Watson was barred by res judicata & collateral estopped to oppose Judge McFerrin awarding the Beasley Firm Watson's money Judge McFerrin was holding in the CV-91-78 case; and **(Ex.30)** Judge McFerrin Order in the CV-91-78 case on December 8,1999, **NOTE** which shows ordered the following, **(a)** a hearing to be held on December 21,1999, on all the pending unargued motions related to the attorney lien dispute, and **(b)** "that responses if appropriate to pending motions shall be timely filed but no new motions shall be filed prior to disposition of outstanding motions without leave of the court."

    **11-E-1.** The fact that **Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.14 thru Ex.16, Ex.18 & Ex.24** and averments of those exhibit court records in the above (par.11-A on page 20 & par.11-C -

11-C-1 on pages 22-23) show that Judge McFerrin knew that because the Beasley Firm's 40%

lien/demand on Watson's money on March 26,1996 **and** the Beasley Firm's 50% demand on

Watson's money on March 14,1997, **are both barred by res judicata**, shows Judge McFerrin

also knew the Beasley Firm's above (par.11-E) demand on Watson's money on September 30,

1999, **is barred by res judicata.**

    **11-E-2.** Judge McFerrin's above (par.11-E) Order on December 8,1999 **(Ex.30)**, also

refutes Judge McFerrin's claims in his above (par.9) Amended Order in the CV-91-78 case on

April 18,2002 **(Ex.BF-A & Ex.C)**, that Judge McFerrin had held a final hearing on attorney liens

on March 26,1996.

    **11-F. Ex.28** bound in Exhibit Pack 4 to DC-NR-4 shows that Gidiere claimed that the

Beasley Firm was not due to be held in default on Watson's motion thereof, **(a)** because Watson

had served the Beasley Firm with the motion of complaints by certificate of service, and **(b)**

because by not being an established party in the CV-91-78 case, Watson should have had the

Court served the Beasley Firm with a summon; **NOTE** after opposing parties are established,

Rule 5 of the Alabama Rules of Civil Procedure requires opposing parties to serve each other by

certificate of services, **and** the averments on **Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.18 & Ex.24** in

the above (par.11-A on page 20) show that by filing a 40% attorney lien/demand on Watson's

money in the hearing Judge McFerrin had ordered of February 29,1996 and held on March 26,

1996, established the Beasley Firm as a demanding party in the CV-91-78 case, on the money

Judge McFerrin is holding from Watson's pro se settlement with CSX on February 16,1996.

    **11-F-1.** The above (par.11-C) **Ex.14 thru Ex.16** bound in Exhibit Pack DC-NR-4 also

show that Watson serving the Beasley Firm by certificate of service was proper, because of the

prior services by certificate of service, **(Ex.14)** by Hemphill **to** Gidiere of the Gidiere Firm on

September 3,1996, **(Ex.15)** by Harrison **to** Gidiere of the Gidiere Firm **&** Allen of the Beasley

Firm on January 22,1997, and **(Ex.16)** by Allen of the Beasley Firm **to** Harrison on March 14,

1997.

    **11-G.** **Ex.26** bound in Exhibit Pack 5 to DC-NR-5, is a copy of Allen of the Beasley

Firm's letter to Watson on September 3,1999, **which** shows requested Watson to sit down with

Allen **and** try to settle the Beasley Firm & Watson's differences.

    **11-G-1.** The above (par.11-E & par.11-F) on **Ex.27** thru **Ex.29**, show that Allen's above

(par.11-G) letter on September 3,1999 **(Ex.26)**, was in response to the motion of complaints with

demand for jury trial that Watson filed in the CV-91-78 case against the Beasley Firm; **and**

Judge McFerrin, Beasley Firm & Gidiere all knew, that with the Beasley Firm's demands on

Watson's money being an underlying (side) issue in the CSX case (CV-91-78), a motion of

complaints with demand for jury trial against the Beasley Firm, was an appropriate means for

Watson to demand due process of law on the Beasley Firm's liens/demands on Watson's money.

    **12.** **Ex.CSX-9** thru **Ex.CSX-11** bound in Exhibit Pack 4 to DC-NR-4 are copies of

Jack B. Hinton Jr. of the Gidiere Firm's letter & two proposed orders to Judge McFerrin in the

CV-91-78 case on October 13,2003 **and** those two proposed orders show that Hinton claimed

because of a settlement offer CSX had made in August of 1994 before the Beasley Firm

withdrew as Watson's attorneys in the CV-91-78 case , Judge McFerrin had rights to award the

Beasley Firm $232,855.27 of Watson's CSX settlement money on the following grounds: **(a)** that

the Beasley Firm had a 50% contingency-fee contract with Watson in the CSX case (CV-91-78);

**(b)** that the Beasley Firm's had a 50% attorney lien on file in the CSX case (CV-91-78) before

Watson's pro se settlement with CSX on February 16,1996; and **(c)** that Judge McFerrin held a final hearing on March 26,1996, on the Beasley Firm's 50% attorney lien.

**12-A. Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.18 & Ex.24** bound in Exhibit Pack 4 to DC-NR-4 **and** the averments on those exhibit court records in the above (par.11-A on page 20), is indisputable evidence that the Beasley filed a 40% lien/demand on Watson's money, in the attorney lien hearing that Judge McFerrin ordered on February 29,1996 **&** held on March 26, 1996 **and also** that Judge McFerrin knew that.

**12-B. Ex.27 thru Ex.30** bound in Exhibit Pack 5 to DC-NR-4 **and** the averments of those exhibit court records in the above (par.11-E on page 24) show that Judge McFerrin & the Gidiere Firm knew that the attorney lien hearing Judge McFerrin ordered (12/8/99) to be held on December 21,1999, involved the Beasley Firm's demands on Watson's money that Gidiere filed on September 30,1999.

**12-C. Ex.C-22 & Ex.C-23** bound in Exhibit Pack 5 to DC-NR-4 are copies of the following: **(Ex.C-22)** the disbursement schedule the Beasley Firm prepared in June of 1994 on CSX's settlement offer before the Beasley Firm withdrew as Watson's attorneys, **note** in which page 2 shows/states that the Beasley Firm's contingency-fee was for 40% **and also** that the Beasley Firm were going to take $40,000 more than they were due (**due** $99,032.88 **and** were going to take $139,032.88); and **(Ex.C-23)** Philip S. Gidiere Jr. of the Gidiere Firm's letter to Watson on February 13,1996, **which** shows was in regards to a settlement in the Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery County Circuit Court **and also** states that the Beasley Firm had a 40% contingency-fee contract in the CSX case.

**12-C-1** The settlement offer in **Ex.C-23** on February 13,1996 (due $160,000 in attorney

27

& would accept $100,000 in attorney fees), **verses** the above on what is recorded in **Ex.C-22**, show that settlement offer the Beasley Firm/Gidiere Firm made in the Montgomery CV-95-1944-G case, was not reducing the Beasley Firm's 40% contingency-fee to 25%.

**13. Ex.GF-L, Ex.GF-O-1 & Ex.GF-O-2** bound in Exhibit Pack 4 to DC-NR-4 are copies of Jack B. Hinton Jr. of the Gidiere Firm's letter **and** two proposed orders to Judge McFerrin in the CV-91-78 case on May 13,2005: **(Ex.GF-O-1)** that proposed order shows the following, **(a)** that Hinton stated that Watson & Beasley Firm's attorney lien dispute involves two different version of the contingency-fee agreement, **(a-1)** a 50% contingency-fee agreement, and **(a-2)** a 40% contingency-fee agreement, and **(b)** that Hinton claimed Judge McFerrin had rights to award the Beasley Firm $192,861.47 of Watson's CSX settlement money, on grounds Judge McFerrin held a final hearing on March 26,1996, on a 40% attorney lien the Beasley Firm had on file in the CV-91-78 case before Watson's pro se settlement with CSX on February 16, 1996; and **(Ex.GF-O-2)** that proposed order shows/states that Judge McFerrin has rights to strike/disallow the amended complaint on July 13,2004 **and** the amendment to the amended complaint on February 25,2005, on the same grounds in Judge McFerrin's Amended Order on April 18,2002, **(see** averments on **Ex.C, Ex.BF-A & Ex.B** in the above par.9 - 9-A-3 on pages 17-18) **note** Judge McFerrin holding a final hearing on March 26,1996 on an attorney lien the Beasley Firm had on file before said settlement on February 16,1996, **which** the averments on **Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.24** in the above (par.11-A on page 20) show that Judge McFerrin is well aware that the Beasley Firm filed a 40% lien/demand on Watson's money in the attorney lien hearing that Judge McFerrin ordered on February 29,1996 **&** held on March 26,1996.

28

**13-A.** All the exhibit court records **and** averments thereon in the above (par.-11-A -

11-E-1 on pages 19-25) show that Judge McFerrin, Allen of the Beasley Firm **and also** the

Gidiere Firm, are all aware the reason there is a two version contingency-fee agreement dispute

(**50% or 40%**), because of Allen of the Beasley Firm fraud claims on March 14,1997 (par.11-A

on page 20 & par.11-C-1 on page 23 **vs.** par.11-C on pages 22-23), and Hinton of the Gidiere

Firm's fraud claims on October 23,2003 (par.11-A on page 20 & 11-E-1 on page 23 **vs.** par.11-E

on pages 22-23), that the Beasley Firm had a 50% contingency-fee agreement.

**13-B.** The above (par.4-B above (par.4 - 5-D on pages 11-14) show that Hinton's above

(par.13) letter & two proposed orders to Judge McFerrin in the CV-91-78 case on May 13,2005,

was after Watson filed the three motions & second amendment to the amended complaint

(7/13/04) in the CV-91-78 case on May 11,2005; **and** the motion to compel for default **(see**

**par.3 - 3-D on pages 5-8)** in the above (par.4-B on page 12), **verses** the above (par.13) on

Hinton's letter & two proposed orders on May 13,2005, show that Judge McFerrin & Hinton are

aware that Hinton is trying to evade a jury trial on Hinton's above (par.12) claims on October 13,

2003 (**Ex.CSX-9 - Ex.CSX-11, note** that Judge McFerrin held a final hearing on 3/26/96 on a

50% attorney lien the Beasley Firm had on file before said settlement on 2/16/96), **because** the

**Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.C-24** in the above (par.11-A on page 20) are exhibit

court records that are indisputable evidence, that the Beasley Firm filed a 40% lien/demand on

Watson's money in the attorney lien hearing Judge McFerrin ordered on February 29,1996 **&**

held on March 26,1996.

**14. Ex.CSX-12, Ex.CSX-15 & Ex.CSX-16** being filed this statement **and** the 4th notice

of removal, are copies of the following Watson has filed in the CV-91-78 case **which** Judge

McFerrin has refused to even take-up: (**Ex.CSX-12** filed on November 24,2003) objection to the two proposed orders the Gidiere Firm filed on October 13,2003 on behalf of the Beasley Firm **&** motion to compel for change of venue to U.S. District Court; (**Ex.CSX-15** filed on March 11, 2005) combination motion to compel for change of venue to U.S. District Court on the amended complaint on July 13,2004 & amendment to the amended complaint (7/13/04) on February 25, 2005 **AND** transferal of money to U.S. District Court for jury trial; and (**Ex.CSX-16** filed on June 3,2005) motion to compel change of venue to U.S. District Court, on the criminal/civil injunction relief demands in the amended complaint on July 13,2004, amendment to the amended complaint (7/13/04) on February 25,2005 & second amendment to the amended complaint (7/13/04) on May 11,2005 **AND** on the civil jury demands in amendment to the amended complaint (7/13/04) on February 25,2005.

**14-A.** The averments in the above (par.12) **Ex.CSX-12** shows in that objection/motion to compel in the CV-91-78 case on November 24,2003, Watson showed that Hinton fraud claims on October 13,2003 in the above (par.12 - 12-C-1 on pages 26 28), was trying to cover-up Judge McFerrin, Beasley Firm & Gidiere Firm's long running conspiracy in the above (par.9 -11-G-1 on pages 17-26), in keeping Watson's money unlawfully held in the CV-91-78 case on the Beasley Firm's barred by res judicata liens/demands on (3/26/96, 3/14/97 & 8/30/99).

**14-B.** The averments in the above (par.14) **Ex.CSX-15,** shows in that combination motion to compel in the CV-91-78 case on March 11,2005, Watson showed Judge McFerrin's conspiracy obstruction on the above (par.14-A) the objection/motion to compel on November 24, 2003, **and** demanded that said complaints (7/13/04 & 2/25/05) & transferal of money, **note** to the pending CV-05-T-179-N case in U.S. District Court (**the 3rd notice of removal case**).

30

**14-C.** The averments in the above (par.14) **Ex.CSX-16** shows in that motion to compel in the CV-91-78 case on June 3,2005, in addition to the criminal/civil injunction relief demands (7/13/04 & 2/25/05) **and** civil jury demands (2/25/05), Watson showed that Hinton's fraud & conspiracy efforts on May 13,2005 in the above (par.13 - 13-B on pages 28-29), was also trying to give Judge McFerrin grounds to unlawfully strike/disallow the federal criminal/civil injunction relief demands being demanded of U.S. Attorney General Gonzales in the above (par.5 - 7 on pages 13-16), in the second amendment to the amended complaint (7/13/04) on May 11,2005 & Watson's petition to U.S. Attorney General Gonzales on May 11,2005 **(Ex.USAG-G-P1** in Ex. Pk. USAGG to DC-NR-4).

**15.** U.S. Title 28 (**§ 1346), (a)** gives U.S. District Court has jurisdiction over the claims against federal officials in this case, and **(b)** holds federal officials civilly under law the holds the private parties (attorneys) civilly liable in this case, **(1)** for fraud under the Alabama Legal Services Liability Act (**§** 6-5-570, below par.15-A), and **(2)** for conspiracy deprivations on civil rights & property under U.S. Title 42 (**§** 1981, **§** 1983 & **§** 1985, **see** below par.15-B -15-E).

**15-A.** The elements of attorney fraud under the Alabama Legal Services Liability Act (**§** 6-5-570), refers to <u>Voyager Guar. Ins. Co., Inc. v. Brown</u>, 631 So.2d 848 (Ala.1993):

> "Four elements must be proven in a fraud action: **(1)** there must be a false representation; **(2)** the false representation must concern a material existing fact; **(3)** the plaintiff must rely upon the false representation; and **(4)** the plaintiff must be damaged as a proximate result."

**15-A-1.** The element of judicial fraud by a judge under the Alabama Cannons of Judicial Ethics, is the same as the above (par.15-A) for attorney fraud by attorneys under the Alabama Legal Services Liability Act (**§** 6-5-570).

**15-B.** The elements of a civil conspiracy under U.S. Title 42 (§ 1985), refers to <u>Dreyer v.</u>

<u>Jalet,</u> D.C.Tex.1972, 349 F. Supp. 452, affirmed 479 F.2d 1044:

> "To prove a civil conspiracy, there must be persuasive evidence that two or more individuals knowingly engaged over a period of time in a common purpose to accomplish unlawful objectives or to accomplish lawful end by unlawful means."

**15-B-1.** <u>Rios v. Navarro,</u> S.D.Fla.1991, 766 F.Supp. 1158:

> "A conspiracy is an agreement between two of more individuals to deprive a person of some protected right where one individual acts in furtherance of objective of conspiracy, which causes actual injury to a person or property or deprives person of exercising any right or privilege as Untied States citizen."

**15-D.** The elements of a conspiracy on civil rights under U.S. Title 42 (§ 1985), refers to

<u>Sykes v. State of Cal. (Dept. of Motor Vehicles),</u> C.A. 9 (Cal.) 1974 F.2d 197:

> "In order to recover for a conspiracy to deprive plaintiff of civil rights, plaintiff is required to allege that the purpose of the conspiracy was to deprive plaintiff of equal protection, privileges and immunities, or to obstruct course of justice, that defendants intended to discriminate against the plaintiff, that defendants acted under the color of state law and authority, and that the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen."

**15-D-1.** <u>Chicarelli v. Plymouth Garden Apartments,</u> D.C.Pa.1982, 551 F.Supp. 532:

> "Civil rights liability will attach to a private party where he is a willful participant in joint activity with the state or its agents; if such a conspiracy is shown, the private parties are not absolved of liabilities because one or all of the coconspirators who are state actors or officials are immune or because one or all of the state conspirators are not joined in the case, or are dismissed from the case."

**15-E.** Attorneys being held civilly liable for deprivation of civil rights under U.S. Title

42 (§ 1983), refers to <u>Steven v. Rifkin,</u> (1984, ND Cal) 608 F.Supp. 710:

> "Attorney who takes action on behalf of client that attorney knows or reasonably should know will violate clearly established constitutional of statutory rights of another may be held liable for damages."

**15-F.** U.S Title 42 (§ 1981) is federal statutory law on violations of equal rights under the

law; **and** on punitive damages refers <u>Yarbrough v. Tower Oldsmobile, Inc.,</u> (1986, CA7 Ill) 789

F2d 508, 40 BNA FEP Cas 1035:

> "It is well settled that plaintiff who establishes cause of action under § 1981 may recover
> punitive damages under proper circumstances; purpose of awarding punitive damages is
> to punish wrongdoer for outrageous conduct and to deter others from engaging in similar
> conduct; award must be supported by record and may not constitute merely windfall for
> plaintiff."

**16. Ex.M-4** bound in Exhibit Pack 5 to DC-NR-4 is a copy of Defendant McFerrin's

memorandum brief in support of motion to dismiss in the Watson v. Judge McFerrin case

(CV-02-2048-JH) in Montgomery County Circuit Court on September 4,2002, **which** shows was

filed by Assistant Attorney General Fred F. Bell on behalf of Attorney General William H. Pryor

Jr.; and **Ex.M-4** shows that after stating/claiming that Watson's conspiracy claims under U.S.

Title 42 (§ 1981, § 1983 & § 1985) were barred by the statute of limitations **and also** that Judge

McFerrin was entitled to immunity, state attorney Bell stated/acknowledged/admitted **(1)** that the

statute of limitations is two years for conspiracy enforcement of unconstitutional law, and **(2)**

that Judge McFerrin and also every state official are liable for civil damages, for conspiring to

enforce unconstitutional law; **and (NOTE)** U.S. Title 28 (§ 1343) gives U.S. District Court

jurisdiction over state officials conspiracy enforcements of unconstitutional law in violation of

U.S. Title 42 (§ 1981, § 1983 & § 1985).

**16-A. Ex.M-6** bound in Exhibit Pack 5 to DC-NR-4 is a copy of Watson's motion for

injunction order in the Watson v. Judge McFerrin case (CV-02-2048-GR) on September 18,2002,

**which** shows demanded: **(a)** that Judge McFerrin be ordered by the Court, **(a-1)** to rescind his

unlawful orders in the CV-91-78 case on April 17 & 18,2002, and **(a-2)** to transfer Watson's

33

money & the amended complaint on April 2,2002 to U.S. District Court, **note** with an

acknowledgment that Watson had rights to a jury trial on the Beasley Firm's demands on

Watson's money; and **(b)** that Judge McFerrin be ordered by the Court, to pay Watson $2,000

(compensatory damages), for the fees & expenses Watson incurred in the CSX case on and after

April 2,2002, and **(c)** that Judge McFerrin be ordered by the Court to pay Watson $20,000

(punitive damages) for willfully, maliciously & repeatedly engaging over the past 10 years, in

enforcing unconstitutional law on Watson's constitutional protected rights to equal rights under

the law to due process of law.

   **16-B. Ex.M-8** thru **Ex.M-10** bound in Exhibit Pack 5 to DC-NR-4 show that Judge

Johnny Hardwick's recusal of himself on September 24,2002 (Ex.M-8) and Judge Tracy S.

McCooey's recusal of herself on September 30,2002 (Ex.M-9), allowed Judge Sally Greenhaw

to be assign **and** quickly dismiss the Watson v. Judge McFerrin case (CV-02-2048-GR) on

October 2,2002; and **Ex.M-10** shows that Judge Greenhaw dismissed Watson's claims against

Judge McFerrin on three grounds, **(1)** that Plaintiff Watson had failed to state a claim in which

relief could be granted, **(2)** that the Court (State Judge Greenhaw) lacked subject matter

jurisdiction, and **(3)** that Defendant Judge McFerrin was entitled to immunity from liability.

   **16-B-1.** The averments on exhibits in the above (**1**-par.9 - 9-A-3 on pages 17-18 and

**2**-par.11-A - 11-G-1 on pages 20-26), **along** with the averments on law on the above (par-15 -

15-F on pages 31-33), show that to obstruct justice on his conspiracy engagement in keeping

Watson's money unlawfully held in the CV-91-78 case on the Beasley Firm's barred by res

judicata liens/demands (**1**-3/26/96, **2**-3/14/97 and **3**-8/30/99), Judge McFerrin used fraud

(4/18/04) to strike/disallow Watson's amended complaint (4/2/02) that sued Judge McFerrin,

34

lawyers & federal attorneys for conspiracy enforcement of unconstitutional law.

**16-B-2.** The averments on **Ex.M-4** in the above (par.16) **verses** the averments on **Ex.M-6** in the above (par.16-A), show that state attorney Bell's memorandum brief on September 4, 2002, had **acknowledged/admitted** Judge McFerrin was civilly liable to Watson for the injunctive relief Watson sought/demanded on September 18,2002.

**16-B-3.** The above (par.16-A-1 - 16-A-2) **refutes** the above (par.16-B) grounds (1) & (3) in Judge Greenhaw's Order on October 2,2002 **(Ex.M-10)**; **and** Judge Greenhaw claiming lack of subject matter jurisdiction was correct, because under U.S. Title 28 (§ 1343), U.S. District Court had jurisdiction over Judge McFerrin conspiring in the CV-91-78 case to use fraud (4/18/02) to strike/disallow a complaint (4/2/02), against himself, lawyers & federal attorneys for conspiracy enforcement of unconstitutional law **that** U.S. District Court had jurisdiction over under U.S. Title 28 (§ 1343 & § 1346), **note** which the averments on **Ex.B** in the above (par.9-A - 9-A-3 on page 18), shows included claims of a conspiracy in the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court **that** obstructed justice on the ongoing conspiracy in the CV-91-78 case.

**16-C. Ex.M-12 & Ex.M-14** bound in Exhibit Pack 5 to DC-NR-4 show the following in the Watson v. Judge McFerrin case (CV-02-2048-GR): **(Ex.M-12)** that on October 15,2002, Judge Greenhaw denied Watson's motion to compel, **(1)** for Judge Greenhaw's Order (10/2/02) to be rescinded or vacated, **(2)** for Judge Greenhaw's recusal, and **(3)** for change of venue to federal court; and **(Ex.M-14),** on October 30,2002, Judge Greenhaw overruled Watson's objection to Judge Greenhaw's Order on October 15,2002.

**16-C-1.** The averments on exhibits & law in the above (par.16 - 16-C, **along** with the

35

averments on exhibits & law in the below (par.17 - 17-H-3 on pages 36-46), show that Judge Greenhaw knew she conspired to enforce unconstitutional law in the Watson v. Judge McFerrin case (CV-02-2048-GR), **in order** to obstruct justice on Judge Greenhaw conspiracy engagement in enforcing unconstitutional law in the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court on July 30,2001.

