**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TEDDY A. WATSON, *etc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06-cv-00978-MEF-VPM |
| JERE L. BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>STATE OF ALABAMA'S MOTION TO REMAND</u>**

The State of Alabama, by and through its Attorney General Troy King, for the limited purpose of responding to Plaintiff Watson's "Notice of Removal" (doc. # 1), without waiving any defenses that it might have, states the following:

1.      On October 30, 2006, Plaintiff Watson filed a Notice of Removal in this Court which Notice lists, among others, "Officials of the State of Alabama" as "Defendants/Plaintiffs."[1]  The docket report for the above-styled case lists the State of Alabama as a defendant.  In his Notice of Removal this *pro se* plaintiff purports to represent a class of "Plaintiffs/Defendants."

2.      Plaintiff Watson has repeatedly attempted to amend his state-court complaint to include federal claims and to remove his own case to federal court.

a.      In *Watson v. Zenter, et al.*, Civil Action No. 02-cv-01214-MEF-SRW, this Court concluded that it lacked subject matter jurisdiction because the amendment including the federal claims had not been allowed by the state court.   A copy of the Magistrate Judge's

---

[1]  On the same day, Plaintiff Watson filed a petition for writ of mandamus in the Alabama Supreme Court.

Recommendation and a copy of the Court's Order adopting that Recommendation are attached as Exhibit A.

       b.    In *Watson v. Beasley, et al.*, Civil Action No. 04-cv-00677-WHA-SRW, this Court remanded the case to the Circuit Court of Lowndes County, Alabama because only a defendant, and not a plaintiff, can remove a case. A copy of the Court's order is attached as Exhibit B.

       c.    In *Watson v. Beasley, et al.*, 05-cv-00179-MHT-SRW, the Magistrate Judge ordered that Plaintiff Watson demonstrate that the state court had allowed his amendment to add his federal claims. When Plaintiff Watson admitted that the amendment had not been allowed, this Court concluded that "the claims which would confer jurisdiction upon this court are not, therefore, properly in this case and do not provide a basis for removal. Thus, the action is due to be remanded for lack of subject matter jurisdiction." (Order at 2.) The Court also held that the case was due to be remanded because a plaintiff cannot remove his own case to federal court. The orders of the Magistrate Judge and of the Court are attached as Exhibit C.

       3.    Irrespective of how Plaintiff Watson has styled his Notice of Removal, he is the plaintiff in the underlying case in the Circuit Court of Lowndes County, Alabama and for that reason he cannot remove the case to this Court. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a).

       4.    Alternatively, the State of Alabama respectfully asks that this Court require Plaintiff Watson to affirmatively demonstrate that the state court has allowed him to amend his complaint to include federal claims, thereby providing this Court with subject matter jurisdiction. If Plaintiff Watson cannot affirmatively demonstrate that this Court has subject matter jurisdiction, this case should be remanded.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

s/ Misty S. Fairbanks
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Facsimile:  (334) 353-8440
E-mail:        mfairbanks@ago.state.al.us


Attorney for the State of Alabama

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Jack B. Hinton, Jr., Esq., and I hereby certify that I have mailed by United States Postal Service to the following non CM/ECF participants:   Teddy A. Watson, 4362 Eastmont Drive, Montgomery, AL 36109, and Leura G. Canary, Esq., United States Attorney, P.O. Box 197, Montgomery, AL 36101-0197.

Respectfully submitted,

s/ Misty S. Fairbanks
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
Attorney for the State of Alabama
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Fax:  (334) 353-8440
E-mail:  mfairbanks@ago.state.al.us

# EXHIBIT A

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA JAN 29 2003
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| TEDDY A. WATSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-F-1214-N |
| | ) | |
| LYNN A. ZENTNER, et al., | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 3, 1991, plaintiff Teddy A. Watson filed a workers compensation action

against CSX Transportation, Inc. in the Circuit Court of Lowndes County, Alabama.

(Complaint). The parties settled the case, and plaintiff's claims against CSX were dismissed

on February 16, 1996. The court retained jurisdiction for the purpose of adjudicating an

attorney lien filed by plaintiff's former counsel. The court conducted a final hearing on the

matter on March 26, 1996. (Amended Order of Circuit Court entered April 18, 2002, Exhibit

C to Doc. # 5). Plaintiff has vigorously contested the lien, filing a number of actions against

his former counsel (and other attorneys, judges, and state and federal officials who have

allegedly conspired with them) in state court and in this court. (See Order entered by Judge

Greenhaw on July 30, 2001 in the Circuit Court of Montgomery County, Exhibit G to Doc.

# 5; Watson v. Beasley, et al., 98-D-1023-N).

On April 2, 2002, plaintiff sought to amend his state court complaint to add various

constitutional and federal and state statutory claims against Judge McFerrin (the judge

presiding over this action), the Beasley law firm (the firm filing the attorney lien), Jack B.

