IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TEDDY A. WATSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-CV978-MEF |
| | ) |
| JERE BEASLEY, ET AL. | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS OR IN THE ALTERNATIVE
## MOTION TO REMAND

COMES NOW the defendants Jere L. Beasley, J. Greg Allen, Michael J. Crow, Thomas J. Methvin, J. Cole Portis, and Daniel Miles, III in the above styled action (hereinafter and formerly commonly referred to as "the Beasley firm") and request that this Honorable Court dismiss or remand plaintiff's recent filing of October 30, 2006 (Notice of Removal – Document 1) purporting to be a removal of the Lowndes County action of Watson v. Beasley, et al., CV91-78. As grounds therefore, these defendants state that, based on the language of and exhibits to plaintiff's own pleadings (see numbered paragraphs below), plaintiff's effort at removal must again fail. This is the fourth attempt plaintiff has made at removing CV91-78. Such an approach is not permitted under the Federal Rules of Civil Procedure. Even if it were permitted, plaintiff's actions are barred by res judicata and collateral estoppel based on the prior rulings of this United States District Court and those of various Alabama Circuit and Appellate Courts.

1. On February 26, 1996, Lowndes County Circuit Judge H. Edward McFerrin dismissed the entire underlying lawsuit comprising CV91-78 and "reserve[d] ruling concerning the attorney liens [until] a later date". Judge McFerrin also ordered that the Clerk deposit the proceeds at interest for withdrawal on demand. (See Exhibit C-19 found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

2. On March 1, 1999, the United States Magistrate Judge Vanzetta Penn McPherson considered another of plaintiff's originally filed civil actions removed from the Circuit Court of Montgomery County, Alabama on September 11, 1998. That case included claims for compensatory and punitive damages against a variety of defendants including the Beasley firm. Plaintiff's allegations in that matter included that the Beasley firm "behaved unethically in representing him, broke their contract, attempted to collect excessive fees, and engaged in illegal trial tactics". Judge McPherson noted that plaintiff's claims were barred by the doctrine of res judicata. Accordingly, the Court proposed a recommendation that the claims against the Beasley firm be dismissed with prejudice. (See Exhibit F found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

3. On April 5, 1999, Judge DeMent considered the recommendations of Judge McPherson and the objections filed thereto. Judge DeMent overruled plaintiff's objections and accepted the recommendation of Judge McPherson. At that time, Judge DeMent dismissed inter alia all of plaintiff's claims against the

Beasley firm with prejudice. (See Exhibit F found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

4. On December 8, 1999, Judge McFerrin issued an Order in CV91-78 directing that all pending unargued motions "related to the attorney fee lien dispute" were to be heard on December 21, 1999. The Court also noted that "no new motions will be filed prior to disposition of outstanding motions without leave of Court". (See Exhibit 30 found in plaintiff's Exhibit Pack 5 to DC-NR-4.)

5. On January 11, 2002, the Supreme Court of Alabama resolved a similar if not identical Mandamus Petition as that filed contemporaneously with plaintiff's removal petition here. That Mandamus Petition was directed at Judge McFerrin and denied in an 8-0 opinion. (See Exhibit ASC-1 found in plaintiff's Exhibit Pack 5 to DC-NR-4.)

6. Plaintiff tried to amend his complaint on April 2, 2002. On April 17 and 18, 2002, Judge McFerrin issued another Order and an amendment thereto dealing with plaintiff's effort at amending. In the amended Order, Judge McFerrin noted that plaintiff's proposed Amended Complaint "comes too late without leave of Court, it exceeds the scope of the issues reserved unto the Court in its earlier Order, and is an improper attempt to effect the recusation of the Judge hearing the cause". Therefore, Judge McFerrin ruled that plaintiff's pleading be "stricken and disallowed". Judge McFerrin retained jurisdiction to enter a final decree on the "reserved issues in this cause". (See Exhibit BF-A found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

7. Later, plaintiff tried to amend and remove CV91-78. On February 12, 2003, Judge Mark Fuller, overruling plaintiff's objections, adopted the January 29, 2003 recommendation of the United States Magistrate Judge and remanded the case to the Circuit Court of Lowndes County for lack of subject matter jurisdiction. (See Exhibit FC-23 found in plaintiff's Exhibit Pack 42DC-NR-4.)

8. On February 26, 2003, after remand, Judge McFerrin ruled that plaintiff's proposed Amended Complaint filed October 31, 2002 purporting to add additional claims and additional defendants be "stricken and disallowed". (See Exhibit BF-B found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

9. Plaintiff tried to amend and remove again. On July 23, 2004, Judge Albritton considered the identical issue before this Court - - plaintiff's effort at removing the case of Watson v. Beasley, CV91-78 from the Circuit Court of Lowndes County. In that opinion, Judge Albritton rightly reflected that only a defendant, not the plaintiff may remove a case from state to federal court. Therefore, the United States District Court was without jurisdiction to hear the matter. The case was remanded. (See Exhibit DC-O found in plaintiff's Exhibit Pack 4 to DC-NR-4).

10. Undeterred, plaintiff tried it again. On March 2, 2005, United States Magistrate Judge Walker considered whether the Middle District of Alabama had jurisdiction over plaintiff's removal of CV91-78. The Court directed plaintiff to file a copy of any order or docket entry from the Circuit Court of Lowndes County demonstrating that plaintiff's amendments had been allowed by that Court.

4

Plaintiff acknowledged that no such order existed. (These are the same amendments dated July 13, 2004 and February 25, 2005 that plaintiff seeks to remove in this action.) (See Exhibit MW-0-1 found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

11. Finally, on March 15, 2005, Judge Thompson recognized that plaintiff had twice previously removed the CV91-78 case to the United States District Court for the Middle District. Judge Thompson noted that plaintiff could not show where he was permitted by the Circuit Court of Lowndes County to amend his Complaint. Therefore, the United States District Court did not have jurisdiction to keep the case. The case was remanded to the Circuit Court for further consideration. Other motions were "left for resolution by the state court after remand". (See Exhibit JT-O-4 found in Plaintiff's Exhibit pack 4 to DC-NR-4.)

There has never been leave granted plaintiff by the Circuit Court of Lowndes County to file any purported amended pleadings or in any way amend the status of the only pending issue left before the Circuit Court of Lowndes County. There is no viable lawsuit pending in the Circuit Court of Lowndes County. The only remaining issue in CV91-78 is the attorney fee lien of the Beasley firm, whether that lien is enforceable and, if so, how much of the remaining proceeds being held by the Circuit Clerk of Lowndes County is due the Beasley firm versus plaintiff Watson.

WHEREFORE, PREMISES CONSIDERED, the Beasley firm respectfully requests that this Honorable Court dismiss or, alternatively, remand this action.

Respectfully submitted,

_____
Jack B. Hinton, Jr. (HIN020)

OF COUNSEL:
Gidiere, Hinton & Herndon
60 Commerce Street
Suite 904
Montgomery, Alabama 36104
Telephone: (334) 834-9950
Facsimile: (334) 834-1054

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 29th day of November, 2006:

Teddy A. Watson
4362 Eastmont Drive
Montgomery, AL  36109

I do hereby certify that I have on this 29th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following

Misty S. Fairbanks
Assistant Attorney General
Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, AL  36130-0152

_____
Jack B. Hinton, Jr.

6