# EXHIBIT DC-MC-R

IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 DEC -4  P 2: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TEDDY A. WATSON ON BEHALF OF HIMSELF, CITIZENS OF ALABAMA CITIZENS OF THE UNITED STATES<br><br>    Plaintiffs/Defendants,<br><br>vs.<br><br>JERE L. BEASLEY,<br>J. GREG ALLEN,       *<br>MICHAEL J. CROW,<br>THOMAS J. METHVIN,<br>J. COLE PORTIS &<br>DANIEL MILES, III,<br>    OF THE BEASLEY LAW FIRM,<br><br>PHILIP S. GIDIERE, JR.,<br>JACK B. HINTON, JR. &<br>STEVEN K. HERNDON<br>    OF THE GIDIERE LAW FIRM,<br><br>STATE OFFICIALS OF ALABAMA,<br><br>FEDERAL OFFICIALS OF THE UNITED STATES OF AMERICA,<br><br>    Defendants/Plaintiffs | * <br> * <br> * <br> * <br> * <br> * <br> * <br> *  CASE NO.2:06-cv-978-MEF<br> * <br> *            WITH<br> *         DEMANDS<br> *           FOR<br> *      "JURY TRIAL"<br>   "INJUNCTION RELIEF"<br> "NATIONAL CLASS ACTION STATUS"<br><br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**FEDERAL MOTION TO COMPEL FOR RECUSAL**
**OF**
**THE DISTRICT & MAGISTRATE JUDGES OF THIS COURT**

This federal motion to compel for recusal of the

district & magistrate judges of this Court, is being

filed by Layman Pro Se Plaintiff/Defendant Teddy A. Watson,

on behalf of himself, the Plaintiff/Defendant Citizens of

1

Alabama, and the Plaintiff/Defendant Citizens of the United States, because of the following:

1. This federal motion for recusal is marked as **Exhibit DC-MC-R** and is being refered to as **Ex.DC-MC-R** in the revised notice of removal being filed today, which is marked as **Exhibit R-DC-NR-4** and being referred to in the below as **Ex.R-DC-NR-4**;

1-A. This federal motion to compel recusal will also serve as a motion to compel for Remand Order to be rescinded or vacated, if the three complaints and motions that were removed from the CV-91-78 case in Lowndes County Circuit Court on October 30,2006, have been remanded back to the Lowndes CV-91-78 case, **before** the filing of this federal motion to compel for recusal **and the** above (par.1) revised notice of removal **(Ex.R-DC-NR-4)**.

2. The attached **Ex.NR-4-CD-1**, is a copy of this Court's Civil Docket for this case that Watson obtained from the Clerk on November 7,2006, **which** shows that U.S. District Judge Mark E. Fuller and U.S. Magistrate Vanzetta P. McPherson are presiding over Watson and Citizens of Alabama & United States claims against lawyers and state officials of Alabama and federal officials of the United States; **AND**

2

**THE** averments in the notice of removal that was filed on
October 30,2006, **on the** three complaints (7/13/04, 2/25/05
& 5/11/05), **on the** two outstanding motions to compel for
default (2/25/05 & 5/11/05 **on the** demands for criminal &
civil relief in the complaints on 7/13/04 & 2/25/05), **on
the** motion to compel for default on October 30,2006 (**on the**
demands for criminal & civil relief in the complaint on
5/11/05), **and on** exhibit court documents, **demanded** the
district & magistrate judges of this Court be recused
because of the below (par.2-A thru 2-C).

 **2-A.** Because Citizens of Alabama & United States
national class action criminal/civil injunctive demands
(7/13/04, 2/25/05 & 5/11/05) for fraud, conspiracy &
racketeering against lawyers, includes the following
district & magistrate judges of this Court for prior
connecting/related conspiracy obstructions of justice in
this matter, **(CV-94-D-1112-N case)** U.S. District Judge Ira
DeMent & U.S. Magistrate Charles S. Coody, **(CV-98-D-1023-N
case)** U.S. District Judge Ira DeMent & U.S. Magistrate
Vanzetta Penn McPherson, **(CV-01-T-1268-N case)** U.S.
District Judge Myron H. Thompson, **(CV-02-F-1214-N case)**
U.S. District Judge Mark E. Fuller & U.S. Magistrate Susan

3

Russ Walker, **(CV-04-A-677-N case)** U.S. District Judge W. Harold Albritton III & U.S. Susan Russ Walker, **note** on the pending complaint on July 13,2004 (**which** was removed again from the Lowndes CV-91-78 case on 2/25/05), and **(CV-05-T-179-N case)** U.S. District Judge Myron H. Thompson & U.S. Magistrate Susan Russ Walker, **note** on the pending complaints on July 13,2005 & February 25,2006 (**which** were removed again from the Lowndes CV-91-78 case on 10/30/06); **AND NOTE** the averments in the statement on evidence in support of the notice of removal that was filed on October 30,2006 **(Ex.S-DC-NR-4**, par.3-C thru 3-C-5 on pages 8-11), **along with** the complaints (7/13/04 & 2/25/05), motion to compel for contempt on February 25,2005 (**Ex.DC-MC-C), and** some of the exhibits court documents bound in Exhibit 4 to DC-NR-4 & Exhibit Pack 5 to DC-NR-4, **show that** in addition to having criminal/civil liability to government/citizens under the national class action injunctive demands (7/13/04 & 2/25/05), the below (par.2-A-1 thru 2-A-4) are included in the federal/state officials & lawyers, **who also** have had pending demands for federal bench arrest warrants against them since February 25,2005.

**2-A-1.** The following who were defendants in the

4

CV-02-F-1214-N case in U.S. District Court: **(federal defendants)** federal attorney Lynn A. Zentner of the Executive Office for U.S. Attorneys in Washington DC, **and** federal attorneys in the U.S. Attorney's Office in Montgomery Al., **which** includes U.S. Attorney Leura G. Canary; **(state defendants)** **1**-Gov. Don Siegelman (former), **2**-Lt. Gov. Steve Windom (former), **3**-Speaker of the House (Rep.) Seth Hammett, **4**-Justices on the Alabama Supreme Court (in January 2002), **5**-Attorney General William H. Pryor Jr. (former), **6**-Assistant Attorney General Fred F. Bell, **7**-Circuit Judge Sally M. Greenhaw, and **8**-Circuit Judge H. Edward McFerrin; and **(lawyers)** Beasley Law Firm partners **and** Gidiere Law Firm partners.

**2-A-2.** U.S. Magistrate Susan Russ Walker **and** U.S. District Judge Mark E. Fuller, for conspiring to obstruct justice in the CV-02-F-1214-N case in U.S. District Court, on the claims against the federal, state & lawyer defendants in the above (par.2-A-1).

**2-A-3.** U.S. District Judge W. Harold Albritton III, for conspiring with U.S. Magistrate Walker and U.S. Attorney Canary in the CV-04-A-677-N case in U.S. District Court, to obstruct federal criminal/civil prosecution on

the above (par.2-A-1 & par.2-A-2).

**2-A-4.** Alabama Attorney General Troy King, former U.S. Attorney John Ashcroft and U.S. Senator Richard Shelby, for refusing to file answers/responses to Citizens of Alabama & United States criminal/civil injunctive demands on July 13, 2004, **as a means** to conspire with the above (par.2-A-3), to obstruct federal criminal/civil prosecution on the above (par.2-A-1 & par.2-A-2).

**2-B.** Because Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04 & 2/25/05) that the two outstanding motions to compel (2/25/05 & 5/11/05) are demanding state/federal officials be held in default on having rights to oppose, **include** the following federal legislative demands of the U.S. Congress, **(a)** to impeach the following four federal district judges in Montgomery Al., for their connecting & related conspiracy obstruction of justice in this matter **(CV-94-D-1112-N case & CV-98-D-1023-N case)** U.S. District Judge Ira DeMent), **(CV-01-T-1268-N case)** U.S. District Judge Myron H. Thompson, **(CV-02-F-1214-N case)** U.S. District Judge Mark E. Fuller, and **(CV-04-A-677-N case)** U.S. District Judge W. Harold Albritton III, **and also** U.S.

6

11th Circuit Court Appeal Judge Bill Prior, for Prior's
conspiracy engagement in obstructing justice in this matter
when Prior was Attorney General of Alabama, **(b)** to have
special congressional investigators & prosecutors assigned,
to hold the all the conspiring lawyers and state/federal
officials criminally/civilly liable **to the** State of Alabama
& its citizens **and to the** United States & its citizens, and
**(c)** to have a special federal judge assigned (**who** will
follow & uphold the law on corrupt federal judges) **to**
**preside over,** Citizens of Alabama & United States national
class action criminal & civil injunctive demands (7/13/04 &
2/25/05), that are jury issues, **and** Watson's national class
action civil jury demands (2/25/05), against **lawyers**
(Beasley Firm partners **&** Gidiere Firm partners, **two state**
**officials of Alabama** (Second Judicial Circuit Judge H.
McFerrin, the presiding judge in the Lowndes CV-91-78 case
& Attorney General Troy King), **and five federal officials**
**of the United States** (**1-**U.S. Attorney Leura G. Canary,
**2-**U.S. Magistrate Susan Russ Walker, **3-**U.S. District Judge
W. Harold Albritton III, **4-**former U.S. Attorney General
John Ashcroft, and **5-**U.S. Senator Richard Shelby), **NOTE**

**WHICH** the outstanding motion to compel for default on May 11,2005, is also demanding those attorneys & state/federal officials be held in default on having rights to oppose a jury trial being held on Watson's national class action jury demands (2/25/05).

2-C. Because Citizens of Alabama & United States national class criminal/civil injunction demands on May 11, 2005, that the motion to compel for default on October 30, 2006, is demanding U.S. Attorney General Alberto Gonzales be held in default on having rights to oppose, **include** the ordering of federal grand jury investigations in, **MONTGOMERY ALABAMA,** which will give citizens their rights as federal grand jurors, to indict a host of lawyers and state/federal officials to be held criminally/civilly liable **to the** State of Alabama & its citizens **and to the** United States & its citizens, for their engagement in racketeering conspiracy crimes of fraud being committed on the United States  Constitution and citizens constitutional rights/interests thereunder, **in order** to defraud the State of Alabama & its citizens of a constitutional & lawful state/federal judicial systems (criminal & civil), and **WASHINGTON DC,** to determine the extent of the corruption

8

within the U.S. Department of Justice during John
Ashcroft's tenure as Attorney General of the United States
**and** U.S. Senator Richard Shelby's conspiracy engagement
therein, **which** includes then U.S. Attorney General Ashcroft
**&** U.S. Senator Shelby's conspiracy (**starting in April of
2004)**, in obstructing justice on the Washington federal
justice officials who conspired in June/July 2003, to
obstruct justice on the two petitions to U.S. Attorney
General Ashcroft on May 16,2003, **which lead** to President
Bush being mislead to make his recess appointment of
Alabama Attorney General Bill Pryor to the U.S. 11th
Circuit Court of Appeals on February 20,2004.