    **17. Ex.G** bound in Exhibit Pack 4 to DC-NR-4 is a copy of Judge Greenhaw's Order in the Watson v. Beasley Firm case on July 30,2001, which shows: **(a)** acknowledged Watson's claims against the Beasley Firm were for legal malpractice in the CSX case (CV-91-78) & cow case (CV-92-03), **and also** for demanding to be paid attorney fees from the proceeds of Watson's settlement with CSX, and **(b)** that on the Beasley Firm's motion for summary judgment, Judge Greenhaw dismissed Watson's claims on grounds that Watson's claims against the Beasley Firm were barred by res judicata & collateral estopped, because Judge DeMent had made a judgment of those claims in summary judgment in the CV-94-D-1112-N case in U.S. District Court on June 6,1995; **Ex.547** bound in Exhibit Pack 5 to DC-NR-4 is a copy of the motion to compel for protection due under the 14th Amendment to the U.S. Constitution, that Watson filed in the CV-00-1545-GR case on March 20,2001, and **Ex.547** **(1**-par.6 on page 3, **2**-par.13 on page 8, **3**-par.18 on pages 11-12 and **4**-par.21 on pages 13-14) show that **Ex.2-A & Ex.6-A** in the below (par.17-C - 17-C-3) and **Ex.50** thru **Ex.52** in the below (par.17-D), are some of the exhibits Watson attached to his motion to compel for protection in the CV-00-1545-GR case on March 20,2001.

    **17-A.** Under <u>Century 21 v. Alabama Real Estate,</u> 401 So.2d 764 (Ala.1981), claims are barred by res judicata if they are not filed in the first action in which they could have been filed;

and the below (par.17-A-1 -17-A-2) averments on **Ex.G & Ex.16** show that the first federal civil

case (CV-94-D-1112-N) barred the Beasley Firm 40% lien/demand (3/26/96) on Watson's

money by res judicata (**see** exhibits **&** averments in the above par.11-A on page 20).

     **17-A-1. Ex.G (page 2)** bound in Exhibit Pack 4 to DC-NR-4 shows that Judge Greenhaw

acknowledged in her Order in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,

2001, that Watson filed the first federal civil case (CV-94-D-1112-N) on August 25,1994; and

**Ex.16 (pages 2-3)** bound in Exhibit Pack 4 to DC-NR-4 shows that Greg Allen acknowledged in

following in the Beasley Firm's 50% demand on Watson's money in the CV-91-78 case on

March 14,1997, **(a)** that the Beasley Firm were forced to withdraw as Watson's attorneys on

August 30,1994, because of Watson's filing of the first federal civil case (CV-94-D-1112-N) on

August 25,1994, and **(b)** that in a letter to Julia Asam on September 27,1994, the Beasley Firm

had served Watson notice that the Beasley Firm was going to place an attorney lien on the CSX

case.

     **17-A-2.** The above (par.17-A-1) recorded facts in **Ex.G & Ex.16** verses the above

(par.17-A) on res judicata baring a claim if not filed in the first action, show that as a result of

Watson filing the first federal civil case (CV-94-D-1112-N) on August 25,1994 **and** the Beasley

Firm withdrawing as Watson's attorneys in the pending CSX case (CV-91-78) on August 30,

1994, required the Beasley Firm to file their claims/counterclaims for attorney fees on the CSX

case (CV-91-78), in the first federal case (CV-94-D-1112-N).

     **17-B.** Under Dairyland Ins. Co. v. Jackson, 566 So.2d 764 (Ala.1991), in order for a prior

action to bar claims between two opposing parties by res judicata & collateral estopped, there

has to be a judgment on those claims in a prior action, rendered by a court of competent

jurisdiction, with substantial identity to the opposing parties; **and** the averments on **Ex.2-A,**

**Ex.6-A** and **Ex.50** thru **Ex.52** in the below (par.17-C - 17-D), **along** with the averments on **Ex.D**

& law in the below (par.17-E - 17-E-3), shows that Judge Greenhaw was well aware that

Watson's above (par.17) claims against the Beasley Firm in the Watson v. Beasley Firm case

(CV-00-1545-GR), had not even been considered, much less been decided in the first federal

civil case (CV-94-D-1112-N).

    **17-C. Ex.2-A** & **Ex.6-A** bound in Exhibit Pack 4 to DC-NR-4 are copies of the

following: **(Ex.2-A)** Daniel Thomas's answer & cross-complaint in the CV-91-1875-G case in

Montgomery County Circuit Court on September 25,1991, **which** shows sued Watson for

conversion of 26 cattle, on claims that Watson had been caught trying to sell 26 of 70 cattle at

Hooper Auction Company on or before June 11,1991, that Thomas had reported missing to state

livestock officers on or about May 30,1991: and **(Ex.6-A)** part of Thomas's testimony in trial in

the cow case (CV-92-03) in Lowndes County Circuit Court **(see pages 447 - 450),** which show

that in trial, Thomas & his attorney (Albert Butler) claimed to the jury, that on the morning of

June 9,1991, Thomas had discovered those same 26 cattle had been stolen from Thomas's

property after 3:30 PM June 8,1991, **NOTE** which was a different felony crime than Thomas had

sued Watson for committing.

    **17-C-1**. Just the above (par.17-C) recorded facts in **Ex.2-A** & **Ex.6-A** are persuasive

evidence that Judge Ted Bozeman (the presiding trial judge) and Cole Portis of the Beasley Firm

(Defendant Watson's attorney), conspired with that Plaintiff Thomas & plaintiff attorney Albert

Butler to get a civil judgment for a felony crime against Watson by unlawful means in the cow

case (CV-92-03), **(a)** by the fact Judge Bozeman **and** Defendant Watson's attorney (Portis of the

Beasley Firm) both had legal duty to see that Plaintiff Thomas & plaintiff attorney Butler

claimed & proved to the civil jury (CV-92-03), the conversion of 26 cattle that Plaintiff Thomas

had sued Defendant Watson of committing; and **(b)** by the fact Judge Bozeman & Portis also

both knew, that if Thomas cattle had been stolen from Thomas's property after 3:30 PM on June

8, 1991 **(Ex.6-A),** Thomas would not have sued Watson on claims the Watson had been caught

trying to sell 26 of 70 cattle at Hooper's on June 11,1991 that Thomas had reported missing to

state livestock officers on May 30,1991 **(Ex.2-A)**.

   **17-C-2.** Thomas's own claims/acknowledgments in the answer & cross-complaint

sections of **Ex.2-A** bound in Exhibit Pack 4 to DC-NR-4, show that Thomas's conversion claims

against Watson also had to be a fraud accusation/importation of a felony crime, **(a)** because if

Watson had been caught trying to sell 26 of 70 cattle at Hooper's on June 11,1991 that Thomas

had reported missing to state livestock officers on May 30,1991, state livestock officers would

have turned that matter over to a state prosecutor to criminally prosecute Watson, and **(b)**

because **Ex.2-A** shows that relieve itself from having to continue holding money in trust under

state estray laws from the sale of Thomas's 26 cattle (**note** that Thomas acknowledged he had

sold to keep additional storage fees from incurring until Thomas paid the damages his cattle has

caused on the Risher property during the April, May & June 1991), Hooper filed the cow case

(CV-91-1875-G) in Montgomery County Circuit as an interpleader suit seeking a declaratory

judgment, to determine the rightful ownership to the money from the sale of Thomas's 26 cattle.

   **17-C-3.** The above (par.17-C - 17-C-2) on **Ex.2-A** & **Ex.6-A** along with the order of

testimony on page 1 of **Ex.6-A,** show that way Judge Bozeman, Portis of the Beasley, Plaintiff

Thomas & plaintiff attorney Butler pulled their conspiracy off on Defendant Watson and the

civil jury of citizens in the cow case (CV-92-03), was by Portis defrauding the Beasley Firm's

client (Defendant Watson) of rights to testify to the jury, after plaintiff Thomas & plaintiff Butler

had claimed a different felony crime to the jury than Thomas had sued Watson for.

**17-D. Ex.50 thru Ex.52** bound in Exhibit Pack 5 to DC-NR-4 are copies of the

following: **(Ex.50)** Portis's letter to Watson on December 5,1991, **which** shows advised Watson

to not accept the settlement offer Thomas's lawyer had made **(note** that did not require Watson

to pay Thomas anything) **and also** that Portis knew that Thomas efforts in Montgomery County

Circuit Court (CV-91-1875-G) to get a change of venue on his conversion claims against Watson

to Lowndes County would be harmful to Watson, because of the sheriff of Lowndes County;

**(Ex.51)** Portis's letter to Watson on September 14,1993, **which** shows that to keep Watson's

case against CSX in Lowndes County Circuit Court from being harmed, Portis tried to persuade

Watson to allow the Beasley Firm to pay Thomas to settle the cow case **and** deduct that money

from Watson's upcoming case against CSX; **(Ex.52)** Allen's letter to Watson on July 20,1994,

**which** shows **(a)** denied Watson's claims that the Beasley Firm were trying to keep Watson from

obtaining new counsel in the CSX case (CV-91-78), by demanding all of the Beasley Firm's

contractual fees if Watson obtained new counsel, **(b)** refused to file for a change of venue of the

CSX case (CV-91-78), on Watson claims/demands the cow case had made Lowndes County a

prejudice for Watson in the CSX case, **(c)** advised Watson he had to blame himself for the

outcome of the cow case, because Allen had tried to get Watson to settle that case **(note** Watson

had told Allen that principle was more important than money **&** Allen had asked Watson how he

would feel once the verdict was rendered against him), **(d)** claimed there was no basis for

Watson to claim that the cow case was not properly handled by all involved including the court;

and **(see page 2)** advised Watson that Allen had a conference call with Judge McFerrin & CSX's attorney **and** that Watson was to report to Judge McFerrin within 60 days, on Watson's efforts to obtain new counsel in the CSX case.

    **17-E. Ex.D** bound in Exhibit Pack 4 to DC-NR-4) are copies of the following from the first federal civil case (CV-94-D-1112-N) in U.S. District Court: **(1)** Judge Ira DeMent's Order/Judgment on June 6,1995, which shows approved the Magistrate Recommendation on May 17,1995, and **(2)** Magistrate Charles S. Coody's Recommendation on May 17,1995, which shows, **(a)** did not even acknowledged much less address claims involving the CSX case (CV-91-78) in Lowndes County Circuit Court, **(b)** did not even recognized that even one member of the Beasley Firm was a defendant **and** did recognize Watson as plaintiff, Daniel & Cecile Thomas, Albert Butler, Judge Bozeman and Lowndes County Sheriff John Hulett as defendants on Watson's claims involving the cow case (CV-92-03), **(c)** recommended lack of jurisdiction be claimed on Watson's due process claims that were attacking the propriety of the state judicial proceeding in the cow case (CV-92-03), **(d)** recommended Watson's conspiracy claims be dismissed on grounds that Judge Bozeman was the only defendant who was acting under color of state law **and** that Watson had failed to show in affidavits where Judge Bozeman had reached an understanding in concert with the other defendants, to conspire to deprive Watson of due process of law in the cow case (CV-92-03); and **(e)** recommended that Watson's discrimination claim against Sheriff Hulett be dismissed on grounds Watson had failed to show that Sheriff Hulett had been an influence in Watson being deprived of any constitutional protected right **(note)** Portis's above (par.17-D) letter on December 5,1991 **(Ex.50** bound in Ex. Pk. 5 to DC-NR-4) shows/states that the sheriff of Lowndes County giving creditability to

41

Thomas's claims that Watson had converted Thomas's cattle, was the purpose in the cow case being moved from Montgomery County Circuit Court (CV-91-1875-G) to Lowndes County Circuit Court (CV-92-03).

**17-E-1.** The above (a - b in par.17-E) on facts recorded in said order/judgment (6/6/95) & recommendation (5/17/95) in the 1st federal civil case (CV-94-D-1112-N), show that with there not being even any recognition of claims involving the CSX case (CV-91-78) and also the Beasley Firm were defendants therein, Watson claims against the Beasley Firm involving the CSX case (CV-91-78) were not even considered in the 1st federal civil case (CV-94-D-1112-N); and **Ex.18** (copy of Hinton's letter to Asam on 2/2/95) **& Ex.18-A** (copy of Hinton's letter to Judge DeMent on 1/16/95) bound in Exhibit Pack 5 to DC-NR-4, show that Judge DeMent & Magistrate Coody were aware from those exhibits Watson filed in the 1st federal civil case (CV-94-D-1112-N), that in settlement discussions Judge DeMent had ordered, the Beasley Firm had demanded to be paid attorney fees in the CSX case (CV-91-78).

**17-E-2.** Under 64 ALR4th 323 referred to in the Alabama Legal Service Liability Act (§ 6-5-570) just attorney incompetence is grounds for relief of a state court judgment, **and** with the above (b & c in par.17-E) showing that with there being no recognition of the Beasley Firm **and also** lack of jurisdiction being claimed on the propriety of the state judicial proceeding in the cow case (CV-91-78), lack of jurisdiction was claimed in the 1st federal civil case (CV-94-D-1112-N) on Watson's state law claims against the Beasley Firm legal malpractice in the cow case (CV-92-03).

**17-E-3.** The above (d **verses** e in par.17-E) show that Sheriff Hulett was not even considered a state conspirator in Watson's conspiracy claims in the 1st federal civil case

42

(CV-94-D-1112-N); **and** being versed on the federal statutory & case law in the above (par.15-B - 15-E on page 32) Judge DeMent & Magistrate Coody knew under that U.S. Title 42 (**§** 1983 & **§** 1985) and Stevens v. Rifkin (1984, ND Cal) 608 F.Supp 710, that attorney Butler conspiring with his clients to deprive Watson of his constitutional & statutory rights in the state cow case (CV-92-03), gave Watson rights to a jury trial in the CV-94-D-1112-N case.

**17-F. Ex.35** bound in Exhibit Pack 5 to DC-NR-4 is a copy of Hinton of the Gidiere Firm's letter to Watson on October 16,2000, **which** shows/states **(a)** was in regards to a discussion Watson & Hinton had after a hearing in the Watson v. Beasley Firm case (CV-00-1545-GR), and **(b)** informed Watson that the Beasley Firm would not settle that case without Watson paying the Beasley Firm attorneys & expenses.

**17-F-1.** The above (par.15-A on page 31 ) on attorney fraud under the Alabama Legal Service Liability Act (**§** 6-5-570), **along** with the above (par.17 **vs.** 17-F) show that withholding that out-of-court demand for payment of attorney fees (10/16/00) to evade a jury trial, was also a willful act of attorney fraud in CV-00-1545-GR case under Voyager Guar. Ins. Co. V. Brown, 631 So.2d 848 (Ala.1993).

**17-G.** Before the well documented fraud & conspiracy in the above (par.17 - 17-F-1), **Ex.AL-49 thru Ex.AL-51** bound in Exhibit Pack 5 to DC-NR-4, show that then Attorney General Pryor had Assistant Attorney General Billington M. Garrett to file an acceptance & waiver in the Watson v. Beasley Firm (CV-00-1545-GR) on July 18,2000 **(Ex.AL-49),** that did not oppose Hinton of the Gidiere Firm's claims on July 6,2000 **(Ex.AL-49 & Ex.AL-50)** that it would be unconstitutional for punitive damages to be imposed on the Beasley Firm under the equal protection clause in the 14th Amendment to the U.S. Constitution, **(a)** because

compensatory damages would punish the Beasley Firm for any wrong they committed, and **(b)** because punitive damages would punish the Beasley Firm a second time for the same wrong; **and** that was clearly a conspiracy scam between Hinton & the Alabama Attorney General Office on Plaintiff Watson's rights to equal rights under the law in the CV-00-1545-GR case against Defendant Beasley Firm, for the conspiracy crimes in the above (par.11-A - 11-G-1 on pages 20-26), that State Judge McFerrin had been conspiring with the Beasley Firm & Gidiere Firm to commit on Watson's civil rights & property in the CV-91-78 case, **(1)** because as plaintiff lawyers the Beasley Firm has made hundreds of million from punitive damages awards in fraud cases, **(2)** because **Ex.F** bound in Exhibit Pack 4 to DC-NR-4 shows that Watson had already sued the Alabama Attorney General Office in the 2nd federal civil case (CV-98-D-1023-N), for conspiracy obstruction of justice on Judge McFerrin & Beasley Firm's conspiracy on Watson in the CV-91-78 case, and **(3)** because of the above (par.15-E on page 32) on U.S. Title 42 (§ 1981, **note** violations of equal rights under the law); **and** on the purpose of punitive damages under Yarbrough v. Tower Oldsmobile, Inc., (1986, CA7 Ill) 789 F2d 508, 40 BNA FEP Cas 1035.

    **17-H.** McGruder v. B & L Construction Co. Inc., 331 So.2d 764 (Ala.1981) states, "It has long been the policy in the courts of Alabama to provide a claimant a day in court, but he will not be allowed to continue to relitigate his claim."; **and** in addition to the above (par.17 **&** par.17-A) **Ex.G** bound in Exhibit Pack 4 to DC-NR-5 shows that Judge Greenhaw acknowledged the following in her Order in the CV-00-1545-GR case on July 30,2001: **(a)** that Watson had filed legal malpractice & conspiracy claims against the Beasley Firm in the CV-95-1944-G case in Montgomery County Circuit Court on September 1,1995, and **(note)** that Watson's claims against the Beasley Firm the CV-95-1944-G case had been dismissed June 18,1996 (on the

Beasley Firm's motion for summary judgment), on grounds that Judge DeMent's judgment in summary judgment in 1st federal civil case (CV-94-D-1112-N) on June 6,1995, barred Watson's claims by res judicata; **(b)** that Watson had filed legal malpractice & conspiracy claims against the Beasley Firm in the CV-98-1871-PR case in Montgomery County Circuit Count on August 10,1998, **that** the CV-98-1871-PR case was removed to the CV-98-D-1023-N case in U.S. District Court, and **(note)** that on the U.S. Magistrate Recommendation on March 1,1999 (which was made from the Beasley Firm's motion to dismiss), Watson's claims against the Beasley Firm in the CV-98-D-1023-N had been dismissed on three grounds by Judge DeMent on April 5,1999, **(b-1)** barred by res judicata, **(b-2)** barred by the statute of limitations, and **(b-3)** failure to state claim.

**17-H-1.** The averments on exhibits & case law in the above (par.17 - 17-E-3) **verses** the above (par.17-H) show that Judge Greenhaw knew that she was also covering-up that res judicata **and** the 1st federal civil case (CV-94-D-1112-N), had been lawfully used to dismiss Watson's claims against the Beasley Firm, in the Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery County Circuit Court **and also** in the second civil case (CV-98-D-1023-N) in U.S. District Court **that** was removed from the CV-98-1871-PR case in Montgomery County Circuit Court.

**17-H-2.** The averments on **Ex.24** in the above (par.11-D-1 on pages 23-24) show that Judge McFerrin's affidavit in the 2nd federal case (CV-98-D-1023-N) on January 20,1999, showed that Watson's legal malpractice & conspiracy claims involved the above (par.11-C - 11-D on page 22-23) in CV-91-78 case (from Sep.3,96 thru Apr.3,97) **and** that fraud & conspiracy in the CV-91-78 case in March/April 1997 (above par.11-C - 11-D) was not barred by

45

the statute of limitations in the 2nd federal civil case (CV-98-D-1023-N), **(a)** because the averments on **Ex.M-4** in the above (par.16 on pages 32-33), show that the statute of limitations is two years, and **(b)** because the time period from March/April 1997 to August 10,1998 (the day Watson filed those claims, **see** above par.17-H) was sixteen (16) months.

**17-H-3.** The state statutory law & case law in the above (par.15-A on page 31) show that the Beasley Firm could & should have been held civilly liable to Watson in the 2nd federal civil case (CV-98-D-1023-N), for Allen's attorney fraud in the CV-91-78 case on March 14,1997 (above par.11-C - 11-C-1 on pages 22-23); **and** the federal statutory law & case law in the above (par.15-B - 15-E on page 32) show that under the case law in the above (par.15-D-1 on page 32) the Beasley Firm could also have been held civilly liable to Watson in the 2nd federal civil case (CV-98-D-1023-N), for Judge McFerrin's conspiracy engagement with the Beasley Firm in the above (par.11-C - 11-D-1 on pages 22-24), in depriving Watson of a jury trial in the CV-91-78 case on & after April 3,1997, on the Beasley Firm's fraud demands on Watson's money on March 14,1997 **(note** barred by res judicata **&** fraudulently claimed had 50% attorney lien on file since 8/30/95, **because** 40% lien/demand on 3/26/96 is barred by res judicata).

**18. Ex.48** bound in Exhibit Pack 5 to DC-NR-4, is a copy of Judge McFerrin's Order in the Watson v. Thomas case (CV-95-108) on February 7,2001, which shows the following: **(a)** that except for Watson's abuse of process claim, Judge McFerrin dismissed all of Watson's other claims on grounds that the 1st federal civil case (CV-94-D-1112-N) and CV-95-1943-PR case in Montgomery County Circuit Court barred them by res judicata, **or** that Thomas could not be held liable for false libelous & slanderous statements/claims Thomas made against Watson in the cow case (CV-92-03), **(b)** that Judge McFerrin acknowledged Watson's abuse of process claim

46

against Watson was actionable **and** dismissed it on grounds of lack of evidence thereof, **(c)** that Judge McFerrin dismissed Watson's claims, on a motion for summary judgment from Thomas **that** had an affidavit from Albert Butler attached (**note** Thomas's attorney in CV-92-03 case).

**18-A. Ex.49** bound in Exhibit Pack 5 to DC-NR-4 is a copy of the objection to Order (Judgment) by the Court, that Watson filed in the Watson v. Thomas case (CV-95-108) on March 7,2001 to Judge McFerrin's above (par.18) Order/Judgment on February 7,2001; and **Ex.49 (1-**par.2 on page 1, **2-**par.4 on page 2 and **3-**par.9 on pages 4-5) show that Judge McFerrin was aware, that **Ex.2-A & Ex.6-A** in the above (par.17-C - 17-C-3 on pages 38-40), were attached to Watson's motion for summary judgment in the Watson v. Thomas case (CV-95-108) on September 22,1999; **and** that is all the evidence that is needed to show that Judge McFerrin knew he unlawfully dismissed Watson abuse of process claim on February 7,2001.

**18-A-1.** Most of the other exhibits Watson reference to in the above (par.18-A) **Ex.49,** are bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 that Watson filed in the 2nd notice of removal case (CV-04-A-677-N) on February 25,2005; and **NOTE** all of the exhibits reference to in **Ex.49,** are in EXHIBIT PACK NINE that Watson filed in the 1st notice of removal case (CV-02-F-1214-N) on December 18,2002.

**18-B. Ex.PR-11** bound in Exhibit Pack 5 to DC-NR-4 is a copy of Judge Charles Price Order in the Watson v. Butler & Thomas case (CV-95-108) in Montgomery County Circuit Court on November 14,1995, **which** shows dismissed Watson's claims on grounds that they had already been litigated & decided in other jurisdictions, **and** the averments on law in the above (par.15 - 15-F on pages 31-33), **along** with the averments, **(1)** on **Ex.2-A & Ex.6-A** in the above (par.17-C - 17-C-3 on pages 38-40), and **(2)** on **Ex.D** & law in the above (par.17-E - 17-E-3 on

47

pages 41-43), show that Judge Price conspired with attorney Butler to unlawfully use the 1st

federal civil case (CV-94-D-1112-N) to dismiss Watson claims the CV-95-1943-PR case.