Hinton, Jr. (the attorney representing the Beasley firm), and the U.S. Attorney's Office (for conspiring with the other defendants "by obstructing justice on criminal indictments and prosecution thereof"). By order entered April 18, 2002, Judge McFerrin disallowed plaintiff's amendment to the complaint, finding that: (1) the proposed amendment was filed too late without leave of court; and (2) that it exceeded the scope of issues reserved to the court by its earlier order. (Amended Order of Circuit Court entered April 18, 2002, Exhibit C to Doc. # 5).

On October 31, 2002, plaintiff filed another amended complaint in state court, seeking to bring the same and other claims against the defendants named in the disallowed amendment, and adding claims against other federal and state officials (the Governor, Lieutenant Governor, Speaker of the House, Alabama Supreme Court justices, State Attorney General, an Assistant Attorney General, Circuit Judge Sally M. Greenhaw), and against other members of Hinton's law firm. (Amended Complaint). On the very same day, before the Circuit Court could determine whether or not to allow the amendment, plaintiff removed the action to this court.

Under the Alabama Rules of Civil Procedure, a party must obtain leave of the court – which will be given only upon a showing of good cause – to amend at any time after forty-two days before the first setting of the case for trial. Ala. R. Civ. P. 15(a). As noted above, the only matter remaining to be adjudicated by Judge McFerrin was the attorney lien, and a hearing was conducted on that matter on March 26, 1996. Thus, as Judge McFerrin concluded with regard to plaintiff's earlier attempt to amend the complaint, "the proposed

2

Amended Complaint comes too late without leave of court . . . ." (Amended Order of Circuit Court entered April 18, 2002, Exhibit C to Doc. # 5). Since plaintiff failed to obtain leave of court to amend his complaint, the proposed amendment filed October 31, 2002 is without effect and the federal claims asserted in the proposed amendment cannot provide the basis for his removal of the action to this court. See Malone v. Malone, 2003 WL 133011, *3 (Ala. Civ. App. Jan. 17, 2003)("Rule 15(a), Ala. R. Civ. P., requires that a party desiring to amend a pleading less than 42 days before trial must seek leave of the court; . . . The comments to Rule 15 indicate that the rule 'requires a written motion' seeking such leave and also requires notice to all parties. The wife did not seek leave of the court and did not present any ground upon which the trial court may have allowed such late amendments. Therefore, the wife's purported amendments were never 'allowed' and did not serve to inject additional claims.")(citation and footnote omitted).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be REMANDED to the Circuit Court of Lowndes County, Alabama, pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction.

DONE, this _29n_ day of January, 2003.

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 02-F-1214-N

ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of January, 2003.

SUSAN RUSS WALKER

_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

FILED

FEB 12    

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        CIVIL ACTION NO. 02-F-1214-N
                                    )
LYNN A. ZENTNER, et al.,            )
                                    )
            Defendant.              )

## O R D E R

After an independent review of the file, it is the ORDER, JUDGMENT and DECREE
of the court:

(1)    That the objection filed by plaintiff on February 7, 2003 (Doc. # 21) is
       overruled;

(2)    That the recommendation of the United States Magistrate Judge entered on
       January 29, 2003 (Doc. # 20) is adopted;

(3)    That this case be remanded to the Circuit Court of Lowndes County, Alabama,
       pursuant to the provisions of 28 U.S.C. § 1447(c) for lack of subject matter
       jurisdiction.

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said

remand.

**EOD** 2/12/03

DONE this 12th of February, 2003.


_____
MARK E. FULLER
UNITED STATES DISTRICT JUDGE

### CIVIL APPEALS CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   *Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:* Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. §158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P 5.1, 28 U.S.C. §636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983), cert. denied 464 U.S. 893(1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appeal arising from the judgment on the merits. Budinich v. Stanshire, Inc., 486 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 290(1988); Sedrich v. Borton, 486 U.S. 196, 108 S.Ct.1717, 100 L.Ed 2d 178 (1988)

   *Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:* The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   *Appeals Pursuant to 28 U.S.C. § 1292(a):* Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and "[i]nterlocutory decrees... determining the rights and liabilities of parties to admiralty cases..." This statute does not permit appeals from temporary restraining orders.

   *Appeals pursuant to Judicially Created Exceptions to the Finality Rule:* These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. V. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988).

2. **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   *FRAP 4(a)(1):* The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry..." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   *FRAP 4(a)(3):* "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   *FRAP 4(a)(4):* If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for all parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

   *FRAP 4(a)(5) and FRAP 4(a)(6):* The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   *FRAP 4(c):* "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

3. **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c). A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable..." (FRAP 3(b))

4. **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4).