3. The attached **Ex.MA-1392** (see news article by the
Advistiser's reporter Mike Linn on 6/7/06), included
reporting district judges supervise the activities of the
magistrate judges by assigning civil cases for jury or
non-jury trial upon consent of the parties and for pretrial
matters, **and** similarly, criminal cases are assigned to
magistrate judges on the consent of the parties, except for
the trial of felony cases, **according** to the Federal
Magistrate Judges Association Web site; **AND NOTE** all of the
above shows that U.S District Judge Mark E. Fuller and

9

Magistrate Vanzette P. McPherson are aware that because of their and other district & magistrate judges prior connecting/related conspiracy obstruction of justice of justice in this matter, on behalf of himself and the Citizens of Alabama & United States, Watson did not give consent for criminal/civil liable district & magistrate judges to preside over the connecting/related fraud, conspiracy & racketeering claims against lawyers, state officials of Alabama and federal officials, in Citizens of Alabama & United States national class action criminal & civil injunctive demands (7/13/04, 2/11/05 & 5/11/05), **and/or** Watson's national class action civil jury demands (2/25/05).

3-A. **Ex.D** bound in Exhibit Pack 4 to DC-NR-4 are copies of U.S. District Judge Ira DeMent's Order/Judgment (6/6/95) and U.S. Magistrate Charles S. Coody Recommendation (5/17/95) in the CV-94-D-1112-N case, **which show** that on June 6,1995, Judge DeMent overruled Watson's objection to and approved Magistrate Coody's Recommendation on May 17, 1995; **AND NOTE** the averments on exhibits & law in **Ex.S-DC-NR-4** (par.17-A thru 17-E-3 on pages 36-41) has shown, **(1)** Magistrate Coody & Judge DeMent's scam in

refusing to address the Beasley Firm's out-of-court demands
for attorney fees in the Lowndes CSX case (CV-91-78), **in
order** to deceive Watson of a jury trial on the conspiracy
on Defendant Watson & civil jury of citizens in the Lowndes
cow case (CV-92-03), and **(2)** that the federal
CV-94-D-1112-N case barred the Beasley Firm by res
judicata, from having rights to make demands for attorney
fees in the Lowndes CSX case (CV-91-78).

    **3-B. Ex.F** bound in Exhibit Pack 4 to DC-NR-4 are copies
of U.S. District Judge Ira DeMent's Orders (3/17/99 **&**
4/5/99) and U.S. Magistrate Vanzetta Penn McPherson's
Recommendation (3/1/99) in the CV-98-D-1023-N case, **which**
along with **Ex.542, Ex.Z-5 & Ex.Z-6** bound in Exhibit Pack 5
to DC-NR-4 show , **(a)**  that Watson filed that case in
Montgomery County Circuit Court (CV-98-1871-PR) **and** the
defendant federal attorneys removed it to U.S. District
Court (CV-98-D-1023-N), **(b)**  that on March 17,1999, Judge
DeMent overruled Watson's objection to and approved
Magistrate McPherson's Recommendation on March 1,1999,
**which shows/states** from the Beasley Firm's motion to
dismiss, **recommended that** Watson's federal claims against
the Beasley Firm involving Beasley Firm using illegal trial

tactic to try collect excessive attorney fees in the
Lowndes CV-91-78 case on a contract the Beasley Firm broke
by misrepresenting Watson's behalf in the CV-91-78 and
CV-92-03 cases in Lowndes County Circuit Court, **be
dismissed** on three grounds **(b-1)** that the Beasley Firm
could not be held liable under U.S. Title 42 (**§** 1983),
**(b-2)** barred by the statue of limitations, and **(b-3)** that
Judge DeMent's judgment in the CV-94-D-1112-N case on June
6,1995, barred Watson by res judicata, **AND** that lack of
jurisdiction be claimed of Watson's state law claims
against the Beasley Firm for attorney fraud in the Lowndes
CV-91-78 & CV-92-03 cases, and **(c)** that to keep from
having to send Watson's state law claims back to the
CV-98-1871-PR case in Montgomery County Circuit Court which
Magistrate McPherson & Judge DeMent claimed lack of
jurisdiction on, on April 5,1999, Judge DeMent overruled
Watson's objections to Judge DeMent's Order on March 17,
1999 **and also** another recommendation from Magistrate
McPherson on March 19,1999; **AND NOTE** the above (par.3-A)
**along with** the averments on exhibit court records & law in
**Ex.S-DC-NR-4** (**1-**par.11-A thru 11-D-1 on pages 20-24,
**2-**par.17-H thru 17-H-3, **3-**par.25-C thru 25-C-1 on pages

74-75 and **4**-par.34-B thru 34-B-1 on pages 107-108), **has**

**shown** that Magistrate McPherson & Judge DeMent's conspiracy

scam in using those three grounds to deceive Watson of

rights to a jury trial against the Beasley Firm, obstructed

justice on the following conspiracies, **(1)** Judge McFerrin

conspiracy with the Beasley Firm lawyers & Gidiere Firm

lawyers in the Lowndes CV-91-78 case in April of 1996, in

refusing to transfer Watson's money and the Beasley Firm's

40% lien/demand (3/26/96) to the pending CV-95-1944-G case

in Montgomery County Circuit Court, **which** allowed Judge

William Gordon to conspire with the Beasley Firm lawyers &

Gidiere Firm lawyers, to fraudulently use the federal

CV-94-D-1112-N case and res judicata in the CV-95-1944-G

case on June 18,1996, to deceive Watson of a jury trial

against the Beasley Firm for legal malpractice in the

Lowndes CSX case (CV-91-78) and Lowndes cow case

(CV-92-03), and **(2)** the ongoing conspiracy in the Lowndes

CV-91-78 case since April 1997, in which Watson's attorneys

Kenneth Hemphill & Donald Harrsion had turned their back to

Judge McFerrin conspiracy with the Beasley Firm lawyers, in

depriving Watson of a jury trial, on the Beasley Firm's

barred by res judicata demand on Watson's money on March

13

14,1997, in which Greg Allen of the Beasley Firm fraudulently claimed that the Beasley Firm had a 50% contingency contract and a 50% attorney lien on file in the CV-91-78 case since August 30,1994, **because** the prior cases in U.S. District Court (CV-94-D-1112-N) & Montgomery County Circuit Court (CV-95-1944-G) barred the Beasley Firm's 40% lien/demand on Watson's money on March 26,1996, **by res judicata.**

   **3-B-1.** Magistrate McPherson's Recommendation (3/1/99) & Judge DeMent's Order (3/17/99) in the above (par.3-B) **Ex.F,** also show that because attorneys Kenneth Hemphill & Donald Harrsion had not filed motions to dismiss **on** Magistrate McPherson's recommendation thereof, **on the Court's motion to dismiss** Judge DeMent dismissed Watson's federal claims against attorneys Hemphill & Harrsion on the same three grounds in the above (par.3-B), that Watson's federal claims against the Beasley Firm were dismissed on; **AND THAT** along with the above (par.3-B) in **Ex.S-DC-NR-4,** show that because attorneys Hemphill & Harrsion did not make an effort to defend themselves, Magistrate McPherson & Judge DeMent represented their behalf **and** used three fraud grounds to deceive Watson of a jury trial against those two

attorneys.

3-C. **Ex.FC-19** and **Ex.FC-23** bound in Exhibit Pack 4 to DC-NR-4, **show that** in the CV-02-F-1214-N case in U.S. District Court on February 12,2003, U.S. District Judge Mark E. Fuller overruled Watson's objection to **and** approved U.S. Magistrate Susan Russ Walker's Recommendation on January 30,2003; **AND NOTE** the averments on exhibit court records in **Ex.S-DC-NR-4** (par.23 thru 25-A-1 on pages 65-73) **has shown** that Judge Fuller & Magistrate Walker's conspiracy scam to deceive Watson of a jury trial against the federal, state & lawyer defendants in the above (par.2-A-1 on pages 4-5), and **Ex.DC-NR-1** (par.5 thru 6 on pages 5-6) bound in Exhibit Pack 4 to DC-NR-4, **show that** Judge Fuller & Magistrate Walker knew they were also obstructing justice on the demands for federal criminal prosecution on the federal, state, & lawyer defendants in the above (par.2-A-1 on pages 4-5), **and also** on the following district & magistrate judges of this Court, **(1)** U.S. Magistrate Charles S. Coody, **(2)** U.S. Magistrate Vanzetta Penn McPherson, **(3)** U.S. District Judge Ira DeMent, and **(5)** U.S. District Judge Myron H. Thompson.

3-D. **Ex.JT-O-1, Ex.MW-O-2** & **Ex.JT-O-3** bound in Exhibit

15

Pack 4 to DC-NR-4, along with **Ex.DC-OJ-O** show that in the

CV-05-T-179-N case in U.S. District Court on March 15,2005

**(Ex.JT-O-3)**, U.S. District Judge Myron H. Thompson denied

the objection to orders Watson filed on March 11,2005

**(Ex.DC-OJ-O)** which objected to Judge Thompson **&** Magistrate

Walker presiding over the connecting/related fraud,

conspiracy & racketeering claims against lawyers and

state/federal officials in Citizens of Alabama & United

States national class criminal/civil injunction demands

(7/13/04 & 2/25/05) **and** Watson's national class action

civil jury demands (2/25/05), **because** of Judge Thompson &

Magistrate Walker's criminal/civil liability to government

& citizens under the national class action injunctive

demands (7/13/04 & 2/25/05) **and** Magistrate Walker's civil

liability to Watson under the national class action civil

jury demands (2/25/05); and **Ex.DC-OJ-O** (par.4 on pages

19-20) and **Ex.JT-O-3** show that on March 15,2005, Judge

Thompson also expunged the demand for a federal bench

arrest warrant against Judge Thompson on March 11,2005, for

conspiring to obstruct justice on the demands for federal

bench arrest warrants against federal/state officials &

lawyers on February 25,2005 **(see** above par.2-A thru 2-A-4

16

on pages 3-6), **which** includes Magistrate Walker.

  **4.** The notice of removal on October 30,2006 (par.18 on pages 44-45), has petition demands to the eight media that Watson has been serving the pleadings & exhibits in this national class action criminal/civil injunctive/civil jury case since February 25,2005, **Ex.C-N-M-2** attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), is a copy of the notice to the eight media of the demands in the revised notice of removal being filed today, and **Ex.C-N-M-2** has the following media exhibits attached, **Ex.MA-943** (editorial by the Advertiser's Executive Editor Wanda Lloyd on 6/5/05), **Ex.MA-1261** (news articles **by** AP reporter Seth Hattena on 3/6/06 **and by** the Advertiser's reporter Mike Linn on 3/4/06), **Ex.MA-1271** (news articles on 3/11/06, **by** AP reporter Desiree Hunter, **by** the Advertiser's reporter Mike Linn **and** Advertiser Stateline), **Ex.MA-1632 (**editorial by the Advertiser's Executive Editor Wanda Lloyd on 10/22/06), **Ex.MA-1682** (news article by the Advertiser's reporter Jamie Kizzire on 11/12/06), **Ex.MA-1684** (news article by AP reporter Phillip Rawls on 11/13/06), **Ex.MA-1692** (news article by the Advertiser's reporter Mike Linn on 11/16/04), **Ex.MA-1700** (news article by AP reporter Phillip

17

Rawls on 11/19/06), **Ex.MA-1702** (news articles **by** AP reporter Pete Yost on 11/26/06 **and by** the Associated Press on 11/27/06), and **Ex.MA-1703** (two D.C. briefing on 11/28/06).