   **18-C. Ex.18 & Ex.24** bound in Exhibit Pack 4 to DC-NR-4 show that Judge

McFerrin knew that he had acknowledged in his affidavits in the CV-98-1871-PR case in

Montgomery County Circuit Court on September 8,1998 (Ex.18) and in the CV-98-D-1023-N

case in U.S. District Court on January 20,1999 (Ex.24), that Watson also sued Judge McFerrin

over his handling of the Watson v. Thomas case (CV-95-108).

   **18-D. Ex.F** bound in Exhibit Pack 4 to DC-NR-4, **along** with **Ex.542** bound in Exhibit

Pack 5 to DC-NR-4 show that Judge DeMent's conspiracy engagement in the 2nd federal case

(CV-98-D-1023-N) that was removed from the CV-98-1871-PR case in Montgomery County

Circuit Court, included Judge DeMent refusing to send Watson's state law claims against the

Beasley Firm and attorneys Hemphill & Harrison back to Judge Price in the CV-98-1871-PR

case (**Ex.542** verses Order on 4/5/99 in **Ex.F**), that Magistrate McPherson on March 1,1999 (**see**

pages 5-6 in Recommendation in **Ex.F**) and Judge DeMent on March 17,1999 (**see** Order on

4/17/99 in **Ex.F**), had claimed lack of jurisdiction on in the 2nd federal case (CV-98-D-1023-N);

**and** pages 5-6 in the Recommendation in **Ex.F** also shows that because attorneys Hemphill &

Harrison had not filed motions to dismiss, Magistrate McPherson recommended that the Court

dismiss Watson's claims against those two attorneys on the Court's motion to dismiss, **which**

shows that Magistrate McPherson & Judge DeMent used their federal justice positions to

represent those two attorneys who had not made an effort to defend themselves.

   **18-E. Ex.49 (par.28 - 31 on pages 11-13)** bound in Exhibit Pack 5 to DC-NR-4, shows

that Judge McFerrin was aware, **(a)** that Watson claimed that Thomas had not served Watson

with the motion for summary judgment with an affidavit from Butler attached, that Judge

McFerrin had used to dismiss Watson's claims on February 7, 2001, and **(b)** that Watson quoted

the law **and** demanded his rights thereunder, to prove attorney Butler gave perjury testimony in

an affidavit in support of Thomas's motion for summary judgment, in order to deprive Watson of

his rights to due process in the CV-95-108 case, on Thomas getting the judgment in the cow case

(CV-92-03) against Watson by unlawful means.

    **18-E-1.** Judge McFerrin using an affidavit Watson was not served with to dismiss the

CV-95-108 in above (par. 18-E), is the same type of conspiracy on Watson & jury in the cow case

(CV-92-03) in the above (par 17-C-3 on pages 39-40).

    **18-F.** The above (par. 18 - 18-E) along with **Ex.49 (par. 44 - 48 on pages 16-17)** show

that Judge McFerrin knew: **(a)** that at the very least Watson had rights to jury trial on Watson's

abuse process claim against Thomas; **(b)** that Judge McFerrin had conflict of interest on

presiding over that case, because of the above (par. 18-C - 18-D) prior suit (state CV-98-1871-PR

case & federal CV-98-D-1023-N case) **and also** because of the above (b in par. 18 **verses**  c in

par. 18 - par. 18-A); and **(c)** that Watson requested that Judge McFerrin to at least rescind his

judgment (2/7/01) on Watson's abuse of process claims, **and** to transfer the CV-95-108 case to

the pending CV-00-1545-GR case in Montgomery County Circuit Court for non-prejudicial due

process of law, and also **NOTE** that if Judge McFerrin would not do one or both, to state the

grounds (facts & law) in a response to said objection on March 7, 2001 **Ex.49)**, that allowed

Judge McFerrin to dismiss Watson's abuse of process claim with Watson having proof thereof

on file.

    **18-F-1.** The fact that Judge McFerrin refused to respond & address the above (par. 18-E)

in **Ex.49**, shows that the above (**1**-par.18, **2**-par.18-A and **3**-par.18-E - 18-E-1) was a prearranged conspiracy between Judge McFerrin, attorney Butler & Thomas, **for** Judge McFerrin to use Thomas's motion for summary judgment with affidavit from attorney Butler **(that** Watson was not served with) to dismiss Watson's abuse of process claim on February 7,2001 **(with** Watson having proof thereof on file since Sep.22,99).

   19. **Ex.547 (par.6 on page 3)** bound in Exhibit Pack 5 to DC-NR-4 shows that the **Ex.49** in the above (par.18-A - 18-F-1) was attached to Watson's motion to compel for protection in the Watson v. Beasley Firm case (CV-00-1545-GR) on March 20,2001; and **Ex.G** bound in Exhibit Pack 4 to DC-NR-4, also shows the following in Judge Greenhaw's Order in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30, 2001: (**see** footnote on bottom of page 2) Judge Greenhaw stated that the On-Line Case Action Summary Sheet of that case, showed that Watson filed the CV-95-108 case in Lowndes County Circuit Court against Thomas on August 20,1995; **(see** footnote on bottom of page 3) that Watson had also filed the CV-95-1943-PR case in Montgomery County Circuit Court against Thomas and another attorney on September 6, 1995, which was subsequently dismissed, and **(see page 4)** that in addition to Watson's conspiracy, conversion and legal malpractice claims on May 31,2000, Judge Greenhaw stated Watson had filed amendments to the complaint in the CV-00-1545-GR case, that were asserting claims such as fraud **and also** RICO Class Action (**note** racketeering class action).

   19-A. The averments on exhibits & law in the above (**1**-par.11-A - 11-G-1 on pages 20-26, **2**-par.12-C - 12-C-1 on pages 27-28, **3**-par.15-A - 15-F on pages 31-33 and **4**-par.17 - 18-E-1 on pages 36-50) **verses** the above (par.19) show that Judge Greenhaw knew that Watson demanded the CV-00-1545-GR case be a RICO Class Action, because of the prior fraud &

50

conspiracies in Lowndes County Circuit Court (CV-91-78, CV-92-03 & CV-95-108),

Montgomery County Circuit Count (CV-95-1943-PR & CV-95-1944-G) and U.S. District Court

(CV-94-D-1112-N & CV-98-D-1023-N), **note** that were all a result of the Beasley Firm

conspiring to allow Plaintiff Thomas's fraud claims of conversion against Defendant Watson

(the Beasley Firm's client) in Montgomery County Circuit Court (CV-91-1875-G), to be

transferred to Lowndes County Circuit Court (CV-92-03).

   20. **Ex.ASC-1** thru **Ex.ASC-3** bound in Exhibit Pack 5 to DC-NR-4 show the following

in the Alabama Supreme Court: **(Ex.ASC-1)** that on January 11,2002, the Justices denied

Watson's writ of mandamus against Judge McFerrin in the CV-91-78 case in Lowndes County

Circuit Court, **note** without requiring Judge McFerrin to file a response thereof; and **(Ex.ASC-2**

**& Ex.ASC-3)** that in Watson's appeal (1002154) of the Watson v. Beasley Firm case

(CV-00-1545-GR) in Montgomery County Circuit Court, after denying Watson's requests for

oral argument on January 22,2002, the Justices quickly denied Watson's appeal (1002154) on

January 25,2002, **note** without giving an opinion thereof; **and** the case law referred to on

**Ex.ASC-3** and the case law quoted in the above (**1**-par.17-A on page 36, **2**-par.17-B on pages

37-38 and **3**-par.17-H on page 44), **along** with the averments on **Ex.G** in the above (par.17 on

page 36), show that the Justices denial of said appeal (1002154/CV-00-1545-GR) was based on,

that on the Beasley Firm's motion for summary judgment, Judge Greenhaw had appropriately

dismissed the CV-00-1545-GR case on July 30,2001, on grounds that because Judge DeMent had

made a judgment in summary judgment (CV-94-D-1112-N) on those claims on June 6,1995, the

1st federal case (CV-94-D-1112-N) barred Watson's claims against the Beasley Firm in the

CV-00-1545-GR case by res judicata & collateral estopped, for legal malpractice in the CSX

51

case (CV-91-78) & cow case (CV-92-03) in Lowndes County Circuit Court, **and also** for

demanding payment of attorney fees from the proceeds of Watson's settlement with CSX.

**20-A.** Because that was part of the Beasley Firm's exhibit evidence in support of their

motion for summary (CV-00-1545-GR), the Justices had duty to review the judgment in the

1st federal civil case (CV-94-D-1112-N); **and** the averments on **Ex.D** in the above (par. 17-E -

17-E-3 on pages 41-43) shows that the Justices knew they were conspiring to cover-up the

conspiracy in the CV-00-1545-GR case on July 30,2001, that used the 1st federal civil case

(CV-94-D-1112-N) & res judicata/collateral estopped to unlawfully dismiss Watson's claims

against the Beasley Firm.

**20-B. Ex.X-2** bound in Exhibit Pack 1 to DC-NR-4 **and also** Exhibit Pack 7 on file in the

2nd notice of removal case (CV-04-A-677-N), is a copy the appellant objection to denial on

appellate's petition for reconsideration or opinion, that Watson filed in the Alabama Supreme

Court on February 25,2002, **and** the averments in **Ex.X-2** along with **Ex.75** thru **Ex.79** bound in

Exhibit Pack 7 on file in the 2nd notice of removal case (CV-04-A-677-N), **show** that the Justice

also conspired to obstruct justice on the Alabama State Bar & Alabama Judicial Inquiry

Commission's connecting & related conspiracies in November 2001: **(Ex.77** thru **Ex.79)** the Bar

on November 2,2001 (Ex.77), refusing to take action on Watson's complaints on October 26,

2001, against the Beasley Firm (Ex.78) and Hinton of the Gidiere Firm (Ex.79), for attorney

fraud & conspiracy in the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery

County Circuit Court **and** in the CV-91-78 case in Lowndes County Circuit Court; and **(Ex.75 &**

**Ex.76)** the Commission for refusing to take action on November 16,2001 (Ex.75), on Watson's

joint complaint on October 26,2001, **(1)** against Judge Greenhaw for conspiring with the Beasley

Firm & Hinton of the Gidiere Firm in the Watson v. Beasley Firm case (CV-00-1545-GR) in

Montgomery County Circuit Court on July 30,2001, and **(2)** against Judge McFerrin conspiring

with the Beasley Firm & Hinton of the Gidiere Firm in the still ongoing conspiracy in the

CV-91-78 case in Lowndes County Circuit Court.

**20-C.** Pages 1-4 of the Recommendation in **Ex.F** bound in Exhibit Pack 4 to DC-NR-4

show that in the CV-98-D-1023-N case in U.S. District Court (**that** was removed from the

CV-98-1871-PR case in Montgomery County Circuit Court) also shows the following: **(1)** that

the Alabama Judicial Inquiry Commission knew Watson had previously sued the Commissioners

for conspiring to obstruct justice on Watson's complaints against Judge McFerrin and another

judge named in a prior action, **note** which **Ex.D** bound in Exhibit Pack 4 to DC-NR-4 show was

Judge Ted Bozeman who was sued in the 1st federal civil case (CV-94-D-1112-N); and **(2)** that

the Alabama State Bar knew Watson had previously sued the Bar for conspiring to obstruct

justice on Watson's complaints against attorneys.

**20-C-1. Ex.AL-44** bound in Exhibit Pack 5 on file in the 2nd notice of removal case

(CV-04-A-677-N), is a copy of the Alabama Judicial Inquiry Commission response on June 30,

1998, to the complaint Watson filed against Judge McFerrin, **which** shows: **(a)** was signed by

Braxton L. Kittrell, Jr. (Chairman), and **(b)** stated that the Commission did not have the authority

to consider the correctness of a judge's ruling; **and** the averments on **Ex.C-6, Ex.C-9, Ex.C-19**

thru **Ex.C-21, Ex.C-24, Ex.14** thru **Ex.18 & Ex.24** in the above (par.11-A - 11-D-1 on pages

20-24), show that Watson's conspiracy obstruction of justice claims against Judge McFerrin,

included Judge McFerrin refusing to take-up & make rulings on motions, **that** involved demands

for a jury trial, **(1)** in the CV-95-1944-G case in Montgomery County Circuit Court, on the

Beasley Firm's 40 lien/demand on Watson's settlement money in the CV-91-78 case on March 26,1996, and **(2)** in the CV-91-78 case on the Beasley Firm's barred by res judicata 50% demand on Watson's money on March 14,1997, that fraudulently claimed the Beasley Firm had a 50% attorney lien on file since August 30,1994, **because** the Beasley Firm's 40% lien/demand on Watson's money on March 26,1996 is barred by res judicata.

   **20-C-2. Ex.14** & **Ex.14-A** thru **Ex.14-O** bound in Exhibit Pack CC on file in the 2nd notice of removal case (CV-04-A-677-N), show that the Alabama State Bar had refused to take actions on Watson complaints against the following attorneys: **(a)** on three complaints against Albert Butler on September 27,1993, on July 28,1994, and on March 2,1995, for attorney fraud & conspiracy in the cow case (CV-92-03); **(b)** on two complaints against J. Cole Portis of the Beasley Firm on July 28,1994, and on March 2,1995, for attorney fraud & conspiracy in the cow case (CV-92-03), **(c)** on two complaints against J. Greg Allen of the Beasley Firm on July 28, 1994, and on March 2,1995, for attorney fraud & conspiracy in the CSX case (CV-91-78); **(c)** on two complaints against William D. Nichols of Whaley & Grimes in Birmingham Al., for attorney fraud & conspiracy in misrepresenting Watson's behalf in Watson's appeal of the cow case (CV-92-03) to the Alabama Court of Civil Appeals (AV93000143); and **(d)** a complaint against Robert W. Norris (General Counsel of the Bar) on March 2,1995, for refusing to take action on Watson's complaints against attorneys, for attorney fraud & conspiracy.

   **21.** The averment in the below (par.21-A - 21-B-1), **(1)** on **Ex.AL-45** & **Ex.AL-46** bound in Exhibit Pack 5 to DC-NR-4, **verses** the averments on **Ex.2-A** & **Ex.6-A** in the above (par.17-C - 17-C-3 on pages 38-40), show there was a conspiracy obstruction of justice in the Alabama Court of Civil Appeals on April 15,1994, on Watson's appeal (AV93000143) on the

54

conspiracy on Watson & jury in the cow case (CV-92-03).

    **21-A.** Ex.AL-45 is a copy of Watson's letter to said Appeal Court (AV93000143) on

April 9,1994, **which** shows informed said Appeal Court, **(a)** that the opposing attorneys in the

cow case (CV-92-03), had engaged in withholding evidence from the jury **and also** in perjury

testimony being given to the jury, and **(b)** that the attorney who had filed Watson's appeal, had

withheld the opposing attorneys fraud on Watson & jury in the cow case (CV-92-03); and

**Ex.AL-46** shows that after receiving Watson's letter, Retired Appellate Judge Richard L.

Holmes was used to quickly deny Watson's appeal (AV93000143/CV-92-03) on April 15,1994.

    **21-B.** Ex.AL-46 shows the following: **(see pages 1-2)** Retired Appellate Judge Holmes

stated/acknowledged that Thomas had sued Watson on claims that Watson had converted

Thomas's 26 cattle, by penning & hauling them to auction, **note** see **Ex.2-A** in the above (par.17

- 17-C-3 on pages 38-40), **note** Thomas claimed that said 26 cattle were included in his report of

70 missing cattle to state livestock officers on May 30,1991; and **(see page 4)** Retired Appellate

Judge Holmes stated that Thomas had testified in trial, that on the evening before Watson had

penned the cattle, Thomas was near his property line, that he noted that nothing was wrong with

the fence, and that gap was tightly closed. However when he checked the area the next morning,

the gap was open, and there was an empty feed sack at the property line, **note** see **Ex.6-A** in the

above (par.17-C - 17-C-3 on pages 38-40), **note** Thomas claimed he discovered on the morning

of June 9,1991, that said 26 cattle were stolen from his property after Thomas left his property

June 8,1991 **(about 3:30 PM)**

    **21-B-1.** Just the above (par.21-B) is persuasive that Retired Appellate Judge Holmes

knew he was conspiring to obstruct justice on the conspiracy on Watson & jury in the cow case

(CV-92-03) in the above (par.17-C - 17-C-3 on pages 37-39), **by the fact** Retired Appellate

Judge Holmes knew that Portis of the Beasley Firm (Defendant Watson's attorney) & Judge

Bozeman (presiding trial judge) both had legal duty to see that Plaintiff Thomas & plaintiff

attorney Butler claimed **and** proved to the jury (CV-92-03), the conversion of 26 cattle Thomas

sued Watson for, and **by the fact** the above (par.21-B) shows Retired Appellate Judge Holmes

knew that Thomas got his judgment (CV-92-03), by Portis of the Beasley Firm (Defendant

Watson's attorney) & Judge Bozeman (presiding trial judge), allowing Plaintiff Thomas &

plaintiff attorney Butler to claim a different felony crime to the jury (CV-92-03) than Thomas

had sued Watson for.

   **21-C. Ex.AL-46 (see last paragraph on page 3 continued to page 4)** Retired Appellate

Judge Holmes stated that Thomas had testified in trial, that between March and June 1991, on

several occasions Thomas had found where the fence had been cut **and also** that Thomas was

missing other cattle between March and June 1991; and **Ex.6-A (line 16 on page 449 thru line

24 on page 450)** bound in Exhibit Pack 4 to DC-NR-4, shows Thomas claimed the following in

trial: **(a)** that the first time Thomas was to have called Livestock Officer Pruitt, was about the

first of April, **(a-1)** when his gate was to have been cut, & Thomas thought he might be missing

some cattle before counting them, and **(a-2)** that Pruitt was to have told Thomas not to call the

sheriff; **(b)** that Thomas was to have called Pruitt again on 7th, 8th, 9th of April, when twenty

head were to be missing, **note** that Pruitt was to have told Thomas again that he would

investigate & keep Thomas informed **and** when Pruitt didn't, Thomas was to have called Pruitt

back two or three times; **(c)** that the only call Thomas got from livestock officers, was from Bob

Chaffers on June 9,1991, that said 26 were at the stockyard; and **(d)** that Thomas did not talk

with Sheriff Hulett, until June 10,1991; **and** the cross-complaint section of **Ex.2-A** bound in

Exhibit Pack 4 to DC-NR-4 shows that Thomas acknowledged that after claiming his cattle at

the stockyard, Thomas had his cattle sold at the stockyard.

    **21-D. Ex.1-A** bound in Exhibit Pack 2 to DC-NR-2 **and also** Exhibit Pack 3 on file in

the 2nd notice of removal case (CV-04-A-677-N), is a copy of Thomas's theft of property report

(70 cattle) to state livestock officer C.E. (Buck) Chavers on May 30,1991 (ALABAMA

UNIFORM INCIDENT/OFFENSE REPORT), **which** shows: **(a)** that Thomas stated he missed

around forty head of cattle for some four weeks ago **and** in the past four days he missed thirty

more; **(b)** that Thomas's justification for reporting 70 cattle as theft of property, was that Watson

had denied Thomas permission to look for his cattle on the Risher property, and **(c)** that Thomas

claimed some of his cattle had T-L brands on both hips; **and** paragraphs 1 and 4-5 of the

cross-complaint section of **Ex.2-A** bound in Exhibit Pack 4 to DC-NR-4, shows that Thomas

claimed, **(1)** that Watson had been caught trying to sell Thomas's branded cattle on or before

June 11,1991, that Thomas had reported missing to state livestock officers on or about May 30,

1991, and **(2)** that Thomas claimed his cattle from their brands **and** personal recognition.

    **21-D-1.** Thomas's above (par.21-B) trial testimony in **Ex.6-A (pages 447-450)** bound in

Exhibit Pack 4 DC-NR-4, **verses** the above (par.21-D) on **Ex.1-A,** show that because they were

on the Risher property, Thomas had reported the same cattle as theft of property on May 30,

1991, **note** that Thomas claimed to the jury had been stolen from Thomas's property after 3:30

PM June 8,1991 **and also** that Thomas lied to the jury about not talking with Livestock Officer

Chavers until June 9,1991; **and** the above (par.21-A) **Ex.AL-45** shows that said report (5/30/91),

was one of the Alabama uniform incident/offense reports that Watson informed said Appeal

Court (AV93000143) on April 9,1994, **was withheld from the jury (CV-92-03)**.

21-E. Ex.7-A bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N), is a copy of Paul Brouha's letter to Thomas on April 24,1991, **which** shows was Thomas's **Ex.22** and also the following:; **(a)** that confirmed in writing, a verbal agreement on the Risher property on April 15,1991, between Brouha & Thomas in the present of Watson, **note** to rebuild the Risher/Thomas property line fence **and** at Thomas's suggestion Watson was to rebuild the east ½ mile; **(b)** which gave Thomas written permission to trespass on the Risher property unit the end of May to rebuild his part of the Risher/Thomas property line fence and **NOTE** if Thomas needed more time, that would have to be arranged with Brouha.

21-E-1. The above (par.21-E) letter on April 24,1991, **verses** the above (par.21-D) on the ALABAMA INCIDENT/OFFENSE REPORT on May 30,1991, show that Thomas knew he did not have justification to incriminate Watson in the a theft of 70 cattle, on grounds Watson had denied Thomas permission to look for his cattle on the Risher property; and **NOTE** paragraph 2 of the cross-complaint section of **Ex.2-A** bound in Exhibit Pack 4 to DC-NR-4 shows that Thomas sued Watson on claims, that the Risher/Thomas property line fence had been cut several times during the months of May & June 1991.

21-E-2. The above (par.21-E) letter on April 24,1991 **(Ex.7-A/Thomas's Ex.22)**, **along** with the above (par.21-C) on **Ex.6-A** show that before the meeting on the Risher property on April 15,1991, Thomas claimed: **(a)** that about the first of April, Thomas had reported an attempted theft of his cattle to Livestock Officer Pruitt; and **(b)** that on 7th, 8th, 9th of April, Thomas had reported a theft of 20 cattle to Livestock Officer Pruitt **and also** that Pruitt had

58

refused to keep Thomas informed of livestock officers investigation thereof.

**21-F.** Ex.9-A bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N), is a copy of Watson's report to state livestock officer C.E. (Buck) Chavers on April 4,1991 (ALABAMA UNIFORM INCIDENT/OFFENSE REPORT), **which** shows was Thomas's **Ex.1** and also the following: **(a)** that Watson had reported 20 estray cattle on the Risher property, and **(b)** that livestock officer Chavers had given Watson authorization under state estray laws, **(b-1)** to catch the astray cattle, **(b-2)** to take them to Hooper stockyard, and **(b-3)** to call B.G. Pruitt when cattle were at the stockyard; **and** in addition to the report (5/30/91) in the above (par.20-D-1), the above (par.21-A) **Ex.AL-45** shows Watson informed said Appeal Court (AV93000143) on April 9,1994, that the Alabama Uniform Incident/Offense Report on April 4,1991, **had also been withheld from the jury (CV-92-03).**

**21-F-1.** The above (par.21-F) on the ALABAMA UNIFORM INCIDENT/OFFENSE REPORT on April 4,1991 **(Ex.9-A/Thomas's Ex.1)**, **verses** the above (par.21-D) on **Ex.1-A,** show that Thomas knew that state livestock officer Chavers, was who Watson **and also** Thomas had made their reports to; **and** the above (par.21-C) on **Ex.6-A** has shown Thomas lied to the jury (CV-92-03) about not talking with Livestock Officer Chavers until June 9,1991.