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,                     )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )     CIVIL ACTION NO. 2:04cv677-A
                                     )
JERE L. BEASLEY, et al.,             )
                                     )
            Defendants.              )

## ORDER

This case comes before this court on a Notice of Removal (Doc. #1) by which the

Plaintiff seeks to remove Case No. CV-91-78 from the Circuit Court of Lowndes County,

Alabama, purportedly under the authority of Title 28 *United States Code* § 1443.

28 U.S.C. § 1443 provides that:

> Any of the following civil actions or criminal prosecutions,
> commenced in a State court may be removed **by the defendant** to
> the district court of the United States for the district and division
> embracing the place wherein it is pending:
> . . . . (emphasis added)

As is clearly set out in the referenced statute, only a defendant, not the plaintiff, may

remove this case from state court to federal court. Therefore, this court is without jurisdiction,

and it is hereby

ORDERED that this case is REMANDED to the Circuit Court of Lowndes County,

Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 23rd day of July, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CIVIL ACTION NO. 2:05CV179-T
                                    )
JERE L. BEASLEY, et al.,            )
                                    )
            Defendants.             )

## ORDER

Plaintiff removed this action from the Circuit Court of Lowndes County on February 25, 2005 on the basis of amendments he filed to his claims in that court on July 13, 2004 and February 25, 2005. The court, which has an obligation to inquire into its jurisdiction, notes that it may lack subject matter jurisdiction over this action if plaintiff failed to obtain leave of court to amend his complaint to add federal claims. See Watson v. Zentner, et al., Civil Action No. 2:02CV1214-F.

Accordingly, it is

ORDERED that plaintiff is DIRECTED to file, on or before March 11, 2005, a copy of any order or docket entry in the Lowndes County Circuit Court in Case CV 91-78 demonstrating that the amendments filed by plaintiff on July 13, 2004 and on February 25, 2005 were allowed by that court. Plaintiff is advised that his failure to comply with this order may result in remand of this action to state court.[1]

---

[1]  In addition, if any defendant seeks to have this action remanded on the basis of a procedural defect (such as removal by the plaintiff rather than by defendants) the defendant must

#9
3-2-05

DONE, this 2ⁿᵈ day of March, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

file a motion to remand within thirty days of the removal to this court.  See 28 U.S.C. § 1447(c); Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317 (11th Cir. 2001).

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TEDDY A. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV179-T |
| | ) | |
| JERE L. BEASLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff removed this action from the Circuit Court of Lowndes County on February 25, 2005 on the basis of amendments he filed to his claims in that court on July 13, 2004 and February 25, 2005. Plaintiff has twice previously removed this action to this court. See Watson v. Zentner, et al., Civil Action No. 2:02CV1214-F; Watson v. Beasley, et al., Civil Action No. 2:04CV677-A.[1] In Civil Action No. 2:02CV1214-F, the court determined that it lacked subject matter jurisdiction because, under state court rules of procedure, plaintiff was required to obtain leave of court to amend his complaint and the court had not allowed plaintiff's amendment adding federal claims. Due to the court's concern that it may still lack subject matter jurisdiction over this case, the Magistrate Judge entered an order in the present case (Doc. # 9) requiring plaintiff to file, on or before March 11, 2005, a copy of the

---

[1] The action was once removed to this court by the United States. See Watson v. Beasley, et al., 98-D-1023-N.

order or docket entry in Lowndes County Circuit Court in Case CV 91-78 demonstrating that the amendments filed by plaintiff on July 13, 2004 and on February 25, 2005 were allowed by that court. Plaintiff was advised that his failure to comply with the order might result in remand of this action to state court.

In his objection to the Magistrate Judge's order, plaintiff admits that there is no docket entry or court order from the Lowndes County Circuit Court allowing the amendments to his complaint. (See Doc. # 11, pp. 12-13).[2] Therefore, the claims which would confer jurisdiction upon this court are not, therefore, properly in this case and do not provide a basis for removal. Thus, the action is due to be remanded for lack of subject matter jurisdiction.

Additionally, the Beasley defendants have filed a motion to dismiss or, in the alternative, to remand. Defendants argue, *inter alia*, that this action is due to be remanded because it was removed by the plaintiff. Even if plaintiff's amendment had been allowed by the state court, the action may be removed only by the defendants. See 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a). Accordingly, the action is also due to be remanded for this procedural defect in the removal.

For good cause, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

---

[2] Plaintiff contends that he is not required to obtain leave of court to amend his complaint because of fraud allegedly perpetrated by Judge McFerrin and this court. Plaintiff is incorrect. As the court noted in Civil Action No. 2:02CV1214-F, the Lowndes County case has proceeded beyond the period of the litigation in which amendment is allowed without leave of court.

2

(1)     Defendants' motions to remand (Doc. nos. 12 & 13) are granted.

(2)     This case is remanded to the Circuit Court of Lowndes County, Alabama.

(3)     All other motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 15th day of March, 2005.


　　　　　　　　　 /s/ Myron H. Thompson
　　　　　　　　 UNITED STATES DISTRICT JUDGE