**4-A.** The above (par.4) **Ex.MA-943** (editorial by the Advertiser's Executive Editor Wanda Lloyd on 6/5/05), **shows that** as a means to protect/serves citizens rights/interests against corruption in government, the media has duty under the First Amendment, to inform the public what elected & appointed public officials are doing, **and** the above (par.4) **Ex.MA-1632 (**editorial by the Advertiser's Executive Editor Wanda Lloyd on 10/22/06), **shows that** the Advertiser has asked the public to submit information for the Advertiser's investigative reporters to report on; **AND NOTE** all of the above **along with** all the below is providing the Advertiser and seven other media with information that Watson is petitioning the media to report **to the** Citizens Alabama & United States, **to the** federal legislators in the U.S. Congress **and to** U.S. Attorney General Gonzales.

**4-B.** The above (par.4) **Ex.MA-1261** (by the Advertiser's reporter Mike Linn on 3/4/06) and **Ex.MA-1692** (by the

18

Advertiser's reporter Mike Linn on 11/16/04), are in regards to a legal malpractice lawsuit being filed and dismissed against attorney Benjamin E. Pool, that had been filed by attorney Jerry Blevins on behalf of Carlos R. Williams; and **Ex.MA-1692** shows that Jefferson County Circuit Judge James Hard was appointed to preside over that case in Montgomery County Circuit Court, after the Montgomery County judges recused themselves, **that** Judge Hard dismissed the case on grounds it was without merit, **and that** William had not filed an appeal by the Nov. 1 deadline; **AND NOTE** the averments on law in **Ex.S-DC-NR-4** (par.15 thru 15-F on pages 31-33) **has shown** that under U.S. Title 28 (**§ 1346**), **that the** federal district & magistrate judges of this Court **and** all the other federal officials in Montgomery Al. & Washington DC, are also civilly liable for legal malpractice (fraud) under the Alabama Legal Services Liability Act (**§ 6-5-570**).

    **4-B-1. Ex.ACS-R-W/M** (par.3-C - 3-C-1 on pages 15-17 **and** par.2-A on page 26) attached to the **Ex.R-DC-NR-4** in the above (par.1), **shows that** U.S. Magistrate Walker's civil liability **under** the Alabama Legal Services Liability Act

(§ 6-5-570) **for** fraud in U.S. District Court
(CV-02-F-1214-N) on January 29,2003, **has been** shown in the
writ of mandamus (1060172) being filed today in the Alabama
Supreme Court.

    **4-C.** The above (par.4) **Ex.MA-1682** (by the Advertiser's
reporter Jamie Kizzire on 11/12/06), is in regards to
Republican Gov. Bob Riley's plan to unite leaders on his
proposed legislation **and** one of Riley's Democratic critic
claiming the governor's plan is propaganda; **Ex.MA-1684** (by
AP reporter Phillip Rawls on 11/13/06) in the above
(par.4), is in regards to Gov. Riley being a GOP candidate
in 2008, for president or vice-president of the United
States; **AND NOTE** the motion to compel for default on
October 30,2006 (**Ex.DC-M/C/DF**, starting in par.19 on page
59), **has shown** Gov. Riley's government corruption
engagement with the Beasley Firm lawyers, **that** citizens of
Alabama have rights under the national class action
injunctive demands (7/13/04, 2/25/05 & 5/11/05), **to have**
Gov. Riley indicted to be held criminally/civilly liable
for.

    **4-D.** The above (par.4) **Ex.MA-1702** (by the Associated
Press on 11/27/06), is in regards to Alabama Attorney

General King confirming to the Birmingham News, that he had recused himself and the attorney general office from the investigation on fired two-year collage chancellor Roy Johnson, **because** last year on King asking thereof, Johnson hired the mother of one of King's deputy attorney general's; the **Ex.NR-4-CD-1** in the above (par.2 on pages 2-3), shows that **on** Watson's national class action civil jury demands (2/25/05) in the above (c on pages 7-8 in par.2-B on pages 6-8), **in which** there is a motion to compel for default (5/11/05) **and on** Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05) in the above (par.2 thru 3-D on pages 2-16) **in which** that are motions to compel for default (2/25/05, 5/11/05 & 10/30/06), **civil/criminal** liable Attorney General Troy King is listed as representing Defendant State of Alabama **and civil/criminal** liable U.S. Attorney Leura G. Canary is listed as representing Defendant United States of America; **AND NOTE** the motion to compel for default on October 30,2006 (**Ex.DC-M/C/DF**, par.19 thru 19-E-1 on pages 59-69), **has shown** that Troy King's criminal/civil liability to the State of Alabama & its citizens **(for** engaging in government corruption with the

Beasley Firm lawyers), **goes back** to former Republican Gov. Fob James's administration.

4-E. **Ex.MA-1700** (by AP reporter Phillip Rawls on 11/19/06) in the above (par.4), is in regards to elected Alabama Supreme Court Chief Justice Sue Bell Cobb working on a plan to get state legislation passed, that would make all the State of Alabama's trial & appellate judges nonparty officials **and also** how citizen of Alabama elect their judges, **which** Judge Cobb says something has to be done, **because** of the amount of campaign money opposing special interests have been giving judicial candidates, **and in order** to improve the public's perception of independence and impartiality of the courts; **AND NOTE** because of opposing special interests accusations (**by** trial lawyers **and** business groups **that judges** in Alabama are being bought-off with campaign donations from special interest), **along with** the other political/judicial corruption involving the state's courts **that has** been shown in the motion to compel for default on October 30,2006 (**Ex.DC-M/C/DF,** par.20 thru 23-D on pages 69-84), **under** the national class action criminal/civil injunctive demands (7/13/04, 2/25/05, 5/11/05), Citizens of Alabama have

22

rights to get an Injunctive Order against the State of
Alabama, **that requires** passage of legislation that will
make the State of Alabama's trial & appellate judges
accountable to the Citizens of Alabama instead of special
interests, **and the above** plan Judge Cobb is working on
**along with** establishing a state judicial campaign trust
fund to equally finance nonparty judicial candidates
campaigns, could be all that is needed to accomplish that.

    **4-E-1.** Because that would help establish **and also**
serve citizens rights/interests in having judges who are
accountable to the people, all the civil liability that
federal/state officials & lawyers have to government &
citizens **under** the national class action criminal/civil
injunctive demands (7/11/04, 2/25/05 & 5/11/05), could go
to the judicial campaign state trust fund in the above
(par.4-E); **and** the rest of the judicial campaign state
trust fund could be funded, **by** legislation being passed
that established a nonparty judicial campaign tax, **IN WHICH**
each taxpayer of Alabama pay $5 a year, **AND THAT** all
business (**which** includes the lawyers & business **who** have
been accusing each other of buying-off judges in Alabama
with campaign donations), pay an amount based on their

gross income each year in the State of Alabama.

**4-F. Ex.MA-1271** (by AP reporter Desiree Hunter on 3/11/06) in the above (par.4), is in regards to the Alabama Supreme Court ruling in favor of the Mobile Register, **that** the public should be allowed to see all the criminal files that have been expunged by the Mobile municipal court and kept from public review since 1968, **which** the Register demanded public disclosure of after learning that the president of the Mobile County School Board had a drunken driving charge expunged in 1998; **AND NOTE** the statements on exhibit evidence & law in **Ex.ASC-R-W/M** (par.3 thru 3-C-1 on pages 11-17 **and** par.2 thru 2-B on pages 25-27), **shows that** in the writ of mandamus being filed today in the Alabama Supreme Court, Watson has shown Judge McFerrin's abuse in the Lowndes CV-91-78 case in obstructing federal prosecution, **(1)** on himself **for conspiring** to use fraud on February 26,2003, (**a** phantom attorney lien **that** Judge McFerrin conspired to create for the Beasley Firm on 4/18/02 to expunge the fraud, conspiracy & racketeering jury demands on 4/2/02), **to expunge** the fraud, conspiracy & racketeering jury demands (10/31/02) against the federal, state & lawyer defendants in the above (par.2-A-1 on pages

24

4-5), and **(2)** on U.S. Magistrate Walker (1/29/03) and U.S. District Judge Fuller (2/22/03) **for their** conspiracy in U.S. District Court (CV-02-F-1214-N), in obstructing federal prosecution on the federal, state & lawyers defendants in the above (par.2-A-1 on pages 4-5).

    **4-F-1.** The above (par.4-F) **Ex.ASC-R-W/M** (par.2 -2-A on pages 20-21) **shows that** the writ of mandamus (1060172) being filed today in the Alabama Supreme Court is demanding, **recusal** of the Justices who were serving in January 2002, **because** of their criminal/civil liability to government/citizens under the national class action injunctive demands (7/13/04, 2/25/05 & 5/11/05), **and for** the non-criminal/civil liable Justice to order Judge McFerrin to transfer to this case in U.S. District Court (2:06-cv-978-MEF), the money Judge McFerrin has held in the Lowndes CV-91-78 case for over ten years from Watson's pro se settlement with CSX on February 16,1996, **for a jury trial to be held on** the Beasley Firm's liens/demands on Watson's money, **verses** Watson's national class action civil jury demands (2/25/05) against the **lawyers/partners** in the two law firms, **two** state officials, **and five** federal officials in the above (c on page 7 in par.2-B on pages 6-8).                            25

4-G. **Ex.MA-1702** (by AP reporter Pete Yost on 11/26/06)
and **Ex.MA-1703** (LEAK INVESTIGATION D.C. briefing on
11/28/06) in the above (par.4), **show that** a federal trial
judge ruled the First Amendment supplied a qualified
privilege to reporters to protect confidential sources; **and
that** U.S. Supreme Court agreed with the 2nd U.S. Circuit
Court of Appeals, that federal prosecutors have rights to
the records of reporters; and the attached **Ex.MA-1357** (D.C.
briefing on 5/22/06) reported that U.S. Attorney General
Alberto Gonzales said he believes journalists can be
prosecuted for publishing classified information, citing an
obligation to national security: **AND NOTE** the averments on
the three complaints (7/13/04, 2/25/05 & 5/11/05) and two
outstanding motions to compel for default (2/25/05 &
5/11/05) in the above (par.2 - 2-C on pages 2-9), along
with **Ex.USDJ-CRD** bound in Exhibit Pack USAGG to DC-NR-4,
**show that** Washington civil rights justice officials Theresa
Weathers claimed in a letter to Watson on July 29,2005,
**that** U.S. Attorney General Gonzales **and** the U.S. Department
of Justice did not have the authority, **to inform** the
federal legislators in the U.S. Congress, of the federal
legislative demands in Citizens of Alabama & United States

26

national class action criminal civil junction demands
(**above** par.2-B on pages 6-8), **and also** to order the demands
(5/11/05) for federal grand juror investigation in
Montgomery Al. and Washington DC in the above (par.2-C on
pages 8-9).