**21-F-2.** The above (par.21-F) on **Ex.9-A/Thomas's Ex.1,** verses the above (par.21-C **&** 21-E-2) show that Thomas knew that after Livestock Officer had given Watson authorization to catch & remove astray cattle from the Risher property on April 4,1991, Thomas claimed Livestock Officer Pruitt had refused to investigate Thomas's report of 20 stolen cattle to Pruitt on 7th, 8th or 9th of April.

**21-G.** Ex.5-A bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 on file in the

2nd notice of removal case (CV-04-A-677-N), is part of Livestock Officer Pruitt testimony in trial in the cow case (CV-92-03), **which** shows: **(see pages 392-400)** on direct examination by Butler, Pruitt testified, **(a)** that Peewee Wood called Pruitt on the night of June 8,1991, that he had said 26 cattle penned on the Risher property, **(b)** at Wood's requests, Pruitt went to the Risher property the morning of June 9,1991, and **(c)** that Pruitt had Wood to take said 26 cattle to the stockyard for safe keeping & proper care, **note** because Thomas had claimed his cattle were branded **and** because **said 26 were not branded**; and **NOTE (see pages 405)** when asked about four-wheeler tracks coming from the Risher property to Thomas property by Butler in redirect examination, Pruitt testified there was some discussion about a four-wheeler being on Thomas's property **and** that had been investigated by the sheriff & Buck (Livestock Office Chavers).

21-G-1. Pruitt above (par.21-G) trial testimony in **Ex.5-A,** show that with Peewee Wood penning said 26 cattle on June 8,1991, **and** with Pruitt having Wood to take said 26 cattle to the stockyard on June 9,1991 (**for safe keeping & proper care),** Watson never had possession of said 26 cattle; and **NOTE** Pruitt having Wood to take said 26 cattle to the stockyard for safekeeping (6/9/91) was appropriate, **because** of Thomas's claims the above (par.21-D) theft of property (70 cattle) report to Livestock Office Chavers on May 30,1991 **(Ex.1-A).**

21-H. **Ex.A-1** bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 on file in the 2nd notice of removal case (CV-04-A-677-N), is a copy of the cross-complaint of Defendant Teddy Watson & statement of facts, that Portis of the Beasley Firm filed in the CV-91-1875-G case in Montgomery County Circuit Court on October 30,1991, **which** shows: **(a)** claimed that Thomas's conversion claims against Watson in the CV-91-1875-G case (conversion of 26 cattle

at Hooper's on 6/11/91 that Thomas had reported missing to state livestock officers on 5/30/91),

was a fraud accusation & imputation of an indictable criminal crime against Watson, and **(b)**

claimed that on June 10,1991, Thomas had fraudulently reported to Sheriff Hulett **also** stated to

a number of individuals, that on June 8,1991 **between 1:30 p.m. & 3:30 p.m.**, that Thomas had

witnessed Watson's son-in-law, nephew or employee on a four-wheeler cutting Thomas's fence

and forcing the cattle (said 26) onto the Risher property, **NOTE** the above (21-G) on **Ex.5-A**

shows that Livestock Officer Pruitt testified in trial, **that** there had been some discussion of a

four-wheeler being on Thomas's property **and** that the sheriff & Livestock Officer Chavers had

investigated that.

21-H-1. The above (par.21-H) on **Ex.A-1, verses** the averments on **Ex.6-A** in the above

(par.17-C - 17-C-3 on pages 38-40), show that Portis of the Beasley Firm (Defendant Watson's

attorney) also knew he allowed Plaintiff Thomas & plaintiff attorney Butler to claim a theft of

said 26 case on June 8,1991 **(after 3:30 PM)** to the jury (CV-92-03), **that** was to have occurred

**after** the theft of 26 cattle that Portis had claimed & sued Thomas for fraudulently reporting **&**

claiming on June 10,1991, that Thomas had witnessed on June 8,1991 **(between 1:30 PM &**

**3:30 PM)**.

21-I. **Ex.A-3** bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack 3 on file in the

2nd notice of removal case (CV-04-A-677-N), is a copy of Judge McFerrin's Order in the cow

case (CV-92-03) on August 17,1994, **which** shows that on Thomas's motion for summary

judgment, **(a)** that Portis had voluntarily withdrawn Defendant Watson libel claims before the

Court in oral argument (**note** language in Thomas's complaint that accused/incriminated Watson

of an indictable crime), and **(b)** that Judge McFerrin dismissed Watson's abuse of process claim

against Thomas, **note** which the above (par.21-H) on **Ex.A-1** shows involved Thomas accusing & incriminating Watson in two different indictable crimes involving the same 26 cattle, **(b-1)** Thomas fraudulently suing Watson on claims that Watson had been caught on June 11,1991, trying sell 26 cattle that Thomas had reported missing to state livestock officers on May 30,1991, **and (b-2)** Thomas fraudulently reporting/claiming on June 10,1991, that Thomas had witnessed Watson's son-in-law, nephew or employee on a four-wheeler, cut Thomas's fence & steal Thomas 26 cattle on June 8,1991 **(between 1:30 PM & 3:30 PM).**

**21-I-1.** The averments on **Ex.2-A** in above (par.17-C-2 on pages 38-39) has shown that Thomas's own claims/acknowledgments in the answer & cross-complaint sections, showed that Thomas's civil complaint claims of conversion against Watson had to be a fraud imputation of an indictable crime against Watson; **and** the **Ex.AL-45** in the above (par.21-A on page 54), also shows that Watson informed said Appeal Court (AV93000143) in his letter on April 9,1994, that most of Watson's claims against Thomas had been withdrawn by Watson's attorney **or** dismissed by the Court.

**21-J. Ex.AL-46 (page 4)** bound in Exhibit Pack 5 to DC-NR-4 shows that Retired Appellate Judge Holmes stated the following: "The role of the jury is to consider all the evidence and to draw its conclusions therefrom. Star Freight, Inc. V. Sheffield, 587 So. 2d 946 (Ala. 1991)"; **NOTE** the exhibits **and** averments thereon in the above (par.21 - 21-I-1) show that Retired Appellate Judge Holmes knew, that the jury (CV-92-03) did not have opportunity to consider all the evidence, because the opposing attorneys had engaged in withholding evidence from the jury (CV-92-03) **and also** misleading the jury (CV-92-03) to return a civil judgment against Defendant Watson, for a different felony crime than Plaintiff Thomas had sued

Defendant Watson for.

**21-K. Ex.AL-46 (see page 2)** bound in Exhibit Pack 5 to DC-NR-4, shows that Retired

Appellate Judge Holmes stated the following: "In order to establish a claim of conversion, the

plaintiff must show that the defendants exerted control over property to which the plaintiff had

title and of which the plaintiff was entitled to immediate possession. Rice v. Birmingham Coal

& Coke Co., 608 So.2d 713 (Ala. 1992); **NOTE** the exhibits **and** averments thereon in the above

(par.21-A) show that Retired Appellate Judge Holmes knew, **(a)** that the jury civil judgment

(CV-92-03) for conversion against Watson, was for a theft of 26 cattle from Thomas's property

after 3:30 PM June 8,1991, and **(b)** that the jury civil judgment (CV-92-03) was not for the

conversion of 26 cattle Hooper's that Thomas had sued Watson for committing.

**21-K-1.** Under Rice v. Birmingham Coal & Coke Co., 608 So.2d 713 (Ala. 1992) in the

above (par.21-K), the Beasley Firm claiming entitlement to Watson's money with barred by res

judicata demands in the CV-91-78 case to keep Judge McFerrin from having to release Watson's

money (**see** above par.11-A - 11-G-1 on pages 20-26), constitutes a conversion of Watson's

money, **(1)** on March 26,1996, **(2)** again on March 14,1997, and **(3)** again on September 30,

1999; and **Ex.G** bound in Exhibit Pack 4 to DC-NR-4 shows that Judge Greenhaw acknowledged

in her Order in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001, that Watson

also sued the Beasley Firm for conversion.

**22. Ex.Y-2 & Ex.Y-3** bound in Exhibit Pack 1 to DC-DC-NR **and also** Exhibit Pack 7 on

file in the 2nd notice of removal case (CV-04-A-677-N) are copies of the following in the Ten

Commandments case (CV-01-T-1268-N) in U.S. District Court against Alabama Supreme Court

Chief Justice Roy Moore: **(Ex.Y-3)** U.S. District Judge Myron H. Thompson's Order on March

5,2002, that denied the petition to file complaint that Watson had filed on February 25,2002;
**(Ex.Y-2)** the petition to file complaint by/from citizens of Alabama that Watson filed on
February 25,2002, **which** shows, **(a)** demanded citizens rights to seek a judgment that removed
all the conspiring judges (state & federal) and lawyers from the courts, **note** in that case in which
lawyers were seeking a judgment that removed the monument of the Ten Commandments from
the Alabama Judicial Building, **(b)** had exhibits attached that was persuasive evidence of judges
& lawyers conspiracies, **note** that included the **Ex.X-2** and its attached exhibits **(Ex.75 - Ex.79)**
in the above (par.20-B on pages 51-52), and **(c) NOTE (see par.6 on pages 4-5 in Ex.Y-2)**
stated that because of the evidence being put forth, the defendant Chief Justice (Roy Moore) and
federal judges of this federal courthouse, would object to citizens of Alabama having rights in
that case to seek their removal from the courts, **and** that because of the conspiracies in
state/federal trial court & state appeal courts, that case was the only avenue citizens had to rights
to relief (removal of conspiring judges & lawyers from the court for conspiring to deprive
citizens of their civil rights to due process of law), **note** in which lawyers were demanding
removal of the monument of the Ten Commandments from the Alabama Judicial Building, on
grounds said monument in said state building was a violation of lawyers civil rights.

   **22-A.** The above (par.22) **Ex.Y-2 (par.8 - 11 on pages 5-7)** shows that Watson's **Ex.X-1**
had exhibits attached that showed: **(a)** that Watson's money was being unlawfully held in the
CV-91-78 case in Lowndes County Circuit Court, on barred by res judicata demands the Beasley
Firm filed on Watson's money on March 26,1996, March 14,1997, and September 30,1999;
**(b)** that state/federal judges & lawyers conspiracies included using doctrine of res judicata to
defraud Watson's of rights to a jury trial against the Beasley Firm, and **(c)** that state/federal

judges & lawyers conspiracies in state & federal court, also obstructed justice on state officials,

lawyers & Thomas's conspiracy in the cow case (CV-92-03) in Lowndes County Circuit Court.

23. **Ex.DC-NR-1, Ex.FC-19 & Ex.FC-23** bound in Exhibit Pack 4 to DC-NR-4 show

the following in the 1st notice of removal case (CV-02-F-1214-N): **(Ex.DC-NR-1, par 4 - 4-A**

**on pages 4-5)** that Watson conspiracy obstructions of justice/enforcements of unconstitutional

law claims against Judge McFerrin **&** Judge Greenhaw on October 31,2002, included **(1)** Judge

McFerrin unlawfully dismissing the Watson v. Thomas case (CV-95-108) in Lowndes County

Circuit Court on February 7,2001, **(2)** Judge Greenhaw unlawfully using the 1st federal civil case

(CV-94-D-1112-N) & doctrine of res judicata to dismiss the Watson v. Beasley Firm case

(CV-00-1545-GR) in Montgomery County Circuit Court on July 30,2001, **(3)** Judge McFerrin

unlawfully dismissing Watson's amended complaint in the CV-91-78 case in April 2,2002, in

orders on April 17 & 18,2002, and **(4)** Judge Greenhaw obstructing justice/enforcing

unconstitutional law in the Watson v. Judge McFerrin case (CV-02-2048-GR) in Montgomery

County Circuit Court, in orders on October 2 & 15,2002; **(Ex.FC-19)** that in her

recommendation on January 29,2003, Magistrate Walker, **(a)** acknowledged that because Judge

McFerrin had struck/disallowed Watson's amended complaint on April 2,2002, Watson had filed

& removed the amended complaint on October 31,2002 on the same day, in order to keep Judge

McFerrin from having opportunity to strike/disallow it, and **(b)** recommended that the amended

complaint (10/31/02) be remanded back to Judge McFerrin in the CV-91-78 case, on grounds it

was in violation of Rule 15 of the Alabama Rules of Civil Procedure (FILED TOO LATE **&**

WITHOUT LEAVE OF THE COURT), because Judge McFerrin had held a final hearing on

March 26,1996, on an attorney lien the Beasley Firm had on file in the CV-91-78 case before

Watson's pro se settlement with CSX on February 16,1996; and **(Ex.FC-23)** that in his Order on

February 12,2003, Judge Fuller overruled Watson's objection to Magistrate Walker's

Recommendation (1/29/03) **and** remanded the amended complaint (10/31/02) back to Judge

McFerrin in the CV-91-78 case on the grounds in Magistrate Walker's recommendation on

January 29,2003.

   **23-A. Ex.FC-19** along with **Ex.C & Ex.G** bound in Exhibit Pack 4 to DC-NR-4 show

that in her Recommendation in the 1st notice of removal case (CV-02-F-1214-N) on January 29,

2003, Magistrate Walker used Judge McFerrin's Amended Order in the CV-91-78 case in

Lowndes County Circuit Court on April 18,2002 (Ex.C) and Judge Greenhaw's Order in the

Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court on July

30,2001, to claim/show after Judge McFerrin had held a final hearing on March 26,1996 on an

attorney lien the Beasley Firm had on file in the CV-91-78 case before Watson's pro se

settlement with CSX on February 16,1996, Watson had already vigorously contested said final

hearing (3/26/96) in the CV-91-78 case on said preexisting lien (on file before 2/16/96), in

actions Watson filed against his former counsel (and other attorneys, judges, and state and

federal officials who have allegedly conspired with them), in state court (Montgomery County

Circuit Court) **and** this court (U.S. District Court).

   **23-A-1.** Judge Greenhaw's Order (CV-00-1545-GR) on July 30,2001 **(Ex.G bound in Ex.**

Pk. 4 to DC-NR-4) shows **that addition to not having one word** in regards to Judge McFerrin

holding a final hearing on March 26,1996 on an attorney lien the Beasley Firm was to have on

file in the CSX case before Watson's pro se settlement with CSX on February 16,1996, **and also**

that Judge Greenhaw dismissed Watson claims against the Beasley Firm for legal malpractice

(CV-91-78 & CV-92-03) **and** for demanding payment of attorney fees from the proceeds of the

settlement with CSX, **on grounds** those claims were barred by res judicata & collateral

estopped, **because** Judge DeMent had made a judgment on those claims in summary judgment in

the 1st federal civil case (CV-94-D-1112-N) on June 6,1995, said Order (CV-00-1545-GR) also

states the following, **(a)** that the 1st federal civil case (CV-94-D-1112-N) & res judicata had

been used in the CV-95-1944-G case in Montgomery County Circuit Court on June 18,1996, to

dismiss the claims Watson had filed against the Beasley Firm on September 1,1995, and **(b)** that

the CV-98-1871-PR case Watson had filed in Montgomery County Circuit Court on August 10,

1998, had been removed to the CV-98-D-1023-N case in U.S. District Court, **and** that Judge

DeMent had dismissed Watson's claims against the Beasley Firm in the 2nd federal civil case

(CV-98-D-1023-N) on three grounds on April 5,1999, **(b-1)** barred by doctrine of res judicata,

**(b-2)** barred by the statute of limitations, and **(b-3)** failure to state a claim.

    **23-B.** **Ex.B** thru **Ex.G** bound in Exhibit Pack 4 to DC-NR-4, **verses  Ex.FC-6 & Ex.A**

thru **Ex.G** bound in Exhibit Pack 3 to DC-NR-4 **and also** Exhibit Pack A & Exhibit Pack 4 on

file in the 2nd notice of removal case (CV-04-A-677-N), show that **Ex.B** thru **Ex.G** were

attached to the Gidiere Firm's motion to dismiss/remand, that attorney Ronald G. Davenport of

Rushton, Stakely, Johnson & Garrett filed in the 1st notice of removal case (CV-02-T-1214-N)

on December 2,2002; and **NOTE** the averments on **Ex.D, Ex.G** and **case law** in the above

(**1**-par.17 on pages 35-35, **2**-par.17-B on page 37 and **3**-par.17-E - 17-E-3 on pages 40-42), show

that the Gidiere Firm's **Ex.D & Ex.G** along with <u>Dairyland Ins. Co. v. Jackson,</u> 566 So.2d 764

(Ala. 1991) **and** 64 ALR4th 323 referred to in the Alabama Legal Services Liability Act

(§ 6-5-570), showed that Judge Greenhaw had fraudulently used the 1st federal civil case

(CV-94-D-1112-N) **&** doctrine of res judicata/collateral estopped in the Watson v. Beasley Firm

case (CV-00-1545-GR) on July 30,2001, deceive/defraud Watson of a jury trial against the

Beasley Firm, **(a)** for legal malpractice in the CSX case (CV-91-78) & cow case (CV-92-03), and

**(b)** for demanding to be paid attorney fees from the proceeds of the settlement with CSX.

   **23-C. Ex.FC-18** bound in Exhibit Pack 5 to DC-NR-4, is a copy of the federal defendants

memorandum brief in the 1st notice of removal case (CV-02-F-1214-N) on January 23,2003,

**which** shows was filed by Assistant U.S. Attorney Kenneth E. Vines on behalf of U.S. Attorney

Leura G. Canary; **and** page 3 of **Ex.FC-18** shows that federal attorney Vines claimed **(a)** that

was the second time Watson had maliciously sued federal attorney for obstruction of justice &

conspiracy involving the Beasley Firm's attorney lien; and **(b)** the third time federal court was

required to address Watson's baseless allegations concerning the attorney lien issue; and **Ex.Z-5**

**& Ex.Z-6** bound in Exhibit Pack 5 to DC-NR-4 show that federal attorney Vines (on behalf of

U.S. Attorney Redding Pitt), was the federal attorney who removed the CV-98-1871-PR case in

Montgomery County Circuit Court to U.S. District Court on September 11,1998.

   **23-C-1.** By claiming the above (par.23-C) in the 1st notice of removal case

(CV-02-F-1214-N) on January 23,2003 **(Ex.FC-18, page 3),** the above (par.23-C) on **Ex.Z-5 &**

**Ex.Z-6,** along with **Ex.F (see pages 5-6 in Recommendation)**, show that federal attorney Vines

knew he was claiming in the 1st notice of removal case (CV-02-F-1214-N), that the 1st federal

civil case (CV-94-D-1112-N) barred Watson by res judicata, from having rights to oppose the

Beasley Firm's attorney lien; **and** the averments on **Ex.DC-NR-1** in the above (par.23 on pages

63-64) show that Vines knew Watson's conspiracy claims involving the Beasley Firm's attorney

lien, included the 1st federal civil case (CV-94-D-1112-N) & res judicata being unlawfully used

68

in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001, **NOTE** which the above (par.23-B) shows that the Gidiere Firm's **Ex.D & Ex.G** in the 1st notice of removal case (CV-02-F-1214-N) on December 2,2002, were persuasive evidence that the 1st federal civil case (CV-94-D-1112-N) & res judicata/collateral estopped had been unlawfully used in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001, to deceive/defraud Watson of a jury trial on the Beasley Firm attorney lien on Watson's settlement money from CSX.

    **24.** The averments on **Ex.DC-NR-1** in the above (par.23 on page 65) on Watson's conspiracy claims **(a)** against Judge McFerrin in the Watson v. Thomas case (CV-95-108) on February 7,2001, **(b)** against Judge Greenhaw in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001, **verses** the averments on **Ex.FC-19 & Ex.FC-23** in the above (par.23 pages 65-66), is persuasive evidence that Magistrate Walker & Judge Fuller knew they were using fraud grounds in the 1st notice of removal case (CV-02-F-1214-N) to remand those claims back to Defendant Judge McFerrin in the CV-91-78 case, **because** whether the Beasley Firm did or did not have an attorney lien on file in the CV-91-78 case before Watson's pro se settlement with CSX on February 16,1996, **and also** whether Judge McFerrin had or had not held a final hearing on March 26,1996 on an attorney lien the Beasley Firm had on file before said settlement (2/16/96), **had absolutely** nothing to do with: **(a-1)** did Judge McFerrin conspire to unlawfully dismiss the Watson v. Thomas case (CV-95-108) on February 7,2001 **(note** almost 5 years after 3/26/96); and **(b-1)** did Judge Greenhaw conspire to use the 1st federal civil case (CV-94-D-1112-N) & res judicata to dismiss the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001 **(note** over 5 years after 3/26/96).

    **24-A.** The federal law in the above (par.15 on page 31 & par.15-E on page 32), **along**

with Watson objection/motion to compel in the CV-91-78 case on November 24,2003

**(Ex.CSX-12, see par.2 - NOTE to 3 on pages 19-22** in the above par.14 - 14-A on pages 29-30),

show that Judge McFerrin is aware that U.S. Magistrate Walker & U.S. District Judge Fuller

could be held civilly liable to Watson, for the above (par.24) fraud grounds they used in the 1st

notice of removal case (CV-02-F-1214-N), to remand Watson's conspiracy claims, **(a)** against

Judge McFerrin in Watson v. Thomas case (CV-95-108) on February 7,2001, and **(b)** against

Judge Greenhaw in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30,2001; **and**

Watson's civil jury demands on February 25,2005 in the above (par.1 - 1-C  on pages 2-3), shows

that Judge McFerrin is aware that Magistrate Walker is now civilly liable to Watson for that

fraud & conspiracy on Watson's rights to a jury trial in the 1st notice of removal case

(CV-02-F-1214-N).

    **24-B.** The averments on **Ex.FC-19, Ex.C & Ex.G** in the above (par.23-A - 23-A-1 on

pages 66-67) has shown that Magistrate Walker knew she fraudulently used Judge Greenhaw's

Order (CV-00-1545-GR) on July 30,2001 **Ex.G),** in her Recommendation in the 1st notice of removal

case (CV-02-F-1214-N) on January 29,2003 **(Ex.FC-19)**; **and** the state/federal law in

the above (par.15 - 15-A on page 31) show that under U.S. Title 28 (§ 1346), **and** Voyager Guar.

Inc. Co. v. Brown, 631 So.2d 848 (Ala.1993) reference to in the Alabama Legal Services

Liability Act (§ 6-5-570), that under the civil jury demands (2/25/05) in the above (par.1 - 1-C on

pages 2-3), U.S. Magistrate Walker is also civilly liable for that act of fraud in the 1st notice of

removal case (CV-02-F-1214-N) on January 29,2003, to deceive/defraud Watson of rights to a

jury trial.

    **24-B-1.** The above (par.24-A) **Ex.CSX-12 (see par.4 on pages 24-25)** show the Judge

McFerrin is also aware of U.S. Magistrate Walker's fraud in the above (par.23-A - 23-A-1 on

pages 66-67 & par.24-B), in using Judge Greenhaw's Order (CV-00-1545-GR) on July 30,2001

**(Ex.G),** in her Recommendation in the 1st notice of removal case (CV-02-F-1214-N) on January

29,2003 **(Ex.FC-19)**, to deceive/defraud Watson of rights to a jury trial.