**4-G-1.** The notice of removal on October 30,2006 (par.18
on pages 44-45 **and** par.27 - 27-B on pages 64-66), **shows**
**that** part of the justification for petitioning the media to
inform the federal legislators in the U.S. Congress and
U.S. Attorney General Gonzales of the filing of and the
demands of relief in the motion to compel for default
(**Ex.DC-M/C/DF**) and notice of removal on October 30,2006,
**(1)** because U.S. Attorney General Gonzales may not even be
aware of the national class action criminal/civil
injunctive demands as a result of having office staff
members who are holdovers from former U.S. Attorney General
Ashcroft's staff, **who** have conspired with U.S. Senator
Shelby to withhold the national class criminal/civil
injunctive demands from all the other federal legislators
in the U.S. Congress and U.S. Attorney General Gonzales, **OR**
that U.S. Attorney General Gonzales is another Washington
federal conspirator on the U.S. Congress, **which** puts duty

27

on the federal legislators to see is removed as this
nation's chief law enforcement officer **and** brought to
justice, and **(2)** because by the media informing the U.S.
Congress and U.S. Attorney Gonzales that the filings
(10/30/06) were coming in the U.S. Mail to U.S. Attorney
General Gonzales, **would keep** Washington justice officials &
U.S. Senator Shelby from being able to pull-off another
conspiracy on the federal legislators in the U.S. Congress
**and also** U.S. Attorney General Gonzales if he is not a
conspirator on the U.S. Congress; **AND NOTE** the notice of
removal on October 30,2006 (par.21-B on pages 53-54) **shows**
**that** before the Washington scan on authority on July 29,
2005 (**above 4-G**), the U.S. Congress had already been
mislead to approve/give Pryor a lifetime position on the
U.S. 11th Circuit Court of Appeals on June 9,2005.

    **4-H. Ex.MA-1703** (UPDATE D.C. briefing on 11/28/06) in
the above (par.4) reported, **that** the inspector general
department within U.S. Department of Justice had begun an
investigation into the justice department handling of
information gathered in government domestic spying program,
**that** Democrats criticized the review as not going far
enough to determine whether the program violates federal

law, **and that** the investigation is not expected to address
whether the controversial program is an unconstitutional
expansion of presidential powers, as its critics and a
federal judge in Detroit have charged; **AND NOTE** the notice
of removal (par.26 on page 63) on October 30,2006, referred
to **Ex.MA-1348** (by AP reporter Devlin Barrett on 5/11/06)
bound in Exhibit Pack 6 to DC-NR-4 (Part 4), **which** reported
that U.S. Representative Maurice Hinchey had demanded the
U.S. Congress deal with the constitutionality of the
domestic spying program, **because** the National Security
Agency had denied the Justice Department lawyers from the
Office of Professional Responsibility, clearance to
investigate if Justice Department lawyers had violated any
ethics rules involving said program.

　　**4-H-1.** The domestic spying program in the above
(par.4-H), is one of federal government secrets that
reporters have exposed to the citizens of this nation, **that
the** attached **Ex.MA-1357** (D.C. briefing on 5/22/06) in the
above (par.4-G), reported that U.S. Attorney General
Alberto Gonzales said he believes journalists can be
prosecuted for.

　　**5.** The second amendment to the amended complaint

(7/13/04) on May 11,2005 (par.AA-6 on pages 4-5), **shows that** the demand for a Montgomery Al. grand jury investigation in the above (par.2-C on page 8), **included** an investigation on federal prosecutors obstructing justice in the long running federal grand jury investigation on corruption in former Gov. Don Siegelman's administration; **AND NOTE** the above (par.2-A - 2-A-1 on pages 3-5 **and** par.3-C on page 15) **has shown** there is court records that prove U.S. District Judge Fuller & U.S. Magistrate Walker conspired in the CV-02-F-1214-N case, to obstruct federal criminal prosecution on the federal, state, lawyer defendants in the above (par.2-A-1 on pages 4-5), **who were** conspirators in government corruption during Gov. Siegelman's administration, **and also** the federal district & magistrate judges in the above (par.3-A thru 3-D on pages 10-15), **AND THE** motion to compel for default on October 30, 2006 (**Ex.DC-M/C/DF**, par.15 thru 17-E-1 on pages 38-55), **has shown** the federal attorneys in Montgomery Al. & Washington DC, **who have** criminal/civil liability to government & citizens under the national class action injunctive demands, **for their** conspiracy engagement in government corruption with the federal district/magistrate judges in

30

Montgomery Al, state officials of Alabama, the Beasley Firm lawyers and other lawyers.

**5-A.** The attached **Ex.MA-1357** (see news article by the Advertiser's Mike Linn on 5/18/06), is in regards to the Siegelman federal corruption trial, **which shows** included reporting, **that** Gov. Siegelman signed on to a corrupt deal to issue a $21 million bond deal to build a warehouse in which Lanny Young was the silent director with no experience, **that** Young testified he would have earned at least 1.6 million <u>if it weren't for a 2001 story in the Mobile Register that exposed Young's G.H. Construction Company as a fraud</u>, **and that** <u>after the story was published, the Alabama attorney general's office began an investigating on the governor's office and the project never got off the ground</u>; **the** attached **Ex.MA-1392** (**see** news article by AP reporter Bob Johnson on 6/9/06), is in regards to federal prosecutors resting their case in the Siegelman corruption trial, **which shows** reported that the defense lawyers said the federal government case has been built on the claims of scam artists who lined their own pocket at state expense and are lying about the actions of Siegelman and others to get lighter sentences; **the** attached

31

**Ex.MA-1680** (news articles by the Associate Press on 11/11/06 **and** the Advertiser's reporter Mike Linn on 11/11/06), are in regards to federal prosecutors seeking leniency from U.S. District Judge Mark Fuller, on the sentences of two of their key witnesses in the Siegelman corruption trial (Siegelman's former executive secretary Nick Bailey **and** former lobbyist & landfill developer Lanny Young); **and** the attached **Ex.MA-1689** (news article by the Advertiser's reporter Mike Linn on 11/15/06), is in regards to U.S. District Judge Fuller sentencing Bailey & Young, **which shows** quoted Judge Fuller scolding Young for being "the genesis of corruption" in the Siegelman corruption case.

    **5-A-1.** By being Gov. Siegelman's executive secretary, Nick Bailey's job would have included the handling of Watson's correspondence to Gov. Siegelman, **AND WITH** U.S. District Judge Fuller being the presiding judge in his government corruption case, **is just** cause to question, **what** Bailey told Gov. Siegelman about Watson's correspondence, **and also** if Gov. Siegelman even knew about the CV-02-F-1214-N case in U.S. District Court in the above (par.2-A-1 on pages 4-5 **and** par 3-C on page 15), **in which**

32

U.S. District Judge Fuller conspired with U.S. Magistrate
Walker to obstruct justice of the demands (10/31/02) for
federal criminal prosecution, **on** the federal, state &
lawyer defendants who were conspirators in government
corruption during Gov. Siegelman's administration (**above**
par.2-A-1 on pages 4-5)**, and on** the federal district &
magistrate judges in the above (par.3-A - 3-B-1 on pages
10-14) **and also** U.S. District Judge Thompson, **see** the
statement on evidence in support of the notice of removal
on October 30,2006 **(Ex.S-DC-NR-4,** par.22 - 22-A on pages
63-65).

   **5-B.** The attached **Ex.MA-1698** (by the Advertiser's
reporter Mike Linn on 11/18/06), is in regards to a hearing
U.S. District Judge Fuller held to question the jurors in
the Siegelman corruption trial, which reported **that** the
defense attorneys said Judge Fuller didn't asked enough
questions on whether jurors discussed the trial in e-mails
which the defendants have alleged in court filings, **and
that** Assistant U.S. Attorney Steve Feaga said the
defendants weren't satisfied with the judge's questions,
"because they didn't hear what they wanted to hear."**; and**
the attached **Ex.MA-1701** (by the Advertiser's reporter Mike

33

Linn on 11/22/06), is in regards to U.S. District Judge
Fuller ruling that federal prosecutors have the burden of
showing that former Gov. Siegelman and Richard Scrushy were
not deprived of rights to a fair trial by two jurors using
copies of the indictment they downloaded from the Internet,
which was different from the indictment that the jury was
given to make its judgment from, **which** reported that
Assistant U.S. Attorney Steve Feaga said the difference in
the indictments "is such an insignificant difference that
we are confident the court will not find prejudice from
that minor variance." **and** "We're not surprised by the
ruling, but remain confident the court will decide this
issue against the defendants,"; **AND NOTE** the motion to
compel for default on October 30,2006 **(Ex.DC-M/C/DF,**
**par.15-C -15-C-1 on pages 41-42) has shown** that Assistant
U.S. Attorney Steve Feaga has criminal/civil liability to
government/citizens under the national class action
injunctive demands, **for conspiring** to obstruct federal
criminal prosecution on conspirators on July 20,1998, **which**
included obstructing federal criminal prosecution on two
federal prosecutors in Montgomery Al., **who** had conspired to
obstruct federal prosecution on conspirators (**see** par.15-A

34

thru 15-B-1 on pages 39-41 in **Ex.DC-M/C/DF**).

    **6.** Because the notice of removal on October 30,2006, removed the motion compel for recusal filed in the Lowndes CV-91-78 case on May 11,2005, **that is demanding** recusal of state judicial officials & federal justice officials who have criminal/civil liability under the national class action injunctive demands (7/13/04, 2/25/05 & 5/11/05) and civil liability under the national class action civil jury demands (2/25/05), **is why** this motion to compel for recusal is being filed **and demanding** recusal of the federal district/magistrate judges of this Court.