   **25. Ex.DC-NR-1** bound in Exhibit Pack 4 to DC-NR-4, **along** with the exhibits in the

above (par.20 - 20-B on pages 51-53) show that Watson's conspiracy claims in the amended

complaint (10/31/02) against the Justices on the Alabama Supreme Court in January 2002,

included obstructing justice on the conspiracy in the Watson v. Beasley Firm case

(CV-00-1545-GR) on July 30,2001, that used the 1st federal civil case (CV-94-D-1112-N) & res

judicata/collateral estopped to deceive/defraud Watson of a jury trial against the Beasley Firm,

**and were connected** to Watson's conspiracy claims in the above (par.23 on page 65), **(1)** against

Judge McFerrin (CV-95-108 case on 2/7/01 **and** CV-91-78 case on 4/18/02), and **(2)** against

Judge Greenhaw (CV-00-1545-GR on 7/30/01 **and** CV-02-2048-GR case on 10/2/02 **&**

10/15/02).

   **25-A.** The above (par.25) connecting conspiracy claims (10/31/03) against the Justices on

the Alabama Supreme Court, Judge McFerrin & Judge Greenhaw, **along** with **Ex.FC-19,**

**Ex.FC-23, Ex.BF-B & Ex.C** bound in Exhibit Pack 4 to DC-NR-4 and **Ex.ASC-4 &**

**Ex.ACCA-5** bound in Exhibit Pack 5 to DC-NR-4 show: **(Ex.FC-19)** that in the 1st notice of

removal case (CV-02-F-1214-N) on January 29,2003, Magistrate Walker recommended the

claims against the Justices on the Alabama Supreme Court also be remanded back to Defendant

Judge McFerrin in the CV-91-78 case **(NOTE)** on same the grounds in the above (b in par.23 on

pages 65-66); **(Ex.ASC-4)** that on February 10,2003, the Defendant Justices on the Alabama

Supreme Court gave the Alabama Court of Civil Appeals jurisdiction over Watson's appeal of the Watson v. Judge McFerrin case (CV-02-2048) in Montgomery County Circuit Court; **(Ex.ACCA-5)** that on March 11,2003, the judges on the Alabama Court of Civil Appeals refused to recuse themselves on Watson's appeal (2020172) of the Watson v. Judge McFerrin case (CV-02-2048), **(Ex.FC-23)** that in the 1st notice of removal case (CV-02-F-1214-N) on February 12,2003, U.S. District Judge Fuller overruled Watson's objection to Magistrate Walker's Recommendation (1/29/03) **&** also remanded the conspiracy claims (10/31/02) against the Justices in the Alabama Supreme amended complaint (10/31/02) back to Defendant Judge McFerrin in the CV-91-78 case on the grounds in Magistrate Walker's Recommendation in the above (b in par.23 on pages 65-66); and **(Ex.BF-B & Ex.C)** that in the CV-91-78 case on February 26,2003 **(Ex.BF-B),** Defendant Judge McFerrin struck/disallowed the connecting conspiracy claims (10/31/02), **(1)** against himself (CV-95-108 case on 2/7/01 **and** the CV-91-78 case on 4/18/02), **(2)** against Judge Greenhaw (CV-00-1545-GR case on 7/30/01 **and** CV-02-2048-GR case on 10/2/02 **&** 10/15/02), and **(3)** against the Justices on the Alabama Supreme Court (January 2002), **on the same grounds** in Judge McFerrin's Amended Order on April 18,2002 **(Ex.C), note** filed too late & without leave of the Court (Judge McFerrin's permission), **because** Judge McFerrin had held a final hearing on March 26,1996 on an attorney lien Watson's former attorneys had on file in the CSX case before Watson's pro se settlement with CSX on February 16,1996; **and (NOTE)** the averments on **Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.24** in the above (par.11-A - 11-A-1 on pages 20-21) **and also** on **Ex.27** thru **Ex.30** in the above (par.11-E - 11-E-2 on pages 24-25), show Judge McFerrin is well aware that the attorney lien of Watson's former attorneys that Judge McFerrin held a final hearing on March

72

26,1996, was the 10% attorney lien Julia Asam filed on May 23,1995 **and** forfeited (defaulted

on) by not complying with Judge McFerrin's Order on February 29,1996, to appear & defend her

10% lien in the attorney hearing on March 26,1996.

**25-A-1.** The above (par.25) **verses** the above (par.24 on page 69) on fraud grounds also

applies to: **(a)** the grounds U.S. Magistrate Walker (1/29/03) & U.S. District Judge Fuller

(2/12/03) used in the 1st notice of removal case (CV-02-F-1214-N), to remand Watson's

conspiracy claims (10/31/02) against the Justices on the Alabama Supreme Court, and **(b)** the

grounds Defendant Judge McFerrin used in the CV-91-78 case on February 26,2003, to strike &

disallow Watson's conspiracy claims: **(b-1)** against Judge McFerrin in the Watson v. Thomas

case (CV-95-108) on February 7,2001, **(b-2)** against Judge Greenhaw in the Watson v. Beasley

Firm case (CV-00-1545-GR) on July 30,2001, and **(b-3)** against the Justices on the Alabama

Supreme Count in January 2002.

**25-A-2.** The averments in **Ex.CSX-12 (see par.1 - NOTE to 1 on pages 6-8** in the above

(par.14 - 14-A on pages 29-30) shows that Judge McFerrin is aware from Watson's objection &

motion to compel in the CV-91-78 case on November 24,2003, that Watson has **Ex.C-6,**

**Ex.C-19 thru Ex.C-21, Ex.18 & Ex.24** in the above (par.11-A on page 20) on file in the

CV-91-78 case **and** that those exhibit court records prove: **(a)** that Judge McFerrin is aware the

Beasley Firm filed a 40% lien/demand on Watson's settlement money in the attorney lien

hearing Judge McFerrin ordered on February 29,1996 **&** held on March 26,1996; **(b)** that to give

himself grounds to strike/disallow Watson's amended complaint on April 2,2002, Judge

McFerrin fraudulently claimed in his Amended Order on April 18,2002, that he had held a final

hearing on March 26,1996, on an attorney lien the Beasley Firm had on file in the CV-91-78 case

73

before Watson's pro se settlement with CSX on February 16,1996; **(c)** that Judge McFerrin used

that same fraud (4/18/02) in his Order on February 26,2003, to strike/disallow Watson's

amended complaint on October 31,2002.

**25-A-3** The averments on **Ex.M-4** in the above (par.16 on page 33), **along** with

**Ex.CSX-12 (par.D on pages 3-4)** in the above par.24 - 24-A on pages 29-30) show, that Watson

has **Ex.M-4** on file in the CV-91-78 case **and** that Judge McFerrin is aware that in his objection

& motion to compel in the CV-91-78 case on November 24,2003, Watson used that exhibit

**(Ex.M-4)** to show Judge McFerrin is civilly liable to Watson for his above (par.25) judicial

fraud/conspiracy on April 18,2002 **&** February 23,2003, to deceive/defraud Watson of rights to a

jury trial; **and** because of that civil liability for conspiring to use fraud (4/18/02 **&** 2/26/03) to

deceive/defraud Watson of rights to a jury trial,, **Ex.CSX-12 (see NOTE to 1-D on pages 13-14)**

ALSO SHOWS Judge McFerrin is aware Watson demanded on November 24,2003, that Judge

McFerrin recuse himself under Cotten v. Brown, 638 So.2d 870 (Ala.1994):

> "When disqualification of a trial judge is required, duty is squarely placed upon the judge
> to disqualify himself. Cannons of Jud. Ethics, Cannon 3, Subd. C (1)."

**25-B.** The averments on exhibits & law in the above (par.20 - 21-K on pages 51-63)

shows, that the Alabama Supreme Court Justices conspiracy in January 2002, covered-up the

conspiracy in the Alabama Court of Civil Appeals in April of 1994, **and** that the conspiracy in

the Alabama Court of Civil Appeals in April of 1994, covered-up Judge McFerrin & Portis of the

Beasley Firm's pretrial conspiracy in the cow case (CV-92-03) in August of 1993.

**25-C. Ex.JT** bound in Exhibit Pack 5 to DC-NR-4, **along** with **Ex.E (see 1st footnote on**

**page 1)** bound in Exhibit Pack 4 to DC-NR-4, show that Judge William Gordon got the Watson

74

v. Beasley Firm case (CV-95-1944-G) in Montgomery County Circuit Court, byway of Judge H. Randall Thomas recusing himself on November 3,1995, because of his close professional association with the defendants (Beasley Firm); **and** the averments on **Ex.2-A, Ex.6-A & Ex.50 thru Ex.52** in the above (par.17-C - 17-D on pages 38-41) show that by being the judge who transferred to cow case in Montgomery County Circuit Court (CV-91-1875-G) to Lowndes County Circuit Court (CV-92-03), Judge Gordon had conflict of interest on presiding over the Watson v. Beasley Firm case (CV-95-1944-G).

**25-C-1. Ex.E (see page 3)** bound in Exhibit Pack 4 to DC-NR-4 shows, **(a)** that Judge Gordon acknowledged Watson claimed that U.S. District Court (CV-94-D-1112-N) had claimed lack of jurisdiction on Watson state law claims against the Beasley Firm for legal malpractice, and **(b)** that Judge Gordon dismissed Watson's state law claims against the Beasley Firm for legal malpractice on June 18,1996, on grounds the federal case (CV-94-D-1112-N) barred them by res judicata, **and** the averments on **Ex.2-A, Ex.6-A & Ex.50 thru Ex.52** in the above (par.17-C - 17-D on pages 38-41), **verses** the averments on **Ex.D & Law** in the above (par.17-E - 17-E-3 on pages 41-43), show that Judge Gordon knew he fraudulently used the federal case (CV-94-D-1112-N) & res judicata in the CV-95-1944-G case on June 18,1996, to deceive & defraud Watson of a jury trial against the Beasley Firm.

**25-D.** The averments on **Ex.M-8** thru **Ex.M-10** in the above (par.16-B on page 34) show that Judge Greenhaw got **and** quickly dismissed the Watson v. Judge McFerrin case (CV-02-2048) on October 2,2002, byway of Judge Hardwick recusing himself on September 24, 2002 & Judge McCcoey recusing herself on September 2002 **and** the averments on **Ex.B, Ex.M-4, Ex.M-6, Ex.M-12, Ex.M-14 &** law in the above (par.16 - 16-C-1 on page 33-36), **along**

with the averments on exhibits & law in the above (par.17 - 17-H-3 on pages 36-46) has shown

Judge Greenhaw also conspired to enforce unconstitutional law in the Watson v. Judge McFerrin

case (CV-02-2048-GR), in order to keep Judge Greenhaw's conspiracy engagement in the

Watson v. Beasley Firm case (CV-00-1545-GR), from being exposed to a jury in U.S. District

Court; **and** that evidence along with the above (par.25-A-3 on page 74), shows that Judge

Greenhaw refusal to recuse herself in the Watson v. Judge McFerrin case (CV-02-2048-GR) on

October 15,2002 **(above par.16-C -16-C-1 on page 35),** was in violation of <u>Cotten v. Brown,</u>

638 So.2d 870 (Ala. 1994) **and also** Cannon 3, Subd. C (1) of the Cannons of Judicial Ethics

**(above par.25-A-3 on page 74).**

    **26.** Under Rule 15 of the Alabama Rules of Civil Procedure: **(a)** leave is not needed from

the court to file an amended complaint, if it is filed 42 days before the first setting of the case for

trial, and **(b)** when leave is needed from the court to file an amended complaint, it is to be freely

allowed when justice so requires; **and** the exhibits & averments in the above (**1**-par.9 - 11-G-1

on pages 17-26, **2**-par.23 on pages 63-64 and **3**-par.25 - 25-A on pages 69-71) is persuasive

evidence of the following:

    **26-A. Ex.C-6, Ex.C-9, Ex.C-19 thru Ex.C-21, Ex.C-24, Ex.18, Ex.24** in the above

(par.11-A - 11-B-1 on pages 20-22), **(a)** that Judge McFerrin conspired to deprive/interfere with

Watson's rights for a jury in the Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery

County Circuit Court, to decide the 40% lien/demand the Beasley Firm filed on Watson's CSX

settlement money on March 26,1996; and **(b)** that Judge McFerrin withheld his conspiracy

deprivation/interference on Watson's civil rights, in his affidavits in the CV-98-1871-PR case in

Montgomery County Circuit Court on September 8,1998 **and** the CV-98-D-1023-N case in U.S.

District Court on January 20,1999;

26-B. The exhibits & averments in the above (par.26-A), **along** with **Ex.14** thru **Ex.17** & averments in above (par.11-C - 11-D-1 on pages 22-24), **(a)** that on/after April 3,1997, Judge McFerrin conspired to deprive/interfere with Watson's rights for a jury in the CV-91-78 case, to hold the Beasley Firm liable for the barred by res judicata demand Allen of the Beasley Firm filed on Watson's money on March 14,1997, **note** that fraudulently claimed the Beasley Firm had a 50% on file in the CV-91-78 case since August 30,1995, **because** the Beasley Firm's 40% lien/demand on Watson's money on March 26,1996, is barred by res judicata, and **(b)** that to deprive/interfere with Watson's rights to a jury trial in the CV-98-1871-PR case in Montgomery County Circuit Court **and or** the CV-98-D-1023-N case in U.S. District Court, Judge McFerrin withheld his ongoing conspiracy deprivation/interference on Watson's civil rights in the CV-91-78 case (on/after 4/3/97), in his affidavits in the CV-98-1871-PR case on September 8, 1998 **and** the CV-98-D-1023-N case on January 20,1999;

26-C. The exhibit & averments in above par.26-A - 26-B), **along** with **Ex.27** thru **Ex.30** & averments in the above (par.11-E - 11-G-1 on pages 24-26), **(a)** that instead of holding the Beasley Firm in default for failing to file an answer to Watson's motion of complaints with demand for jury trial thereof, Judge McFerrin conspired to allow Gidiere of the Gidiere Firm to file another barred by res judicata demand on Watson's money on September 30,1999 (on behalf of the Beasley Firm), **note** that claimed Watson is barred by res judicata/collateral estopped to oppose Judge McFerrin awarding the Beasley Firm Watson's money, **that** Judge McFerrin, Beasley Firm lawyers & Gidiere Firm lawyers all knew Judge McFerrin is conspiring to unlawfully hold in the CV-91-78 case on the Beasley Firm's barred by res judicata liens &

77

demands; and **(b)** that to make it appear he was not depriving Watson of his rights to due process of law, Judge McFerrin ordered another hearing on Watson & Beasley Firm attorney lien dispute on December 8,1999, to be held on December 21,1999;

**26-C-1.** Judge McFerrin's Order on December 8,1999 **(Ex.30** bound in Ex. Pk. 4 to DC-NR-4), shows/states it barred new motions (claims) from being filed, until Judge McFerrin dealt with the outstanding motions (claims) on file, **which** Judge McFerrin knew should have been done in or shortly after the hearing on December 21,1999; **and** the averments on **Ex.B** in the above (par.9-A - 9-A-3 on page 18) shows that Watson's amended complaint in the CV-91-78 case on April 2,2002 **(note** which was filed over two years after Judge McFerrin's Order on 12/8/99), claimed conspiracies in the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court **and** the Alabama Supreme Court, **that obstructed justice** on the ongoing conspiracy on Watson's civil rights & property in the CV-91-78 case;

**26-D.** The exhibits & averments in the above (par.26-A - 26-C-1) **along** with **Ex.BF-A, Ex.B, Ex.C** & averments in the above (par.9 - 9-A-3 on pages 17-18), show that to obstruct justice on his own conspiracy engagement in keeping Watson's money unlawfully held in the CV-91-78 case on the Beasley Firm's barred by res justice liens/demands **(1-3/26/96, 2-3/14/97 and 3-8/30/99)**, Judge McFerrin fraudulently claimed in his Amended Order on April 18,2002, that he had held a final hearing on March 26,1996, on an attorney lien the Beasley Firm had on file in the CV-91-78 case before Watson's pro se settlement with CSX on February 16,1996;

**26-D-1.** Watson's amended complaint in the CV-91-78 case on April 2,2002 **(Ex.B, par.13 on page 5** bound in Ex. Pk. 4 to DC-NR-4) shows that Watson's conspiracy claims against Hinton of the Gidiere Firm were for, **(a)** filing the Beasley Firm's barred by res judicata

78

demand on Watson's money in the CV-91-78 case on September 30,1999, and **(b)** for unlawfully

representing the Beasley Firm behalf in the CV-00-1545-GR case in Montgomery County Circuit

Court **and** Watson's appeal thereof in the Alabama Supreme Court (1002154/CV-00-1545-GR),

**in which** Hinton fraudulently claimed that the Beasley Firm did not have demands filed on

Watson's money in the CV-91-78 case in Lowndes County Circuit Court; **NOTE** those claims in

**Ex.B** against Hinton of the Gidiere Firm, **along** with the exhibits & averments on, **(1)** Gidiere of

the Gidiere Firm's claims in the Beasley Firm's demand on Watson's money in the CV-91-78

case on September 30,1999, in the above (par.11-E - 11-G-1 on pages 24-26), **(2)** the Watson v.

Beasley Firm case (CV-00-1545-GR) in the above (par.17 - 7-H-3 on pages 36-46**)** and **(3)**

Watson's appeal in the Alabama Supreme Court (1002154/CV-00-1545-GR) in the above

(par.20 - 20-C-1 on pages 51-54), **verses** the averments on **Ex.BF-A & Ex.C** in the above (par.9

on page 17), show that the fraud grounds in the above (par.24 on page 69), **also applies** to the

grounds Judge McFerrin used (4/18/02) to strike/disallow Watson's conspiracy claims (4/2/02)

against Hinton of the Gidiere Firm;

    **26-E.** The exhibits & averments in the above (par.26-A - 26-D-1), **along** with **Ex.BF-B,**

**Ex.DC-NR-1** & averments in the above (par.10 - 10-A on pages 18-19), show that to obstruct

justice on his own fraud/conspiracy on April 18,2002 (above par.26-D - 26-D-1), Judge McFerrin

used the same fraud (4/18/02) in his Order on February 26,2003, to strike/disallow Watson's

amended complaint on October 31,2002.

    **27. Ex.CSX-8** bound in Exhibit Pack 4 to DC-NR-4, is a copy of the motion to amend

that Watson filed in the CV-91-78 case on March 21,2003, **and** the averments therein show: **(a)**

that Watson showed that because of the above (par.26 - 26-E), Watson did not need leave for the

Court (Judge McFerrin's permission), to update the conspiracy crimes that Judge McFerrin is conspiring to commit on Watson's civil rights & property, and **(b)** that because Judge McFerrin had claimed Watson did on April 18,2002 **and** again February 26,2003, Watson sought Judge McFerrin's permission to sue Judge McFerrin and all the other conspirators who conspired to obstruct justice on Watson's amended complaint on October 31,2002.

**27-A. Ex.1 & Ex.2** bound in Exhibit Pack 2 to DC-NR-4 **also** Exhibit Pack 1 on file in the 2nd notice of removal case (CV-04-A-677-N ), are copies of Watson's Exhibit 3 & Exhibit 4 in the 1st federal civil case (CV-94-D-1112-N), **note** which show that October 25,1994, Watson filed claims & exhibit evidence in the CV-91-78 case against the Beasley Firm, that showed as a result of CSX's awareness of the Beasley Firm (Watson's attorneys) conspiring to get a civil judgment against Watson in the cow case (CV-92-03) by unlawful means, the Beasley Firm had conspired with CSX to deprive Watson of rights to due process in the CSX case (CV-91-78), **and also** because the Beasley Firm had withdrawn as Watson's attorneys in the CSX case (CV-91-78) as a result of Watson confronting the Beasley Firm, **demanded** dismissal of any lien the Beasley Firm had or was filing for attorney fees on the CSX case (CV-91-78).

**27-A-1.** Watson's motion in the CV-91-78 case on September 1,1995 **(Ex.C-9** bound in Ex. Pk 5 to DC-NR-4), sought to have claims against the Beasley Firm in the above (par.27-A) on October 25,1995, decided by a jury in Montgomery County Circuit Court; **and** the exhibits & averments in the above (par.11-A - 11-B-1 on pages 20-22) show that Judge McFerrin is well aware that he conspired to deprive/interfere with Watson's rights to a jury trial against the Beasley Firm in the CV-95-1944-G case in Montgomery County Circuit.

**27-B.** Judge McFerrin's Amended Order in the CV-91-78 case on April 18,2002

(**Ex.BF-A & Ex.C** bound in Ex. Pk. 4 to DC-NR-4), shows that the only claims that order

allows, is the claims on file in the CV-91-78 case on/before March 26,1996 **and also** the attorney

lien that Watson's former attorneys had on file before Watson's pro se settlement with CSX on

February 16,1996; **and** Judge McFerrin is aware that under his Amended Order on April 18,

2002, the Beasley Firm did not have rights to a lien/demand on Watson's settlement money after

April 18,2002, **because** the averments on **Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.24** in the

above (par.11-A on page 20) show that Judge McFerrin is aware: **(a)** that Julia Asam's 10% lien

(filed on 5/23/95) was the only attorney lien on file in the CV-91-78 case when Watson made his

pro se settlement with CSX on February 16,1996, and **(b)** that the Beasley Firm filed a 40% lien

on Watson's settlement money in the attorney lien hearing, that Judge McFerrin ordered on

February 29,1996 **&** held on March 26,1996.

**27-B-1.** The exhibits & averments in the above (**1-par.11-A - 11-G-1** on pages 20-26) has

shown why Judge McFerrin conspired with the Beasley Firm partners **and** Gidiere Firm partners,

to strike/disallow all the claims filed after March 26,1996 in his Amended Order in the

CV-91-78 case on April 18,2002 (**Ex.BF-A & Ex.C** bound in Ex. Pk. 4 to DC-NR-4).

**28.** Under Rule 4 of the Alabama Rules of Civil Procedure, failure to file an answer to a

complaint within 30 days, is grounds for the defendants to be held in default of the claims

against the defendants in the complaint; and **Ex.CSX-6** bound in Exhibit Pack 4 to DC-NR-4 is a

copy of the motion for judgment of default Watson filed in the CV-91-78 case on March 21,

2003, **which** shows demanded the federal attorney defendants be held in default, for failing to an

answer in the CV-91-78 case to the amended complaint on October 31,2002.