    **7.** Under Rule 21 of the Alabama Rules of Appellate Procedure, the parties being served in the trial court, are to be served with the documents involving a writ of mandamus filed against the trial judge and **Ex.ASC-7** attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **shows that** in addition to Watson (the petitioner) **and** Judge McFerrin (the trial judge), the Alabama Supreme Court served the following with a copy of its Order (1060172) on November 15,2006, **(1)** Hon. Troy R. King, Attorney General, **(2)** Leura Garrett Canary, Attorney, and **(3)** Jack B. Hinton, Jr., Attorney; **THE** second & third certificate of services

in the **Ex.ASC-MC** (pages 12-13) attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **shows that** in addition to U.S. Senator Shelby & U.S. Attorney Gonzales being served along with King, Canary & Hinton, the Alabama Supreme Court also knew because they were being served in trial court, Watson also served eight media; **NOTE, BECAUSE** they show that only Jack B. Hinton, Jr., Esq., and Leura Garrett Canary, Esq., were served, the **Ex,AL-DC-1** and **Ex.AL-DC-2** being attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **are copies** of the following **that** Assistant Alabama Attorney General Misty S. Fairbanks **(on behalf** of Attorney General Troy King) filed in U.S. District Court (2:06-cv-978-MEF) on November 28,2006, **(Ex.AL-DC-1)** NOTICE OF APPEARANCE that King has Fairbanks as counsel for the State of Alabama, and **(Ex.AL-DC-2)** STATE OF ALABAMA'S MOTION TO REMAND, WITH **EXHIBIT A (**copies of U.S. Magistrate Walker's Recommendation on 1/29/03 **&** U.S. District Judge Fuller's Order on 2/12/03 in the CV-02-F-1214-N case), **EXHIBIT B** (copy of U.S. District Judge Albritton's Order on 7/23/04 in the 2;04cv677-A case), and **EXHIBIT C** (copies of U.S. Magistrate Walker's Order on 3/2/05 **and** U.S. District Judge Thompson's Order on 3/15/05 in the 2:05CV179-T case);

**AND NOTE** the Alabama Supreme Court **and** the Alabama Attorney

General Office **both know** that U.S. Attorney General

Gonzales is due to be served, **BECAUSE** the motion to compel

for default on October 30,2006 **(Ex.DC-M/C/DF),** on the

federal criminal/civil injunctive demands that were

demanded of U.S. Attorney General Gonzales in the second

amendment to the amended complaint (7/13/04) on May 11,

2005, **which** includes demands for the federal grand jury

investigations in Montgomery Al. & Washington DC in the

above par.2-C on pages 8-9) **and also which** the Alabama

Supreme Court **&** the Alabama Attorney General Office know

**that** Attorney General King **&** the Justices serving on the

Alabama Supreme Court in January 2002, **are included** in the

host of state officials **that the** Montgomery Al. Federal

grand jury of citizens will have rights to indict to be

held criminally/civilly liable to government/citizens.

   **7-A.** Because of the two outstanding motions to compel

for default (2/25/05 & 5/11/05) on all the demands for

criminal/civil relief in the complaints (7/13/04 & 2/25/05)

in the above (par.2-B on pages 6-8), the second amendment

to the amended complaint (7/13/04) on May 11,2005 (par.AA-7

on page 5), **shows that** other demands for relief **that the**

motion to compel for default on October 30,2006

(**Ex.DC-M/C/DF**), is demanding U.S. Attorney General Gonzales

be held in default on having rights to oppose, **include** U.S.

Attorney General Gonzales having removed from the Lowndes

CV-91-78 case to U.S. District Court under U.S. Title 28

(§ 1442), the complaints (7/13/04 & 2/25/05) **and** Watson's

money, (**1**) for the Montgomery grand jury investigation **on**

Citizens of Alabama & United States national class action

criminal/civil injunctive demands against federal/state

officials & lawyers **that are** federal jury issues, and

(**2**) for a civil jury trial to be held on Watson's national

class action civil jury demands (2/25/05) **against** the

lawyers/partners in the two law firms, two state officials

and five federal officials in the above (c on page 7 in

par.2-B on pages 6-8); **AND NOTE** what is stated in the

**Ex.AL-DC-2** in the above (par.6) **verses** all of the above and

below on the documents that were filed/served on October

30,2006, **along with** the media exhibits in the above, **is**

providing U.S. Attorney General Gonzales **and** the eight

media with persuasive evidence of an unlawful use of a

state attorney & state taxpayers money by Alabama Attorney

General King in U.S. District Court (2:06-cv-978-MEF) on

November 28,2006, **that is** a willful fraud/conspiracy effort

for King and a host of federal/state officials & lawyers to

evade being arrested on the demands for federal bench

arrest warrants on February 25,2005, **AND BROUGHT** criminal &

civil justice by a federal jury of citizens, **for their**

engagement in racketeering conspiracy crimes of fraud being

committed on this nation's bill of rights **and** citizens

rights/interest thereunder, **in order** to defraud the State

of Alabama & its citizens of a constitutional & lawful

federal/state judicial system (criminal & civil).

    **8.** The **Ex.AL-DC-1** with **Ex.A, Ex.B** & **Ex.C** in the above

(par.7) **along with** the above (par.2 thru 3-D on pages

2-17), **show that** in U.S. District Court (2:06-cv-978-MEF)

on November 28,2006, **criminal/civil liable** Alabama Attorney

General King had a state attorney use the recommendation &

orders of the federal magistrate/district judges of this

Court as exhibits, to petition **CO-criminal/civil liable**

U.S. District Judge Fuller & U.S. Magistrate McPherson to

remand to **CO-criminal/civil liable** Judge McFerrin in the

Lowndes CV-91-78 case, **the federal claims in the** three

complaints (7/13/04, 2/25/05, 5/11/05) **and the** three

motions to compel for default (2/25/05, 5/11/05 & 10/30/06

**on the** federal demands for criminal/civil relief in the complaints on 7/13/04, 2/25/05, 5/11/05).

8-A. The **Ex.DC-NR-1, Ex.FC-19, Ex.B, Ex.C, Ex.G, Ex.BF-B, Ex.C-6, Ex.C-19, Ex.C-20, Ex.C-21, Ex.18** & **Ex.24** bound in Exhibit Pack 4 to DC-NR-4 filed in this Court on October 30,2006, are bound in Exhibit Pack 4 filed in the Alabama Supreme Court on October 30,2006, **AND THE** averments on those exhibit court records in the statement on evidence in support of the notice of removal on October 30,2006 **(Ex.S-DC-NR-4,** par.9 thru 11-A on pages 17-21 **and** par.23 thru 23-A-1 on pages 65-67) **and also** in the **Ex.ASC-R-W/M** (par.3-A thru 3-C-1 on pages 12-17 **and** par.2-B on page 27) attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **show that** Watson has exhibit court records on file in this U.S. District Court (2:06-cv-978-MEF) and in the Alabama Supreme Court (1060172), that prove to obstruct federal prosecution on the federal, state & lawyer defendants in the above (par.2-A-1 on pages 4-5) and the federal district/magistrate judges in the above (par.3-C on page 15) U.S. Magistrate Walker in U.S. District Court (CV-02-F-1214-N) on January 29,2003, **and** Judge McFerrin in Lowndes County Circuit Court (CV-91-78) on February 26,

40

2003, **engaged** in connecting/relating conspiracy falsification of what is stated in court documents **(which** includes **1-**Judge McFerrin's Orders on 2/16/96 & 2/29/96, **2-**Judge McFerrin's sworn affidavits on 8/8/98 & 1/20/99 and **3-**Judge Greenhaw's Order on 7/30/01).

   **8-B.** By having been served on October 30,2006, **with** U.S. Magistrate Walker's above (par.8-A) conspiracy falsification in her Recommendation (CV-02-F-1214-N) on January 29,2006, the Alabama Attorney General Office was well aware of the conspiracy falsification therein, **BEFORE** filing that recommendation as **Ex.A** in U.S. District Court (2:06-cv-978-MEF) on November 28,2006 (**SEE** above page 36 in par.7 on pages 35-37).

   **8-C.** The **Ex.MA-1702** (by the Associated Press on 11/27/06) in the above (par.4 on pages 17-18 **and** par.4-D on pages 20-21), also reported **that in an** interview with the Birmingham News on its investigation on that hiring on King's requests, King told the News that he would step aside on that investigation; **AND NOTE** the **Ex.ASC-R-W/M** (par.4 on page 23) attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **show that** the Alabama Supreme Court is aware that the revised notice of removal being

41

filed today in U.S. District Court (2:06-cv-978-MEF), is
re-petitioning the eight media, **to use** the purposes of
having a free press under the First Amendment and Freedom
Information Act, **as a means** to protect/serve citizens
rights/interests to due process of law on the connecting &
related demands for criminal and/or civil relief, being
demanded in the Alabama Supreme Court (1060172) **and** U.S.
District Court (2:06-cv-978-MEF); **AND ALSO** that the
Justices should review the averments on media exhibits in
this motion.

    **9.** Because they show that Jack B. Hinton, Jr. only
served Assistant Alabama Attorney General Fairbanks,
**Ex.H-DC-1** & **Ex.H-DC-2** are being attached to the
**Ex.R-DC-NR-4** in the above (par.1 on page 2), **which** are
copies the following Hinton of the Gidiere Law Firm filed
as the Beasley Firm's lawyer in this Court (2:06-CV978-MEF)
on November 29,2006: **(Ex.H-DC-1)** motion to dismiss or in
the alternative to remand, **which shows** stated this case is
the fourth time Watson has removed complaints from the
Lowndes CV-91-78 case, **which** Hinton claimed was in
violations of the Federal Rules of Civil Procedure **and also**
that Watson's actions are barred by res judicata **&**

collateral estopped; and **(Ex.H-DC-2)** defendants opposition

to plaintiff's motion to compel (Document 4), **which** Hinton

claimed U.S. District Court did not have jurisdiction of,

**and also** are barred by res judicata & collateral estopped,

**AND** the last page of the **Ex.NR-4-CD-1** in the above (par.2

on page 2), **shows that** the motion to compel Hinton is

trying to have expunged, is the motion to compel for

default on October 30,2002 (**Ex.DC-M/C/DF** in the above

par.2-C on pages 8-9), **that includes** U.S. Attorney General

Gonzales ordering the Montgomery Al. grand jury

investigation **in which** the above (par.2-A-1 on pages 4-5)

**shows that** Hinton of the Gidiere Firm is aware **includes** the

Beasley Firm partners **and also** the Gidiere Firm partners

being indicted to be held criminally/civilly liable to

government/citizens under Citizens of Alabama & United

States national class action injunctive demands (7/13/04,

2/25/05 & 5/11/05); **AND NOTE** all of the above (par.2 thru

8-B on pages 2-41) **shows that criminal/civil** liable Hinton

is aware his actions in federal court on November 29,2006,

is a conspiracy effort in federal court to have

**CO-criminal/civil liable** U.S. District Judge Fuller & U.S.

Magistrate McPherson, **to expunge** all the federal/state

43

officials & lawyers criminal & civil liability in this
national class action criminal/civil injunctive/civil jury
case, **that is connected** to the similar conspiracy effort in
this Court on November 28,2006 (**above** par.8 thru 8-B on
pages 39-41).

   **10.** The **Ex.MA-943** (editorial by the Advertiser's
Executive Editor Wanda Lloyd on 6/5/05) in the above (par.4
thru 4-A on pages 17-18), **shows that** the Advertiser prints
the following on its editorial page each day: **First
Amendment** "Congress shall make no law respecting an
establishment of religion or prohibiting the free exercise
thereof; <u>or abridging the freedom of speech, or the press;</u>
<u>or the right of the people peaceably to assemble, and to</u>
<u>petition the Government for redress of grievances</u>."; **AND
NOTE** you would think that this nation's founders intended
for its citizens under the First Amendment, **to have** free
speech rights to state facts in a petition to government
for redress of grievances against government officials.