**28-A. Ex.A, Ex.FC-9 & Ex.FC-12** thru **Ex.FC-14** bound in Exhibit Pack 3 to DC-NR-4

81

**and also** Exhibit Pack 4 on file in the 2nd notice of removal case (CV-04-A-677-N), **and** the

averments on those exhibits in the above (par.28) **Ex.CSX-6** shows that Judge McFerrin was

aware of the following from Watson's motion for judgment of default against the federal

attorney defendants in the CV-91-78 case on March 21,2003: **(Ex.A, see page 3)** that the

Alabama SJIS Case Detail, stated that on November 12,2002, the Court (CV-91-78) had served

the federal defendants (U.S. Attorneys) with the complaint (10/31/02) with a summon;

**(Ex.FC-9, par.3 on page 2)** that Watson's motion to deny in the CV-02-F-1214-N case in U.S.

District Court on December 2,2002, stated the federal defendants should be held in default, by

having failed to file any response to Plaintiff Watson's conspiracy deprivations and racketeering

claims (10/31/02), in that federal case (CV-02-F-1214-N) **and** the state CV-91-78 case;

**(Ex.FC-12)** on behalf of U.S. Attorney Canary, federal attorney Vines filed a motion for

extension of time in the federal CV-02-F-1214-N case on December 23,2002, that requested a 30

day extension of time to file an answer or other response to the amended complaint (10/31/02),

on grounds that the federal defendants had not received the litigation report (complaint on

10/31/02) that was essential in compilation of the answer or other response; **(Ex.FC-13)** that in

the federal CV-02-F-1214-N case on December 27,2002, Magistrate Walker granted the federal

attorney defendants motion for a 30 day extension of time; **(Ex.FC-14)** the motion for the court

to reconsider Defendant U.S. Attorneys motion for extension of time **that** Watson filed in the

federal CV-02-F-1214-N case on January 2,2003, demanded **(a)** that the federal attorney

defendants be held in default, and **(b)** that federal attorney Vines be held in contempt of court,

for fraudulently claiming on December 23,2002 (that the federal attorney defendants have not

been served with the amended complaint on 10/31/02), **in order** to keep from being held in

82

default on Watson's motion on December 18,2002; and **Ex.FC-14 (par.6 - 7 on pages 8-9)** show the federal attorney defendants **and also** the federal court (Magistrate Walker & Judge Fuller), knew that if they used their federal positions to keep a federal jury (CV-02-F-1214-N) from holding the Beasley Firm & Gidiere Firm liable for all of the civil damages under the case law in the above (par.15-D-1 on page 32), that would be willful & unlawful use of their federal positions **and** taxpayers money, to help the Beasley Firm evade a jury trial in U.S. District Court.

**28-A-1. Ex.FC-6 & Ex.A** bound in Exhibit Pack 3 to DC-NR-4 **and also** Exhibit Pack A & Exhibit Pack 4 on file in the 2nd notice of removal case (CV-02-F-1214-N) **verses** the above (par.28-A), show that the Gidiere Firm's **Ex.A** attorney Davenport filed in the federal CV-02-T-1214-N case on December 2,2002, proves federal officials fraud/conspiracy in the 1st notice of removal case (CV-02-F-1214-N), on the federal attorney defendants not be held in default **and** federal attorney Vines not being held in contempt of court on Watson's demand on January 2,2003, **because** of Vines fraud (lie) in a motion in federal court on December 23,2002, to keep the federal attorney defendants from being held in default on Watson's federal motion on December 18,2002.

**28-A-2.** The exhibits & averments in the above (par.23 - 23-C-1 on pages 65-67) shows the Gidiere Firm's **Ex.C, Ex.D & Ex.G** that attorney Davenport filed on December 2,2002, also proves that, **(1)** Assistant U.S. Attorney Vines on behalf of U.S. Attorney Canary (on 1/23/03), **(2)** U.S. Magistrate Walker (on 1/29/03) and **(3)** U.S. District Judge Fuller (on 2/12/03), engaged in a conspiracy to use their federal positions & taxpayers money, to use fraud to deceive & defraud Watson of rights to a jury trial against the Beasley Firm in the 1st notice of removal case (CV-02-F-1214-N).

83

**28-B.** The exhibits & averments in the above (par.11-E - 11-G-1 on pages 24-26) **verses** the averments on **Ex.BF-A & Ex.C** in the above (par.9 on page 17) show that Judge McFerrin knew he also fraudulently claimed on April 18,2002, that he held a final hearing on March 26, 1996, to conceal his fraud/conspiracy in not holding the Beasley Firm in default, **in the hearing** (12/21/99) that Judge McFerrin had ordered on December 8,1999.

**29.** Because for seven months state/federal officials had refused to file answers/responses to the amended complaint on July 13,2004, Watson filed the motion to compel for default in the 3rd notice of removal case (CV-05-T-179-N) on February 25,2005 **(see** above par.3-A - 3-A-1 on pages 7-8), **which** demanded state/federal officials be held in default to oppose the criminal/civil injunction relief demands (7/13/04), **and** which includes state/federal officials being held criminally & civilly liable to government & its citizens, for conspiring to use their public positions & taxpayers money, to keep lawyers & state/federal officials from being brought to criminal/civil justice for committing racketeering conspiracy crimes of fraud on this nation's bill of rights & citizens rights/interests thereunder, **in order** to defraud the State of Alabama & its citizens of a lawful/constitutional state & federal judicial system (criminal & civil).

**29-A.** U.S. District Judge Thompson knew he had conflict of interest on presiding over the 3rd notice of removal case (CV-05-T-179-N), **because** of his criminal/civil liability to government & its citizens, for obstructing justice & enforcing unconstitutional law in the federal Ten Commandments case (CV-01-T-1268-N, **see** above par.22 - 22-A on pages 63-65), **is included** in the injunction relief demands (7/13/04) that state/federal officials refusals to file answers **or** responses to for seven months, demanded state/federal officials be held in default on rights to oppose in the 3rd notice of removal case (CV-05-T-179-N), on the motion to compel

thereof (2/25/05) in the above (par.29).

**29-B.** For the same reason in the above (par.29 - 29-A), U.S. Magistrate Walker knew she

had conflict of interest on presiding over the 3rd notice of removal case (CV-05-T-179-N),

**because** of her criminal/civil liability to government & its citizens, **(1)** for conspiring to obstruct

justice/enforce unconstitutional law in the 1st notice of removal case (CV-02-F-1214-N, **see**

above par.23 - 25-A-1 on pages 65-73 **and** above par.28 - 28-A-2 on pages 81-84), and **(2)** for

conspiring to obstruct justice/enforce unconstitutional law in the 2nd notice of removal case

(CV-04-A-677-N, **see** above par.2-B on page 5).

**29-B-1.** Magistrate Walker knew she also had conflict of interest on presiding over the

3rd notice of removal case (CV-05-T-179-N), **because** of her civil liability to Watson under the

civil jury demands in the amendment to the amended complaint (7/13/04) on February 25,2005

**(see** above par.1 - 1-C-1 on pages 2-4), for her fraud/conspiracy in depriving/defrauding Watson

of rights to a jury trial in the 1st notice of removal case (CV-02-F-1214-N).

**30. Ex.DC-NR-2 (par.1 on pages 1-2 & par.10 on pages 6-7)** bound in Exhibit Pack 4

to DC-NR-4, shows that Watson claimed in the 2nd notice of removal case (CV-04-A-677-N) on

July 13,2004, that he had rights to remove the state (CV-91-78) amended complaint (7/13/04)

under U.S. Title 28 (**§** 1343), **because** the relief he was seeking on the criminal/civil injunction

relief demands against lawyers, state officials & federal officials **and** the civil jury demands

against the Beasley Firm, **involved** federal officials conspiring to use fraud in the

CV-02-F-1214-N case in U.S. District Court, to deprive Watson of rights to due process of law

(jury trial) on the ongoing conspiracy in the state CV-91-78 case, **(1)** on Judge McFerrin keeping

Watson's money unlawfully held in the CV-91-78 case on the Beasley Firm's barred by res

85

judicata demands, and **(2)** Judge McFerrin depriving Watson of rights in the CV-91-78 case, to

hold the Beasley Firm civil liable for the damage that Defendant Watson incurred the cow case

(CV-92-03); and **Ex.DC-O** bound in Exhibit Pack 4 to DC-4 shows that in the 2nd notice of

removal case (CV-04-A-677-N) on July 23,2004, U.S. District Judge Albritton remanded the

amended complaint (7/14/04) back to Defendant Judge McFerrin in the state CV-91-78 case on

grounds, that Plaintiff Watson had illegally removed it, **because** U.S. Title 28 (**§** 1343) only

allows a defendant to remove a case from state court **(see** below par.30-A - 30-A-1); and

**Ex.DC-O** verses **Ex.DC-NR-2** show that in his Order on July 23,2004, Judge Albritton did not

even acknowledge, much less address the criminal/civil injunction relief demands (7/13/04) in

the notice of removal **(see below par.30-B - 30-E-1)**.

   **30-A.** By being the demanding party in the state CV-91-78 case on the money from

Watson's pro se settlement with CSX on February 16,1996, makes the Beasley Firm the

PLAINTIFF and Watson the DEFENDANT, on the attorney lien dispute issue; **and** the

averments on exhibits & law in the above, has shown that federal justice officials conspired with

state officials & lawyers, to deprive/defraud Plaintiff Watson of rights to a jury trial in the 1st

notice of removal case (CV-02-F-1214-N), on the conspiracy in the CV-91-78 case that is

keeping Defendant Watson's money unlawfully held on Plaintiff Beasley Firm's barred by res

judicata liens/demands.

   **30-A-1.** By federal/state officials conspiring with Plaintiff Beasley Firm in the above

(par.30-A), makes federal/state officials coconspirators with Plaintiff Beasley Firm, in keeping

Defendant Watson's money unlawfully held in the state CV-91-78 case on Plaintiff Beasley

Firm's barred by res judicata liens/demands; **(1)** U.S. District Court has jurisdiction under U.S.

86

Title 28 (§ 1343), over the state conspirators conspiracy crimes on Defendant Watson's civil rights & property, and **(2)** U.S. District Court has jurisdiction under U.S. Title 28 (§ 1346), over the federal conspirators conspiracy crimes on Defendant Watson's civil rights & property.

**30-B.** When state officials of Alabama are sued for conspiracy obstruction of justice & enforcement of unconstitutional law, the State of Alabama is also a DEFENDANT with the conspiring state officials; **and** because citizens are the owners of state government, every Citizen of Alabama are also DEFENDANTS with state government and the conspiring state officials.

**30-B-1.** Under the criminal/civil injunction relief demands, Defendant Citizens of Alabama, have rights to demand the conspiring state official defendants, be held criminally & civilly liable to Defendant State of Alabama, for using their state positions & state taxpayers money to conspire to obstruct justice/enforce unconstitutional law on lawyers, state officials & federal officials being brought to criminal/civil justice; **and** U.S. District Court has jurisdiction of that under U.S. Title 28 (§ 1343).

**30-C.** When federal officials of the United States are sued for conspiracy obstruction of justice/enforcement of unconstitutional, the United States of America is a DEFENDANT with the conspiring federal officials, **and** because citizens are the owners of federal government, every Citizen of the United States are also DEFENDANTS with federal government and the conspiring federal officials.

**30-C-1.** Under the criminal/civil injunction relief demands, Defendant Citizens of the United States, have rights to demand the conspiring federal official defendants, be held criminally & civilly liable to Defendant United States of America, for using their federal positions & federal taxpayers money to conspire to obstruct justice/enforce unconstitutional law

87

on lawyers, state & federal officials being brought to criminal/civil justice; **and** U.S. District

Court has jurisdiction over that under U.S. Title 28 (§ 1346).

    **30-D. Ex.DC-NR-2 (par.6 on page 5)** bound in Exhibit Pack 4 to DC-NR-4 shows that

in the notice of removal in the 2nd notice of removal case (CV-04-A-677-N) on July 13,2004,

Watson demanded a hearing on the federal (CV-04-A-677-N) motion for injunction order

(7/13/04) for removal of Watson's money from the state CV-91-78 case under U.S. Title 28

(§ 1442), **that** is attached to the federal (CV-05-T-179-N) motion to compel for injunction order

(2/25/05) for the same in the above (par.3-B on page 8); and **Ex.DC-O** bound in Exhibit Pack 4

to DC-NR-4 shows that in his Order on July 23,2004, Judge Albritton refused to even

acknowledged the federal (CV-04-A-677-N) motion for injunction order (7/13/04) for removal of

Watson's money from the state CV-91-78 case under U.S. Title 28 (§ 1442).

    **30-E. Ex.DC-CD-2** shows that with Magistrate Walker co-presiding in the 2nd notice of

removal case (CV-04-A-677-N), Judge Albritton remanded the amended complaint (7/13/04)

back to Defendant Judge McFerrin in CV-91-78 case on July 23,2004; **and** the averments in

**Ex.DC-NR-2** bound in Exhibit Pack 4 to DC-NR-4, **along** with the averments in the corrective

copy of the amended complaint (7/13/04) and the above (par.30-D) federal (CV-04-A-677-N)

motion for injunction order (7/13/04), show that Judge Albritton knew he conspired with

Magistrate Walker to obstruct justice/enforce unconstitutional law in the 2nd notice of removal

case (CV-04-A-677-N), on Magistrate Walker being brought to criminal/civil justice under the

injunction relief demands (7/13/04), for her fraud/conspiracy in the 1st notice of removal case

(CV-02-F-1214-N), **which** is well documented in the above (**1**-par.23 - 25-A-1 on pages 65-73)

from exhibits bound in Exhibit Pack 4 to DC-NR-4 & Exhibit Pack 5 to DC-NR-4 **and also**

which are bound in exhibit packs that Watson filed in the 2nd notice of removal case (CV-04-A-677-N) on July 13,2004.

**30-E-1. Ex.DC-NR-2 (par.1 - 5 on pages 1-5)** shows that Judge Albritton knew that a federal jury trial on Watson's civil jury demands (7/13/04) against the Beasley Firm, would compel (FORCE) federal & state officials to uphold their duty on the injunction relief demands (7/13/04), to hold all the racketeering conspiring lawyers & state/federal officials criminally & civilly liable to government & its citizens.

**30-F.** The corrective copy of the amended complaint on July 13,2004 (par.13 on pages 7-8) shows that the exhibits bound in Exhibit Pack 2 Watson filed with the notice of removal (7/13/04) are copies of the following: **(Ex.CSX-5)** Watson's combination motion to compel in the CV-91-78 case on March 21,2003, for Judge McFerrin to rescind or vacate his Order (2/26/03, **Ex.BF-B** in the above par.10 on page 18) **and** for Judge McFerrin to recuse himself; **(Ex.CSX-6)** Watson's motion for default in the CV-91-78 case on March 21,2003, **which** is bound in Exhibit Pack 4 to DC-NR-4 **and also** which Watson has given averments on in the above (par.28 - 28-B on pages 81-84), in support of getting justice on the relief being demanded in the 4th notice of removal; **(Ex.CSX-7)** Watson's combination motion to compel in the CV-91-78 case on March 21,2003, that demanded a change of venue **and** transferal of money to U.S. District Court for a jury trial; **(Ex.CSX-8)** Watson's motion for leave to amend in the CV-91-78 case on March 21,2003, **which** is bound in Exhibit Pack 4 to DC-NR-4 **and also** which Watson has given averments on in the above (par.27 - 27-B-1 on pages 79-81), in support of getting justice being demanded in the 4th notice of removal; **(Ex.CSX-9 - Ex.CSX-11)** Hinton of the Gidiere Firm's letter & two proposed orders to Judge McFerrin in the CV-91-78 case on

89

October 13,2003, **which** are bound in Exhibit Pack 4 to DC-NR-4 **and also** which Watson has

given averments on in the above (par.12 - 12-C-1 on pages 26-28), in support of getting justice

on the relief being demanded in the 4th notice of removal; **(Ex.CSX-12)** Watson's objection **&**

motion to compel in the CV-91-78 case on November 23,2003 in the above (par.14 - 14-A on

page 29-30), **which** Watson has given averments on in the above (par.24 - 25-A-3 on pages

69-74), in support of getting justice on the relief being demanded in the 4th notice of removal;

**(Ex.CSX-13 & Ex.CSX-14)** Watson's petitions to U.S. Attorney Canary & Alabama Attorney

General Pryor on November 23,2003, **which** are bound in Exhibit Pack 3 to DC-NR-4 **and also**

which Watson has given averments on in the above (par.3-C-2 on page 10), in support of getting

justice on the relief being demanded in the 4th notice of removal.

**30-F-1. Ex.CSX-12 (par.10 on pages 37-38)** in the above (par.30-F), also shows that

Judge McFerrin was aware from Watson's objection/motion to compel in the CV-91-78 case on

November 23,2003, that for seven months Judge McFerrin had refused to take-up Watson's four

motions in the CV-91-78 case on March 21,2003 **(Ex.CSX-5 - Ex.CSX-8** in the above par.30-F);

**and** the averments on **Ex.CSX-6 & Ex.CSX-8** in the above (par.27 - 28-B on pages 79-84) show

Judge McFerrin was aware that his refusal to even take-up Watson's motion for judgment of

default against the federal attorney defendants on March 21,2003 **(Ex.CSX-6)** and Watson's

motion for leave to amend on March 21,2003 **(Ex.CSX-8),** that in addition to his own long

running fraud & conspiracy on Watson's civil rights & property **(see** above par.26-A - 26-E-1 on

pages 76-79)** Judge McFerrin knew that in violation of Rule 15 of the Alabama Rules of Civil

Procedure **(see** above par.26 on page76), he was also obstructing justice/enforcing

unconstitutional law on federal officials fraud/conspiracy on Watson's constitutional rights to

due process of law in the 1st notice of removal case (CV-02-F-1214-N), **which** includes

Magistrate Walker & federal attorney Vines fraud & conspiracy, on the federal attorney

defendants not being held in default **and** federal attorney Vines being held in contempt of court

on Watson's demand thereof on January 2,2003, **because** federal attorney Vines had lied in a

federal motion on December 23, 2002, **to keep** the federal attorney defendants from being held

in default on Watson's demand on December 18,2002.

    **31. Ex.JT-O-3 & Ex.JT-O-4** bound in Exhibit Pack 4 to DC-4 are copies of Judge

Thompson's two orders in the 3rd notice of removal case (CV-05-T-179-N) on March 11,2005;

**(Ex.JT-O-3)** shows that order (3/15/05) overruled Watson's objection **(see Ex.DC-OJ-O** in the

below par.31-A - 31-D); and **(Ex.JT-O-4)** shows that order (3/15/05) remanded the complaints

(7/13/04 & 2/25/05) back to Judge McFerrin in the CV-91-78 case, on grounds that Watson had

failed to meet the requirements in Magistrate Walker's Order on March 11,2005 **(see** below

par.31-A-2), to file an order or docket from the state CV-91-78 case that showed Judge McFerrin

would allow Watson to file those federal claims (7/13/04 & 2/25/05).

    **31-A. Ex.DC-OJ-O** being filed with this statement is a copy of the objection Watson

filed in the 3rd notice of removal case (CV-05-T-179-N) on March 11,2005, **(1)** to Judge

Thompson's Order on March 2,2005, **(2)** to Magistrate Walker's Order on March 2,2005, and **(3)**

Judge Thompson's Order on March 3,2005; and **Ex.DC-OJ-O (par.D - D-1 on pages 7-8)**

shows Watson's combination motion to compel in the CV-91-78 case on March 11,2005

**(Ex.CSX-15** in the above (par.14-B on pages 30-31) was attached to said objection in the 3rd

notice of removal case (CV-05-T-179-N) on March 11,2005, **in order** to help show that Judge

Thompson's orders on March 2 & 3,2005 and Magistrate Walker's order on March 2,2005, are

willful & illegal abuse of judicial authority on citizens constitutional rights to due process &

protection against criminal/civil conspiracy obstruction of justice/enforcement of

unconstitutional law in the courts by federal & state judges **and also** willful conspiracy efforts

for themselves (Judge Thompson & Magistrate Walker), Judge McFerrin, lawyers, other state

officials of Alabama & other federal officials (in Montgomery Al. & Washington DC), to evade

being brought to criminal/civil justice.

**31-A-1. Ex.JT-O-1** bound in Exhibit Pack 4 to DC-NR-4 is a copy of Judge Thompson's

Order on March 2,2005, **which** shows assigned Magistrate Walker to handle all pretrial

proceedings; **and** the averments on the federal motion to compel for contempt (2/25/05) in the

above (par.3-C - 3-C-5 on pages 8-11), shows Judge Thompson knew Watson was demanding a

federal bench arrest warrant against Magistrate Walker, **(a)** for conspiring to use fraud to deceive

& defraud Watson of rights to a jury trial in the 1st notice of removal case (CV-02-F-1214-N),

**which** is well documented in the above (**1**-par.23 - 25-A-1 on pages 65-73 and **2**-par.28 - 28-B-2

on pages 81-83), **(b)** for conspiring with Judge Fuller to defraud Watson of rights to even a

hearing in the 1st notice (CV-02-F-1214-N), **which** is documented in the amendment to the

amended complaint (7/14/04) on February 25,2005 (par.21-A-3 on pages 39-42), **from** exhibits

bound in Exhibit Pack 4 & Exhibit Pack 4-A on file in the 2nd notice of removal case

(CV-04-A-677-N), and **(c)** for conspiring with Judge Albritton to defraud Watson of rights to

even a hearing in the 2nd notice of removal case (CV-04-A-677-N), **which** is documented in

above (**1**-par.2-B - 2-B-1 on pages 5-6, **2**-par.30 - 30-F-1 on pages 85-91).

**31-A-2. Ex.MW-O-1** bound in Exhibit Pack 4 to DC-NR-4 is a copy of Magistrate

Walker's Order on March 2,2005, **which** shows gave Watson until March 11,2005, to file any

order or docket entry in Lowndes County Circuit Court (CV-91-78), that demonstrated that the amendments filed by Watson on July 13,2004 and on February 25,2005 were allowed by that court (Judge McFerrin); **NOTE** Magistrate Walker knew from the 2nd notice of removal case (CV-04-A-677-N, **above** par.30 - 30F-1 on pages 85-91), that since March 21,2003, Judge McFerrin had also been conspiring to obstruct justice/enforce unconstitutional law in the state CV-91-78 case, on Magistrate Walker being brought to justice in federal court for Magistrate Walker's fraud/conspiracy in the 1st notice of removal case (CV-02-F-1214-N), **and** Magistrate Walker also knew the following,

**(a)** that on the criminal/civil injunction relief demands on July 13,2004, **(a-1)** that U.S. Title 28 (§ 1343) gave federal court jurisdiction over state officials criminal/civil liability to government & its citizens, for conspiring to use their state positions & state taxpayers money to obstruct justice/enforce unconstitutional law on citizens rights to bring lawyers & state/federal officials to criminal/civil justice for conspiring in the courts to enforce unconstitutional law, **(a-2)** that U.S. Title 28 (§ 1346) gave federal court jurisdiction over federal officials criminal/civil liability to government & its citizens, for conspiring to use their federal positions & federal taxpayers money to obstruct justice/enforce unconstitutional law on citizens rights to bring lawyers & state/federal officials to criminal/civil justice for conspiring in the courts to enforce unconstitutional law, and **(a-3)** that the federal motion to compel (2/25/05) in the above (par.3-A 3-A-1 on pages 7-8), had taken any discretion (authority) Judge McFerrin had over whether to allow the criminal/civil injunction relief demands (7/13/04), **note** that included those against Judge McFerrin & Magistrate Walker, for their conspiracy engagement in using their public positions & taxpayers to obstruct justice/enforce unconstitutional law on the amended complaint

93

on October 31,2004, **that** has been well documented throughout the above , **and also** against

Judge Thompson for obstructing justice/enforcing unconstitutional law, on Citizens of

Alabama's equal rights under the law in the federal Ten Commandments case

(CV-01-T-1268-N, **above** par.22 - 22-A on pages 63-65),

**(b)** on the criminal/civil injunction relief demands on February 25,2005, that under U.S. Title 28

(§ 1343 & § 1346) and also because of the above (a - a-3 in par.31-A-2), Judge McFerrin did not

have the authority to decide, **(b-1)** whether Magistrate Walker & Judge Albritton should be held

criminal/civilly liable to government & its citizens, for conspiring to obstruct justice/enforce

unconstitutional law in the 2nd notice of removal case (CV-04-A-677-N,  **above** par.30 - 30-F-1

on pages 85-91), and **(b-2)** whether Alabama Attorney General King, former U.S. Attorney

General Ashcroft & U.S. Senator Shelby should be held criminally/civilly liable to government

& its citizens, for conspiring  to obstruct justice/enforce unconstitutional law on the criminal &

civil injunction relief demands on July 13,2004 **(above** par.2-C-1 on page 7),

**(c)** on the civil jury demands on February 25,2005 against the lawyers & state/federal officials in

the above (par.1 - 1-C on pages 2-3), that because of the above (a -  b-2 in par.31-A-2), Judge

McFerrin did not have discretion authority to decide whether he would allow those federal jury

demands against himself, Magistrate Walker, Beasley Firm partners, Gidiere Firm partners,

Alabama Attorney General King, U.S. Attorney Canary, U.S. District Judge Albritton, former

U.S. Attorney General Ashcroft & U.S. Senator Shelby, **and also** that because of her & Judge

Albritton conspiracy in the 2nd federal of notice of removal case (CV-04-A-677-N, **above** par.30

- 30-F-1 on pages 85-91), Watson filed those federal civil jury demands (2/25/05), **in order to**

give Citizens of Alabama & United States another judicial/legal avenue (means) to force

government officials to uphold their duty on the criminal/civil injunction relief demands, to hold

all the racketeering conspiring lawyers & state/federal officials criminally/civilly liable to

government & its citizens.