   **10-A.** The **Ex.ASC-6**, **Ex.ASC-MC** & **Ex.ASC-7** attached to
the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **show that**
the Alabama Supreme Court limited Layman Petitioner Watson
to 30 pages to show the extent of federal/state officials &

lawyers fraud, conspiracy and racketeering in this national class action criminal/civil injunctive/civil jury case; **AND** the **Ex.ASC-R-W/M** attached to the **Ex.R-DC-NR-4** in the above (par.1 on page 2), **shows that** the writ of mandamus (1060172) being filed today, is 30 pages **and also** that in the four statement sections of the mandamus, **(pages 6-19)** STATEMENT OF FACTS section, **(pages 20-23)** STATEMENT ON THE ISSUES BEING PRESENTED section, **(pages 24-27)** STATEMENT OF WHY WRIT SHOULD ISSUES section, and **(page 28)** STATEMENT OF CIRCUMSTANCES CONSTITUTING GOOD CAUSE section, **show that** on behalf of himself **and** the national class action injunctive demanding Citizens of Alabama & United States, Layman Petitioner Watson has shown sufficient evidence on Judge McFerrin & federal justice officials fraud/conspiracy **and** quoted enough law on fraud & conspiracy, **that demands** the relief being demanded (see par.2 - 2-A on 20-21); **AND NOTE** the above (par.8 - 9 on pages 39-44) **has shown** the connecting conspiracy scams on citizens First Amendment Rights in U.S. District Court (2:06-cv-978-MEF), **that** CO-criminal/civil liable Alabama Attorney General King **and** CO-criminal/civil liable attorney Hinton of the Gidiere Firm, are trying to pull-off.

**10-B.** The above (par.2-B on pages 6-8) **verses** all of the above, **shows** the court documents & exhibits that Watson is providing the media today, **along** with the court documents & exhibits that Watson provided the media on October 30, 2006, **has provided** the media with proof that state officials of Alabama, federal justice officials in Montgomery Al. & Washington DC, **and** U.S. Senator Shelby, **have conspired** to keep all the other federal legislators in the U.S. Congress, **from** being informed about their First Amendemant constitutional duties to the Citizens of Alabama & United States under the federal legislative demands in the national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05), **to bring** an end to federal justice officials in Montgomery Al. & Washington DC, conspiring with state officials of Alabama and lawyers **to defraud** citizens of their First Amendment rights to petition government for redress of grievances, **against** government officials for conspiring with lawyers in the courts to enforce unconstitional law on citizen's complaints, **against** government officials & lawyers for conspiring in the courts to enforce unconstitutional law.

46

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

ADDRESS

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

## FIRST CERTIFICATE OF SERVICE

I hereby certify that copies of this federal motion to compel **and** the attached exhibits were served the following parties by U.S. Mail on December 4, 2006.

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC   20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Teddy A. Watson

47

## SECOND CERTIFICATE OF SERVICE

I hereby certify that copies of this federal motion to compel for recusal **and** the attached exhibits were served to the following media by  U.S. Certified Mail on December 4, 2006.

Associated Press reporter Phillip Rawls
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

Executive Editor Wanda Lloyd
Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

News Director of WSFA TV (NBC)
12 E Delano Avenue
Montgomery, Alabama 36105

News Director, WAKA TV (CBS)
3020 Eastern Boulevard
Montgomery, Alabama 36116

Editor, Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

Editor, Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

News Director, WBRC TV (FOX)
1720 Valley View Drive
Birmingham, Alabama 35209

News Director, CNN Headline News
One CNN Center
Atlanta, Georgia 30303

Teddy A. Watson

48

*EXHIBIT NR-4-C0-1*

## U.S. District Court
## Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00978-MEF-VPM
## Internal Use Only

Watson v. Beasley et al
Assigned to: Hon. Chief Judge Mark E. Fuller
Referred to: Honorable Vanzetta P. McPherson
Case in other court: Circuit Court of Lowndes County,
                    CV-91-00078
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 10/30/2006
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

### Plaintiff

**Teddy A. Watson**
*on behalf of himself, citizens of*
*Alabama & citizens of the United*
*States*

represented by **Teddy A. Watson**
4362 Eastmont Drive
Montgomery, AL 36109
(334) 272-6252
PRO SE

V.

### Defendant

**Jere L. Beasley**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
Gidiere, Hinton, Herndon &
Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
334-834-9950
Fax: 334-834-1054
Email: dawn@ghhclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**J. Greg Allen**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Michael J. Crow**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas J. Methvin**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. Cole Portis**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Miles, III**
*of the Beasley Law Firm*

represented by **Jack B. Hinton, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Philip S. Gidiere, Jr.**
*of the Gidiere Law Firm*

**Defendant**

**Jack B. Hinton, Jr.**
*of the Gidiere Law Firm*

**Defendant**

**Steven K. Herndon**
*of the Gidiere Law Firm*

**Defendant**

**State of Alabama**

represented by **Troy Robin King**
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
334-242-7300
Fax: 334-242-4891
Email: msimpson@ago.state.al.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**

represented by **Leura Garrett Canary**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197

334-223-7280
Fax: 223-7560
Email: leura.canary@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2006 | 1 | NOTICE OF REMOVAL (w/attachments) by Teddy A. Watson ( Filing fee $ 350.00 receipt number 112025) (Attachments: # 1 amendment to the amended complaint on 7/13/2004# 2 corrective copy of amended complaint filed on 7/13/2004# 3 second amendment to the amended complaint on 7/13/04# 4 Note - re: Exhibits)(vma, ) (Entered: 10/31/2006) |
| 10/30/2006 | | DEMAND for Trial by Jury by Teddy A. Watson. (No PDF attached; contained within doc. 1 - Notice of Removal)(vma, ) (Entered: 10/31/2006) |
| 10/30/2006 | | AMENDMENT TO the Amended COMPLAINT (w/jury demand) on 7/13/04 against all defendants, filed by Teddy A. Watson.(No PDF attached; contained within doc. 1)(vma, ) Modified on 10/31/2006 - to show jury demand (vma, ). (Entered: 10/31/2006) |
| 10/30/2006 | | CORRECTIVE COPY OF AMENDED COMPLAINT (w/Jury Demand) FILED ON 7/13/04 against all defendants, filed by Teddy A. Watson.(No PDF attached; contained within doc. 1)(vma, ) (Entered: 10/31/2006) |
| 10/30/2006 | 2 | NOTICE of filing Notice of Removal by Teddy A. Watson (vma, ) (Entered: 10/31/2006) |
| 10/30/2006 | 3 | STATEMENT ON EVIDENCE in Support re 1 Notice of Removal, filed by Teddy A. Watson. (vma, ) (Entered: 10/31/2006) |
| 10/30/2006 | 4 | MOTION to Compel by Teddy A. Watson. (vma, ) (Entered: 10/31/2006) |

**THURSDAY**
*May 18, 2006*
*Montgomery*
*Edition*
*50 cents*

# Young details payoffs

### By Mike Linn
Montgomery Advertiser
mlinn@gannett.com

A convicted lobbyist testified Wednesday he gave former Gov. Don Siegelman and his staff tickets to a NASCAR event, a motorcycle, a BMW and cash so he could earn millions of dollars in state contracts.

In his second day of testimony, Lanny Young said there was an agreement between him and Siegelman's office to swap gifts, campaign contributions and cash for political favors.

The arrangement was with Siegelman, his former chief of staff Paul Hamrick and aide Nick Bailey, who all tried to cover their tracks following a 2001 state investigation into the governor's office, Young said.

Among the many gifts were tickets for 18 seats at the Talladega Superspeedway, a Honda motorcycle for Siegelman and a $25,000 BMW automobile for Hamrick.



Rob Carr AP

Lanny Young enters federal court Wednesday in Montgomery.

"(They) wanted me to do well on all my projects because then they would have access to money," said Young, who has pleaded guilty to bribing public officials.

Defense attorneys will have the opportunity to discredit Young on Day 13 in the government's case against Siegelman, Hamrick, former state transportation director Mack Roberts and former Health-South CEO Richard Scrushy.

Young's testimony generally corroborated that of Bailey, who testified against Siegelman two weeks ago for a reduced sentence for his role in the alleged conspiracy.

Defense attorneys say both men are liars.

"He's a crook. He's a scam artist," Siegelman said of Young.

In an official state letter dated Dec. 19, 2000, Siegelman admitted to accepting at least one gift from Young.

Prosecutors tried to tie the letter to a $5,324 four-wheeler Young bought Siegelman's son at what Young said was the former governor's request.

Siegelman said after court that the note was to thank Young for a Christmas basket and bottle of wine. The four-wheeler wasn't delivered until eight days after the note was written, Siegelman said.

Young also said Siegelman signed on to a corrupt deal to issue a $21 million bond to build a warehouse in which Young was the silent director with no experience.

Young said he would have earned at least $1.6 million if it weren't for a 2001 story in the *Mobile Register* that exposed the company, G. H. Construction, as a fraud.

After the article was published, the Ala-

*Young Page 2A*

## Young: Gift alleged

**From Page 1A**

bama attorney general's office began investigating the governor's office and the project never got off the ground.

Young also testified that Roberts and toll bridge developer Jim Allen were at Siegelman's campaign headquarters within three days of the 1998 governor's election.

He testified that Siegelman said, "If they want the highway director's job, they better have a sack full of money."

Siegelman is accused of accepting $40,000 from Allen to make Roberts the highway director.

On the day that happened, Young cautioned Siegelman that the appointment might be unpopular.

Siegelman's response: "I made a deal with Jim Allen. I'm going to keep it," Young testified.

---

## Montgomery Advertiser

Thursday, May 18, 2006   **WASHINGTON**   7A

# D.C. briefing

▶ DOMESTIC SPYING

## Briefings on NSA approved

WASHINGTON — National Intelligence Director John Negroponte declassified a list of 30 congressional briefings the Bush administration said have been held since the National Security Agency began its no-warrant surveillance program after the Sept. 11 attacks.

Half of the briefings took place between Oct. 25, 2001, and the public disclosure of the program this past December, according to a document provided to The Associated Press on Wednesday. The remaining 15 occurred over the past five months and included an expanded group of lawmakers who were told of the program's operational details.

The administration has agreed to brief the full House and Senate intelligence committees on the NSA's surveillance activities, reversing course after five months.

### UPDATE

**House ethics panel approves first Abramoff-related probe:** The House ethics committee on Wednesday opened investigations of Rep. Bob Ney, R-Ohio, who had strong ties to convicted lobbyist Jack Abramoff and accepted favors from him. Also under investigation is Rep. William Jefferson, D-La., who had ties to contractors who pleaded guilty to bribing him.

---

Monday, May 22, 2006

4A   **WASHINGTON**

# D.C. briefing

▶ ALBERTO GONZALES

**Attorney general says reporters can be prosecuted:** Attorney General Alberto Gonzales said Sunday he believes journalists can be prosecuted for publishing classified information, citing an obligation to national security.