**31-A-3. Ex.DC-O-2** bound in Exhibit Pack 4 to DC-NR-4, shows that on March 3,2005,

Judge Thompson denied the federal motion to compel for recusal (2/25/05) in the above (par.3-E

on page 11), **and** that on March 3,2005 along with the above (31-A-1 - 31-A-2) on March 2,

2005, shows that in two days (3/2/05 & 3/3/05) Judge Thompson & Magistrate Walker had

shown they had conspiracy intent in the 3rd notice of removal case (CV-05-T-179-N), to use

their federal positions & federal taxpayers money to obstruct justice/enforce unconstitutional law

on their own criminal/civil prosecution, **which** federal officials were due to be held in default on

rights to oppose on the federal motion to compel on February 25,2005 **(above** par.3-A - 3-A-1 on

pages 7-8), **and** which the above (par.3-C - 3-C-5 on pages 8-11) also shows, included them

having conspiracy intent to obstruct justice/enforce unconstitutional law on the demand for a

federal bench arrest warrant against Magistrate Walker on February 25,2005, for conspiring to

obstruct justice/enforce unconstitutional law in the 1st notice of removal case (CV-02-F-1214-N)

**and also** the 2nd notice of removal case (CV-04-A-677-N).

**31-B.** The above (par.31-A) **Ex.CSX-15 (par.2-B - 2-D on pages 7-8)** shows that said

state (CV-91-78) motion to compel on March 11,2005, has reference to **Ex.CSX-5** thru

**Ex.CSX-14** in the above (par.30-F - 30-F-1 on pages 89-91) that are in Exhibit Pack 2 on file in

the 2nd notice of removal case CV-04-A-677-N); **and** just the averments in **Ex.CSX-15** (1-par.4

on page 20 and **2**-par.5 on pages 25-26) on the **Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.24** in

the above (par.11-A on page 20) and **Ex.FC-19, Ex.FC-23 & Ex.C** in the above (par.23 - 23-A

95

on pages 65-66) show that in the state (CV-91-78) combination motion to compel on March 11, 2005 **Ex.CSX-15)**, Watson showed Magistrate Walker & Judge Fuller's fraud/conspiracy in the 1st notice of removal case (CV-02-F-1214-N), in using Defendant Judge McFerrin's fraud & conspiracy claims in his Amended Order (CV-91-78) on April 18,2002 (held finial hearing on 3/26/96 on attorney lien the Beasley Firm had on file in CV-91-78 case before Watson's pro se settlement with CSX on 2/16/96), to remand the amended complaint (10/31/02) back to Defendant Judge McFerrin in the CV-91-78 case.

    **31-B-1.  Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18 & Ex.24,** verses **Ex.C** in the above (31-B), are six exhibit court records **(which** five are signed by Judge McFerrin), which are indisputable & compelling evidence, that Defendant Judge McFerrin knew he conspired & fraudulently created a phantom lien the Beasley Firm was to have on file in the CV-91-78 case before Watson's pro se settlement on February 16,1996, in order to give himself grounds in his Amended Order on April 18,2002, to strike/disallow Watson's amended complaint on April 18, 2002 **and** those six exhibit court records **along** with **Ex.FC-19 & Ex.FC-23** in the above (31-B **which** are signed by Magistrate Walker & Judge Fuller), are indisputable & compelling evidence that in the 1st notice of removal case (CV-02-F-1214-N), Magistrate Walker & Judge Fuller conspired & fraudulently used Defendant Judge McFerrin's fraud/conspiracy claims in the CV-91-78 case on April 18,2002 (**that** created a phantom attorney lien the Beasley Firm was to have on file in the CV-91-78 case before said settlement on 2/16/96), to remand the amended complaint (10/31/02) back to Defendant Judge McFerrin in the CV-91-78 case.

    **31-B-2.** The above (par.31-B-1) eight exhibit court records (in which **five** are signed by Judge McFerrin, **one** is signed by Magistrate Walker, and **one** is signed by Judge Fuller), **along**

with the averments on Judge McFerrin's signed Order in the CV-91-78 case on February 26,2003 in the above (**Ex.BF-B** in par.10 on page 18) is indisputable & compelling evidence that Defendant Judge McFerrin knew he conspired & fraudulently used (2/26/03) his fraud & conspiracy claims on April 18,2002 (**that** created a phantom attorney lien the Beasley Firm had on file in the CV-91-78 case before said settlement on 2/16/96), to strike/disallow Watson's amended complaint on October 31,2002; **and** the above (par.31-B) **Ex.CSX-15 (par.5 on pages 25-26**) shows that on March 11,2005, Watson showed proof of Defendant Judge McFerrin fraud & conspiracy in his Order in the CV-91-78 case on February 26,2003, from **Ex.CSX-4** bound in Exhibit Pack A on file in the CV-91-78 case & 2nd notice of removal case (CV-04-A-677-N).

**31-C.** The averments in the above (par.31-B - 31-B-3) on **Ex.DC-OJ-O, Ex.CSX-15, Ex.C-6, Ex.C-19 thru Ex.C-21, Ex.18, Ex.24, Ex.C, Ex.FC-19, Ex.FC-23, Ex.BF-B/Ex.CSX-4** show that Magistrate Walker & Judge Thompson knew that Magistrate Walker's Order on March 2,2003 (**Ex.MW-O-1** in the above par.31-B-2 on pages 92-95), also was not enforceable because of the indisputable & compelling evidence in the above (par.31-B - 31-B-2) that Watson showed on March 11,2005 (fraud/conspiracy in creating/using a phantom attorney lien the Beasley Firm was to have on file in the CV-91-78 case before said settlement on 2/16/96), **(1)** by Defendant Judge McFerrin in the CV-91-78 case on April 18,2002, to strike/disallow Watson's amended complaint on April 2, 2002, **(2)** by Magistrate Walker (**1/29/03**) and Judge Fuller (**2/12/03**) in the 2nd notice of removal case (CV-02-F-1214-N), to remand the amended complaint (10/31/02) back to Defendant Judge McFerrin in the CV-91-78 case,, and **(3)** by Defendant Judge McFerrin again in the CV-91-78 case on February 26,2003, to strike/disallow Watson's amended complaint on October 31,2001.

**31-C-1.** The above (par.31-B) **Ex.DC-OJ-O (par.2-A** on pages 11-13) shows that the

**Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18, Ex.24, Ex.C, Ex.FC-19, Ex.FC-23 & Ex.CSX-4** in the

above (par.31-C), are some of the exhibit court records Watson referred to in said objection in

the 3rd notice of removal case (CV-05-T-179-N) on March 11,2005; and **Ex.DC-OJ-O** (par.C-5

on page 5) shows that Watson also referred to the demands (2/25/05) for federal bench arrest

warrants against the state & federal judges in the above (par.3-C-5 on pages 10-11).

**31-C-2.** Just the exhibit court records in the above (par.31-B-1 - 31-C-1), demanded the

ordering of federal bench arrest warrants demanded on February 26,2005 **(above** par.3-C - 3-C-5

on pages 8-11) against **(1)** Judge McFerrin, **(2)** Magistrate Walker and **(3)** Judge Fuller; **and** the

above (par.3-A - 3-C-1) exhibit court records show that Watson showed persuasive evidence on

March 11,2005, that Judge Thompson & Magistrate Walker had conspiracy intent to obstruct

justice/enforce unconstitutional law on all the demands for federal bench arrest warrants on

February 25,2005 **(above** par.3-C - 3-C-5 on pages 8-11).

**31-D.** Because of Judge Thompson & Magistrate Walkers conspiracy intent in the above

(par.31-A - (par.31-C-2), the **Ex.DC-OJ-O (par.4** on pages 4-5) shows that Magistrate Walker

& Judge Thompson knew that Watson demanded a federal bench arrest warrant against Judge

Thompson in said objection (CV-05-T-179-N) on March 11,2005; **and** that in said objection

**(Ex.DC-OJ-O),** the exhibit court records in the above (par.31-C - 31-C-2), along with

**Ex.JT-O-3** in the above (par.31 on page 91), show that in denying said objection on March 15,

2005, Judge Thompson knew he was also obstructing justice/enforcing unconstitutional law on a

federal bench arrest warrant being issued on himself, for conspiring with Magistrate Walker to

obstruct justice/enforce unconstitutional law on federal bench warrants being issued on **(1)** Judge

98

McFerrin, **(2)** Magistrate Walker and **(3)** Judge Fuller.

**31-E.** The **Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18, Ex.24, Ex.C, Ex.FC-19, Ex.FC-23 & Ex.BF-A/Ex.CSX-4** in the above (par.31-B - 31-C-1), **along** with **Ex.CSX-5** thru **Ex.CSX-8 & Ex.CSX-12** in the above (par.30-F - 30-F-1 on pages 90-91 **&** par.31-B on pages 95-96), **verses** the **Ex.CSX-15** in the above (par.31-A **&** par.31-B), show that Magistrate Walker & Judge Thompson knew: **(Ex.CSX-15)** by refusing to take-up Watson's combination to compel in the CV-91-78 case on March 11,2005, Judge McFerrin knew he was conspiring to obstruct justice/enforce unconstitutional law on the amended complaint on July 13,2004 & amendment to the amended complaint (7/13/04) on February 25,2005, to keep himself, Magistrate Walker & Judge Fuller from being brought to justice in the 3rd notice of removal case (CV-05-T-179-N), for their fraud/conspiracy (creating/using a phantom attorney lien the Beasley Firm was to have on file in the CV-91-78 case before said settlement on 2/16/96), to obstruct justice/enforce unconstitutional law on the amended complaint on October 31,2002, **and also** that Judge McFerrin's ongoing conspiracy (on/after 3/11/05) was obstructing justice/enforcing unconstitutional law on Judge McFerrin from also being bought to justice in the 3rd notice of removal case (CV-05-T-179-N) for; **(Ex.CSX-12)** for conspiring to obstruct justice/enforce unconstitutional law on Watson's objection/motion to compel in CV-91-78 case on November 24,2003, **note** by refusing to even take-up that objection/motion to compel (11/23/03); and **(Ex.CSX-5 - Ex.CSX-8)** for conspiring to obstruct justice/enforce unconstitutional law on the four motions Watson filed in the CV-91-78 case on March 21,2003, **note** by refusing to also take-up those four motions (3/21/03).

**31-E-1.** The averments on Rule 15 of the Alabama Rules of Civil Procedure **and** exhibit

99

court records in the above (par.26 - 26-E on pages 76-79), **along** with the averments on

**Ex.CSX-8** in the above (par.27 on pages 79-80), show that because Judge McFerrin had been

obstructing justice/enforcing unconstitutional law on Watson motion for leave to amended in the

CV-91-78 case on March 21,2003 (**note** which demanded rights to sue Judge McFerrin for

conspiring to use fraud to obstruct justice/enforce unconstitutional law on Watson's amended

complaint on 10/31/02), Watson also did not need leave from Judge McFerrin to file the federal

claims in the amended complaint on July 13,2004 & amendment to the amended complaint

(7/13/04) on February 25,2005.

**31-F.** The averment on **Ex.JT-O-4** in the above (par.31 on page 91) shows that in his

remand order in the 3rd notice of removal case (CV-05-T-179-N) on March 15,2005, Judge

Thompson gave Judge McFerrin rights to decide if he will allow himself to be sued for the above

(pae.31-E - 31-E-1), **and** the above (par.3 - 3-E on pages 7-11) shows that in his remand order in

the 3rd notice of removal case (CV-05-T-179-N) on March 15,2005, Judge Thompson knew he

was also giving Judge McFerrin rights in the CV-91-78 case, to conspire to obstruct justice &

enforce unconstitutional law on the federal pretrial criminal/civil injunction relief demands in

the federal motions to compel on February 25,2005, **which** includes demands for a federal bench

arrest warrant against Judge McFerrin.

**32.** Judge McFerrin's refusal to recuse himself on Watson's motion to compel on May

11,2005 (**above** par.4-C on page 13) shows that Judge McFerrin intends to continue obstructing

justice/enforcing unconstitutional law on his own civil/criminal prosecution; **NOTE** the

averments on **Ex.CSX-12** in the above (par.25-A-3 on page 74) shows that Judge McFerrin is

aware that by refusing to recuse himself, he is in violation of <u>Cotton v. Brown,</u> 638 So.2d 870

100

(Ala. 1974) **and also** Cannon 3, Subd. C (1) of the Cannons of Judicial Ethics; **and the**

**Ex.CSX-12, Ex.CSX-15 & Ex.CSX-16** in the above (14 - 14-C on pages 29-31) show that Judge

McFerrin has also refused to take-up Watson's three motions compel in the CV-91-78 case on

November 24,2004 **(Ex.CSX-12)**, on March 11,2005 **(Ex.CSX-15)**, and on June 3,2005

**(Ex.CSX-16)**, in order to evade having to address why he will transfer Watson's money to U.S.

District Court for a jury trial on Watson & Beasley Firm's counterclaims thereon.

 **32-A.** The averments on Watson's civil jury demands (2/25/05) in the above (par.1 - 1-C

on pages 2-3), **along** with the above (par.30 - 30-A-1 on pages 85-87) on the Beasley Firm being

the PLAINTIFF **&** Watson being the DEFENDANT on the attorney lien dispute issue, show that

Judge McFerrin is well aware he is been sued for conspiring in, **(1)** an illegal search on

Defendant Watson in the CV-91-78 case (allowing Plaintiff Beasley Firm to continued claim

judicial/legal rights to Watson's money with liens/demands that are known to be barred by res

judicia), and **(2)** an illegal seizure of Defendant Watson's property in the CV-91-78 case

(continuing to keep Defendant Watson's money held on Plaintiff Beasley Firm liens/demands

that are known to be barred by res judicata); **and** the exhibits & averments thereon in the above

(**1**-par.9 - 13-B on pages 17-29 and **2**-par.26 - 28-B on pages 76--84), has shown that in addition

to knowing he is conspiring to use his state judicial authority to keep Watson's money

unlawfully held in the CV-91-78 case on the Beasley Firm's barred res judicata liens/demands,

Judge McFerrin is also well aware that to deceive/defraud Watson of rights to a jury trial on said

conspiracy (CV-91-78), Judge McFerrin has lied, **(1)** in an affidavit in Montgomery County

Circuit Court on September 8,1998 **(Ex.18)**, **(2)** in an affidavit in U.S. District Court on January

20,1999 **(Ex.24)**, **(3)** in an amended order in the CV-91-78 case on April 18,2002 (**Ex.C, note**

which **Ex.C-6, Ex.C-19 - Ex.C-21, Ex.18 & Ex.24** verses **Ex.C** in the above in par.31-B -

31-B-1 on pages 95-96 has shown **created** the phantom attorney lien the Beasley Firm was to

have on file in the CV-91-78 case before Watson's pro se settlement with CSX on 2/26/96) and

**(4)** in an order in the CV-91-78 case on February 26,2003 **(Ex.BF-B, note** which the above

par.31-B - 31-B--2 on pages 95-97 has shown used said phantom lien Judge McFerrin had

created on 2/18/02 in **Ex.C**).

**32-A-1.** The above (par.32-A) **along** with the above (par.32) on **Ex.CSX-15 &**

**Ex.CSX-16 and** the named parties in the above (par.1 on page 2) show  that by refusing to even

take-up Watson's motions to compel in the CV-91-78 case on March 11,2005 **(Ex.CSX-15)** and

on June 3,2005 **(Ex.CSX-16)**, Judge McFerrin is also aware he is conspiring to keep the ongoing

illegally search/seizure on Defendant Watson & his property in the CV-91-78 case **(ongoing**

**since March 1996)**, CONCEALED/CLOSED  & CONTAINED/SEIZED in the CV-91-78 case,

in order to keep himself and the other parties in the above (par.1 on page 2), from being brought

to justice by a jury of citizens in U.S. District Court.

**32-B.** The above (par.32-A - 32-A-1), **along** with the civil jury demands (2/25/05) in

regards to the cow case (CV-92-03) in the above (1-C - 1-C-1  on pages 3-4), **and** the averments

on **Ex.2-A, Ex.6-A, Ex.50** thru **Ex.52** in the above (par.17-C - 17-D on pages 38-41) and on

**Ex.AL-45, Ex.AL-46, Ex.1-A, Ex.2-A, Ex.5-A, Ex.6-A, Ex.7-A, Ex.9-A, Ex.A-1 & Ex.A-3** in

the above (par.21 - 21-K-1 on pages 54-63), show that the illegal search/seizure on Defendant

Watson & his property in the CV-91-78 case, is related/connected to, **(1)** Judge McFerrin &

Portis of the Beasley Firm's pretrial conspiracy on Defendant Watson in the cow case

(CV-92-03) in August of 1993, **(2)** Judge Bozeman, Portis of the Beasley Firm, Plaintiff Thomas

102

& plaintiff attorney Butler's trial conspiracy on Defendant Watson & civil jury of citizens in the

cow (CV-92-03), and **(3)** the conspiracy in the Alabama Court of Civil Appeals (AV93000143)

on April 15,1994, that covered the trial conspiracy on Defendant Watson & civil jury of citizens

in the cow case (CV-92-03).

      **33. Ex.BF-M/D, Ex.BF-A & Ex.BF-B** bound in Exhibit Pack 4 to DC-NR-4 are copies

of the Beasley Firm's motion to dismiss, Ex.A & Ex.B, that Hinton of the Gidiere Firm filed in

the CV-91-78 case on August 9,2004, to the amended complaint on July 13,2004; and

**Ex.BF-M/D-2 & Ex.BF-1** bound in Exhibit Pack 4 to DC-NR-4, are copies of the Beasley

Firm's motion to dismiss & Ex.1, that Hinton of the Gidiere Firm filed in the CV-91-78 case on

March 11,2005, to the amendment to amended complaint (7/13/04) on February 25,2005:

**Ex.BF-M/D-2 (par.2 - 4 on pages 1-2)** along with Hinton's averments in **Ex.BF-1** (which is a

copy of the Beasley Firm's motion dismiss on 8/9/04, **Ex.BF-M/D)** show that Hinton claimed

(3/11/05) that both of Watson's complaint (7/13/04 & 2/2/04) are due to be dismissed by Judge

McFerrin, on the same grounds Judge McFerrin had dismissed Watson's other complaints

(4/2/02 & 10/31/02) on April 18,2002 **(Ex.BF-A** in the above par.9 on page 17) **&** on February

26,2003 **(Ex.BF-B** in the above par.10 on page 18); **and** the averments on **Ex.C-6, Ex.C-19** thru

**Ex.C-21, Ex.18, Ex.24, Ex.C/Ex.BF-A, Ex.FC-19, Ex.FC-23 & Ex.BF-A/Ex.CSX-4** in the

above (par.31-B - 31-B-3 on pages 95-97) show that Hinton is currently trying to use the Beasley

Firm phantom attorney lien to get Watson's complaints (7/13/04 & 2/25/05) dismissed by Judge

McFerrin.

      **33-A.** Before filing the Beasley Firm's motion to dismiss (CV-91-78) on March 11,2005

**(Ex.BF-M/D-2** in the above (par.33), Hinton was well aware that under the criminal/civil

injunction relief demands on July 13,2004,, **(a)** that under the federal motion to compel (2/25/05) in the above (par.3-A on pages 7-8), state/federal officials are due to be held in default on having rights to oppose the criminal/civil injunction relief demands (7/13/04), **because** state officials **(**Attorney General King **or** a state attorney on King's behalf) and federal officials (U.S. Attorney General Ashcroft & U.S. Senator Shelby, U.S. Attorney Canary **or** a federal attorney on their behalf), had refused to file answers/responses to the criminal/civil injunction relief demands (7/13/04), and **(b)** that under the federal motion for compel (2/25/05) in the above (par.3-C - 3-C-5 on pages 8-11), there is also a pending demand for a federal bench arrest against Hinton to be arrested **and** held criminally/civilly liable to government & its citizens under the injunction relief demands (7/13/04), for Hinton conspiracy engagement in using fraud to obstruct justice/enforce unconstitutional law on the claims against the Beasley Firm in the amended complaint on October 31,2002, **which also** sued Hinton & his law partners on October 31,2002, for the Gidiere Firm's prior conspiracy/unlawful representation of the Beasley Firm.

**33-B.** In addition to the Gidiere Firm partners criminal/civil liability to government & its citizens under the injunction relief demands (7/13/04), Hinton is aware that the Gidiere Firm's partners civil liability to Watson under the civil jury demands (2/25/05) in the above (par.1 - 1-C on pages 2-3), **also includes** the demand Hinton made on Watson's money on October 13,2003 **(see Ex.CSX-9 - Ex.CSX-11** in the above par.12 on pages 26-27), **which** the averments on exhibits in the above (par.9 - 12-C-1 on pages 17-28) has shown fraudulently claimed (10/13/03) Judge McFerrin had rights to award the Beasley Firm $232,855.27 of Watson's money **(on grounds** that Judge McFerrin held a final hearing on 3-/26/96 on a 50% attorney lien the Beasley Firm had on file in the CV-91-78 case before Watson's pro se settlement with CSX on 2/16/96),

104

**in order** to cover-up Judge McFerrin, Beasley Firm & Gidiere Firm's long running conspiracy in

keeping Watson's money unlawfully held in the CV-91-78 case on the Beasley Firm's three (3)

barred by res judicata liens/demands **(1**-40% Allen filed on 3/26/96, **2**-50% Allen filed on

3/14/97 and **3**-Gidiere filed on 8/30/99 **that** fraudulently claimed on 8/30/99 the Beasley Firm

was not due to be held in default on Watson's motion of complaints/demand for jury trial **and**

**also** that Watson is barred by res judicata/collateral estopped to oppose Judge McFerrin

awarding the Beasley Firm all of Watson's money).