## Montgomery Advertiser

Exhibit DIA-1392

48 **TRI-COUNTY**   Wednesday, June 7, 2006

# 2 federal judges announce resignations

**By Mike Linn**
Montgomery Advertiser
mlinn@gannett.com

Two federal judges in Montgomery will resign from their posts by the end of the year, according to a news release from U.S. District Court.

U.S. Magistrate Judges Delores R. Boyd and Vanzetta Penn McPherson announced Friday they would resign to pursue other interests and challenges, according to statements issued late Tuesday afternoon.

"My announced resignation reflects my fervent desire for the time and independence to pursue the next phase of my personal growth and professional challenges," said Boyd, who served as the presiding judge of the Montgomery Municipal Court before her appointment to the federal bench in 2001.

Boyd's resignation takes effect Dec. 31.

McPherson, who has been on the bench since 1992, said in a statement she wishes to pursue

other interests but plans to remain active in public life. Her resignation takes effect Oct. 31.

McPherson wasn't available Tuesday to comment further.

A woman who answered the phone in Boyd's office said the judge doesn't speak to the media.

Chief U.S. District Judge Mark Fuller said both judges will be missed.

"A loss of either of these great judges would be, in and of itself, a tremendous loss to the court," Fuller said in a news release. "So it goes unsaid that the loss of both Judge McPherson and Judge Boyd will be deeply felt by the court. They have honorably served their profession, this court, and their country."

Four magistrate judges work in Montgomery's federal courthouse.

The court will appoint a merit selection committee to make recommendations for filling the vacancies of Boyd and McPherson.

District judges supervise the activities of the magistrate judges by assigning civil cases for jury or non-jury trial upon consent of the parties and for pretrial matters.

Similarly, criminal cases are assigned to magistrate judges on the consent of the parties, except for the trial of felony cases, according to the Federal Magistrate Judges Association Web site.

# 3B
**Friday**
June 9, 2006

# Prosecution rests
# in Siegelman corruption trial

**By Bob Johnson**
The Associated Press

The prosecution rested its case Thursday in the government corruption trial of former Gov. Don Siegelman and three others after attempting to show during 27 days of testimony that bribes often drove state business deals in his administration.

After chief prosecutor Louis Franklin rested the government case, U.S. District Judge Mark Fuller sent jurors home for the remainder of the day so that he can hear motions from defense attorneys asking him to drop the charges.

Both sides were claiming victory as prosecutors completed presentation of their voluminous case.

"This case has been a total fail-

ure by the government," said Siegelman's attorney, Vince Kilborn.

Franklin said he thought prosecutors had proven that Siegelman used the governor's office to operate a criminal enterprise.

Prosecutors say government favors were traded for gifts and campaign contributions in a conspiracy that spanned from 1995 to 2003, while Siegelman was governor and lieutenant governor.

Defense lawyers say the federal government's case has been built on the claims of scam artists who lined their own pockets at state expense and are lying about the actions of Siegelman and others to get lighter sentences.

Also on trial are Siegelman's former chief of staff, Paul Hamrick, Siegelman's former transportation director, Mack Roberts, and former HealthSouth CEO Richard Scrushy.

EXHIBIT USA-11

USA TODAY · WEDNESDAY, SEPTEMBER 20, 2006 · 3A

## Nation

# Federal judges get new disclosure rules

### At issue: Attendance at sponsored events

By Joan Biskupic
USA TODAY

WASHINGTON — The nation's federal judges will be required to disclose their attendance at corporate-sponsored seminars within 30 days of such programs, under rules approved Tuesday by the Judicial Conference of the United States.

The conference, the policymaking arm of the federal judiciary, also voted to require judges to use computer software that identifies cases in which a judge might have a conflict of interest and should not participate.

The moves are designed "to maintain public confidence in the system," said U.S. District Judge Thomas Hogan, a member of the 27-judge conference. He said it was important to have "transparency" in judges' off-bench activities.

Separately Tuesday, Chief Justice John Roberts released the results of a two-year study on how court circuits handle complaints of judicial misconduct. The study, led by Justice Stephen Breyer, found that about 30% of certain "high-visibility" claims — those that had been subject to considerable media attention — had been mishandled. The study recommended ways for judges to improve responses to such complaints.

The actions apply to all 875 life-tenured federal judges except the nine-member Supreme Court, which is ex-empt from the Judicial Conference rules but generally bound by ethical canons. The moves come as judges have been subject to increasing complaints on a range of matters. Among them: whether judges are sufficiently vigilant about possible conflicts of interests or appearances of impropriety in accepting privately financed travel, and whether they are policing their own.

Critics have included members of Congress — notably House Judiciary Chairman F. James Sensenbrenner, R-Wis., who has proposed that an "inspector general" be created for the judiciary to investigate waste, fraud and ethical violations.



USA TODAY

**Breyer:** Studied misconduct probes.

Among outside groups that have been most critical of judges is the Community Rights Counsel, which has questioned whether some judges have been influenced by corporate-backed outings.

The Judicial Conference's most significant action was requiring judges to disclose their attendance at privately financed seminars within 30 days of a program, rather than waiting to do so on their annual financial disclosure filings. The conference said judges may attend such seminars only when sponsors have made public the companies and other sources supporting them, the topics to be covered and the names of the speakers.

*Montgomery Advertiser*

EXHIBIT MA-1638

# Alabama 3B

**Thursday**
*Oct. 26, 2006*

# Hearing set on Siegelman jury contact

**By Bob Johnson**
The Associated Press

A federal judge has scheduled a hearing for next week on whether there was illegal contact with one of the jurors who convicted former Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy on government corruption charges.

Attorneys for Siegelman and Scrushy have asked U.S. District Judge Mark Fuller to grant Siegelman and Scrushy a new trial because of allegations that at least three jurors discussed the case through e-mail messages during the trial, in violation of the judge's orders.

Their motion seeking a new trial quoted from a signed affidavit by one of the jurors who said information that apparently came from the Internet was discussed during jury deliberations. He also said he felt pressured by the judge to reach a verdict.

Fuller's order scheduling a hearing for 9 a.m. Oct. 31 does not mention the motion for a new trial, but instead says he will conduct "an evidentiary hearing on issues relating to possible post-trial contact with Juror No. 5." The order does not name Juror No. 5.

In a response to the motion for a new trial, prosecutors had questioned whether defense attorneys had personal contact with at least one of the jurors since the trial, in violation of a local court rule that prohibits attorneys or prosecutors from interrogating jurors concerning the basis for their verdict.

The judge's order asks Siegelman and Scrushy to attend the hearing.

One of Scrushy's attorneys, former state Supreme Court Justice Terry Butts, said he's not sure what will be discussed at the hearing but said he views it as a positive sign.

"It will give us a chance to further communicate openly in court with the judge," Butts said.

"We'll be happy to answer any qeustions the judge has along those lines," said Siegelman attorney Vince Kilborn.

He said "absolutely not" when asked if defense attorneys have had any illegal contact with jurors.

Kilborn said he hopes to get an opportunity at the hearing to further explain the motion for a new trial.

**Montgomery Advertiser**

*EXHIBIT MA-1673*

# Alabama 3B

**Tuesday**
*Nov. 7, 2006*

# Hearing ordered on Siegelman jury

**By Bob Johnson**
The Associated Press

A federal judge has scheduled a hearing Nov. 17 to determine if jurors who convicted former Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy considered information from the Internet or other outside sources during deliberations.

U.S. District Judge Mark Fuller said in an order Monday that he decided to call the hearing based on testimony of "Juror No. 5" that members of the jury considered evidence from outside sources, including the Internet, in violation of his instructions.

But Fuller said Siegelman and Scrushy have not presented enough evidence yet to cause him at this time to grant a new trial. He also denied motions by Siegelman and Scrushy to order jurors to preserve computers and e-mail records.

"The court is unwilling, at this time, to find that defendants have shown they are entitled to a new trial on their motion and submissions in support of the motion alone," Fuller said in his order.

Charlie Stanford of Ozark, who previously has been identified as "Juror No. 5," testified in a hearing last week that he wrote two affidavits about juror conduct. Citing his claims, Siegelman and Scrushy have asked for a new trial, saying that jurors improperly communicated with one another by e-mail during the trial.

Fuller had said the purpose of last week's hearing was to determine if there was illegal contact with Stanford in the obtaining of the affidavits. A local federal court rule prevents attorneys for either side from contacting jurors after a trial, without the permission of the judge, for the purpose of challenging the verdict.

Siegelman and Scrushy were convicted in June on bribery and conspiracy charges. Siegelman also was convicted on a separate obstruction of justice charge.

Siegelman attorney Vince Kilborn said he believes Fuller will call jurors to testify at the hearing.

"I am tickled to death," said Kilborn.

He said it's good news for the defense that the judge decided to investigate claims that jurors considered outside information in jury deliberations. During the trial, jurors were told by Fuller to only consider testimony that came from the witness stand and items admitted as evidence.

In the order, Fuller said his decision to hold the hearing was based mostly on the testimony and affidavits from Stanford.

"The court finds that Siegelman and Scrushy have made colorable showing of extrinsic influence on the jury sufficient to warrant a further inquiry by the court," the opinion said.

*Montgomery Advertiser*

EXHIBIT MA-1680

# 3B Alabama 3B

**Friday**
*Nov. 10, 2006*

**Saturday**
*Nov. 11, 2006*

## CORRUPTION TRIAL

# Prosecutors seek leniency for witnesses

The Associated Press

 

**Bailey** **Young**

Federal prosecutors say two key witnesses whose testimony helped convict former Democratic Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy have cooperated with the government and should be shown some leniency when they are sentenced.

Former Siegelman aide Nick Bailey and former lobbyist and landfill developer Lanny Young are scheduled to be sentenced by U.S. District Judge Mark Fuller on Tuesday.

Prosecutors filed motions Wednesday asking Fuller to sentence Bailey to 12 months and one day and Young to 30 months, lighter terms than they could receive based on federal sentencing guidelines.

The *Press-Register* reported Thursday that those sentences also are considerably lighter than the recommendation from federal probation officials — three years for Bailey and five years for Franklin.

Montgomery-based Assistant U.S. Attorneys Louis Franklin and Steve Feaga wrote that both witnesses had "provided complete information to the government."

During the trial, the defendants and their lawyers accused Bailey and Young of lying on the stand in an effort to stay out of prison or reduce their jail time.

"This proves that point in spades," Siegelman attorney Vince Kilborn said Thursday. "What government is recommending is hardly a sentence at all. It's more like a pat on the back."

Fuller could stick with the advisory guidelines. But he also could sentence the defendants to substantially more time than called for in the probationary report or he could issue sentences lower than those recommended by the prosecution.

Siegelman and Scrushy are seeking a new trial, arguing that jurors communicated with each other by e-mail during the trial and that outside information was considered by jurors during deliberations. Kilborn said if a new trial is granted, defense attorneys will use the light sentences for Bailey and Young against prosecutors.