    **33-B-1.** The law in the above (par.15 - 15-F on pages 31-33), **along** with averments on

**Ex.CSX-9 thru Ex.CSX-11** in the above (par.12 on pages 26-27), **and** on **Ex.C-6, Ex.C-19** thru

**Ex.C-21, Ex.18, Ex.24, Ex.C/Ex.BF-A, Ex.FC-19, Ex.FC-23 & Ex.BF-B/Ex.CSX-4** in the

above (par.31-B - 31-B-2 on pages 95-97) show that Hinton's fraud/conspiracy efforts his in

letter & two proposed orders to Judge McFerrin in the CV-91-78 case on October 13,2003,

**included** using the Beasley Firm's phantom attorney lien **(1)** the Judge McFerrin conspired &

fraudulently created in his Amended Order in the CV-91-78 case on April 19,2002, to give

himself grounds to strike/disallow Watson's amended complaint on April 2,2002, **(2)** that

Magistrate Walker (1/29/03) & Judge Fuller (2/12/03) conspired & fraudulently used in the 1st

notice of removal case (CV-02-F-1214-N) to remand Watson's amended complaint (10/31/02)

back to Defendant Judge McFerrin in the CV-91-78 case, and **(3)** that Defendant Judge McFerrin

conspired & fraudulently used in the CV-91-78 case on February 26,2003, to strike/disallow

Watson's amended complaint on October 31,2002.

    **34. Ex.BF-M/D-2 (par.5 on page 2)** bound in Exhibit Pack 4 to DC-NR-4 shows that

Hinton also claimed in the Beasley Firm's motion to dismiss in the CV-91-78 case on March 11,

2005, that Watson's claims (7/13/04 & 2/25/05) are barred by res judicata & collateral estopped, **note** the above (par.17-B on pages 37-38) on <u>Dairyland Inc. Co. v. Jackson,</u> 566 So.2d 764 (Ala.1991), **along** with the above (par.1 - 1-C on pages 2-3) on the civil jury demands (2/25/05), show Hinton is claiming there is a judgment on Watson's claims involving, **(1)** Watson's & Beasley Firm's attorney lien dispute in the CV-91-78 case, and **(2)** whether the Beasley Firm should be held liable to Watson for the damage Defendant Watson incurred in the cow case (CV-92-03) as a result of the Beasley Firm unlawfully representing Defendant Watson's behalf therein; **NOTE** Hinton knew (3/11/05) he was trying to fraudulently use res judicata & collateral estopped to evade, **(a)** being held criminally/civilly to government & its citizens under the injunction relief demands (7/13/04), and **(b)** being held civilly liable to Watson under the civil jury demands (2/25/05), for Hinton's conspiracy/fraud efforts in the CV-91-78 case on October 13,2003 (above par.31-B - 31-B-1), **which** was after **(1)** Magistrate Walker (1/29/03) & Judge Fuller (2/12/03) conspiracy/fraud in the 1st notice of removal case (CV-02-F-1214-N) and **(2)** Defendant Judge McFerrin's (2/26/03) conspiracy/fraud in the CV-91-78 case.

    **34-A. Ex.4** bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack A & Exhibit Pack 3 on file in the CV-91-78 case & 2nd notice of removal case (CV-04-A-677-N), is a copy of J. Greg Allen's affidavit in the 1st federal civil case (CV-94-D-1112-N) on January 13,1995, which shows: **(a)** was also signed by Hinton of the Gidiere Firm; **(b)** denied that any member of the Beasley Firm had committed legal malpractice in the cow case (CV-92-03) and also had conspired with Judge Bozeman and/or Sheriff Hulett to violate Watson's rights in the cow case (CV-92-03), **(c)** withheld that the Beasley Firm had also represented Watson in the CSX case (CV-91-78) **and also (see Ex.16** in the par.17-A-1 on page 37), that after withdrawing Watson's

106

attorneys on August 30,1995, the Beasley Firm had served Watson notice through a letter to Julia

Asam on September 27,1994, that the Beasley was demanding to be paid their contractual

attorneys from money Watson received from CSX.

**34-A-1**. The averments on **Ex.2-A, Ex.6-A & Ex.50** thru **Ex.52** in the above (par.17-C -

17-D on pages 38-41) show that Allen of the Beasley Firm knew he gave perjury testimony in the

1st federal civil case (CV-94-D-1112-N), to also cover-up Allen & Portis's conspiracy in trying

to con Watson, to allow the Beasley Firm to pay Thomas for a felony crime in the cow case

(CV-92-03) that Watson didn't commit **and** deduct that money from Watson's share of the

upcoming money in the CSX case (CV-91-78).

**34-A-2.** The averments on **Ex.18 & 18-A** in the above (par.17-E-1 on page 42) show that

Hinton of the Gidiere Firm knew that in settlement discussion Judge DeMent had ordered in the

1st federal civil case (CV-94-D-1112-N), that Hinton (in a letter to Julia Asam on 2/2/95) had

demanded Watson pay the Beasley Firm attorney fees on the CSX case (CV-91-78).

**34-B. Ex.11** bound in Exhibit Pack 2 to DC-NR-4 **and also** Exhibit Pack A & Exhibit

Pack 3 on file in the CV-91-78 case & the 2nd notice of removal case (CV-04-A-677-N), is a

copy of Allen affidavit in the Watson v. Beasley Firm case (CV-95-1944-G) in Montgomery

County Circuit Court on May 15,1996, which shows: **(a)** was also signed by Steven K. Herndon

of the Gidiere Firm; **(b)** denied that any member of the Beasley Firm had committed legal

malpractice in the cow case (CV-92-03) & CSX case (CV-91-78) **and also** had conspired with

Judge Bozeman or Sheriff Hulett to violate Watson's rights in the cow case (CV-92-03); and **(c)**

**see Ex.C-9 & Ex.C-24** in the above par.11-B on 21 and **Ex.C-23** in above par.11-B-2 on page 22

& par.12-C - 12-C-1 on pages 27-28) withheld the following, **(Ex.C-9)** that Judge McFerrin &

107

Hinton of the Gidiere Firm knew Watson had served notice in the CV-91-78 case on September

1,1995, that the Montgomery case would have jurisdiction over any demand the Beasley Firm

was to make for attorney fees in the CSX case (CV-91-78), **(Ex.C-23)** that in a letter on February

13,1996 (regarding an out-of-court settlement in the CV-95-1944-G), Gidiere of the Gidiere Firm

had demanded Watson pay the Beasley Firm $100,000 in attorney fees in the CSX case

(CV-91-78), **or** the Beasley Firm would have rights to pursue $160,000 in attorney fees on the

CSX case, **(Ex.C-24)** that Gidiere of the Gidiere Firm knew Judge McFerrin had refused on

Watson's demand in the CV-91-78 case on April 23,1996, for Watson's money & the Beasley

Firm's demand thereon (3/26/96) to be transferred to the CV-95-1944-G case for a jury trial.

 **34-B-1. Ex.C-23** bound in Exhibit Pack 5 to DC-NR-4 shows that Gidiere also informed

Watson of the following in his letter on February 13,1996, **(a)** that he **&** the Beasley Firm was

denying Watson's requests to get a statement from Cole Portis that he was negligent in handling

Thomas case so Watson could relitigate that case (CV-92-03 cow case), **in addition to** stating it

seems highly unlikely that the Thomas could ever be reopened or relitigated, and **(b)** that if

Watson did not accept the Beasley Firm's settlement offer for $100,000 in attorney fees on the

CSX case, Watson would still owe Portis & the Beasley Firm approximately $7,000 for the trial

in the Thomas case.

 **34-C.** The averments of exhibits & law in the above (par.17 - 17-H-13 on pages 36-46)

shown the fraud/conspiracy Hinton of the Gidiere Firm engaged in the Watson .v. Beasley Firm

case (CV-00-1545-GR) in Montgomery County Circuit Court, which includes **(a)** the conspiracy

scam Alabama Attorney General Pryor had Assistant Attorney General Garrett to engage in with

Hinton in July 2000, to make it unconstitutional under the equal protection clause in the 14th

Amendment of the United States Constitution, for punitive damages to be imposed on the

Beasley Firm **(see Ex.AL-49 - Ex.AL-51,  Ex.F** & LAW in the above par.17-G on pages 43-44);

**(b)** Hinton's fraud in making out-of-court demands in a letter on October 16,2000, that

demanded Watson pay the Beasley Firm attorney fees **(see Ex.35** & LAW in the above par.17-F -

17-F-1 on page 43); and **(c)** Judge Greenhaw conspiring on July 30,2001, to use the Judge

DeMent's judgment in summary judgment in the 1st federal civil case (CV-94-D-1112-N) on

June 6,1995 & doctrine of res judicata/collateral estopped, to deceive/defraud Watson of rights

to a jury trial against the Beasley Firm, **(c-1)** for legal malpractice in the CSX case (CV-91-78) &

cow case (CV-92-03), and **(c-2)** for demanding to be paid attorney fees from the proceeds of the

settlement with CSX **(see Ex.G, Ex.547, Ex.16** & LAW in the above par.17 - 17-A-2 on pages

36-37 **verses** the LAW, **Ex.2-A, Ex.6-A, Ex.50 - Ex.52 & Ex.D** in the above par.17-B - 17-E-3

on pages 37-43).

    **35.** The state (CV-91-78) motion to compel for default (5/11/05) in the above (par.4-B on

page 12), **along** with the averments on **Ex.GF-L, Ex.GF-O-1 & Ex.GF-O-2** in the above (par.13

on page 28), show that after Watson filed the motion for default in the CV-91-78 case on May

11,2005, **(NOTE)** that is demanding **(1)** state/federal officials also be held default on having

rights to oppose the criminal/civil injunction demands (2/25/05) and **(2)** the named lawyers &

state/federal officials in above (par.1 on page 2) having rights to oppose a jury trial on the civil

jury demands (2/25/05) in the above (par.1 - 1-C on pages 2-3), Hinton claimed in his letter &

two proposed orders to Judge McFerrin on May 13,2005, **(that** on grounds Judge McFerrin held

a final hearing on 2/26/96 on a 40% lien the Beasley Firm had on file in the CV-91-78 case

before Watson's pro se settlement with CSX on 2/16/96), Judge McFerrin has rights to award the

Beasley Firm $192,861.47 of Watson's money **and also** strike/disallow the amended complaint on July 13,2004, amendment to the amended complaint (7/13/04) on February 25,2005; **and** the averments on exhibits & law in the above (par.33 - 33-B-1 on pages 103-105) **verses** the above (par.35) show Hinton is well aware that his letter & two proposed orders to Judge McFerrin in the CV-91-78 case on May 13,2005, is another conspiracy/fraud effort to use the Beasley Firm's phantom attorney, to give Judge McFerrin grounds to unlawfully award the Beasley Firm $192,861.47 of Watson's money **and also** strike/disallow the amended complaint on July 13, 2004 & amendment to the amended complaint (7/13/04) on February 25,2005.

**35-A.** The above (par.35) **Ex.GF-O-1 (page 3)** shows Hinton acknowledged in that proposed order to Judge McFerrin on May 13,2005, that Watson & the Beasley Firm's attorney lien dispute in the CV-91-78 case, **involves** Watson's displeasure with the Beasley Firm handling of Watson's other litigation; **Ex.18 & Ex.24** bound in Exhibit Pack 4 to DC-NR-4, show that Judge McFerrin acknowledged in his affidavits in the CV-98-1871-PR case in Montgomery County Circuit Court on September 8,1998 **(Ex.18)** and the CV-98-D-1023-N case in U.S. District Court on January 20,1999 **(Ex.24),** that Plaintiff Watson's failing-out with the Beasley Firm in the CSX case (CV-91-78), **was initiated** over the Beasley Firm's representation of Defendant Watson's behalf in the cow case (CV-92-03); and **Ex.CSX-12 (1-F on pages 15-16)** in the above (par.14 - 14-A on pages 29-30) show that Judge McFerrin **&** Hinton are aware that in his objection/motion to compel in the CV-91-78 case on November 23,2003, Watson showed that the Beasley Firm's demands of Watson's settlement money on merits of representation, **verses** Watson's claims against the Beasley Firm for legal malpractice in the CSX case (CV-91-78) & cow case (CV-92-03), have always been a jury issue under Bullen v. Roto

110

<u>Finishing Systems,</u> 435 So.2d. 1256, Prod Liab. Rep. (CCH) ¶ 9790 (Ala.1983):

> "In a personal injury case, where not only the facts constituting the conduct of the of the parties, but also the standard of care which they should have exercised, are to be determined, the case is entirely one of fact to be decided by the jury."

**35-A-1.** The averments on **Ex.2-A, Ex.6-A & Ex.50 thru Ex.52** in the above (par.17-C - 17-D on pages 38-41), has shown Portis & Allen connected the Beasley Firm's unlawful representation of Defendant Watson's behalf in the cow case (CV-92-03) to Plaintiff Watson's pending CSX case (CV-91-78).

**35-A-2** The averments on **Ex.G & Ex.16** in the above (par.17-A-1 on page 37) has shown Watson forced the Beasley Firm had to withdraw as Watson's attorney in the CSX case (CV-91-78) on August 30,1994, by filing the CV-94-D-1112-N case in U.S. District Court on August 25,1994.

**36.** The averments on **Ex.USDJ-CRD** in the above (par.8 - 8-A on pages 16-17) **verses** all of the above (par.1 - 35-A-2), is persuasive evidence that Washington Civil Rights Justice Official Weathers conspired on July 29,2005, to keep federal criminal & civil jury issues against lawyers, state officials of Alabama & federal officials (in Montgomery Al. & Washington DC), unlawfully CONCEALED **AND** SEIZED in the state CV-91-78 case in Lowndes County Circuit Court.

**36-A.** Because an answer/response has not been filed in the state CV-91-78 case, by U.S. Attorney General Gonzales **or** a federal attorney on his behalf to the federal criminal/civil injunction relief demands (5/11/05) in the above (par.5 - 5-D on pages 13-14), Watson is also filing with the 4th notice of removal, a federal motion to compel for default on U.S. Attorney General Gonzales having to rights to oppose those federal criminal/civil injunction relief

111

demands (5/11/05).

**37.** The 4th notice of removal being filed, is incorporating in **and** serving as petitions to

the U.S. Marshal in Montgomery Al. & U.S. Attorney General Gonzales, that is demanding

Watson be allowed to swear-out federal arrest warrants against the following for conspiring to

obstruct justice on federal criminal/civil jury issues, **(1)** attorney Jack B. Hinton, Jr., **(2)** Alabama

Second Judicial Circuit Judge H. Edward McFerrin, **(3)** U.S. Magistrate Susan Russ Walker, **(4)**

U.S. District Judge Myron H. Thompson, and **(5)** Theresa Weathers (Civil Rights Division) of

the U.S. Department of Justice in Washington DC.

**37-A. Ex.C-N-USM/USAGG** bound in Exhibit Pack 5 to DC-NR-4, is copy of the notice

to the U.S. Marshal & U.S. Attorney General Gonzales, of the above (par.37) petitions being

incorporated in the 4th notice of removal, **and** in addition to this statement, the first certificate of

service in the below (page 115) shows the U.S. Marshal & U.S. Attorney General Gonzales are

being served with copies of the following with **Ex.C-N-USM/USAGG**: **(1)** Exhibit Pack

USAGG to DC-NR-4 **with the following attached**, the three pending state (CV-91-78)

complaints being removed (7/13/04, 2/25/05 & 5/11/05) **&** three pending state (CV-91-78)

motions being removed (**see** above par.4 - 4-C on pages 11-13); **(2)** Exhibit Pack 4 to DC-4,

Exhibit Pack 5 to DC-NR-4 **&** Exhibit Pack 6 to DC-NR-4 (Part 1, Part 2, Part 3 & Part 4), and

**(3) Ex.DC-MC-C** (above par.3-C - 3-C-5 on pages 8-11), **Ex.DC-OJ-O** (above par.31-A on

pages 91-92), **Ex.CSX-16, Ex.CSX-15 & Ex.CSX-12** (above par.14 - 14-C on pages 29-31).

**38.** Because they are the media Watson has been serving in this case, the 4th notice of

removal is incorporating in **and** serving as petitions to the eight media in the third certificate of

service in the below (page 116), to uphold their responsibilities under the FIRST AMENDMENT

and FREEDOM INFORMATION ACT to use the free press to report (inform), **to the** citizens of

Alabama & United States, **to the** U.S. Congress **and to** U.S. Attorney General Gonzales, of

federal officials in Washington DC & Montgomery Al. & state officials Alabama conspiracy, in

lawfully using their government positions & taxpayers money to conspire with lawyers to

obstruct justice on the criminal/civil injunction & civil jury demands in this national class action

case, against lawyers, state officials of Alabama & federal officials (in Montgomery Al. &

Washington DC), for fraud, conspiracy & racketeering!

   **38-A**. **Ex.C-N-M** bound in Exhibit Pack 5 to DC-NR-4, is a copy of the notice to the

media, of the above (par.38) petition demands being incorporated in the 4th notice of removal

**which** has the following exhibits attached **(because** they are further justification on the media

petition demands), **Ex.MA-188** (by AP reporter Phillip Rawls on 12/13/03), **Ex.MA-499** (by the

Advertiser's reporter Ana Radelet on 5/11/04), **Ex.MA-580** (by AP reporter Kyle Wingfield on

6/13/04), **Ex.MA-884** (by the Advertiser's reporter Dan E. Way on 4/13/05), **Ex.MA-897** (by AP

reporter Theresa Agovino on 4/27/05), **Ex.MA-901** (by the Advertiser's reporter Jannell

McGrew on 4/30/05), **Ex.MA-903** (by AP reporter Jay Reeves on 5/4/05), **Ex.MA-905** (by AP

reporter Samira Jafari on 5/7/05) and **Ex.4** which is a copy of J. Greg Allen of the Beasley Firm

sworn affidavit in the CV-94-D-1112-N case in U.S. District Court on January 13,1995, **which**

the averments in the above (par.34-A - 34-A-2 on pages 106-107) has shown was perjury

testimony that the Beasley Firm's attorney Hinton of the Gidiere Firm signed-off-on!

   **38-B.**  In addition to this statement **and** the (par.38-A) **Ex.C-N-M**, the third certificate of

service in the below (page 116) shows the media are being served with copies of the following:

**(1)** Exhibit Pack USAGG to DC-NR-4 **with the following attached**, the three state (CV-91-78)

113

pending complaints being removed (7/13/04, 2/25/05 & 5/11/05) **&** three pending state

(CV-91-78) motions being removed 5/11/05), **(2)** Exhibit Pack 4 to DC-NR-4, Exhibit Pack 5 to

DC-NR-4, Exhibit Pack 6 to DC-NR-4 (Part 1, Part 2, Part 3 & Part 4), **(3)** the above (par.37-A)

**Ex.DC-MC-C, Ex.DC-OJ-O, Ex.CSX-16, Ex.CSX-15 & Ex.CSX-12**, and **(4) Ex.GR-P1**

from Exhibit Pack P to DC-NR-4 **and also** Exhibit Pack 1 on file in the 2nd notice of removal

case (CV-04-A-677-N), **Ex.GR-P2, Ex.LGB-P1 & Ex.HSH-P1** from Exhibit Pack P to

DC-NR-4 **and also** Exhibit Pack AA on file in the 2nd notice of removal case (CV-04-A-677-N),

**Ex.EC-R** from Exhibit Pack EC being filed **and** on file in the 2nd notice of removal case

(CV-04-A-677-N), and **Ex.USSS-P3** from Exhibit Pack P to DC-NR-4 **and also** Exhibit Pack

SAK on file in the 2nd notice of removal case (CV-04-A-677-N).

   **39.** The exhibits bound in Exhibit Pack 1 to DC-NR-4 **thru** Exhibit Pack 3 to DC-NR-4,

Exhibit Pack P to DC-NR-4, **and** Exhibit Pack EC, are being filed in support of the pending

demands for federal bench arrest warrants in the above (par.3-C - 3-C-5 on pages 8-11).

Teddy A. Watson<br>
Plaintiff/Defendant Pro Se<br>
on behalf of himself,<br>
Citizen of Alabama<br>
Citizens of the United States

ADDRESS OF PLAINTIFF/DEFENDANT PRO SE

Teddy A. Watson<br>
4362 Eastmont Drive<br>
Montgomery, Alabama 36109<br>
(334) 272-6252

114

## FIRST CERTIFICATE OF SERVICE

I hereby certify that copies of this statement, **Ex.C-N-USM/USAGG (see** above par.37-A on page 112), Exhibit Pack USAGG to DC-NR-4, **with** the three pending state (CV-91-78) complaints (7/13/04, 2/25/05 & 5/11/05) & three pending state (CV-91-78) motions (5/11/05) **being removed attached,** Exhibit Pack 4 to DC-NR-4, Exhibit Pack 5 to DC-NR-4, Exhibit Pack 6 to DC-NR-4 (Part 1, Part 2, Part 3 & Part 4), **Ex.DC-MC-C, Ex.DC-OJ-O, Ex.CSX-16, Ex.CSX-15 & Ex.CSX-12,** were mailed or being hand delivered to the following on October 30 ,2006.

| MAILED | HAND DELIVERED |
| BEFORE THE FILING THEREOF | AFTER THE FILING THEREOF |

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Marshal
Montgomery, Alabama

Teddy A. Watson

## SECOND CERTIFICATE OF SERVICE

I hereby certify that copies of this statement, Exhibit Pack USAGG to DC-NR-4, Exhibit Pack 4 to DC-NR-4, Exhibit Pack 5 to DC-NR-4 & Exhibit Pack 6 to DC-NR-4 (Part 1, Part 2, Part 3 & Part 4), were mailed to the following on October 30 ,2006.

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

Jack B. Hinton, Jr
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Alabama Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Teddy A. Watson

115

## THIRD CERTIFICATE OF SERVICE

I hereby certify that before the filing thereof, copies this statement, **Ex.C-N-M (see above par.38-A on page 113)**, Exhibit Pack USAGG to DC-NR-4 with the three pending state (CV-91-78) state complaints (7/13/04, 2/25/05 & 5/11/05) **&** three pending state (CV-91-78) motions (5/11/05) **being removed attached**, Exhibit Pack 4 to DC-NR-4, Exhibit Pack 5 to DC-NR-4, Exhibit Pack 6 to DC-NR-4 (Part 1,  Part 2, Part 3 & Part 4), **Ex.DC-MC-C, Ex.DC-OJ-O, Ex.CSX-16, ExCSX-15, ExCSX-12, Ex.GR-P1, Ex.GR-P2, Ex.LGB-P1, Ex.HSH-P1, Ex.EC-R & Ex.USSS-P3,** were mailed to the following media on October 30 ,2006.

Wanda S. Lloyd
Executive Editor of Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

Associated Press reporter Phillip Rawls
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

News Director of WSFA TV (NBC)
12 E Delano Avenue
Montgomery, Alabama 36105

News Director WAKA TV (CBS)
3020 Eastern Boulevard
Montgomery, Alabama 36116

Editor
Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

Editor
Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

News Director
CNN Headline News
One CNN Center
Atlanta, Georgia 30303

News Director
WBRC (FOX)
1720 Valley View Drive
Birmingham, Alabama 35209

Teddy A. Watson