## CORRUPTION CASE

# Attorney says client should get probation

**By Mike Linn**
Montgomery Advertiser
mlinn@gannett.com

A key witness whose testimony helped convict former Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy should get probation instead of the recommended year in prison, the defendant's attorney said Friday.



**Bailey**

George Beck Jr. said his client, former Siegelman aide Nick Bailey, has cooperated fully with the government, testified against defendants in three criminal trials and therefore should stay out of prison.

"This has been going on for over 40 months, and he's cooperated in every way that he can," Beck said. "He's assisted the government in several trials. We're going to ask for straight probation or home confinement."

Bailey, Siegelman's former executive secretary who pleaded guilty to conspiracy, will be sentenced Tuesday along with former lobbyist and landfill developer Lanny Young, another key witness who testified against Siegelman at his public corruption trial earlier this year.

The government wants U.S. District Judge Mark Fuller to sentence Bailey to 12 months and a day and Young to 2½ years because they cooperated with the government, according to court papers filed last week.

Stephen R. Glassroth, Young's attorney, said he would argue on Young's behalf in court Tuesday but declined comment on what he thought of the government's recommendation.

Siegelman attorney Vince Kilborn was unavailable for comment late Friday afternoon but called the government's recommendation "hardly a sentence at all" in an interview Thursday with The Associated Press.

"It's more like a pat on the back," he said.

Fuller will have a lot of flexibility in his sentence — he can give less than what the prosecution recommend or more than what probation officials recommend.

Bailey also testified in 2003 against state Sen. Roger Bedford and in 2004 against Siegelman and Dr. Phillip Bobo of Tuscaloosa, who was accused of offering a bribe to win a Medicaid contract.

Judges tossed both cases for lack of evidence.

*The Associated Press contributed to this report.*

*Montgomery Advertiser*

EXHIBIT MA-1689

# Alabama

**3B**
Wednesday
*Nov. 15, 2006*



**Young**



**Bailey**

# Witnesses sentenced to prison

**CORRUPTION CASE**

By Mike Linn
Montgomery Advertiser
mlinn@gannett.com

Two key witnesses who helped convict former Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy will serve more prison time than prosecutors recommended, a federal judge ruled at a sentencing hearing Tuesday.

Siegelman aide Nick Bailey was sentenced to 18 months and former lobbyist Lanny Young to 24 months for their role in a public corruption conspiracy to exchange bribes for official state acts.

At a sentencing hearing in federal court in Montgomery, prosecutors asked U.S. District Judge Mark Fuller to sentence Bailey to a year and a day and Young to 18 months.

Prosecutors initially wanted Young to serve 30 months, but gave a reduced recommendation after agreeing his financial gain from the conspiracy was less than originally calculated. Fuller praised both men for testifying with candor at trial, but said a lesser sentence for either defendant would be insufficient.

Fuller told Young to report to prison by Jan. 9 and fined him $25,000. Bailey is supposed to report to prison by April 17, although that date is flexible because Bailey still is helping prosecutors on other criminal cases.

Fuller also said prosecutors can request further reduction of Bailey's sentence after he completes his cooperation.

Both men testified at the public corruption trial of Siegelman, Scrushy and two others in return for reduced sentences.

A federal jury convicted Siegelman and Scrushy of bribery and related charges in June. The jury agreed that Scrushy contributed $500,000 to Siegelman's failed lottery campaign, and in return Siegelman appointed Scrushy to an influential hospital regulatory board.

Citing potential jury misconduct, Siegelman and Scrushy have asked for a new trial.

Fuller will interview jurors at a hearing Friday to determine

**Prison** Page 5B

# Prison: Judge scolds Young for being 'the genesis of corruption'

From Page 3B

whether jurors inappropriately brought outside materials into the jury room, as one juror has described in an affidavit Siegelman's attorneys have filed.

At sentencing, Bailey apologized to members of Siegelman's administration "whose hard work was overshadowed by our bad deeds."

Four people testified on Bailey's behalf and told Fuller incarceration wouldn't be a proper punishment.

They testified that Bailey underwent severe distress because of the high-profile case and trial, where he was subjected to the longest round of cross-examination Fuller said he's ever witnessed.

"In over 30 years practicing law, without a doubt I've seen more contrition and remorse from Nick Bailey than anyone else," said Birmingham attorney Charlie Waldrep, a friend of Bailey. "He's gone through the worst levels of 'Dante's Inferno.'"

Young's attorney, Stephen Glassroth, said his client should serve no more than 14 months in prison because of his extraordinary cooperation with the government.

While Fuller agreed Young's cooperation was extraordinary, he called Young's criminal acts despicable.

"You were the genesis of corruption for many of the younger members of the Siegelman administration," Fuller said.

Restitution for both men will be determined at a later date.

*Montgomery Advertiser*

EXHIBIT MA-1698

**CORRUPTION TRIAL**

# Jurors admit using Web

### By Mike Linn
Montgomery Advertiser
mlinn@gannett.com

# Alabama 3B

**Saturday**
*Nov. 18, 2006*

Assistant U.S. Attorney J.B. Perrine, though, said after court that the jurors' actions made them more conscientious, which if anything aided the defendants.

"There's no prejudice whatsoever from what they did," he said.

Scrushy and Siegelman, who are seeking a new trial, were found guilty of

Jurors Page 2B

Jurors who convicted former Gov. Don Siegelman and former HealthSouth CEO Richard Scrushy testified Friday in a fact-finding hearing and prosecutors said no evidence was given that warrants a new trial.

U.S. District Judge Mark Fuller called the fact-finding hearing to investigate allegations that jurors brought outside materials into court during the nine days of deliberations.

Jury foreman Sam Hendrix, referred to as juror No. 7 in court, testified he printed the criminal indictment from his home, studied it during the weekend and brought it to court to help guide discussions for a few days during the first full week of deliberations.

Katie Langer, or juror No. 40, said she downloaded the criminal indictment, which was on Montgomery U.S. District Court's Web site, and scanned it the first weekend of deliberations but never brought it into court.

Siegelman attorney David McDonald argued that the indictment on the Web site was not the same indictment given to jurors in the jury room because it included two counts that had been dropped against Siegelman and Scrushy.

"Now we have two jurors who have studied indictments that are substantially different than what was in the jury room," he said.

# Jurors:
# Defense attorneys unsatisfied with judge's questions

From Page 3B

bribery and related charges June 29. The jury agreed Scrushy contributed $500,000 to Siegelman's failed lottery campaign, and in return Siegelman appointed Scrushy to an influential hospital regulatory board.

Siegelman also was found guilty of an obstruction of justice charge unrelated to the scheme with Scrushy.

Friday's hearing, conducted solely by Fuller, prompted defense attorneys to ask Fuller to seek more information, including search trails from the Internet Service Providers for the two jurors.

Defense attorneys also said Fuller didn't ask enough questions, including whether jurors discussed the trial in e-mails, as defense attorneys have alleged in court filings.

Assistant U.S. Attorney Steve Feaga, though, said the defendants weren't satisfied with the judge's questions because they didn't hear what they wanted to hear.

Fuller questioned six jurors in the morning and the remaining six after lunch.

He called the hearing because one of the jurors alleged in an affidavit that jurors brought Internet information to court, in violation of a judge's orders.

The juror, Charlie Stanford, referred to as juror No. 5 in court, essentially recanted his own affidavit Friday when he said nobody brought outside information into the jury room.

Art Leach, one of Scrushy's attorneys, said the discrepancy shows he didn't understand Fuller's questions.

But in an interview outside court, Acting U.S. Attorney Louis Franklin said Stanford's change of testimony is more suspicious than anything.

"I think it thickens the cloud of suspicion surrounding the whole creation of the affidavit," Franklin said. "When not being led and scripted, he just told the truth."

Defense attorneys said they had wanted the judge to ask more questions of the jurors, particularly juror No. 66.

That juror testified foreman Hendrix said he had researched on the Internet the employment history of one of the two co-defendants who were acquitted. Another juror, No. 30, testified that Langer mentioned during the trial that the testimony was published on a news Web site, although he couldn't confirm whether or not she had read the testimony.

Juror No. 38 testified Hendrix told other jurors that they could read the court proceedings on a television station Web site, although no juror testified they read or studied news accounts of the trial until after it ended.

*Exhibit MA-1701*

# Montgomery Advertiser

**WEDNESDAY**
*Nov. 22, 2006*
*Montgomery*
*Edition*
*50 cents*

# Prosecutors now on hot seat

**By Mike Linn**
Montgomery Advertiser
milinn@gannett.com

Law professors say a judge's ruling that jurors were exposed to extraneous evidence could mean trouble for prosecutors trying to close the book on former Gov. Don Siegelman and ex-HealthSouth CEO Richard Scrushy.

In Monday's ruling, U.S. District Judge Mark Fuller said the government must prove that two jurors who downloaded copies of the criminal indictment from the U.S. District Court's Web site didn't prejudice the jury's decision to find Scrushy and Siegelman guilty of bribery and conspiracy in June.

Assistant U.S. Attorney Steve Feaga contends the misconduct was harmless.

Siegelman's attorney, Vince Kilborn, said the jurors' actions tipped the scales in favor of the prosecution, violating the defendants' right to a fair trial.

Peter Henning, a law professor and white-collar crime specialist at Wayne

## CORRUPTION TRIAL

State University Law School in Detroit, said since the burden has shifted to the government "the assumption now is that there may well be a miscarriage of justice."

"This is clearly a judge that is troubled by what happened," Henning said. "Now you have a real road block in the way. Is it an uphill battle? It's certainly one (prosecutors) don't want to have to fight."

Pam Bucy, a law professor at University of Alabama who has followed the case, said the fact jurors testified Friday that their decision wasn't influenced by outside materials helps the government significantly.

"It seems like it's going to be fairly simple for the government to show that it was a harmless prejudice," she said.

Jurors Katie Langer and Sam Hendrix testified they each downloaded a copy of the criminal indictment at



**Siegelman**     **Scrushy**

home, and Hendrix testified he brought his copy into the jury room for a few days to guide deliberations.

The downloaded indictment included one count against both Siegelman and Scrushy that was dismissed after trial and not included in the indictment in the jury room.



**Langer**

Fuller dropped counts that Siegelman and Scrushy aided and abetted each other in a bribery scheme, saying the government incorrectly multiplied similar counts.

Feaga said the difference in the indictments "is such an insignificant difference that we are confident the court will not find prejudice from that minor variance."

"We're not surprised by the ruling, but remain confident the court will decide this issue against the defendants," he said.

But Siegelman's attorney said it would be "close to impossible" to prove jurors were not prejudiced by reading an incorrect indictment.

"When you have that scale of justice tilted slightly in favor of the government it's not fair," he said. "The ship doesn't have to sink. As long as that ship has a leak, it's not fair. This ship had a leak, and it's not fair when somebody's life is on the line."

Bob Dekle, a legal skills professor at the University of Florida Levin College of Law, said he agreed with Kilborn, to an extent.

"The fact is the jurors saw something the judge specifically ordered they not see," he said. "I'm having trouble coming up with an answer to that one, but I may not be as smart as the federal prosecutors."