# EXHIBIT R-DC-NR-4

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC -4 P 2: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| TEDDY A. WATSON ON BEHALF OF HIMSELF, CITIZENS OF ALABAMA CITIZENS OF THE UNITED STATES | * * * | |
| | * | |
| Plaintiffs/Defendants, | * | |
| | * | |
| vs. | * | CASE NO.2:06-cv-978-MEF |
| | * | |
| JERE L. BEASLEY, | * | WITH |
| J. GREG ALLEN,      * | * | DEMANDS |
| MICHAEL J. CROW, | * | FOR |
| THOMAS J. METHVIN, | * | "JURY TRIAL" |
| J. COLE PORTIS & | | "INJUNCTION RELIEF" |
| DANIEL MILES, III, | | "NATIONAL CLASS ACTION STATUS" |
| OF THE BEASLEY LAW FIRM, | | |
| | * | |
| PHILIP S. GIDIERE, JR., | * | |
| JACK B. HINTON, JR. & | * | |
| STEVEN K. HERNDON | * | |
| OF THE GIDIERE LAW FIRM, | * | |
| | * | |
| STATE OFFICIALS OF ALABAMA, | * | |
| | * | |
| FEDERAL OFFICIALS OF THE UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendants/Plaintiffs | * | |

**REVISED NOTICE OF REMOVAL**

This revised notice of removal is being filed by Layman

Pro Se Plaintiff/Defendant Teddy A. Watson, on behalf of

himself, the Plaintiff/Defendant Citizens of Alabama, and

the Plaintiff/Defendant Citizens of the United States:

**1.** This revised notice of removal is printed as **EXHIBIT**

1

**R-DC-NR-4**, because it is referred to as **Ex.R-DC-NR-4** in the federal motion to compel for recusal of the federal district & magistrate judges of this Court, **that is also** being filed today, **which** is printed as **EXHIBIT DC-MC-R** and being referred to as **Ex.DC-MC-R** in the below.

2. The notice of removal on October 30,2006 (par.17 on pages 41-42), has petition demands to U.S. Marshal in Montgomery Al., to allow Watson to swear-out five (5) federal arrest warrants against the following for conspiring to obstruct justice on the connecting/related fraud, conspiracy & racketeering claims against federal/state officials & lawyers, in the civil jury demands **and** criminal & civil injunctive demands in this national class action case, that were removed from Lowndes CV-91-78 case to U.S. District Court on October 30,2006, **(1)** attorney Jack B. Hinton Jr., **(2)** State Judge H. Edward McFerrin, **(3)** U.S. Magistrate Susan Russ Walker, **(4)** U.S. District Judge Myron H. Thompson, and **(5)** Theresa Weathers (Civil Rights Division) of the U.S. Department of Justice in Washington DC, **and to call** U.S. Attorney General Alberto Gonzales for an order to execute the five (5) arrest warrants; **AND THIS** revised notice of removal is petitioning

2

U.S. Attorney General Gonzales for the arrest warrants on those five (5), **because** a official in the U.S. Marshal's office told Watson on October 30,2006, that the U.S. Marshal did not have authority to allow Watson to swear-out the five (5) arrest warrants.

**2-A.** The revised petition demands for the five (5) federal arrest warrants in the above (par.2), **are being** demanded of U.S. Attorney General Gonzales, **in order** to keep any more obstructions from occurring on the pending demands for federal bench arrest warrants that were demanded on February 25,2005, against a host of federal officials of the United States (in Washington DC & Montgomery Al.), state officials of Alabama, and lawyers, **who have** criminal/civil liability to government/citizens under the national class criminal/civil injunctive demands (see **Ex.S-DC-NR-4,** par.3-C thru 3-C-5 on pages 8-11); **AND NOTE** the above (par.1) **Ex.DC-MC-R** (par.2-A thru 2-A-4 on pages 3-6 **and** par.3-D on pages 15-17), **has shown** some of the criminal/civil liable federal/state officials & lawyers **who have had** demands for federal bench arrest warrant against them since February 25,2005, **and also** U.S. District Judge Thompson & U.S. Magistrate Walker's obstruction

3

thereon in the CV-05-T-179-N case in this U.S. District Court, **which** included the demand (2/25/05) for a federal bench arrest warrant against Magistrate Walker for conspiring to obstruct civil/criminal justice in the CV-02-F-1214-N case on January 29,2003, on fraud, conspiracy & racketeering claims (10/31/02) against federal/state officials & lawyers (**see** par.2-A thru 2-A-2 on pages 3-5 **and** par.3-C on page 15 in **Ex.DC-MC-R**).

    **3.** The notice of removal on October 30,2006 (par.17 on pages 41-42), **has** petition demands to U.S. Attorney General Alberto Gonzales **to not** oppose the motion to compel on October 30,2006 **(Ex.DC-M/C/DF)**, on having rights to oppose the federal criminal/civil injunctive demands on May 11, 2005, **and that** is being re-demanded **in addition** to this revised notice of removal petitioning & demanding that U.S. Attorney General Gonzales to immediately order the federal grand jury investigations in Montgomery Al. **and** Washington DC, **on the issues** that were demanded in the second amendment to the amended complaint (7/13/05) on May 11, 2005, **which** have been stated in the above (par.1) **Ex.DC-MC-R** (par.2-C on pages 8-9 **and** par.5 on pages 29-31), **WHICH NOW** will include the federal officials in Washington

4

DC & Montgomery Al, state officials of Alabama & lawyers, **who are** due to be charged with conspiring to obstruct justice on the demands (5/11/05) for those federal grand jury investigations in Montgomery Al. **and** Washington DC, **which some** of the federal/state officials & lawyers **who have** conspired in has been shown in the above (par.1) **Ex.DC-MC-R** (par.4-G thru 4-G-1 on pages 26-28 **and** par.7 thru par.9 on pages 35-44), **which includes** Theresa Weathers (Civil Rights Division) of the U.S. Department of Justice in Washington DC (**who** conspired on 6/29/05 with one or more officials in the U.S. Attorney General's Office **&** criminal/civil liable U.S. Senator Richard Shelby), **and also** criminal/civil attorney Jack B. Hinton Jr., **in which** the above (par.2 thru 2-A) **shows that** Weathers & Hinton are included in the demands for federal arrest warrants, **that this** revised notice of removal is petitioning/demanding U.S. Attorney General Gonzales to have arrested, **in order** to keep any more obstructions on the demands for federal bench arrest warrants on February 25,2005.

    **4.** Because that was included in the second amendment to the amended complaint (7/13/04) on May 11,2005 (par.AA-7 on

page 5), **AND ALSO** because of the Washington conspiracy on
that demand (5/11/05) on July 29,2005, **which** is documented
in the motion to compel for default on October 30,2006
(**Ex.DC-M/C/DF**, par.3 thru 8-E on pages 3-17) **and**
criminal/civil liable Hinton's conspiracy effort in U.S.
District Court (2:06-cv-978-MEF) to have the motion to
compel (**Ex.DC-M/C/DF**) expunged (**see** par.9 on pages 42-44 in
the **Ex.DC-MC-R** in the above par.1), **this** revised notice of
removal is petitioning/demanding that U.S. Attorney General
Gonzales to have the three complaints (7/13/04, 2/25/05 &
5/11/05) **and** Watson's money (**if the** Alabama Supreme Court
refuses to order Judge McFerrin to transfer said money to
federal court), **removed** form the Lowndes CV-91-78 case
under  U.S. Title 28 (**§** 1442), **to this case**
(2:06-cv-978-MEF), **or a new case** in this U.S. District
Court, (**1**) for the Montgomery grand jury investigation in
the above (par.3), **on** Citizens of Alabama & United States
national class action criminal/civil injunctive demands
against federal/state officials & lawyers **that are** federal
jury issues, and (**2**) for a civil jury trial to be held on
Watson's national class action civil jury demands (2/25/05)

6

against **lawyers** (the Beasley Law Firm partners **&** Gidiere

Law Firm partners), **two state officials of Alabama** (Second

Judicial Circuit Judge H. McFerrin, **the presiding** judge in

the Lowndes CV-91-78 case **&** Attorney General Troy King),

**and five federal officials of the United States** (**1-**U.S.

Attorney Leura G. Canary, **2-**U.S. Magistrate Susan Russ

Walker, **3-**U.S. District Judge W. Harold Albritton III,

**4-**former U.S. Attorney General John Ashcroft, and **5-**U.S.

Senator Richard Shelby).

 **4-A.** Under U.S. Title 28 (**§** 1342 & **§** 1346), U.S.

District Court has jurisdiction over the civil conspiracy

claims filed against state/federal officials under U.S.

Title 42 (**§** 1981, **§** 1983 & **§** 1985), in Citizens of Alabama &

United States national class action criminal/civil

injunctive demands (7/13/04, 2/25/05 & 5/11/05), **and**

Watson's above (par.4) national class action civil jury

demands (2/25/05); **AND NOTE** those federal civil statutes

**along with** the connecting/relating conspiracies **by** U.S.

Magistrate Walker (on 1/29/03 in the federal CV-02-F-1214-N

case) **and by** Judge McFerrin (on 2/26/03 in the Lowndes

CV-91-78 case) **that** documentation of has been shown in the

7

above (par.1) **Ex.DC-MC-R** (par.4-F on pages 24-25 **AND**
par.8-A on pages 40-41), from exhibits court documents
bound in Exhibit Pack 4 to DC-NR-4, **NOTE** that include
exhibit court documents that **are signed by**, Judge McFerrin
**(Ex.C, Ex.BF-B, Ex.C-19, Ex.C-20, Ex.C-21, Ex.18** & **Ex.24)**,
U.S. Magistrate Walker **(Ex.FC-19**) and Judge Greenhaw
**(Ex.G)**, **DEMANDS** the above (par.4) of U.S. Attorney
General Gonzales.

    **4-B.** The above (par.4) is demanded of U.S. Attorney
General Gonzales, **BECAUSE** the Washington conspiracy on July
29,2005, **which** has been documented in the motion to compel
for default on October 30,2006 **(Ex.DC-M/C/DF**, par.3 thru
8-E on pages 3-17), constitutes a criminal conspiracy under
two or more of the criminal conspiracy statutes in U.S.
Title 18: **(§ 241)** on rights secured under the U.S.
Constitution; **(§ 371)** offense on **or** to defraud the United
States; **(§ 1505)** obstruction of proceedings before
departments, agencies and committees, **(§ 1506)** theft **or**
alteration of record or process, and **(§ 1510)** obstruction of
criminal investigation; **AND ALSO BECAUSE** in addition to
U.S. Magistrate Walker **&** Judge McFerrin's 2003 connecting &

8

relating civil conspiracies in the above (par.4-A) **also
constituting** criminal conspiracies under two or more of
those federal criminal statutes, **the actions** Assistant
Alabama Attorney General Fairbanks took on behalf of
criminal/civil liable Attorney General King in this U.S.
District Court (2:06-cv-978-MEF) on November 28,2006 (**see**
par.7 thru 8-B on pages 35-41 in the **Ex.DC-MC-R** in the
above par.1), **constitutes** a criminal conspiracy under two
or more of those federal criminal statutes **along with**
criminal/civil liable Hinton of the Gidiere Firm
connecting/related actions as criminal/civil Beasley Firm's
lawyer in this U.S. District Court (2:06-cv-978-MEF) on
November 29,2006 (**see** par.9 on pages 42-44 in the
**Ex.DC-MC-R** in the above par.1).

   **5.** Because they are the eight media Watson has been
serving the pleading & exhibits in this national class
action criminal/civil injunctive/civil jury case since
February 25,2005, the notice of removal on October 30,2006
(par.18 on pages 44-45), has petition demands to,

**(1)** Associated Press reporter Phillip Rawls (Montgomery
Al.), **(2)** Wanda Lloyd, Executive Editor of the Montgomery
Advertiser (Montgomery Al.), **(3)** News Director of WSFA TV

(NBC, Montgomery Al.), **(4)** News Director WAKA TV (CBS,
Montgomery Al.), **(5)** Editor of the Mobile Register (Mobile
Al.), **(6)** Editor of the Birmingham News (Birmingham Al.),
**(7)** News Director of WBRC TV (FOX, Birmingham Al.) and
**(8)** News Director of CNN Headline News (Atlanta Ga.), **to
uphold their** responsibilities under the FIRST AMENDMENT and
FREEDOM OF INFORMATION ACT, to inform **the** Citizens of
Alabama & United States, **the** federal legislators in the
U.S. Congress, **and** U.S. Attorney General Gonzales, **of the
filing** and **the demands for relief,** in the writ of mandamus
filed in the Alabama Supreme Court on October 30,2006, (see
**Ex.ASC-W/M** bound in Ex. Pk. 5 to DC-NR-4), in the motion to
compel for default filed in U.S. District Court on October
30,2006 (**Ex.DC-M/C/DF**), and in the notice of removal on
October 30,2006; **AND THIS** revised notice of removal is
re-demanding that, **in addition** to petitioning the eight
media under the same purpose of having a free press under
the First Amendment **and** Freedom of Information Act, **and in
order** to protect/serve citizens constitutional rights &
interests to due process of law in this national class
criminal/civil injunctive/civil jury case, **by also**

10

informing **the** citizens of Alabama & United States, **the** federal legislators in the U.S. Congress, **and** U.S. Attorney General Gonzales:  **(a)**  of the filing **and** the criminal and/or civil relief being in this revised notice of removal (**Ex.R-DC-NR-4),** the **Ex.DC-MC-R** in the above (par.1), **and** the attached **Ex.ASC-R-W/M (**which is copy of the writ of mandamus being filed today in the Alabama Supreme Court);  **(b)**  of the corruption in government being shown in this revised notice of removal **(Ex.R-DC-NR-4)** and in the **Ex.DC-MC-R** in the above (par.1).

6. In addition to the attached **Ex.ASC-R-W/M** in the above (par.5), the **Ex.DC-MC-R** (**1-**par.4-B-1 on pages 19-20 **2-**par.4-F thru 4-F-1 on pages 24-25, **3-**par.7 on pages 35-36 and **4-**par.10 thru 10-A on pages 44-45) in the above (par.1), **has averments** on the attached **Ex.ASC-5, Ex.ASC-6, Ex.ASC-MC,** and **Ex.ASC-7.**

7. The attached **Ex.C-N-M-2,** is a copy of the notice to the eight media of the revised media petition demands in above (par.5); **NOTE** the **Ex.DC-MC-R** (**1-**par.4 thru 4-H-1 on pages 17-29, **2-**par.8-C on pages 41-42, and **3-**par.10 thru 10-B on pages 44-46) in the above (par.1), **shows that the**

11

media exhibits attached to **Ex.C-N-M-2** have been used to justify above (par.5); the **Ex.DC-MC-R** (starting in par.2 on page 2) in the above (par.1) **shows that** the **Ex.NR-4-CD-1** and media exhibits attached to **Ex.DC-MC-R,** have been used to justify the above (par.5).

    **7-A.** In addition to showing why former Gov. Siegelman could be in-line to have his criminal/civil liability to government/citizens in the national action injunctive demands **withdrawn** or **dismissed,** the **Ex.DC-MC-R** (par.2 thru 3-D on pages 2-16 **and** par.5 thru 5-B on pages 29-35) in the above (par.1) **has shown** that the federal criminal government corruption judgment against former Gov. Siegelman **and** Richard Scrushy is also in-line to be dismissed, because the federal justice officials that federal justice officials obstructions on the national class action criminal/civil injunction demands have kept from being brought to justice **for conspiring** in government corruption, **include** Assistant U.S. Attorney Steve Feaga (**one** of the federal prosecutors in the Siegelman/Scrushy government corruption case, **who conspired** in 1998 to obstruct federal criminal prosecution on conspirators who were conspiring in government corruption **which** included two

federal prosecutors) **and** U.S. District Judge Mark Fuller (**the** trial judge in the Siegelman/Scrushy government corruption case, **who conspired** in 2003 to obstruct federal prosecution in the CV-02-F-1214-N case **on** federal/state officials & lawyers for conspiring in government corruption **in which** Gov. Siegelman may not even knew he was a state defendant with federal/state prosecutors, **and also who** with criminal/civil liability to government/citizens under the national class action injunctive demands, **is presiding** over this national class action criminal/civil injunctive/civil jury case).

   **8.** The **Ex.DC-MC-R** (par.4-G-1 on pages 27-28) in the above (par.1), **has shown** the purpose of petitioning (10/30/06) the media to inform the federal legislators in the U.S. Congress and U.S. Attorney General Gonzales of the above (par.5), **was because** U.S. Attorney General Gonzales may not even be aware of the national class action criminal/civil injunctive demands as a result of having office staff members who are holdovers from former U.S. Attorney General Ashcroft's staff, **who** have conspired with U.S. Senator Shelby to withhold the national class criminal/civil injunctive demands from all the other

13

federal legislators in the U.S. Congress and U.S. Attorney

General Gonzales, **OR** that U.S. Attorney General Gonzales is

another Washington federal conspirator on the U.S.

Congress, **which** puts duty on the federal legislators to see

is removed as this nation's chief law enforcement officer

**and** brought to justice, **and because** by the media informing

the U.S. Congress and U.S. Attorney Gonzales that the

filings (10/30/06) were coming in the U.S. Mail to U.S.

Attorney General Gonzales, **would kept** Washington justice

officials & U.S. Senator Shelby from being able to pull-off

another conspiracy on the federal legislators in the U.S.

Congress **and also** U.S. Attorney General Gonzales if he is

not a conspirator on the U.S. Congress.

    **8-A.** The **Ex.DC-MC-R** (par.7 thru 9 on pages 35-44) in

the above (par.1) **has shown** the purpose for also attaching

**Ex.ASC-W/M, Ex.ASC-6, Ex.ASC-6, Ex.ASC-MC, Ex.ASC-7,**

**Ex.AL-DC-1, Ex.AL-DC-2, Ex.H-DC-1** and **Ex.H-DC-2** to this

revised notice of removal, **is because** the Alabama Supreme

Court, the Alabama Attorney General Office, **and** Hinton of

the Gidiere Firm, **all knew** U.S. Attorney General Gonzales

is to be served, **and refused** to do so.

    **9.** In addition to Watson & Judge McFerrin, **the** attached

14

**Ex.ASC-7** shows/states that the Alabama Supreme Court served Alabama Attorney General King, U.S. Attorney Canary and Hinton of the Gidiere Firm on November 15,2006; **in addition** to Watson, **the** certificate of services in the attached **Ex.AL-DC-1** and **Ex.AL-DC-2** show that on behalf of Attorney General King, Assistant Attorney General Fairbanks served Hinton of the Gidiere Firm and U.S. Attorney Canary on November 28,2006; **in addition** to Watson, **the** certificate of services in the attached **Ex.H-DC-1** and **Ex.H-DC-2** show that Hinton of the Gidiere Firm served Assistant Attorney General Fairbanks on November 29,2006; **AND NOTE** Watson has not been served with anything federal officials filed in U.S. District Court (2:06-cv-978-MEF), **with** the five federal officials in the above (page 7 in par.4 on pages 5-7) having civil liability to Watson under the national class action civil jury demands (2/25/05), **in addition to** criminal/civil liability to government/citizens under Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05) **along with** a host of other federal officials in Washington DC and Montgomery Al., **which includes** U.S. District Judge Fuller & U.S. Magistrate McPherson **who are**

15

**presiding** over this national class action criminal/civil injunctive/civil jury case.

**9-A.** The **Ex.MA-1357** attached to **and** use thereof in the **Ex.DC-MC-R** (par.5-A on page 31) in the above (par.1), **shows that** in the federal government corruption trial in the above (par.7-A), Lanny Young testified that the Alabama Attorney General's Office started an investigation on corruption in the governor's office (Siegelman), **after** the Mobile Register reported/exposed that Young's G.H. Construction Co. was a fraud; **AND NOTE** all of the above **along with** all that is shown in the **Ex.DC-MC-R** in the above (par.2), **show that** Watson is petitioning the media to report/expose the connecting/relating fraud that lawyers and state/federal officials have conspired to commit in, **the** attorney general office of Alabama, **the** governor's office (Riley), **the** Gidiere Law Firm's office, **the** Lowndes County Circuit Court, **the** Alabama Supreme Court, **the** U.S. Attorney's Office in Montgomery Al., **the** U.S. District Court in Montgomery Al., **the** offices in the U.S. Department of Justice in Washington DC, **and** U.S. Senator Shelby's legislative office in Washington DC, **in order** to defraud the citizens of this nation of their constitutional rights

16

to due process/protection **against** judges & lawyers conspiring in the courts to enforce unconstitutional law.

    **10.** The above (par.8 thru 9-A) **along with** what stated in the **Ex.DC-MC-R** (par.2-B on pages 6-8) in the above (par.1), **show that** the key to Watson and Citizens of Alabama & United States **receiving** their constitutional rights to due process of law in the courts on the jury issues in the national class action criminal/civil injunctive/civil jury demands, **is the** federal legislators in U.S. Congress being informed of their constitutional duties to the citizens of this nation under the federal legislative demands in the national class action criminal/civil injunctive demands; **AND** what stated/printed in regards to the First Amendment in the **Ex.MA-943** attached to the **Ex.C-N-M-2** in the above (par.7) **and** the use thereof in the **Ex.DC-MC-R** (par.4 on page 18 **and** par.10 thru 10-B on pages 44-46) in the above (par.1), **shows that** the Montgomery Advertiser has obligation under the First Amendment to use the free press to inform the U.S. Congress, **in order** to keep any more conspiracies from being committed on citizens First Amendment rights in this national class action criminal/civil injunctive/civil jury case.                    17

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

ADDRESS

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

### FIRST CERTIFICATE OF SERVICE

I hereby certify that copies of this revised notice of removal and the attached exhibits were served to the following parties by U.S. Mail on December 4,2006.

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Teddy A. Watson

18

**SECOND CERTIFICATE OF SERVICE**

I hereby certify that copies of this revised notice of removal and the attached exhibits were served to the following media by U.S. Certified Mail on December 4, 2006.

Associated Press reporter Phillip Rawls
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

Executive Editor Wanda Lloyd
Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

News Director of WSFA TV (NBC)
12 E Delano Avenue
Montgomery, Alabama 36105

News Director, WAKA TV (CBS)
3020 Eastern Boulevard
Montgomery, Alabama 36116

Editor, Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

Editor, Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

News Director, WBRC TV (FOX)
1720 Valley View Drive
Birmingham, Alabama 35209

News Director, CNN Headline News
One CNN Center
Atlanta, Georgia 30303

Teddy A. Watson

19

# EXHIBIT C-N-M-2

### December 4,2006

**CITIZENS NOTICE TO MEDIA**

Teddy A. Watson
ON BEHALF OF HIMSELF, CITIZENS OF ALABAMA &  UNITED STATES

NOTICE

TO

Associated Press reporter Phillip Rawls,
Wanda Lloyd, Executive Editor of the Montgomery Advertiser,
News Director of WSFA TV (NBC),
News Director of WAKA TV (CBS,
Editor of the Mobile Register,
Editor of the Birmingham News,
News Director of WBRC TV (FOX),
News Director of CNN Headline News,

OF THE

MEDIA PETITION DEMANDS

IN

THE ATTACHED

REVISED NOTICE OF REMOVAL
**(Ex.R-DC-NR-4)**

THIS HAS
BEEN FILED TODAY
IN
U.S. DISTRICT COURT (2:06-cv-978-MEF)

    **1.** The eight media in the above, were petitioned in the
notice of removal on October 30,2006, **and** on behalf on
himself **and** the Citizens of Alabama & United States, Teddy

1

A. Watson in the attached revised notice of removal (**Ex.R-DC-NR-4**), is re-petitioning the eight media on the petitioning demands on October 30,2006, **and under** the same purpose of having a free press under the First Amendment & Freedom of Information Act, **as a means** to protect/serve citizens rights/interests to due process of law, **to report** the demands for criminal and/or civil relief being demanded from the government, **in the** attached **Ex.R-DC-NR-4** (the revised notice of removal), **in the** attached **Ex.DC-MC-R (**the federal motion to compel for recusal of the district & magistrate judges of the Court filed today in U.S. District Court), **and in the** attached **Ex.ASC-R-W/M** (the writ of mandamus filed today in the Alabama Supreme Court)**; AND NOTE** the media can see from the attached **Ex.R-DC-NR-4** and **Ex.DC-MC-R** there is just cause to demand that, **BECAUSE** of the media's own interest in protecting rights in the First Amendment, **AND BECAUSE** of the government corruption that federal officials in Montgomery Al. and Washington DC, state officials of Alabama, and lawyers are conspiring in, **which** includes **defrauding/expunging** the citizens of Alabama & United States of having First Amendment rights.

Teddy A. Watson
on behalf of himself,
Citizen of Alabama & United States

ADDRESS

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

2

# 'Deep Throat' exciting, but on-the-record best

## Montgomery Advertiser

Sunday, June 5, 2005   **OPINION**   9A

Scott M. Brown
*President and publisher*

Kenneth M. Hare
*Editorial page editor*

Wanda S. Lloyd
*Executive editor*

Marilyn Mitchell
*Managing Editor*

A GANNETT NEWSPAPER
*Incorporating the Alabama Journal, 1993*



Wanda Lloyd

EDITORIAL BOARD

Scott M. Brown        Jim Earnhardt
Kenneth M. Hare

Wanda S. Lloyd
Debbrea Gardner

### First Amendment

*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

The revelation about the identity of Watergate's "Deep Throat" created a buzz around the *Montgomery Advertiser* newsroom last week. I'm sure it was the same in just about every newsroom in America as journalists talked about the scandal that brought down a presidency and made journalism a glorified career choice for thousands of young people who were in school at the time.

Some of us lived through the history of Watergate as journalists. I went to work at *The Washington Post* a few years after Watergate. I arrived in June 1976, less than a year after President Nixon resigned after stories by *Post* reporters Bob Woodward and Carl Bernstein were based on secret information given to them by an infamous unnamed source they dubbed Deep Throat (named, of course, for a character in a porn movie).

Pictures this week of Woodward and Bernstein, joined by Ben Bradlee, who retired as editor a few years ago, brought back many memories. Woodward today is one of *The Post's* top editors and a still-writer of blockbuster investigative pieces. Bernstein, who has long since left the newspaper, was still working at *The Post* when I arrived. I sat daily in awe at the famous book "All the President's Men," which became a movie by the same title.

I was working there when the movie was being filmed. Outdoor scenes were done in front of the newspaper's building. The producers worked in the newsroom for weeks, taking pictures and measuring everything that didn't move. They did this to recreate a replica of the newsroom in a Hollywood set. They even copied the trash.

When the movie debuted in a theater in Washington's Georgetown neighborhood was treated and the entire newspaper staff and family members were invited to a private Saturday morning screening. That day was the reliving Watergate all over again.

A generation of reporters went to journalism schools because they admired Woodward and Bernstein. One of them was Mike Tankersley, one of the *Advertiser's* sports staff. He told me last week about a class trip to Washington where he toured *The Post* building and saw the same reporters who co-wrote the stories. He was FBI official W. Mark Felt, now 91 years old and in failing health.

Could Deep Throat happen at the *Montgomery Advertiser*? Probably not.

Despite the glamour of decades of newspapers in movies and artists who work in our newsroom are required to review the policy annually and sign it again each year. We don't do that at this newspaper. Our reporters are guided by a strong ethics policy that includes guidelines for getting information for stories on the record. That's why the public records law that Gov. Bob Riley was signed this year by would have to know the identity of that source and importantly for journalists and for readers. We believe strongly in our First Amendment responsibility to inform readers about what elected and public officials are doing and hold them responsible for doing the right thing.

The policy, required of journalists at all newspapers in the Gannett family of operations, includes this statement: "The use of unnamed sources in published stories should be rare; reporters should seek to confirm news on the record."

The policy is discussed during orientation week for all new *Advertiser* employees and signed by employees when they are hired. Re-

porters, editors, photographers and artists who work in our newsroom are required to review the policy and report a story. We will report and report each story until we can get an official source to give us the information on the record, which means attribute the information using his or her name.

Reporters understand the policy. "To me, the standard for a reporter is not whether they can get that hot story off the record, but rather if they can get it on the record, complete with credible sources and re-search beyond reproach," said Jannell McGrew, this newspaper's senior state government reporter.

For the past few days I have been a fly on the wall in online journalism chat rooms and forums. This is the equivalent of 1970s water-cooler talk. It is rare that we get a story this big in our own vocation. Deep Throat is no longer a secret.

However, we do occasionally hear from sources who don't want to be identified. We take their information and verify it.

From time to time, reporters have challenged us to use a source without naming the person. The answer has been and will be no. As Mitchell always reminds our reporters, using unnamed sources "detracts from our credibility." When we want to break a story, we will report and report and report a story until we can get an official source to give us the information on the record, which means we will attribute the information using his or her name.

*Wanda Lloyd is executive editor of the Advertiser. Contact her at 334-261-1509 or via e-mail at editor@montgomeryadvertiser.com.*

**Montgomery Advertiser**   Exhibit MA-1261

# Former lawmaker sentenced to 8 years

**By Seth Hettena**
The Associated Press

SAN DIEGO — Former Rep. Randy "Duke" Cunningham, who collected $2.4 million in homes, yachts, antique furnishings and other bribes on a scale unparalleled in the history of Congress, was sentenced Friday to eight years and four months in prison, the longest term meted out to a congressman in decades.

Cunningham, who resigned from Congress in disgrace last year, was spared the 10-year maximum by U.S. District Judge Larry Burns but was immediately taken into custody. He also was ordered to pay $1.8 million in restitution for back taxes and forfeit $1.85 million in valuables he received.

Cunningham accepted money and gifts including a Rolls-Royce and $40,000 Persian rugs from defense contractors and others in exchange for steering government contracts their way and other favors.

Federal prosecutors sought the maximum and his attorneys asked for mercy, but Cunningham, choking up as he addressed the judge, focused on accepting blame. "Your honor I have ripped my life to shreds due to my actions, my actions that I did to myself," he said.

"I made a very wrong turn. I rationalized decisions I knew were wrong. I did that, sir," Cunningham said.

Much thinner than when he pleaded guilty in November — he said he has gone from 265 pounds to 175 pounds since June — Cunningham had asked to see his 91-year-old mother one last time before going to prison, but was denied.

The judge, while crediting Cunningham for his military service and for taking responsibility, questioned why he felt compelled to betray his constituents and his colleagues for luxuries.

"You weren't wet. You weren't cold. You weren't hungry and yet you did these things," Burns said. "I think what you've done is you've undermined the opportunity that honest politicians have to do a good job."

The scale of his wrongdoing surpasses anything in the history of Congress, according to official Senate and House historians. "In the sheer dollar amount, it's unprecedented," Deputy House Historian Fred W. Beuttler said Friday.

The longest term meted out to congressmen in the past four decades had been eight years, handed to former Rep. James Traficant, D-Ohio, in 2002 for taking payoffs, and to former Rep. Mario Biaggi, D-N.Y., in 1988 for extorting nearly $2 million from a defense contractor.

Prosecutor Phil Halpern told the judge that while Cunningham was living the good life "he was squandering precious tax dollars for, among other things, systems the military didn't ask for, didn't need and frequently didn't use."

Cunningham's attorney Lee Blalack asked for six years for the former Navy "Top Gun" flight instructor and Vietnam War flying ace.

Cunningham, 64 and a congressman for 15 years, rubbed away tears while Blalack addressed the court. He appeared to be crying quietly when Blalack referred to his wartime service.

Blalack said that given Cunningham's age and history of prostate cancer, "there is a significant likelihood" he would not survive a 10-year sentence, and that he already has suffered greatly.

# 3C

**Saturday**
*March 4, 2006*

# Man sues his former attorney

**By Mike Linn**
Montgomery Advertiser
mlinn@gannett.com



## COURTROOM ROUNDUP

A Montgomery man is seeking more than $500,000 from a local attorney for legal malpractice that landed the man in jail for six months, the man's attorney said.

Carlos R. Williams is suing attorney Benjamin E. Pool for not notifying Montgomery Circuit Court that Williams' probation had expired prior to his July arrest for possession of drugs, said Jerry Blevins, Williams' attorney. Pool said Williams told him he was on probation.

"Obviously, we don't think (Pool) did it intentionally," Blevins said. "We were disappointed the insurance carrier didn't settle the matter without forcing us to sue."

Pool, who also is a Millbrook city judge, said the lawsuit is "entirely frivolous." He said Williams, Williams' girlfriend, the probation officer and the judge all told him that Williams still was on probation.

He provided a probationer's report as proof. The report stated that Williams' probation expires in May 2006. Because the court incorrectly considered Williams on probation during the offense, he was unable to bond out of jail, according to the lawsuit, filed in Montgomery Circuit Court.

In a letter to Blevins dated Feb. 20, Pool said he "was in no way guilty of malpractice."

"Mr. Williams himself, as well as his family members, told me that he was on probation, and neither Mr. Williams nor any members of his family expressed any doubt to me, or questioned that fact," the letter said. "Had anyone even remotely suggested to me that there was a question about Mr. Williams being on probation, then I would have reason to investigate the matter."

■ ■ ■

Former Assistant U.S. Attorney Michel Nicrosi has joined the defense team for the May 1 public corruption trial of former Gov. Don Siegelman and three others, the Associated Press reported Friday.

Nicrosi notified the court Monday that she will assist another Mobile lawyer, Jeff Deen, in defending Paul Hamrick, Siegelman's former chief of staff.

Nicrosi served as a federal prosecutor for 16 years, the last 10 as a Mobile-based assistant U.S. attorney. She resigned from the office last year.

*Montgomery Advertiser*

EXHIBIT MA-1271

# Alabama

**3C**
Saturday
March 11, 2006

## Court gives public access to hidden criminal records

**By Desiree Hunter**
The Associated Press

The Alabama Supreme Court ruled Friday that the public should be allowed to see all criminal files that have been expunged by the Mobile municipal court and kept from public view since 1988.

The court also upheld a Mobile circuit judge's order barring the city's municipal court from expunging, or removing a criminal file from public access, in the future.

Ruling in favor of the *Mobile Register*, which sought access to the expunged records, the court urged the Legislature to address the issue of expunging criminal records and clarifying the rules in such cases.

"We note that the legislatures of other states have provided clear guidelines for courts to follow in determining whether to expunge the criminal records of adults," the court said.

The unanimous ruling by the nine judges was in response to an appeal the paper filed after a Mobile Circuit Court ruled that granting the paper's request for all expunged files would subject the municipal court to an "extremely overbroad and cumbersome" process.

The justices said at trial the Mobile city court conceded a search would not be "overly cumbersome."

The Mobile Circuit Court had ruled that the municipal court could no longer expunge records, but denied the paper's request to see the expunged files going back 18 years.

"We'll break out the champagne and then get ready to look at a lot of records," Archie Reeves, the paper's attorney, said Friday. "The ruling is good in that it maintains transparency in the criminal justice system, which will allow

citizens to see what decisions courts are making and what is the basis for those decisions."

Ashton Hill, who represented the city of Mobile, said he didn't think there would be an appeal.

"This is this a question of state law, and my client and I apparently misunderstood what it was," he said Friday. "The Supreme Court has said municipal courts do not have that authority (to expunge records), and now that everybody knows what the rule is we can follow it."

Hill praised the court for writing the 24-page ruling, saying it provides much needed guidelines for the lower courts.

"To their credit they stepped up — unfortunately they answered in a way that hurt my client — but I respect the court for doing that," he said.

The *Mobile Register* sued Presiding Municipal Court Judge James Lackey and the municipal court clerk last March after being denied access to expunged records. City court officials had removed the files from public view, saying they involved only cases in which the defendant was declared not guilty.

The Mobile court's practice of expunging charges without public disclosure became known when the *Register* learned that Mobile County school board President David Thomas had a drunken driving charge expunged in 1998.

According to a report by the Mobile Police Department, more than 450 of its cases were expunged in the Municipal Court just in the years 2003 and 2004.

Reeves said Friday's ruling was, "a victory in general in the open records arena because this court is once again affirming the public's rights to records."

## Agency dismissed from abuse case

**By Mike Linn**
Montgomery Advertiser
mlinn@gannett.com

The state Supreme Court on Friday dismissed the Alabama Department of Mental Health and Mental Retardation and several of its employees from liability after a former worker abused a mentally retarded man at the department's Wetumpka facility in 2002.

The court dismissed the agency's acting commissioner, John H. Houston; two former directors of the Wetumpka facility; and five former employees — none of whom were involved in the abuse — in their official capacity. The court decided that the employees weren't malicious.

But the court didn't dismiss two employees in their individual capacities. The two employees, Bridgette Johnson and Teresia Marshall, were present when Earnest Holmes III physically abused Charles "Mar-

ty" Green but didn't attempt to intervene.

The two had argued in court papers that they should be immune because "they were merely discharging the duties imposed upon them."

Terri Sanders, Green's guardian, already has won a $1 million award against Holmes, who was convicted of striking Green several times while working as a counselor at J.S. Tarwater Developmental Center, which closed in 2004.

Tommy James, a Montgomery attorney representing Green and Sanders, said he's happy Johnson and Marshall will face liability along with another former Tarwater employee, Lonnie Floyd. Floyd is accused of assaulting Green in 2000, according to the opinion, which was issued by Justice Harold See Jr.

Floyd has been denied in court papers that he assaulted Green.

## State line

► ARAB

### Lawyer says tapes in officer's case missing

A lawyer said no one seems to know what happened to videotapes that would contradict claims his client solicited sex from four women in exchange for offers to dismiss or not issue traffic tickets in Arab.

"There's no question there were about 18 tapes," said Randy Gladden, attorney for suspended Arab police officer Shane Alldredge.

A Marshall County grand jury indicted Alldredge in June on charges he solicited sexual favors at traffic stops and for favorable treatment in a misdemeanor case. The missing videotapes supposedly were made at the traffic stops from a camera mounted in Alldredge's patrol car.

District Attorney Steve Marshall said his office has three videotapes, but knows nothing about the videotapes that Gladden mentioned.

# Montgomery Advertiser

EXHIBIT MA-1632



Wanda **Lloyd**

Sunday, October 22, 2006    **OPINION**    9A

# Reporter seeks local investigative story ideas

"**D**ear Ms. Lloyd: You've found your investigative reporter."

That's how Francis (Fran) X. Gilpin started his letter to me in February in response to an online job posting for an investigative reporter with skills for computer-assisted reporting. For almost two years I had been looking for a way to bring onto the staff of the *Montgomery Advertiser* someone with the experience and track record of developing good ideas that go beyond the daily grind of reporting and writing today's news for tomorrow's newspaper.

What is computer-assisted reporting? Good question. Computer-assisted reporting — or CAR as it is known in our business — is simply mining data using sophisticated computer software and finding stories through the information.

In the old days, before computers, databases and state laws guaranteeing citizens the right to review open records in government, an investigative reporter would have needed to talk to a *lot* of people to track down even the most mundane facts. (And I'll be the first to admit that talking to people is still the best way to do most reporting; our reporters do that every day.) Sometimes newspapers would even allow reporters to use information secured in, well, unscrupulous ways, such as taking a document from someone's desk, or going undercover by posing as someone other than a journalist. We don't do that kind of thing these days. In our company and in most news organizations, a written code of ethical conduct demands that we avoid any conflicts of interest or securing information in illegal ways.

Gilpin, an award-winning reporter whose accent reminds us of his New England roots, joins hundreds of other journalists as a member of Investigative Reporters and Editors, an organization based at the University of Missouri School of Journalism. IRE was founded in 1975 in Reston, Va., by a handful of reporters from around the country who came together to share tips about their craft. Since 2000, Gilpin has won five first-place awards for business, consumer and general news reporting in Society of Professional Journalists competitions for Central Florida newspapers. Now he brings his good work to Alabama.

Gilpin's resume begins: "I am a journalist who makes creative use of public records and human sources." He graduated cum laude from Boston College, majoring in English and speech communication. When Gilpin joined the *Advertiser* staff in July, after daily newspaper work at the *Atlanta Journal-Constitution, The Tampa Tribune* and a business weekly in Tampa, we already had a handful of story ideas ready for him to pursue. Some of them have already appeared in the *Advertiser* and he's still reporting others. His stories published so far include a database examination of local hospital heart failure rates, the disproportionately high number of deaths on interstate highways in central Alabama, and a group battling long-term voter fraud in Hale County. On the latter story, a thankful note recently emphasized the impact of Gilpin's work:

"The articles were a huge boon to our organization's efforts to eliminate voter fraud through legal means in Alabama," wrote Beverly Bonds, an officer with the Democracy Defense League. "We have worked so hard . . . to convince legislators and voters that voter fraud is alive and well in our state. . . . Thank you for exposing this blight on our great state of Alabama."

Gilpin's desk is a frequent stopping place for colleagues in our newsroom who seek his advice on developing data for their own stories. He also reminds us that he wants more local story ideas. That's where you come in.

If you have an idea for a local story that lends itself to investigative reporting, especially story ideas about public records we may access for our commitment to watchdog reporting, drop Gilpin a note or give him a call. He wants your ideas. He can be reached at fxgilpin@gannett.com or 334-261-1526. There is no guarantee he'll be able to handle every idea, but the more ideas we get the better chance he has to report on stories our readers really care about. In fact, some of your ideas may be passed along to some of our other reporters who cover specific areas or beats.

Gilpin is not the only *Advertiser* reporter who is building his skills in investigative reporting. Just a few days ago Metro Editor Terry Manning and reporter Mike Linn traveled to Atlanta for an IRE boot camp workshop. One of the challenges we've given Gilpin is to share his skills with some of our other reporters, even teaming up to work on stories together. That's the next step. Gilpin joins several members of our local news and sports staff members who continue to build on the watchdog culture for this newspaper.

*Wanda Lloyd, executive editor of the Montgomery Advertiser, can be reached at editor@gannett.com or 334-261-1509.*

EXHIBIT MA-1682

## Montgomery Advertiser

**SUNDAY**
*Nov. 12, 2006*
*Montgomery*
*Edition*
*$1.50*

# Riley's 'plan': Unite leaders

**By Jamie Kizzire**
Montgomery Advertiser
jkizzire@gannett.com

Although Gov. Bob Riley cruised to a second term Tuesday night, the Republican's proposals will require approval from a Legislature still controlled by Democrats.

That means bipartisan support, negotiation and compromise will be needed, political experts say.

It also means that some proposals stand a good chance of becoming reality — a $500 million bond issue to improve schools and possibly banning money transfers between political action committees — while others, including a ban on a technique used to fund lawmakers' pet projects, likely will die.

**STORYCHATS**
COMMENT ON A STORY @
montgomeryadvertiser.com

Which of Riley's proposals will pass the Legislature? Let us know online.

"It's all going to be specific to each proposal," said Carl Grafton, a political science professor at Auburn University Montgomery.

Riley, who campaigned for GOP lawmakers, seemed to recognize this fact a day after his re-election. He pledged to build bipartisan coalitions to enact proposals in

Plan Page 2A

SEE PAGE 2

1

# Plan:
# Critic calls governor's plan 'a propaganda piece'

From Page 1A

his re-election platform, "Plan 2010." Six Democratic state senators also called for more bipartisan cooperation at a separate news conference in Montgomery on Wednesday.

But "Plan 2010" has its critics.

Rep. Alvin Holmes, D-Montgomery, blasted the plan as taking credit for Democratic ideas previously opposed by the GOP.

"It's a propaganda piece," he said.

House Minority Leader Mike Hubbard, R-Auburn, said he hoped lawmakers will see Riley's victory as a mandate for the entire plan but recognized the GOP does not control the Legislature.

"We are in the minority," he said. "People have to understand we have very little control over what bills are considered and what the agenda is like."

## Education bond

The governor's bond issue — in some form — might have the best chance of passing, several political scientists said. Bond issues are popular because taxes aren't raised and the measure doesn't appear to cost anything, said Natalie Davis a political science professor at Birmingham-Southern College. Everyone involved also can take some credit for passing it.

"It does seem to be a win-win for everybody," she said.

Rep. John F. Knight Jr., D-Montgomery, said he supports a bond issue.

"I'm certainly supportive of a bond issue in the opening session," he said.

It's also a chance for legislators to tack on proposals to benefit their own districts.

Bond proposals have been described as a "Christmas tree" because lawmakers hang their own projects or "ornaments" onto the proposal in exchange for their vote, said Carl Grafton, a political science professor at Auburn University Montgomery.

"Pretty soon it's this ornament-encrusted monstrosity that lurches through the process, all based on the interests of the legislators," he said.

Paul Hubbert, executive secretary of the state's teacher union, said he wouldn't be surprised to see the bond issue grow to $1 billion.

"Politicians love brick and mortar," said Hubbert, president of the Alabama Education Association and vice chairman of the Alabama Democratic Party.

## Tax cuts

Riley's plan to provide tax cuts for families earning up to $100,000 annually likely will find opposition from lawmakers and others concerned that the cuts will divert money from education and other programs, experts said.

"I know we're not at the point where we've funded all our needs," said Rep. Thad McClammy, D-Montgomery.

Rep. Jay Love, R-Montgomery, said the proposal will be a challenge.

"I think it will be difficult to get a tax cut through," he said. "I hope it's not."

Others were more blunt.

"It's a virtual nonstarter," said Joe Turnham, chairman of the Alabama Democratic Party.

Hubbert said the tax cuts will cost schools $350 million annually.

"We're 46th in the country now," Hubbert said. "Why do we want to stay in the cellar?"

The Legislature previously passed a tax cut that raised Alabama's income tax filing threshold from $4,600 a year for a family of four to $12,500, benefiting low-income taxpayers.

A pledge to roll back annual property tax reappraisals to a four-year basis probably will run into opposition from the AEA and local governments that have benefited from the increased revenue, said William Stewart, professor emeritus of political science at the University of Alabama.

The reappraisals were changed to an annual basis after the Riley administration determined the law required the annual reappraisals. Riley's plan advocates a new law to roll back the reappraisals.

"I tend to think that the interests in Montgomery would be strong enough to prevent that from passing," Stewart said.

## PAC-to-PAC transfers

A ban on money transfers between political action committees might pass, a political expert said. The practice makes it difficult to trace the source of campaign contributions,

House Speaker Seth Hammett, D-Andalusia, said the House is ready to address the issue again. PAC-to-PAC ban proposals have passed the House only to die in the Senate.

Sen. E.B. McClain, D-Midfield, said he supports the concept and believes a ban finally might be passed by the Legislature.

"It's a wait-and-see, but I do think so," said McClain, who was among the six Democratic senators pledging bipartisan cooperation.

Candidates in a variety of races said they support a ban. However, some political experts said lawmakers might try to fulfill a campaign promise while continuing the practice by passing a toothless version or allowing the bill to die in committee.

"Given enough time, interests can find a way to get money to the candidate they want to without a lot of publicity," said Alabama's Stewart. "I don't think it's that risky of a move (passing the ban). I've never seen any reform yet that people said, 'Well, that worked just exactly like we wanted it to.' "

## 'Pass-through pork'

A permanent ban on a practice known as "pass-through pork" also faces a tough time in the Legislature, political scientists said. "Pass-through pork" is putting money in a state agency's budget to be used later for a project in a lawmaker's district.

McClain noted it is a way for lawmakers to bring needed money to their districts.

"I think that would cause some debate," he said of the proposed ban.

Hammett said the matter has support in the House, where it has passed three times.

"It's something I think you'll find that House members still very actively support," Hammett said.

Still, it must pass both chambers, which political scientists doubt will happen unless it's watered down.

AUM's Grafton said there's only one way it will pass.

"If they do anything, it'll be symbolic," Grafton said.

2 — Ex. MH-1632

EXHIBIT MA-1684

## Montgomery Advertiser

### MONDAY
*Nov. 13, 2006*
*Montgomery*
*Edition*
*50 cents*

# Riley for president in 2008?
# Folsom's win a factor

**By Phillip Rawls**
The Associated Press

Republican Gov. Bob Riley hadn't finished his victory speech on election night when some supporters held up "2008" and "President" signs.

But any decision about a bid for the White House or a place on the Republican ticket in two years may be influenced by another election:



**Folsom**

Democrat Jim Folsom Jr.'s victory in the lieutenant governor's race.

For months, Riley supporters have been talking up the idea of him running for president or joining the GOP ticket as the vice presidential candidate. The talk grew louder last month when Riley made appearances with potential presidential candidate John McCain. And it reached a crescendo at Riley's election night party in Birmingham. But not for long.

"Don't go there," Riley told The Associated Press before going on stage to make his victory speech.

At Riley's victory party, talk about 2008 got a little quieter when Folsom was declared the winner over Republican Luther Strange in the lieutenant governor's race. Riley had worked hard to try to put Strange second in line to the governor's office.

Now, if Riley were to leave for a post in Washington, it would be a Democrat — not a Republican — who would move into the governor's office. For Folsom, it would be similar to 2003, when he was lieutenant governor and Republican Gov. Guy Hunt lost his office because of an ethics conviction.

"That will definitely factor into a decision," state Republican Party Chairman Twinkle Andress Cavanaugh said.

State Democratic Party Chairman Joe Turnham said a lot of Strange's campaign contributions came from people who wanted to make sure a Republican was in a position to move up.

Folsom's victory "may temper that a little bit," Turnham said.

Cavanaugh said Riley would make an excellent candidate for president or a vice presidential running mate because he presided over a turnaround in the state's economy and drew national attention for his leadership after Hurricane Katrina.

### ANALYSIS

▷ Sen. John McCain exploring 2008 White House run 4A

She said that besides McCain, two other potential presidential candidates — Tennessee Sen. Bill Frist and Massachusetts Gov. Mitt Romney — have been in close contact with Riley.

"You can read into that what you want. I don't know," said Cavanaugh, who used to serve in Riley's Cabinet.

Keith Nicholls, a political scientist and pollster at the University of South Alabama, said he doesn't see Riley becoming a presidential candidate, but "he could potentially make a viable vice presidential candidate."

If the Republican presidential nominee comes from another region of the country, "the conventional wisdom is you want a Southerner on the ticket" to bring along Southern states, Nicholls said.

Larry Powell, a pollster and political analyst at the University of Alabama at Birmingham, said McCain appears to be the front-runner for the GOP presidential nomination, and he's likely to choose a running mate from a swing state.

"We're not a swing state



AP

There has been speculation that Gov. Bob Riley may seek a position in D.C., possibly in the White House.

where he needs the electoral votes," Powell said.

First lady Patsy Riley said she enjoyed her six years in Washington when her husband served in the U.S. House, but trying to go back would require a family decision that hasn't been made.

The governor also brought up his grandchildren.

"You got to remember, I had a very normal life up until 10 years ago, and all of a sudden it changed and changed dramatically," he said. "I enjoyed that life. I have six grandchildren now. I went up to Ashland yesterday, rode by my farm, and there's a lot of things about that I miss."

EXHIBIT MA-1692

**Montgomery Advertiser**

# Tri-County

**B**

COVERING MONTGOMERY, AUTAUGA AND ELMORE COUNTIES

**Thursday**
*Nov. 16, 2006*

# Attorney cleared of malpractice

### By Mike Linn
Montgomery Advertiser
mlinn@gannett.com

A judge has dismissed a lawsuit against a local attorney accused of malpractice.

Benjamin E. Pool, a Millbrook lawyer and city judge, was sued for $500,000 by Carlos R. Williams, a former client. Williams alleged a legal mistake by Pool landed him in jail for six months.

Jefferson County Circuit Judge James Hard, appointed to hear the matter after Montgomery judges recused themselves, ruled Sept. 20 that the lawsuit was without merit. Williams did not appeal the ruling by the Nov. 1 deadline, Pool said.

"I am very pleased with the court ruling," Pool said.

In his lawsuit, Williams claimed Pool failed to notify Montgomery Circuit Court that his probation had expired before his July 2005 arrest for possession of drugs.

Because the court incorrectly thought Williams was on probation at the time of arrest, he was unable to bond out of jail, according to the lawsuit.

*Montgomery Advertiser*

EXHIBIT MA- 1700

# Alabama

**3C**

**Sunday**
*Nov. 19, 2006*

## Cobb wants politics out of judicial races

## Cobb:
# Alabama one of two states with female majority in judiciary

By Phillip Rawls
The Associated Press

Sue Bell Cobb, elected Alabama's first female chief justice after what was likely the second most expensive judicial race in American history, is determined to change more about Alabama's courts than the gender of the top judge.

Cobb said she hopes to use her six-year term to institute nonpartisan elections for judges in Alabama.

"It wouldn't fix all the problems by any stretch, but it would at least take the issue of party out of it," she said in an interview.

Cobb polled 51.5 percent of the vote against Republican incumbent Drayton Nabers in the general election Nov. 7. When she takes office Jan. 16, it won't be the first time she has helped women break new ground.

When she became a district judge in Evergreen in November 1981, she was the

**Cobb Page 6C**

**From Page 3C**

11th woman to be a trial court judge in Alabama.

In 1994, she became the first woman elected to the Alabama Court of Criminal Appeals, although one woman had served earlier through appointment. Two years after her election, two more women were elected to the Court of Criminal Appeals, and Alabama became one of only two states in the nation where women held a majority of the seats on an intermediate appellate court.

Since the election, Cobb has received calls and letters from women congratulating her on being elected Alabama's first female chief justice. Women at the Bradley, Arant, Rose and White law firm in Birmingham are planning a reception Jan. 11 to recognize her achievement.

Organizer Rusha Smith said Cobb has managed a legal career and a family while rising to a position where she will not only oversee the financial management of a court system that's the equivalent of a large corporation.

"She's a role model to all women — not only those who practice law," Smith said.

Cobb downplays her achievement in becoming Alabama's top judge.

"I'm convinced that for me, it is not as significant as it is for other people and for what it says to young girls and young women," she said.

And just to make sure she doesn't get the big head about being the first female chief justice, she can always rely on someone who appeared in her campaign ads: her 10-year-old daughter, Caitlin.

Cobb said her daughter has made it clear she's getting tired of people telling her about her mother making history. "I've been a judge her whole life. It's not a big deal to her," Cobb said with a laugh.

One thing that was a big deal in the race for chief justice was the amount of money spent by the candidates.

Through late October, Cobb had reported raising $2.4 million and Nabers had pulled in $4 million, including his primary race. Republican Justice Tom Parker reported $311,399 in contributions in his losing primary race against Nabers.

Cobb, Nabers and Parker won't have to report their final totals until January, but the Justice at Stake Campaign, a nonpartisan group that tracks spending in judicial races, said the race appears to be the most expensive court race in America in 2006 and the second most expensive in the nation's history.

The record of $9.3 million was set in an Illinois contest in 2004, spokesman Jesse Rutledge said.

Cobb's call the cost of the Alabama campaign "indecent."

"It certainly did not improve the image of the courts. I want us to have a method for selecting judges that improves the public's perception of independence and impartiality of the courts," she said.

For the Democratic Party, Cobb will be the first member of the party to serve on the Supreme Court since Douglas Johnstone retired in January 2005. Obviously, some Democrats would like to see her become the first of several Democrats on the court, but Cobb

said the best way to improve the public's perception is to do away with party labels.

Most states don't put party labels on their appellate court judges. Alabama is one of seven that have partisan elections for their highest court. Thirty-four states use appointive systems, and the remaining use a variety of methods, including nonpartisan elections.

Cobb said she is still formulating what she would like to see happen, but she wants the plan to cover county district and circuit judges and all state appellate courts.

She likes the idea of using the primary election in June for incumbent judges to stand for retention. If a majority of voters wanted to retain a judge, then the incumbent would get a new term.

If a majority wanted to get rid of an incumbent, then there would be a nonpartisan race on the general election ballot in November to elect a new judge.

"The issue is getting it through the Legislature. I believe the public would support it," she said.

Similar efforts in the past have drawn opposition from the Republican Party, whose members hold 18 of the 19 seats on Alabama's appellate courts.

Cobb's idea for selecting judges is different from one pushed by some leaders of the Alabama State Bar Association.

Their plan is limited to the state appellate courts. It calls a committee to recommend judicial candidates to the governor, who would make an appointment. Then in six years, voters would decide whether to retain the judge or have the governor appoint a new one.

*Exhibit MA-1702*

# Montgomery Advertiser

**10A WASHINGTON** Sunday, November 26, 2006

# Supreme Court asked to allow review of journalists' phone records

**By Pete Yost**
The Associated Press

WASHINGTON — The Justice Department on Saturday asked the Supreme Court to refrain from stepping into another First Amendment battle featuring federal prosecutor Patrick Fitzgerald and *The New York Times.*

The case involves a leak inquiry by Fitzgerald to track down the confidential sources of *Times* reporters Judith Miller and Philip Shenon for stories in 2001. Miller, who spent 85 days in jail in 2005 in connection with Fitzgerald's separate CIA leak investigation in the Valerie Plame case, retired from the newspaper a year ago.

In the current case, the 2nd U.S. Circuit Court of Appeals has said prosecutors can see the journalists' phone records. Earlier, a federal judge had ruled in the newspaper's favor, saying the First Amendment supplied a qualified privilege to reporters to protect confidential sources.

On Friday, the newspaper asked Justice Ruth Bader Ginsburg to temporarily block the government from going through the records and said it was prepared to file a petition by Dec. 24 asking the court to take up the case.

In a filing requested by Ginsburg, the government cites a declaration by Fitzgerald on Nov. 13 that says the time for filing criminal charges will expire in the next three weeks.

Temporarily blocking the government from reviewing the phone records would cause "irreparable harm to a significant criminal investigation," the Justice Department told the Supreme Court in a 40-page filing.

The reporters' stories disclosed the government's plans to freeze the assets of two Islamic charities, the Holy Land Foundation and the Global Relief Foundation. The freezing of assets was in connection with a terrorism-funding investigation.

At issue are 11 days of phone records the government wants to review for the two reporters in 2001, from September and December.

## MONDAY
*Nov. 27, 2006*
*Montgomery*
*Edition*
*50 cents*

### ATTORNEY GENERAL

# Inquiry leader linked to hire

The Associated Press

Attorney General Troy King confirmed he asked Roy Johnson to hire the mother of one of his staff attorneys while King's office was investigating allegations against the fired two-year college chancellor.

When contacted Saturday by *The Birmingham News* about the request, King said he will step aside from the Johnson inquiry and ask St. Clair County District Attorney Richard Minor to oversee his staff's work on it.

King last year asked Johnson to find a job for Ann Hinderer, whose son, Marc Bass, is a deputy attorney general for King. Hinderer was hired Jan. 3 at Southern Union State Community College for $20,980 a year as a cashier in the business office, records state.

"Looking back now, it probably was not the best decision," King told *The News* for a story Sunday. "If I had it to do over again, I wouldn't do it."

It's not clear from Southern Union records available last week if Hinderer, 56, had to compete with other candidates for the job.

King said he never discussed exchanging favors with Johnson when Hinderer was hired.

"There was no suggestion of any quid pro quo," King said. "It's not really an uncommon thing. A lot of people I know, a lot of people I don't know, I try to help."

Johnson, who previously had been Southern Union president, said Friday he did not want to discuss Hinderer's hiring.

"I'm just not commenting on that," Johnson said. He praised King as "an honest, Christian guy. I have the highest regard for him."

Johnson would say only that after he became chancellor in 2002, many people contacted him for help with getting jobs or finding work for their friends and relatives.

Exhibit MA-1703

# Montgomery Advertiser

**4A  NATION**  Tuesday, November 28, 2006

# D.C. briefing

## ▶ LEAK INVESTIGATION

# Court rules against newspaper

WASHINGTON — The Supreme Court ruled against *The New York Times* on Monday, refusing to block the government from reviewing telephone records of two *Times* reporters in a leak investigation concerning a terrorism-funding probe.

The one-sentence order came in a First Amendment battle that involves stories written in 2001 by *Times* reporters Judith Miller and Philip Shenon. The stories revealed the government's plans to freeze the assets of two Islamic charities, the Holy Land Foundation and the Global Relief Foundation.

U.S. Attorney Patrick Fitzgerald is trying to track down the reporters' confidential sources for the stories. Fitzgerald's spokesman, Randall Samborn, declined to comment on the Supreme Court's order.

## UPDATE

**Justice Department to review domestic spying program:** The Justice Department has begun an internal investigation into its handling of information gathered in the government's domestic spying program.

However, Democrats criticized the review as not going far enough to determine whether the program violates federal law.

The inquiry by Glenn A. Fine, the department's inspector general, will focus on the role of Justice prosecutors and agents in carrying out the warrantless surveillance program run by the National Security Agency.

Fine's investigation is not expected to address whether the controversial program is an unconstitutional expansion of presidential power, as its critics and a federal judge in Detroit have charged.

**montgomeryadvertiser.com**
Updates every 30 minutes

# EXHIBIT ASC-R-W/M

## IN THE SUPREME COURT OF ALABAMA

Ex Parte TEDDY A. WATSON      \*      **1060172**

                      \*

     Layman Pro Se Petitioner      \*

REFERENCE

FILED

DEC - 4 2006

CLERK
SUPREME COURT OF ALABAMA

TEDDY A. WATSON ON BEHALF OF    \*
HIMSELF, CITIZENS OF ALABAMA &    \*
CITIZENS OF THE UNITED STATES    \*

                      \*

     Plaintiffs/Defendants,      \*

                      \*

vs.                     \* CIVIL ACTION NO. CV-91-78

                      \*

JERE L. BEASLEY, J. GREG ALLEN,   \*      FROM
MICHAEL J. CROW,              \*
THOMAS J. METHVIN,           \*    THE CIRCUIT COURT
J. COLE PORTIS &             \*
DANIEL MILES, III,           \*        OF
     OF THE BEASLEY LAW FIRM,    \*
PHILIP S. GIDIERE, JR.,        \*   LOWNDES COUNTY ALABAMA
JACK B. HINTON, JR. &          \*
STEVEN K. HERNDON           \*
     OF THE GIDIERE LAW FIRM,    \*
STATE OFFICIALS              \*
     OF ALABAMA,               \*
FEDERAL OFFICIALS            \*
     OF THE UNITED STATES,      \*

                      \*

     Defendants/Plaintiffs      \*

**WRIT OF MANDAMUS
AGAINST
ALABAMA SECOND JUDICIAL CIRCUIT JUDGE H. EDWARD MCFERRIN**

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

Page 1

## TABLE OF CONTENTS

**Table of authorities**                                        page 3

**Attachments** - flagged exhibits bound in Exhibit Pack A **and**
Exhibit Pack 1 thru Exhibit Pack 4, being filed in
support of relief being demanded in writ of mandamus,

                                                        Pages 4-5

**Statement of facts**                              Pages 6-19

**Statement on the issues being presented**         Pages 20-23

**Statement why writ should issue**                 Pages 24-27

**Statement of circumstances constituting good cause**  Page 28

**Certificate of services**                         Pages 29-30

## TABLE OF AUTHORITIES

**(1)** Voyager Guar. Ins. Co., Inc. v. Brown, 631 So.2d 848 (Ala.1993), authority case on fraud under the Alabama Legal Services Liability Act (§ 6-5-570)        **Page 26**

**(2)** Sykes v. State of Cal. (Dept. of Motor Vehicles), C.A. 9 (Cal.) 1974 F.2d 197, **authority case** on civil conspiracy on civil rights & property under U.S. Title 42 (§ 1981, § 1983 & § 1985)        **Page 27**

## ATTACHMENTS

### EXHIBITS BOUND IN EXHIBIT PACK A

**Ex.ASC-W/M**, with related **Ex.ASC-5**, **Ex.ASC-6**, **Ex.ASC-MC** and **Ex.ASC-7**;

**Ex.R-DC-NR-4**, with related **Ex.C-N-M-2**, **Ex.MA-943**, **Ex.MA-1261**, **Ex.MA-1271**, **Ex.MA-1632**, **Ex.MA-1682**, **Ex.MA-1684**, **Ex.MA-1700**, **Ex.MA-1702** and **Ex.MA-1703**;

**Ex.DC-MC-R**, with related **Ex.NR-4-CD-1**, **Ex.MA-1357**, **Ex.MA-1392**, **Ex.USA-11**, **Ex.MA-1638**, **Ex.MA-1673**, **Ex.MA-1680**, **Ex.MA-1689**, **Ex.MA-1698** and **Ex.MA-1701**.

### EXHIBITS BOUND IN EXHIBIT PACK 1

**Ex.SC-M/C/R**, **Ex.SC-NOFNR**, **Ex.DC-NR-4**, **Ex.DC-M/C/DF**, **Ex.MA-846**, **Ex.MA-943**, **Ex.MA-959**, **Ex.MA-1047**, **Ex.MA-1271** and **Ex.MA-1348**.

### EXHIBITS BOUND IN EXHIBIT PACK 2

**Ex.USDJ-CRD**, **Ex.S/A/C**, **Ex.USAG-G-P1**, **Ex.M/C/DF-2**, **Ex.2/25/05**, **Ex.M/C/DF-1** **Ex.7/13/04**, **Ex.DC-O**, **Ex.DC-CD-2** **Ex.MW-O-1**, **Ex.JT-O-1**, **Ex.JT-O-2**, **Ex.JT-O-3**, **Ex.JT-O-4**, **Ex.Y-2**, **Ex.Y-3** **Ex.M/L/A**.

### EXHIBITS BOUND IN EXHIBIT PACK 3

**Ex.S-DC-NR-4, Ex.CSX-16, Ex.CSX-15, Ex.CSX-12, Ex.DC-OJ-O,** & **Ex.DC-MC-C.**

### EXHIBITS BOUND IN EXHIBIT PACK 4

**EXHIBITS FROM** the Pack 4 to DC-NR-4 **and** Exhibit Pack 5 to DC-NR-4 that were filed in U.S. District Court on October 30,2006: **Ex.DC-NR-1, Ex.FC-19,  Ex.FC-23, Ex.B, Ex.C, Ex.D, Ex.G, Ex.ASC-1, Ex.ASC-2, Ex.ASC-3, Ex.M-4, Ex.M-6, Ex.M-8, Ex.M-9, Ex.M-10, Ex.M-12, Ex.M-14, Ex.BF-M/D, Ex.BF-A, Ex.BF-B, Ex.BF-M/D-2, Ex.BF-Ex.1, Ex.GF-L, Ex.GF-O-1, Ex.GF-O-2, Ex.CSX-9, Ex.CSX-10, Ex.CSX-11, Ex.C-6, Ex.C-9,  Ex.C-19, Ex.C-20 Ex.C-21, Ex.C-22, Ex.C-23, Ex.C-24, Ex.14, Ex.15, Ex.16, Ex.17 Ex.18, E.24, Ex.2-A, Ex.6-A** and **Ex.A-33;**

## STATEMENT OF FACTS

1. This writ of mandamus in the Alabama Supreme Court against Alabama Second Judicial Circuit Judge H. Edward McFerrin in the CV-91-78 case in Lowndes County Circuit Court, is being filed by petitioner Teddy A. Watson who is layman pro se, **and** is being filed in connection/relation to the notice of removal that Layman Pro Se Watson filed in U.S. District Court (2:06-cv-978-MEF) on October 30,2006 (see **Ex.DC-NR-4** bound in Ex. Pk. 1, and **Ex.NR-4-CD-1** bound in Ex. Pk. A), **which** because U.S. District Court has jurisdiction thereof under U.S. Title 28 (§ 1343 & § 1346), **removed** from the Lowndes CV-91-78 case under U.S. Title 28 (§ 1443) to U.S. District Court in Montgomery Al., the connecting/relating fraud, conspiracy & racketeering claims that are filed under the Alabama Legal Services Liability Act (§ 6-5-570), U.S. Title 42 (§ 1981, § 1983 & § 1985) and U.S. Title 18 (§ 1961 - § 1968), **against** federal officials of the United States, state officials of Alabama and lawyers, **(1,** see **Ex.2/25/05** bound in Ex. Pk.2) in Watson's national class action civil jury demands (2/25/05) and **(2** see **Ex.7/13/04, Ex.2/25/05, Ex.S/A/C** & **Ex.USAG-G-P1** bound in Ex. Pk. 2) in the national class action

Page 6

criminal/civil injunction demands (7/13/04, 2/25/05 & 5/11/05), **which have** federal legislative criminal/civil injunctive demands **and** federal criminal/civil injunctive jury demands, **that** Watson filed on behalf of himself and the Citizens of Alabama & United States, **and in which** Judge McFerrin has liability under both **and also** conspiring with the other liable federal officials, state officials & lawyers **to keep** concealed/seized in the Lowndes CV-91-78 case **to evade** federal criminal/civil prosecution under.

   **1-A. Ex.M/C/DF-2, Ex.2/25/05, Ex.M/C/DF-1 & Ex.7/13/04** bound in Exhibit Pack 2, **show that** because the Alabama Attorney General's Office, the U.S. Attorney's Office in Montgomery Al., the U.S. Attorney General's Office in Washington DC, and U.S. Senator Richard Shelby, all refused to file answers/responses to those complaints, there are outstanding motions to compel (**Ex.M/C/DF-1** on 2/25/05 and **Ex.M/C/DF-2** on 5/11/05) that are demanding,   **(1)**   that federal/state officials be held in default on having rights to oppose the national class action criminal/civil injunctive demands on July 13,2004, and February 25,2005, **which** includes the following federal legislative demands being demanded of the U.S. Congress, **(1-a)** to assign

special congressional investigators & prosecutors to hold a host of federal/state officials & lawyers criminally & civilly liable to government/citizens, **(1-b)** to have a special federal judge assigned (**who** will follow/uphold the law on corrupt federal judges) **to preside** over Citizens of Alabama & United States national class action criminal & civil injunctive demands (7/13/04 & 2/25/05), that are federal jury issues **and also** Watson's national class action civil jury demands (2/25/05), and **(1-c)**, to impeach U.S. District Judge Ira DeMent (CV-94-D-1112-N case **&** CV-98-D-1023-N case), U.S. District Judge Myron H. Thompson (CV-01-T-1268-N case), U.S. District Judge Mark E. Fuller (CV-02-F-1214-N case) and U.S. District Judge W. Harold Albritton III (CV-04-A-677-N case), for connecting/related conspiracy obstructions of justice in the U.S. District Court in Montgomery Al., **and also** U.S. 11th Circuit Court Appeal Judge Bill Pryor, for Pryor's conspiracy engagement in obstructing justice in this matter when Pryor was Attorney General of Alabama, and   **(2)**   that **lawyers** (Beasley Law Firm partners & Gidiere Law Firm partners), **two state officials of Alabama** (Second Judicial Circuit Judge H. Edward McFerrin **&** Attorney General Troy King) **and**

**five federal officials of the United States** (**1**-U.S. Attorney Leura G. Canary, **2**-U.S. Magistrate Susan Russ Walker, **3**-U.S. District Judge W. Harold Albritton III, **4**-former U.S. Attorney General John Ashcroft, and **5**-U.S. Senator Richard Shelby), be held in default on having rights to oppose a jury trial being held on Watson's national class action civil jury demands (2/25/05).

    **1-B. Ex.S/A/C** and **Ex.USAG-G-P1** bound in Exhibit Pack 2 along with **Ex.DC-NR-4** and **Ex.DC-M/C/DF** bound in Exhibit Pack 1, **show that** because an answer/response was not filed, a motion to compel was filed with the notice of removal in U.S. District Court on October 30,2006, that is demanding U.S. Attorney General Alberto Gonzales be held in default on having rights to oppose the national criminal/civil injunctive demands on May 11,2005, **which** includes the ordering of grand jury investigations, **(1)** in Montgomery Al., which will give citizens their constitutional rights as federal grand jurors under the national class action criminal/civil injunctive demands, to indict a host of federal/state officials & lawyers to be held criminally & civilly liable **to the** State of Alabama & its citizens, **and to the** United States & its citizens, **for their** engagement

in racketeering conspiracy crimes of fraud being committed on the United States Constitution and citizens rights & interests thereunder, **in order** to defraud the State of Alabama and its citizens of a constitutional & lawful federal/state judicial system (criminal & civil), and **(2)** in Washington DC, to determine the extent of corruption within the U.S. Department of Justice during John Ashcroft's tenure as the U.S. Attorney General **and** U.S. Senator Richard Shelby's conspiracy engagement therein, **which** includes then U.S. Attorney General Ashcroft and U.S. Senator Shelby's conspiracy **(starting in April of 2004)**, in obstructing justice on the Washington federal justice officials who conspired in June/July 2003 to obstruct justice on Watson's two petitions to U.S. Attorney General Ashcroft on May 16,2003, **which** resulted in President Bush being mislead to make his senate recess appointment of Alabama Attorney General Bill Pryor to the U.S. 11th Circuit Court of Appeals on February 20,2004.

2. **Ex.ASC-W/M** bound in Exhibit Pack A is a copy of the writ of mandamus that Watson filed in this Court on October 30,2006, that was filed as a exhibit in Exhibit Pack 5 to DC-NR-4 in U.S. District Court on October 30,2005 **(see**

**Ex.DC-NR-4,** par.18 on pages 44-45 bound in Ex. Pk.1);
**Ex.ASC-5** bound in Exhibit Pack A, is a copy of the notice
from this Court's Clerk, that the docket number on the writ
of mandamus filed on October 30,2006, was 1060172, **Ex.ASC-6**
bound in Exhibit Pack A, is a copy of the notice to Watson
from this Court's Clerk October 31,2006, that writ of
mandamus (10/30/06) was being rejected on two (2) procedure
rules under the Alabama Rules of Appellate Procedure,
**(1)** it had the wrong font size, and **(2)** it exceeded the 30
page limit, **which shows** gave Watson fourteen (14) days to
re-file the writ of mandamus in compliance with those two
rules of appellate procedure; **Ex.ASC-MC** bound in Exhibit
Pack A, is a copy of the motion Watson filed in this Court
on November 14,2006, to compel for extension of time to
re-file the mandamus **and** for exception/extension on the
page limit; and **Ex.ASC-7** bound in Exhibit Pack A, is a copy
of the Alabama Supreme Court's Order (1060172) on November
15,2006, **which** along with the above motion to compel on
November 14,2006 **(Ex.ASC-MC),** show granted an extension of
time until December 4,2006, to re-file this writ of
mandamus, **and** denied the extension on page limit.

    3. **Ex.SC-M/C/R** bound in Exhibit Pack 1 and **Ex.CSX-16** &

**Ex.CSX-15** bound in Exhibit Pack 3, **are** copies of the

following that were filed in the Lowndes CV-91-78 case,

**which** Judge McFerrin has refused to even take-up as a means

to obstruct federal criminal/civil prosecution on himself

**and** the federal/state officials and lawyers in the below

(par.3-A thru 3-B-2), under the complaints (7/13/04 &

2/25/05) in the above (par.1 thru 2): **(Ex.CSX-15)**

combination motion to compel on March 11,2005, **for** change

of venue to U.S. District Court on the complaints (7/13/04

& 2/25/05) **and for** transferal of money to U.S. District

Court for a jury trial; **(Ex.SC-M/C/R)** motion to compel on

May 11,2005, for recusal of state judicial officials and

federal justice officials, **who** have criminal & civil

liability **under** the criminal/civil injunctive demands

(7/13/04, 2/25/05 & 5/11/05), **and under** the civil jury

demands (2/25/05); and **(Ex.CSX-16)** motion to compel on June

3,2005, for change of venue to U.S. District Court, **on the**

criminal/civil injunctive demands (7/13/04, 2/25/05 &

5/11/05) **and on the** civil jury demands (2/25/05).

    **3-A.** What is stated in **Ex.DC-NR-1, Ex.B, Ex.C, Ex.BF-B,**

**Ex.C-6, Ex.C-19** thru **Ex.C-21, Ex.18** and **Ex.24** that are

bound in Exhibit Pack 4, are indisputable &

compelling evidence that Judge McFerrin is aware of the
following in the Lowndes CV-91-78 case:  **(1)**  that Julia
Asan's 10% attorney lien (5/11/95) was the only attorney
lien on file when Watson made his pro se settlement with
CSX on February 16,1996, **AND THAT** the Beasley Firm filed a
40% lien/demand on Watson's settlement money in the hearing
Judge McFerrin ordered on February 29,1996 and held on
March 26,1996,  **(2)**  that in his Amended Order on April 18,
2002, Judge McFerrin created a phantom attorney lien the
Beasley Firm was to have had on file before said settlement
(2/16/96), **in order** have grounds to expunge Watson's fraud,
conspiracy & racketeering jury demands (4/2/02) against
<u>Judge McFerrin</u>, Beasley Firm partners, attorney Jack B.
Hinton of the Gidiere Firm and federal attorneys in the
Montgomery Al. U.S. Attorney's Office, **THAT THOSE** claims
were filed too late and without leave of the Court **BECAUSE**
Judge McFerrin had held a final hearing on March 26,1996,
**ON AN** attorney lien Watson's former attorneys had of file
before said settlement (2/26/96), and  **(3)**  that Judge
McFerrin used the Beasley Firm's phantom attorney lien
again in his Order on February 26,2003 (**to expunge** on the
same fraud grounds), the fraud, conspiracy & racketeering

Page 13

jury demands (10/31/02) against the following,**(federal defendants of the United States)** U.S. Attorney Lynn A. Zentner, Legal Counsel for the Executive Office for U.S. Attorneys in Washington DC **&** federal attorneys in U.S Attorney's Office (Montgomery Al.), **(state defendants of Alabama) 1-**Gov. Don Siegelman, **2-**Lt. Gov. Steve Windom, **3-**Speaker of the House (Rep.) Seth Hammett, **4-**Justices on the Alabama Supreme Court (January 2002), **5-**Attorney General William H. Pryor Jr., **5-**Assistant Attorney General Fred F. Bell, **6-**Circuit Judge Sally M. Greenhaw, and **7-**Circuit Judge H. Edward McFerrin, and **(attorney defendants)** the Beasley Law Firm partners **&** the Gidiere Law Firm partners.

   **3-B.** The **Ex.7/13/04** bound in Exhibit Pack 2 in the above (par.1 thru 1-B on pages 10-13), **show that** Judge McFerrin is aware, **that** because of Judge McFerrin's above (par.3-A) fraud & conspiracy use of the Beasley Firm's phantom attorney lien & leave on February 26,2003, **along with** U.S. Magistrate Walker (1/29/03) & U.S. District Judge Fuller (2/12/03) connecting/related fraud/conspiracy use of leave in U.S. District Court (CV-02-F-1214-N) in the below (par.3-C thru 3-C-1), to obstruct justice on the

Page 14

federal, state & lawyer defendants in the above (par.3-A),

the corrective copy amended complaint on July 13,2004

**(Ex.7/13/04)**, is demanding the federal, state & lawyers

defendants in the above (par.3-A), **and also** U.S. Magistrate

Walker & U.S. District Judge Fuller, **be held** criminally &

civilly liable to government/citizens under the injunctive

demands (7/13/04).

   3-C. **Ex.DC-NR-1**, **Ex.FC-19**, **Ex.C** & **Ex.G** bound in Exhibit

Pack 4, **show that** in her Recommendation the CV-02-F-1214-N

case in U.S. District Court on January 29,2003 **(Ex.FC-19)**,

U.S. Magistrate Susan Russ Walker recommended that the

amended complaint (10/31/02) by remanded back to defendant

Judge McFerrin in the Lowndes CV-91-78 case, **on grounds** it

was filed in violation of Rule 15 of the Alabama Rules of

Civil Procedure (filed too late & without leave of the

Court), **and** justified the remand by using Judge McFerrin's

Amended Order (CV-91-78) on April 18,2002 **(Ex.C)**, and Judge

Greenhaw's Order (CV-00-1545-GR) on July 30,2001 **(Ex.G)**, to

show/claim that after Judge McFerrin held a final hearing

in the Lowndes CV-91-78 case on March 26,2006 **(on an**

attorney lien the Beasley Firm had on file before Watson's

pro se settlement with CSX on 2/26/06), **Watson** had

Page 15

contested the final hearing in the Lowndes CV-91-78 case on March 26,1996 (**note on** the Beasley Firm's preexisting lien) in cases against the Beasley Firm in Montgomery County Circuit Court (see **Ex.E** & **Ex.G** bound in Ex. Pk. 4) **and** U.S. District Court (**note** in which Watson also sued other lawyers & state/federal officials on claims they were conspiring with the Beasley Firm lawyers, see **Ex.F** bound in Ex. Pk. 4); and **Ex.FC-19** along with **Ex.FC-23** bound in Exhibit Pack 4 **show that** on February 12,2003, U.S. District Judge Mark E. Fuller overruled Watson's objection to (on 2/7/03) **and** approved U.S. Magistrate Walker's Recommendation on January 29,2003.

    **3-C-1.** The above (par.4) **Ex.FC-19** & **Ex.G** bound in Exhibit Pack 4, **show that** what is actually stated in Judge Greenhaw's Order (CV-00-1545-GR) on July 30,2001 **(Ex.G)**, verses what U.S. Magistrate Walker claimed/showed in her Recommendation on January 29,2003 **(Ex.FC-19)**, is indisputable evidence that Magistrate Walker knew she falsified what was stated in Judge Greenhaw's Order, **in order** to have grounds to recommend remand of the amended complaint (10/31/02) back to defendant Judge McFerrin in the Lowndes CV-91-78 case on grounds it was filed in

violation of Rule 15 of the Alabama Rules of Civil
Procedure (filed too late & without leave of the Court).

    **4.** Because of the 30 page limit this Court has put on
this mandamus **and also** because that is sufficient evidence
to be granted the relief being demanded, only Judge
McFerrin's obstruction in the Lowndes CV-91-78 case, **on**
U.S. Magistrate **and** Judge McFerrin's connecting/related
2003 falsification of court records in the above (par.3
thru 3-C-1), is being documented from preexisting exhibit
court documents.

    **4-A.** Because it was filed in U.S. District Court as
**Ex.ASC-W/M** on October 30,2006, the writ of mandamus on
October 30,2006, is being filed as **Ex.ASC-W/M** in Exhibit
Pack A, **in order** to have it as part of this Court's records
(1060172), **because** of federal/state officials extensive &
widespread conspiracy obstructions of federal criminal &
civil justice that has been documented therein.

    **5. Ex.R-DC-NR-4** bound in Exhibit Pack A, is a copy of
the revised notice of removal being filed today in U.S.
District Court (2:06-cv-978-MEF), **which shows** that in order
to keep any more obstructions from occurring on the pending
demands for federal bench arrest warrants that were

demanded on February 25,2005, against a host of the lawyers
and federal/state official who have criminal/civil
liability under the national class action injunctive
demands (see **Ex.S-DC-NR-4**, par.3-C thru 3-C-5 on pages 8-11
& **Ex.DC-MC-C** bound in Ex. Pk. 3, and **Ex.2/25/05**, par.21-A
thru 21-A-5 on pages 35-45), **has petition** demands to U.S.
Attorney General Alberto Gonzales, for five (5) federal
arrest warrants against the following for conspiring to
obstruct justice on the connecting/related pending fraud,
conspiracy & racketeering claims against federal/state
officials & lawyers the national class action civil jury
demands and national class action criminal/civil injunctive
demands, **(1)** attorney Jack B. Hinton Jr., **(2)** State Judge
H. Edward McFerrin, **(3)** U.S. Magistrate Susan Russ Walker,
**(4)** U.S. District Judge Myron H. Thompson, and **(5)** Theresa
Weathers (Civil Rights Division) of the U.S. Department of
Justice in Washington DC.

    **5-A.** The above (par.5) revised notice of removal is
also demanding an end to the delay in Washington, **(1)** to
the U.S. Congress being informed of Citizens of Alabama &
United States federal legislative demands in the national
class action criminal/civil injunctive demands in the above

Page 18

injunctive demands in the above (par.1-A on pages 7-8), **AND TO THE** ordering of the federal grand jury investigations in Montgomery Al. And Washington DC in the above (par.1-B on pages 9-10).

**6. Ex.DC-MC-R** bound in Exhibit Pack A, is a copy of the motion to compel for recusal of the district/magistrate judges in Montgomery Al., that is also being filed today in U.S. District Court (2:06-cv-978-MEF), **BECAUSE** no judge has rights to preside over complaints in which they have criminal/civil liability therein, **AND BECAUSE** of the two outstanding motions to compel for default (2/25/05 & 5/11/05) in the above (par.1-A on pages 7-8), on the federal legislative injunctive demands(7/13/04 & 2/25/05), **and** the motion to compel for default (10/30/06) in the above (par.1-B on pages 9-10) on the grand jury injunctive demands (5/11/05).

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

### STATEMENT ON THE ISSUES BEING PRESENTED

1. Because of the 30 page limit this Court put on this writ of mandamus, the below is a brief statement on the issues being presented.

2. The relief being demanded in this writ of mandamus, **(1)** recusal of the Justices who were serving in January 2002, because of their criminal/civil liability to government/citizens under the national class action injunctive demands (7/13/04, 2/25/05 & 5/11/05), **for** conspiring to obstruct justice in January 2002 (see **Ex.ASC-1** thru **Ex.ASC-3** bound in Ex. Pk. 4), **on** Watson's writ of mandamus against Judge McFerrin in the Lowndes CV-91-78 case, **and on** Watson's appeal (1002154) of the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court, and **(2)** that the non criminal/civil liable Justices to order Judge McFerrin to transfer to the 2:06-cv-978-MEF case in U.S. District Court, the money Judge McFerrin has held in the Lowndes CV-91-78 case for over ten years from Watson's pro se settlement with CSX on February 16,1996, **for a civil jury trial to be held on**, the Beasley Firm's liens/demands on Watson's money, **verses** Watson's national class action civil jury demands against

Page 20

lawyers & state/federal officials on February 25,2005 (**see**
(2) on pages 8-9 in par.1-A on pages 7-9 in the STATEMENT
OF FACTS section); **AND NOTE** without allowing him to respond
to this writ of mandamus, there is just cause for the non
criminal/civil liable Justices to order Judge McFerrin to
make that money transfer to federal court for a jury trial.

    **2-A.** The statements in the STATEMENT OF FACTS section
(par.1 thru 1-B on pages 6-10), **on the** three complaints
(7/13/04, 2/25/05 & 5/11/05), **on the** two outstanding
motions to compel for default (filed 2/25/05 & 5/11/05), **on
the** motion to compel for default filed on October 30,2006,
**along with** Judge McFerrin's documented abuse in the Lowndes
CV-91-78 case, on obstructing justice on Judge McFerrin,
federal/state officials & lawyers federal criminal/civil
prosecution **(see** par.3 thru 3-C-1 on pages 11-17 in the
STATEMENT OF FACTS section), **show that** Layman Petitioner
Watson has just cause to demand the above (par.2) on behalf
of himself **and** the Citizens of Alabama & United States.

    **3. Ex.R-DC-NR-4** bound in Exhibit Pack A **and** the
statements thereon in the STATEMENT OF FACTS section
(par.5 thru 5-A on pages 21-22), **has shown** that because of
the two outstanding motions to compel for default (2/25/05

& 5/11/05) on two of the complaints (7/13/04 & 2/25/05) **and** the motion to compel for default (10/30/06) on the other complaint (5/11/05), **the** revised notice of removal being filed today in U.S. District Court (2:06-cv-978-MEF), **HAS** petition demands to U.S. Attorney General Gonzales for five (5) arrest warrants **(which** includes Judge McFerrin for conspiring to obstruct justice on the national class action criminal/civil injunctive demands **in order** to keep any more obstructions from occurring on the federal bench arrest warrants that were demanded on 2/25/05 **against** a host of the federal officials, state officials & lawyers who have criminal & civil liability to government/citizens under the national class action criminal/civil injunctive demands on 7/13/04 & 2/25/05), **IN ADDITION** to demanding an end to the delay in Washington, **(1)** to the federal legislators in the U.S. Congress being informed of the federal legislative demands in Citizens of Alabama & United States national class action injunctive demands, and **(2)** the ordering of federal grand jury investigations in Montgomery Al. and Washington DC.

    **3-A. Ex.DC-MC-R** bound in Exhibit Pack A **and** the statements thereon in the STATEMENT OF FACTS section (par.6

on page 19), **has shown why** a federal motion to compel for recusal of the federal district/magistrate judges in Montgomery Al., is also being filed today in U.S. District Court (2:06-cv-978-MEF).

4. **Ex.DC-NR-4** (par.18 on pages 44-45) bound in Exhibit Pack 1, along with **Ex.R-DC-NR-4** and **Ex.C-M-2** bound in Exhibit Pack A, **show that the** revised notice of removal being filed today in U.S. District Court (2:06-cv-978-MEF), **is re-petitioning** the eight media who were petitioned in the notice of removal on October 30,2006, **to use** the purposes of having a free press under the First Amendment and Freedom of Information Act, **as a means** to protect/serve citizens rights/interests to due process of law on the connecting/related demands for criminal and/or civil relief, being demanded in this Court (1060172) **and** in U.S. District Court (2:06-cv-978-MEF) **and** in this Court; and **Ex.DC-MC-R** bound in Exhibit Pack A, **has averments** on the media exhibits that are bound Exhibit Pack A, **which** this Court (1060172) should review.

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

## STATEMENT ON WHY THE WRIT SHOULD ISSUE

**1.** The relief Layman Petitioner Watson is seeking in this mandamus is due to be granted (**see** par.2 thru 2-A on pages 22-23 in the STATEMENT ON ISSUES BEING PRESENTED section), **BECAUSE** it is connected/related to the notice of removal Layman Pro Watson filed on behalf of himself and Citizens of Alabama & United States in U.S. District Court (2:06-cv-978-MEF) on October 30,2006 (see **Ex.DC-NR-4** bound in Ex. Pk. 1 and **Ex.NR-4-CD-1** bound in Ex. Pk. A); **AND BECAUSE** of the federal legislative criminal/civil issues and federal jury criminal/civil issues in Citizens of Alabama & United States national class action injunction demands (7/13/04, 2/25/05 & 5/11/05), that Judge McFerrin is currently getting away with obstructing justice on in the Lowndes CV-91-78 case, by keeping Watson's money held in the Lowndes CV-91-78 case **in order** to also obstruct justice on Watson's national class action civil jury demands (2/25/05), **against** lawyers (the Beasley Law Firm partners & Gidiere Law Firm partners), **two** state officials of Alabama (<u>Second Judicial Circuit Judge H. Edward McFerrin</u> & Attorney General Troy King), **and five** federal officials of the United States (**1-**U.S. Attorney Leura G.

Canary, **2**-U.S. Magistrate Susan Russ Walker, **3**-U.S.

District Judge W. Harold Albritton III, **4**-former U.S.

Attorney General John Ashcroft, and **5**-U.S. Senator Richard

Shelby), **WHICH HAS** been documented in the STATEMENT OF

FACTS section (par.1 thru 1-B on pages 6-10 **and** par.3 thru

3-C-1 on pages 11-17) **from the** three pending complaints

(7/13/04, 2/25/05 & 5/11/05), **from the** outstanding motion

to compel for contempt (2/25/05), **from the** two outstanding

pending motions to compel for default (2/25/05 on the

complaint on 7/13/04 **and** 5/11/05 on the complaint on

2/25/05), **from the** motion to compel for default (10/30/06

on the complaint on 5/11/05), **from** three motions to compel

in the Lowndes CV-91-78 case, **two** for change of venue to

U.S. District Court (on 3/11/05 & on 6/3/05) **and one** for

recusal (on 5/11/05), **and from** exhibit court documents

bound in Exhibit Pack 4.

   **2.** The STATEMENT OF FACTS section (par.2 thru 4 on

pages 10-17), **shows that** because of the 30 page limit this

Court put on this writ of mandaus **and** because that is

sufficient evidence to be granted the relief being demended

from this Court (1060172), Layman Petitioner Watson is

showing documentation of Judge McFerrin's obstruction of

                                                    Page 25

federal criminal/civil prosecution in the Lowndes CV-91-78
case, **on** U.S. Magistrate Walker (on 1/29/03 in the federal
CV-02-F-1214-N case) **and on** Judge McFerrin (on 2/26/03 in
the Lowndes CV-91-78 case), **for their** connecting/related
falsifications of court documents to deprive Watson of a
jury trial on the fraud, conspiracy & racketeering jury
demands (10/31/02) **against** Judge McFerrin, federal
attorneys (in Washington DC & Montgomery Al.), other state
officials of Alabama (**which** includes the Justices on this
Court in January 2002), Beasley Law Firm partners and
Gidiere Law Firm partners.

   **2-A.** Under U.S. U.S. Title 28 (§ 1346), U.S. Magistrate
Walker is civilly liable under the Alabama Legal Services
Liability Act (**§** 6-5-570), for her actions in U.S. District
Court (CV-02-F-1214-N) on January 29,2003 (**see** par.3-C thru
3-C-1 on pages 15-17 in the STATEMENT OF FACTS section),
**WHICH CONSTITUTES** fraud to deprive a citizens of rights to
due process law **under** <u>Voyager Guar. Ins. Co., Inc. v.
Brown</u>, 631 So.2d 848 (Ala.1993):

> "Four elements must be proven in a fraud action:
> **(1)** there must be a false representation; **(2)** the
> false representation must concern a material existing
> fact; **(3)** the plaintiff must rely upon the false
> representation; and **(4)** the plaintiff must be damaged
> as a proximate result."

**2-B.** Under U.S. Title 42 (§ 1981, § 1983 & § 1985), U.S. Magistrate Walker (CV-02-F-1214-N case on 1/29/03) **and** Judge McFerrin (Lowndes CV-91-78 case on 2/26/03), **are** civilly liable **for their** connecting/related falsifications of court documents (**see** par.3-A thru 3-C-1 on pages 12-17), **WHICH CONSTITUTES** two connecting/related conspiracies by two judges (Walker on 1/29/03 & McFerrin on 2/26/03) to deprive a citizen of constitutional rights to due process of law on fraud, conspiracy & racketeering jury demands (10/31/02) against federal/state officials & lawyers, **under** Sykes v. State of Cal. (Dept. Of Motor Vehicles), C.A. 9 (Cal.) 1974 F.2d 197:

> "In order to recover for a conspiracy to deprive plaintiff of civil rights, plaintiff is required to allege that the purpose of the conspiracy was to deprive plaintiff of equal protection, privileges and immunities, or to obstruct course of justice, that defendants intended to discriminate against the plaintiff, that defendants acted under the color of state law and authority, and that the done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen.

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

Page 27

## STATEMENT OF CIRCUMSTANCES CONSTITUTING GOOD CAUSE

There is circumstances constituting good cause to demand **and for** this Court to grant the relief that Layman Petitioner Watson is dmending on behalf of himself **and the** Citizens of Alabama & United States (see par.2 thru 2-A on pages 20-21 in the STATEMENT ON ISSUES BEING PRESENTED section), **BECAUSE** no judge has rights to preside over **and** obstruct justice on their own prosecution for fraud, conspiracy racketeering, in civil jury demands (2/25/05) **and** criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05), **in which** there are also three pending motions to compel for defaults (2/25/05, 5/11/05 & 6/30/06) **on all** the demands for relief in the three complaints (7/13/04, 2/5/05 & 5/11/05), **AND BECAUSE** documentation of Judge McFerrin doing that in the Lowndes CV-91-78 case, **has been** documented **in the** STATEMENT OF FACTS section (par.1 thru 1-B on pages 6-10 **and** par.3 thru 3-B on pages 11-15), **and in the** STATEMENT ON WHY WRIT SHOULD ISSUE section (pages 24-27).

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

## FIRST CERTIFICATE OF SERVICE

I hereby certify that a copy of this writ of mandamus and Exhibit Pack A,  were were served to Judge McFerrin by U.S. Mail on December __4__,2006.

Judge H. Edward McFerrin
Post Office Box 515
Greenville, Alabama 36037

Teddy A. Watson

## SECOND CERTIFICATE OF SERVICE

I hereby certify that **Ex.ASC-R-W/M** attached to the revised notice of removal being filed in U.S. District Court today, **is a copy** of this writ of mandamus being served to the following by U.S. Mail on December__4__,2006.

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Teddy A. Watson

Page 29

## THIRD CERTIFICATE OF SERVICE

I hereby certify that **Ex.ASC-R-W/M** attached to the revised notice of removal being filed in U.S. District Court today, **is a copy** of this writ of mandamus being served to the following media by U.S. Certified Mail on December 4 ,2006.

Associated Press reporter Phillip Rawls
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

Executive Editor Wanda Lloyd
Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

News Director of WSFA TV (NBC)
12 E Delano Avenue
Montgomery, Alabama 36105

News Director, WAKA TV (CBS)
3020 Eastern Boulevard
Montgomery, Alabama 36116

Editor, Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

Editor, Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

News Director, WBRC TV (FOX)
1720 Valley View Drive
Birmingham, Alabama 35209

News Director, CNN Headline News
One CNN Center
Atlanta, Georgia 30303

Teddy A. Watson

Page 30

*EXHIBIT ASC-6*

IN THE SUPREME COURT OF ALABAMA
October 31, 2006

1060172

Ex parte Teddy A. Watson.    PETITION FOR WRIT OF MANDAMUS:
CIVIL   (In re: Teddy A. Watson v. CSX Transportation, Inc.)
(Lowndes Circuit Court: CV-91-78)

NOTICE TO PETITIONER

    Please be advised that the Alabama Rules of Appellate
Procedure were recently amended.   The amended rules accessed
at http://www.judicial.state.al.us/rules.cfm.

    The petition for writ of mandamus filed on October 30,
2006, fails to comply with Rules 21(d) and 32(b)(3), Ala. R.
App. P., as amended, in that it exceeds the page limit of
thirty (30) pages.

    The petition for writ of mandamus filed on October 30,
2006, fails to comply with Rule 32(a)(5), Ala. R. App. P., in
that it contains the wrong font size and there has been no
certification that access to equipment capable of producing
the proper font is not reasonably available to the attorney
and that the font style used constitutes the closest
approximation of Courier New 13 under the circumstances.

    Pursuant to Rule 32(c)(2), your filing is conditionally
filed, subject to the requirement that you file in this
Court's clerk's office a complete set (13 copies) of
replacement documents that comply with the preceding rule(s)
within 14 days of the date of this notice.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appears(s) of record in said
Court.
Witness my hand this 31st day of October, 2006

Robert G. Esdale, Sr.
Clerk, Supreme Court of Alabama

# EXHIBIT ASC-MC

## IN THE SUPREME COURT OF ALABAMA

Ex Parte TEDDY A. WATSON      *      **1060172**

     *

Layman Pro Se Petitioner      *

REFERENCE

```
                                   ┌─────────────────────────┐
                                   │        FILED            │
                                   │                         │
                                   │      NOV  14 2006        │
                                   │                         │
                                   │        CLERK            │
                                   │ SUPREME COURT OF ALABAMA │
                                   └─────────────────────────┘
```

TEDDY A. WATSON ON BEHALF OF      *
HIMSELF, CITIZENS OF ALABAMA &      *
CITIZENS OF THE UNITED STATES      *

     *

     Plaintiffs/Defendants,      *

     *

vs.      * CIVIL ACTION NO. CV-91-78

     *

JERE L. BEASLEY, J. GREG ALLEN,      *      FROM
MICHAEL J. CROW,      *
THOMAS J. METHVIN,      *      THE CIRCUIT COURT
J. COLE PORTIS &      *
DANIEL MILES, III,      *      OF
     OF THE BEASLEY LAW FIRM,      *
PHILIP S. GIDIERE, JR.,      *      LOWNDES COUNTY ALABAMA
JACK B. HINTON, JR. &      *
STEVEN K. HERNDON      *
     OF THE GIDIERE LAW FIRM,      *
STATE OFFICIALS      *
     OF ALABAMA,      *
FEDERAL OFFICIALS      *
     OF THE UNITED STATES,      *

     *

     Defendants/Plaintiffs      *

## MOTION TO COMPEL
## FOR
## EXTENSION OF TIME TO RE-FILE WRIT OF MANDAMUS
## AGAINST
## ALABAMA SECOND JUDICIAL CIRCUIT JUDGE H. EDWARD MCFERRIN
## &
## EXCEPTION/EXTENSION ON PAGE LIMIT

1

1. The attached notice from the Clerk of this Court on October 31,2006, informed Watson to that the writ of mandamus filed on October 30,2006, was being rejected by the Court under two (2) rules of the Alabama Rules of Appellate Procedure, **(1)** that it exceeded the thirty (30) page limit on petition for writ of mandamus under Rule 32 (b) (3) of Ala. R. App. P., and **(2)** that it had the wrong font size required by Rule 32 (a) (5), Ala. R App. P.

2. The above shows that this motion has the font size stated in the attached notice in the above (par.1)**; and** Layman Petitioner Watson needs an extension of time **and also** an exception/extension on the page limit because of the below.

3. Watson called this Court's Clerk for an extension of time on November 13,2006, **and** was told that instead of getting an extension over the phone **and** mailing the Court a letter confirming the extension, a motion for an extension would be have to be filed.

4. In addition to representing himself on his national class action jury demands (2/25/05) against **lawyers** (Beasley Law Firm partners **&** Gidiere Law Firm partners), **two state of officials of Alabama** (<u>Second Judicial Circuit</u>

2

<u>Judge H. Edward McFerrin</u> & Attorney General Troy King), **and**

**five federal officials of the United States** (1-U.S.

Attorney Leura G. Canary, **2**-U.S. Magistrate Susan Russ

Walker, **3**-U.S. District Judge W. Harold Albritton III,

**4**-former U.S. Attorney General John Ashcroft and **5**-U.S.

Senator Richard Shelby), **for** fraud, conspiracy &

racketeering on Watson's civil rights & property, **because**

of Judge McFerrin and federal justice officials (in

Montgomery Al. & Washington DC) conspiracy obstruction of

justice thereon, **layman citizens Watson** is having to

continue to demand justice on the connecting/related fraud,

conspiracy & racketeering claims in the national class

action criminal/civil injunction demands (7/13/04, 2/25/05

& 5/11/05), **that** Layman Pro Se Watson filed on behalf of

himself and the Citizens of Alabama & United States **against**

the civil liable lawyers and state/federal officials in

Watson's civil jury demands (2/25/05) **and a host** of other

lawyers, state officials of Alabama (**which** includes the

Justices serving on the Alabama Supreme Court in January

2002), and federal officials of the United States (in

Washington DC & Montgomery Al.), **which are** demanding that

all the lawyers and state/federal officials who have fraud,

3

conspiracy engagement in this matter, be brought to justice
for racketeering conspiracy crimes of fraud being committed
on the United States Constitution and citizens rights &
interests thereunder, **in order** to defraud the State of
Alabama & its citizens of a constitutional & lawful federal
and state judicial system (criminal & civil).

   **4-A. Ex.7/13/04, Ex.M/C/DF-1, Ex.2/25/05** and
**Ex.M/C/DF-2** bound in Exhibit Pack 2 that was filed with the
writ of mandamus on October 30,2006, **show that** there are
outstanding motions to compel that are demanding, that
state officials of Alabama & federal officials of the
United States, be held in default on having rights to
oppose Citizens of Alabama & United States national class
action criminal/civil injunctive demands against lawyers
and state/federal officials on July 13,2004 & February 25,
2005, **and** for the named lawyers and state/federal officials
in the above (par.4), be held in default on having rights a
jury trial being held on Watson's national class action
civil jury demands against them on February 25,2005; and
**Ex.S/A/C** and **Ex.USAG-G-P1** bound in Exhibit Pack 2, along
with **Ex.DC-NR-4** and **Ex.DC-M/C/DF** bound in Exhibit Pack 1
filed with the writ of mandamus on October 30,2006, **show**

4

**that** a motion to compel was filed with the notice of removal in U.S. District Court on October 30,2006, that is demanding U.S. Attorney General Alberto Gonzales be held in default on having rights to oppose the criminal/civil injunctive demands, that were demanded U.S. Attorney General Gonzales in the second amendment to the amended complaint (7/13/04) on May 11,2005, **and** petition on May 11, 2005, **which** includes the ordering of a federal grand jury investigation in Montgomery Al., **in order** to give citizens their rights as federal grand jurors to indict the injunctive liable lawyers and state/federal officials in the above (par.4), to be held criminally/civilly liable to the State of Alabama & its citizens **and** to the United States & its citizens.

5. Under Rule 21 of the Alabama Rules of Appellate Procedure, a petitioner in a writ of mandamus, is suppose to give the Court a full understanding of the facts in violation of the law; **AND** the writ of mandamus and four exhibit packs Layman Petitioner Watson filed on October 30, 2006, showed persuasive evidence of connecting/related criminal conspiracy obstructions of justice on the national class action civil jury and national class action

5

criminal/civil injunctive demands in the above (par.2),

**(1)** by U.S. Magistrate Susan Russ Walker **&** U.S. District Judge Myron H. Thompson, in the CV-05-T-179-N case in U.S. District Court in March of 2005, **note** who both have criminal/civil liability to government/citizens under the national class action injunctive demands, for prior conspiracy obstrictions of justice in this matter,

**(2)** in Washington DC on July 29,2005, between Civil Rights Justice Official Theresa Weathers, one or more officials in the U.S. Attorney General's office, and criminal/civil U.S. Senator Richard Shelby, **note** U.S. Senator Shelby, former U.S. Attorney General John Ashcroft, and other federal justice officials in Washington DC, have criminal/civil liability to government/citizens under the national class action injunction demands, for prior conspiracy obstructions of justice in this matter, and **(3)** ongoing in the CV-91-78 case in Lowndes County Circuit Court by Judge H. Edward McFerrin, **note** who has criminal/civil liability to government/citizens under the national class action injunctive demands, for prior conspiracy obstructions of justice in this matter.

    **5-A.** The writ of mandamus filed on October 30,2006,

showed that the three connecting/related criminal
conspiracies in the above (par.5), have been in violation
of federal criminal statutory law under U.S. Title
18 (§ 242, § 341, § 1505 & § 1506), federal civil statutory
law under U.S. Title 42 (§ 1981, § 1983 & § 1985), state
civil statutory law under the Alabama Legal Services
Liability Act (§ 6-5-570), **and also** Rule 4 and Rule 15 of
the Alabama Rules of Civil Procedure.

   **6.** The writ of mandamus filed on October 30,2006,
stated that the filing of **and** the relief being demanded
therein, was connected/related to the notice of removal
Layman Pro Se Watson was filing in U.S. District Court on
October 30,2006, **which removed** from the CV-91-78 case in
Lowndes County Circuit Court, the connecting/relating
fraud, conspiracy & racketeering claims against lawyers
and state/federal officials, **(1)** Watson's national class
action civil jury demands (2/25/05) in above (par.2) and
**(2)** Citizens of Alabama & United States national class
action criminal/civil injunctive demands (7/13/04, 2/25/05
& 5/11/05) in the above (par.2); **AND NOTE** 2:06-cv-978-MEF
is the case number the notice of removal (10/30/06) has
been assigned.

**6-A.** The writ of mandamus on October 30,2006, demanded the following relief, **(1)** recusal of the Justices who were serving in January 2002, **because** of their criminal/civil liability to government/civil under the national class action injunctive demands (7/13/04, 2/25/05 & 5/11/05), **for** connecting conspiracy obstruction of justice in January 2002, **on** Watson's writ of mandamus against Judge McFerrin in the CV-91-78 case in Lowndes County Circuit Court, **and on** Watson's appeal (12002154) of the Watson v. Beasley Firm case (CV-00-1545-GR) in Montgomery County Circuit Court, and **(2)** for the non criminal/civil Justices to order Judge McFerrin to transfer the money Judge McFerrin has been holding for over ten years in the Lowndes CV-91-78 case from Watson's pro se settlement with CSX on February 16,1996, to the case the notice of removal is assigned, **for a jury trial to be held**, on the Beasley Law Firm's liens/demands on Watson's money, **verses** Watson's national class action civil jury demands (2/25/05) in the above (par.2).

**7.** Because of the three connecting/related conspiracy obstructions of justice in violation of federal conspiracy laws (criminal & civil), state civil law, and state rules

8

of civil procedure in the above (par.5 thru 5-A), the writ

of mandamus on October 30,2006, demanded the liberties due

a layman pro se petitioner under liberties due a layman

under Bach v. Scott, D.C.Ill. 1973, 357 F.Supp. 1125,

Mahurin v. Moss, D.C.Mo. 1970, 313 F.Supp. 1263, and

Stamber v. Dillon, D.C. N.Y.1969, 302 F.Supp. 1250; **NOTE**

which included an exception on the length of the mandamus,

**in order** to comply with Rule 21 of the Alabama Rules of

Appellate Procedure **and** give this Court a full

understanding of the facts in violation of the law.

8. Since receiving, Layman Petitioner Watson has been

trying to prepare a writ of mandamus that complies with the

30 page limit in the attached notice in the above (par.1)

**and** because they are required **&** take-up over ten pages of

the 30 page limit, Layman Petitioner Watson is petitioning

the Court to exclude the following from the 30 page limit

in the writ of mandamus being prepared, **(1)** table of

contents page, **(2)** table of authorities pages, **(3)**

attachments pages, and **(4)** certificate of services pages.

9. Because of the criminal conspiracies in the above

(par.5 thru 5-A), **and also** because Rule 21 of the Alabama

Rules of Appellate Procedure requires the Court be provided

9

with a full understand of the facts in violation of a law, Layman Petitioner Watson is petitioning the Court, to give Layman Petitioner Watson a combined 40 page limit in the following sections of the writ of mandamus being prepared, **(1)** statement of facts, **(2)** statement on the issues being presented, **(3)** statement on why writ should issue, and **(4)** statement of circumstances constituting good cause.

10. Because of the three connecting/related conspiracies in the above (par.5 thru 5-A), have also obstructed justice on the Alabama Supreme Court Justices serving in January 2002 criminal/civil liability to government/citizens in the above (par.6-A, under Citizens of Alabama & United States pending national class action criminal/civil injunctive demands in federal court), the demands in the above (par.8 thru 9) are in the interest of justice **and also** citizens rights to petition the Alabama Supreme Court for justice on conspiring lawyers and state/federal officials; **AND** if this court will not grant one or both of the demands in the above (par.8 & par.9), on behalf of himself **and** the law-abiding Citizens of Alabama & United States, Layman Petitioner Watson is demanding an explanation thereof.

10

**11.** Because the demands of relief in being sought in this Court (1060172) and U.S. District Court (2:06-cv-978-MEF), are connected/related, **and also** because a copy of the writ of mandamus (10/30/06) is on file in the federal case (2:06-cv-978-MEF) as **Ex.ASC-W/M** in Exhibit Pack 5 to DC-NR-4, the forth certificate of service in the below, has certified that the Clerk of U.S. District Court is also being served with a copy of this motion to compel.

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

ADDRESS

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

### FIRST CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion to compel, was served to Judge McFerrin by U.S. Mail on November 14, 2006.

Judge H. Edward McFerrin
Post Office Box 515
Greenville, Alabama 36037

Teddy A. Watson

11

## SECOND CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion to compel was served by U.S. Mail on November 14, 2006, to the following parties who are being served in this matter in trial court, Lowndes County Circuit Court (CV-91-78) **and** U.S. District Court (2:06-cv-978-MEF).

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Teddy A. Watson

## THIRD CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion to compel was served by U.S. Mail on November 14,2006, to the following eight media being served in this matter in trial court, Lowndes County Circuit Court (CV-91-78) **and** U.S. District Court (2:06-cv-978-MEF).

Associated Press reporter Phillip Rawls
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

Executive Editor Wanda Lloyd
Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

News Director of WSFA TV (NBC)
12 E Delano Avenue
Montgomery, Alabama 36105

News Director, WAKA TV (CBS)
3020 Eastern Boulevard
Montgomery, Alabama 36116

Editor, Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

Editor, Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

News Director, WBRC TV (FOX)
1720 Valley View Drive
Birmingham, Alabama 35209

News Director, CNN Headline News
One CNN Center
Atlanta, Georgia 30303

Teddy A. Watson

13

## FORTH CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion to compel was served by U.S. Mail to the following Clerk on November 14,2006.

Clerk of the U.S. District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

Teddy A. Watson

14

IN THE SUPREME COURT OF ALABAMA
October 31, 2006

1060172

Ex parte Teddy A. Watson.    PETITION FOR WRIT OF MANDAMUS:
CIVIL  (In re: Teddy A. Watson v. CSX Transportation, Inc.)
(Lowndes Circuit Court: CV-91-78)

<u>NOTICE TO PETITIONER</u>

    Please be advised that the Alabama Rules of Appellate
Procedure were recently amended.   The amended rules accessed
at http://www.judicial.state.al.us/rules.cfm.

    The petition for writ of mandamus filed on October 30,
2006, fails to comply with Rules 21(d) and 32(b)(3), Ala. R.
App. P., as amended, in that it exceeds the page limit of
thirty (30) pages.

    The petition for writ of mandamus filed on October 30,
2006, fails to comply with Rule 32(a)(5), Ala. R. App. P., in
that it contains the wrong font size and there has been no
certification that access to equipment capable of producing
the proper font is not reasonably available to the attorney
and that the font style used constitutes the closest
approximation of Courier New 13 under the circumstances.

    Pursuant to Rule 32(c)(2), your filing is conditionally
filed, subject to the requirement that you file in this
Court's clerk's office a complete set (13 copies) of
replacement documents that comply with the preceding rule(s)
within 14 days of the date of this notice.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appears(s) of record in said
Court.
Witness my hand this 31st day of October, 2006

Clerk, Supreme Court of Alabama

EXHIBIT ASC-7

# IN THE SUPREME COURT OF ALABAMA

November 15, 2006

**1060172**

Ex parte Teddy A. Watson.  PETITION FOR WRIT OF MANDAMUS: CIVIL  (In re:
Teddy A. Watson v. CSX Transportation, Inc.)   (Lowndes Circuit Court: CV-91-78).

## NOTICE

Petitioner(s) granted to and including December 4, 2006, to
re-file petition for writ of mandamus.  Motion for extension of
page limitation is denied.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 15th day of November 2006

*Robert G Esdale Sr*

Clerk, Supreme Court of Alabama

cc:
Hon. H. Edward McFerrin, Circuit Judge
Teddy A. Watson, Pro Se
Hon. Troy R. King, Attorney General
Leura Garrett Canary, Attorney
Jack B. Hinton, Jr., Attorney

/sm

Exhibit A2-DC-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| TEDDY A. WATSON, *etc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06-cv-00978-MEF-VPM |
| JERE L. BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE

Comes now Misty S. Fairbanks, a member of the bar of this Court, respectfully enters her

appearance as counsel for the State of Alabama.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

s/ Misty S. Fairbanks
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Facsimile:  (334) 353-8440
E-mail:       mfairbanks@ago.state.al.us

Attorney for the State of Alabama

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on November 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jack B. Hinton, Jr., Esq., and Leura Garrett Canary, Esq., and I hereby certify that I have mailed by United States Postal Service to the following non CM/ECF participant: Teddy A. Watson, 4362 Eastmont Drive, Montgomery, AL 36109.

Respectfully submitted,

s/ Misty S. Fairbanks
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
Attorney for the State of Alabama
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Fax:  (334) 353-8440
E-mail:  mfairbanks@ago.state.al.us

2

EXHIBIT AL-DC-2

## Gray, Lynn

| | |
|---|---|
| **From:** | Simpson, Merritt |
| **Sent:** | Tuesday, November 28, 2006 4:11 PM |
| **To:** | Fairbanks, Misty; Gray, Lynn |
| **Subject:** | FW: Activity in Case 2:06-cv-00978-MEF-VPM Watson v. Beasley et al "Motion to Remand" |

-----Original Message-----
**From:** efile_notice@almd.uscourts.gov [mailto:efile_notice@almd.uscourts.gov]
**Sent:** Tuesday, November 28, 2006 3:53 PM
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 2:06-cv-00978-MEF-VPM Watson v. Beasley et al "Motion to Remand"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Fairbanks, Misty S. entered on 11/28/2006 at 3:52 PM CST and filed on 11/28/2006

| | |
|---|---|
| **Case Name:** | Watson v. Beasley et al |
| **Case Number:** | 2:06-cv-978 |
| **Filer:** | State of Alabama |
| **Document Number:** 5 | |

**Docket Text:**
MOTION to Remand by State of Alabama. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C)(Fairbanks, Misty)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=11/28/2006] [FileNumber=640737-0
] [3b27f1663684abb632b547a1a31d731d2a38ed4418fb04bad1df5158d0d39854f90
d47592f0b66ff06051f5142647fc173c7d05bb5ae08476446b256a8c4925a]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=11/28/2006] [FileNumber=640737-1
] [3a2477c559794c564d49072688b596b475870bf07e21d94fc140df19dc5b934c5d4

89285de1296c6ea1ab1d899275afcdf9dfaa4dec9315177f8dc987f533045]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=11/28/2006] [FileNumber=640737-2
] [4e6402eb3bb6092f8097d4bd8d120068daa3ce4b1b5042adc6bbf9e43c45c5eda49
2ea8fb1c3bbba80c6d5cc5e1c35e3d70643ef5f444c9fa2be58cde592d147]]
**Document description:**Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=11/28/2006] [FileNumber=640737-3
] [0e33722b04d7fc283ad651e7ff2ffbfd352ca4ea73afedb8db586dbc47e8ab73982
a339b15585b49238c4e6a2d973c0bc8e3575328d8946bcbc3d1907ac031e0]]

**2:06-cv-978 Notice will be electronically mailed to:**

Leura Garrett Canary    leura.canary@usdoj.gov, bertha.moore@usdoj.gov

Jack B. Hinton , Jr    dawn@ghhclaw.com, jay@ghhclaw.com; russell@ghhclaw.com

Troy Robin King    msimpson@ago.state.al.us, oingram@ago.state.al.us

**2:06-cv-978 Notice will be delivered by other means to:**

Teddy A. Watson
4362 Eastmont Drive
Montgomery, AL 36109

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TEDDY A. WATSON, *etc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06-cv-00978-MEF-VPM |
| JERE L. BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### STATE OF ALABAMA'S MOTION TO REMAND

The State of Alabama, by and through its Attorney General Troy King, for the limited purpose of responding to Plaintiff Watson's "Notice of Removal" (doc. # 1), without waiving any defenses that it might have, states the following:

1.    On October 30, 2006, Plaintiff Watson filed a Notice of Removal in this Court which Notice lists, among others, "Officials of the State of Alabama" as "Defendants/Plaintiffs."[1] The docket report for the above-styled case lists the State of Alabama as a defendant. In his Notice of Removal this *pro se* plaintiff purports to represent a class of "Plaintiffs/Defendants."

2.    Plaintiff Watson has repeatedly attempted to amend his state-court complaint to include federal claims and to remove his own case to federal court.

a.    In *Watson v. Zenter, et al.*, Civil Action No. 02-cv-01214-MEF-SRW, this Court concluded that it lacked subject matter jurisdiction because the amendment including the federal claims had not been allowed by the state court. A copy of the Magistrate Judge's

---

[1] On the same day, Plaintiff Watson filed a petition for writ of mandamus in the Alabama Supreme Court.

Recommendation and a copy of the Court's Order adopting that Recommendation are attached as Exhibit A.

        b.     In *Watson v. Beasley, et al.*, Civil Action No. 04-cv-00677-WHA-SRW, this Court remanded the case to the Circuit Court of Lowndes County, Alabama because only a defendant, and not a plaintiff, can remove a case. A copy of the Court's order is attached as Exhibit B.

        c.     In *Watson v. Beasley, et al.*, 05-cv-00179-MHT-SRW, the Magistrate Judge ordered that Plaintiff Watson demonstrate that the state court had allowed his amendment to add his federal claims. When Plaintiff Watson admitted that the amendment had not been allowed, this Court concluded that "the claims which would confer jurisdiction upon this court are not, therefore, properly in this case and do not provide a basis for removal. Thus, the action is due to be remanded for lack of subject matter jurisdiction." (Order at 2.) The Court also held that the case was due to be remanded because a plaintiff cannot remove his own case to federal court. The orders of the Magistrate Judge and of the Court are attached as Exhibit C.

        3.     Irrespective of how Plaintiff Watson has styled his Notice of Removal, he is the plaintiff in the underlying case in the Circuit Court of Lowndes County, Alabama and for that reason he cannot remove the case to this Court. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a).

        4.     Alternatively, the State of Alabama respectfully asks that this Court require Plaintiff Watson to affirmatively demonstrate that the state court has allowed him to amend his complaint to include federal claims, thereby providing this Court with subject matter jurisdiction. If Plaintiff Watson cannot affirmatively demonstrate that this Court has subject matter jurisdiction, this case should be remanded.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

s/ Misty S. Fairbanks
_____
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Facsimile:  (334) 353-8440
E-mail:    mfairbanks@ago.state.al.us


Attorney for the State of Alabama

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Jack B. Hinton, Jr., Esq., and I hereby certify that I have mailed by United States Postal Service to the following non CM/ECF participants:  Teddy A. Watson, 4362 Eastmont Drive, Montgomery, AL 36109, and Leura G. Canary, Esq., United States Attorney, P.O. Box 197, Montgomery, AL 36101-0197.

Respectfully submitted,

s/ Misty S. Fairbanks
Misty S. Fairbanks
Bar Number ASB-1813-T71F
Assistant Attorney General
Attorney for the State of Alabama
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Fax:  (334) 353-8440
E-mail:  mfairbanks@ago.state.al.us

4

# EXHIBIT A

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA JAN 29 2003
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| TEDDY A. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-F-1214-N |
| | ) | |
| LYNN A. ZENTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 3, 1991, plaintiff Teddy A. Watson filed a workers compensation action against CSX Transportation, Inc. in the Circuit Court of Lowndes County, Alabama. (Complaint). The parties settled the case, and plaintiff's claims against CSX were dismissed on February 16, 1996. The court retained jurisdiction for the purpose of adjudicating an attorney lien filed by plaintiff's former counsel. The court conducted a final hearing on the matter on March 26, 1996. (Amended Order of Circuit Court entered April 18, 2002, Exhibit C to Doc. # 5). Plaintiff has vigorously contested the lien, filing a number of actions against his former counsel (and other attorneys, judges, and state and federal officials who have allegedly conspired with them) in state court and in this court. (See Order entered by Judge Greenhaw on July 30, 2001 in the Circuit Court of Montgomery County, Exhibit G to Doc. # 5; Watson v. Beasley, et al., 98-D-1023-N).

On April 2, 2002, plaintiff sought to amend his state court complaint to add various constitutional and federal and state statutory claims against Judge McFerrin (the judge presiding over this action), the Beasley law firm (the firm filing the attorney lien), Jack B.

Case 2:06-cv-00978-MEF-WC     Document 11-19     Filed 12/04/2006     Page 3 of 8

Case 2:06-cv-00978-MEF-VPM     Document 5     Filed 11/28/2006     Page 3 of 8
Case 2:02-cv-01214-MEF-SRW     Document 20     Filed 01/29/2003     Page 2 of 4

Hinton, Jr. (the attorney representing the Beasley firm), and the U.S. Attorney's Office (for conspiring with the other defendants "by obstructing justice on criminal indictments and prosecution thereof"). By order entered April 18, 2002, Judge McFerrin disallowed plaintiff's amendment to the complaint, finding that: (1) the proposed amendment was filed too late without leave of court; and (2) that it exceeded the scope of issues reserved to the court by its earlier order. (Amended Order of Circuit Court entered April 18, 2002, Exhibit C to Doc. # 5).

On October 31, 2002, plaintiff filed another amended complaint in state court, seeking to bring the same and other claims against the defendants named in the disallowed amendment, and adding claims against other federal and state officials (the Governor, Lieutenant Governor, Speaker of the House, Alabama Supreme Court justices, State Attorney General, an Assistant Attorney General, Circuit Judge Sally M. Greenhaw), and against other members of Hinton's law firm. (Amended Complaint). On the very same day, before the Circuit Court could determine whether or not to allow the amendment, plaintiff removed the action to this court.

Under the Alabama Rules of Civil Procedure, a party must obtain leave of the court – which will be given only upon a showing of good cause – to amend at any time after forty-two days before the first setting of the case for trial. Ala. R. Civ. P. 15(a). As noted above, the only matter remaining to be adjudicated by Judge McFerrin was the attorney lien, and a hearing was conducted on that matter on March 26, 1996. Thus, as Judge McFerrin concluded with regard to plaintiff's earlier attempt to amend the complaint, "the proposed

2

Amended Complaint comes too late without leave of court . . . ." (Amended Order of Circuit Court entered April 18, 2002, Exhibit C to Doc. # 5). Since plaintiff failed to obtain leave of court to amend his complaint, the proposed amendment filed October 31, 2002 is without effect and the federal claims asserted in the proposed amendment cannot provide the basis for his removal of the action to this court. See Malone v. Malone, 2003 WL 133011, *3 (Ala. Civ. App. Jan. 17, 2003)("Rule 15(a), Ala. R. Civ. P., requires that a party desiring to amend a pleading less than 42 days before trial must seek leave of the court; . . . The comments to Rule 15 indicate that the rule 'requires a written motion' seeking such leave and also requires notice to all parties. The wife did not seek leave of the court and did not present any ground upon which the trial court may have allowed such late amendments. Therefore, the wife's purported amendments were never 'allowed' and did not serve to inject additional claims.")(citation and footnote omitted).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be REMANDED to the Circuit Court of Lowndes County, Alabama, pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction.

DONE, this _29n_ day of January, 2003.

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

3

CIVIL ACTION NO. 02-F-1214-N

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of January, 2003.

SUSAN RUSS WALKER
_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

FILED

⌐¯Ɓ 1 2 ⠂⠂ ◯

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CIVIL ACTION NO. 02-F-1214-N
                                    )
LYNN A. ZENTNER, et al.,            )
                                    )
        Defendant.                  )

## ORDER

After an independent review of the file, it is the ORDER, JUDGMENT and DECREE
of the court:

(1)    That the objection filed by plaintiff on February 7, 2003 (Doc. # 21) is
       overruled;

(2)    That the recommendation of the United States Magistrate Judge entered on
       January 29, 2003 (Doc. # 20) is adopted;

(3)    That this case be remanded to the Circuit Court of Lowndes County, Alabama,
       pursuant to the provisions of 28 U.S.C. § 1447(c) for lack of subject matter
       jurisdiction.

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said
remand.

**EOD** _2/12/03_

DONE this 12th of February, 2003.

_____
MARK E. FULLER
UNITED STATES DISTRICT JUDGE

### CIVIL APPEALS CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction confined and strictly limited by statute.
   *Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:* Only final judgments for orders of district courts for final orders bankruptcy courts which have been affirmed by a district court under 28 U.S.C. §158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P 5.1, 28 U.S.C. 1636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of a judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893(1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289(1988); Budinich v. Becton, 486 U.S. 196, 108 S.Ct.1717, 100 L.Ed 2d 178 (1988)

   *Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:* The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   *Appeals Pursuant to 28 U.S.C. § 1292(a):* Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and "[I]nterlocutory decrees... determining the rights and liabilities of parties to admiralty cases..." This statute does not permit appeals from temporary restraining orders.

   *Appeals pursuant to Judicially Created Exceptions to the Finality Rule:* These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. V. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988).

2. **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   *FRAP 4(a)(1):* The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry..." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   *FRAP 4(a)(3):* "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   *FRAP 4(a)(4):* If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for all parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

   *FRAP 4(a)(5) and FRAP 4(a)(6):* The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   *FRAP 4(c):* "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable..." [FRAP 3(b)]

4. **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4).

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,                              )
                                             )
                    Plaintiff,                )
                                             )
vs.                                          )        CIVIL ACTION NO. 2:04cv677-A
                                             )
JERE L. BEASLEY, et al.,                      )
                                             )
                    Defendants.               )

## ORDER

This case comes before this court on a Notice of Removal (Doc. #1) by which the

Plaintiff seeks to remove Case No. CV-91-78 from the Circuit Court of Lowndes County,

Alabama, purportedly under the authority of Title 28 *United States Code* § 1443.

28 U.S.C. § 1443 provides that:

> Any of the following civil actions or criminal prosecutions,
> commenced in a State court may be removed **by the defendant** to
> the district court of the United States for the district and division
> embracing the place wherein it is pending:
> . . . . (emphasis added)

As is clearly set out in the referenced statute, only a defendant, not the plaintiff, may

remove this case from state court to federal court. Therefore, this court is without jurisdiction,

and it is hereby

ORDERED that this case is REMANDED to the Circuit Court of Lowndes County,

Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

Case 2:06-cv-00978-MEF-WC    Document 11-20    Filed 12/04/2006    Page 3 of 3

Case 2:06-cv-00978-MEF-VPM    Document 5    Filed 11/28/2006    Page 3 of 3
Case 2:04-cv-00677-WHA-SRW    Document 3    Filed 07/23/2004    Page 2 of 2

DONE this 23rd day of July, 2004.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TEDDY A. WATSON,              )
                             )
        Plaintiff,            )
                             )
    v.                       )        CIVIL ACTION NO. 2:05CV179-T
                             )
JERE L. BEASLEY, et al.,      )
                             )
        Defendants.          )

## ORDER

Plaintiff removed this action from the Circuit Court of Lowndes County on February 25, 2005 on the basis of amendments he filed to his claims in that court on July 13, 2004 and February 25, 2005. The court, which has an obligation to inquire into its jurisdiction, notes that it may lack subject matter jurisdiction over this action if plaintiff failed to obtain leave of court to amend his complaint to add federal claims. See Watson v. Zentner, et al., Civil Action No. 2:02CV1214-F.

Accordingly, it is

ORDERED that plaintiff is DIRECTED to file, on or before March 11, 2005, a copy of any order or docket entry in the Lowndes County Circuit Court in Case CV 91-78 demonstrating that the amendments filed by plaintiff on July 13, 2004 and on February 25, 2005 were allowed by that court. Plaintiff is advised that his failure to comply with this order may result in remand of this action to state court.[1]

_____

[1] In addition, if any defendant seeks to have this action remanded on the basis of a procedural defect (such as removal by the plaintiff rather than by defendants) the defendant must

#9
3-2-05

DONE, this 2ⁿᵈ day of March, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

file a motion to remand within thirty days of the removal to this court.  See 28 U.S.C. § 1447(c);
Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317 (11th Cir.
2001).

2

*Exhibit H-AC-1*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

TEDDY A. WATSON              )
                                    )
        Plaintiff,            )
                                      )
v.                              )  CIVIL ACTION NO. 06-CV978-MEF
                                    )
JERE BEASLEY, ET AL.     )
                                    )
        Defendants.       )

## MOTION TO DISMISS OR IN THE ALTERNATIVE
## MOTION TO REMAND

COMES NOW the defendants Jere L. Beasley, J. Greg Allen, Michael J. Crow, Thomas J. Methvin, J. Cole Portis, and Daniel Miles, III in the above styled action (hereinafter and formerly commonly referred to as "the Beasley firm") and request that this Honorable Court dismiss or remand plaintiff's recent filing of October 30, 2006 (Notice of Removal – Document 1) purporting to be a removal of the Lowndes County action of Watson v. Beasley, et al., CV91-78. As grounds therefore, these defendants state that, based on the language of and exhibits to plaintiff's own pleadings (see numbered paragraphs below), plaintiff's effort at removal must again fail. This is the fourth attempt plaintiff has made at removing CV91-78. Such an approach is not permitted under the Federal Rules of Civil Procedure. Even if it were permitted, plaintiff's actions are barred by res judicata and collateral estoppel based on the prior rulings of this United States District Court and those of various Alabama Circuit and Appellate Courts.

1. On February 26, 1996, Lowndes County Circuit Judge H. Edward McFerrin dismissed the entire underlying lawsuit comprising CV91-78 and "reserve[d] ruling concerning the attorney liens [until] a later date". Judge McFerrin also ordered that the Clerk deposit the proceeds at interest for withdrawal on demand. (See Exhibit C-19 found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

2. On March 1, 1999, the United States Magistrate Judge Vanzetta Penn McPherson considered another of plaintiff's originally filed civil actions removed from the Circuit Court of Montgomery County, Alabama on September 11, 1998. That case included claims for compensatory and punitive damages against a variety of defendants including the Beasley firm. Plaintiff's allegations in that matter included that the Beasley firm "behaved unethically in representing him, broke their contract, attempted to collect excessive fees, and engaged in illegal trial tactics". Judge McPherson noted that plaintiff's claims were barred by the doctrine of res judicata. Accordingly, the Court proposed a recommendation that the claims against the Beasley firm be dismissed with prejudice. (See Exhibit F found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

3. On April 5, 1999, Judge DeMent considered the recommendations of Judge McPherson and the objections filed thereto. Judge DeMent overruled plaintiff's objections and accepted the recommendation of Judge McPherson. At that time, Judge DeMent dismissed inter alia all of plaintiff's claims against the

2

Beasley firm with prejudice. (See Exhibit F found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

4. On December 8, 1999, Judge McFerrin issued an Order in CV91-78 directing that all pending unargued motions "related to the attorney fee lien dispute" were to be heard on December 21, 1999. The Court also noted that "no new motions will be filed prior to disposition of outstanding motions without leave of Court". (See Exhibit 30 found in plaintiff's Exhibit Pack 5 to DC-NR-4.)

5. On January 11, 2002, the Supreme Court of Alabama resolved a similar if not identical Mandamus Petition as that filed contemporaneously with plaintiff's removal petition here. That Mandamus Petition was directed at Judge McFerrin and denied in an 8-0 opinion. (See Exhibit ASC-1 found in plaintiff's Exhibit Pack 5 to DC-NR-4.)

6. Plaintiff tried to amend his complaint on April 2, 2002. On April 17 and 18, 2002, Judge McFerrin issued another Order and an amendment thereto dealing with plaintiff's effort at amending. In the amended Order, Judge McFerrin noted that plaintiff's proposed Amended Complaint "comes too late without leave of Court, it exceeds the scope of the issues reserved unto the Court in its earlier Order, and is an improper attempt to effect the recusation of the Judge hearing the cause". Therefore, Judge McFerrin ruled that plaintiff's pleading be "stricken and disallowed". Judge McFerrin retained jurisdiction to enter a final decree on the "reserved issues in this cause". (See Exhibit BF-A found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

7. Later, plaintiff tried to amend and remove CV91-78. On February 12, 2003, Judge Mark Fuller, overruling plaintiff's objections, adopted the January 29, 2003 recommendation of the United States Magistrate Judge and remanded the case to the Circuit Court of Lowndes County for lack of subject matter jurisdiction. (See Exhibit FC-23 found in plaintiff's Exhibit Pack 42DC-NR-4.)

8. On February 26, 2003, after remand, Judge McFerrin ruled that plaintiff's proposed Amended Complaint filed October 31, 2002 purporting to add additional claims and additional defendants be "stricken and disallowed". (See Exhibit BF-B found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

9. Plaintiff tried to amend and remove again. On July 23, 2004, Judge Albritton considered the identical issue before this Court - - plaintiff's effort at removing the case of Watson v. Beasley, CV91-78 from the Circuit Court of Lowndes County. In that opinion, Judge Albritton rightly reflected that only a defendant, not the plaintiff may remove a case from state to federal court. Therefore, the United States District Court was without jurisdiction to hear the matter. The case was remanded. (See Exhibit DC-O found in plaintiff's Exhibit Pack 4 to DC-NR-4).

10. Undeterred, plaintiff tried it again. On March 2, 2005, United States Magistrate Judge Walker considered whether the Middle District of Alabama had jurisdiction over plaintiff's removal of CV91-78. The Court directed plaintiff to file a copy of any order or docket entry from the Circuit Court of Lowndes County demonstrating that plaintiff's amendments had been allowed by that Court.

4

Plaintiff acknowledged that no such order existed. (These are the same amendments dated July 13, 2004 and February 25, 2005 that plaintiff seeks to remove in this action.) (See Exhibit MW-0-1 found in plaintiff's Exhibit Pack 4 to DC-NR-4.)

11. Finally, on March 15, 2005, Judge Thompson recognized that plaintiff had twice previously removed the CV91-78 case to the United States District Court for the Middle District. Judge Thompson noted that plaintiff could not show where he was permitted by the Circuit Court of Lowndes County to amend his Complaint. Therefore, the United States District Court did not have jurisdiction to keep the case. The case was remanded to the Circuit Court for further consideration. Other motions were "left for resolution by the state court after remand". (See Exhibit JT-O-4 found in Plaintiff's Exhibit pack 4 to DC-NR-4.)

There has never been leave granted plaintiff by the Circuit Court of Lowndes County to file any purported amended pleadings or in any way amend the status of the only pending issue left before the Circuit Court of Lowndes County. There is no viable lawsuit pending in the Circuit Court of Lowndes County. The only remaining issue in CV91-78 is the attorney fee lien of the Beasley firm, whether that lien is enforceable and, if so, how much of the remaining proceeds being held by the Circuit Clerk of Lowndes County is due the Beasley firm versus plaintiff Watson.

WHEREFORE, PREMISES CONSIDERED, the Beasley firm respectfully requests that this Honorable Court dismiss or, alternatively, remand this action.

Respectfully submitted,

Jack B. Hinton, Jr. (HIN020)

OF COUNSEL:
Gidiere, Hinton & Herndon
60 Commerce Street
Suite 904
Montgomery, Alabama 36104
Telephone:  (334) 834-9950
Facsimile:   (334) 834-1054

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 29th day of November, 2006:

Teddy A. Watson
4362 Eastmont Drive
Montgomery, AL   36109

I do hereby certify that I have on this 29th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following

Misty S. Fairbanks
Assistant Attorney General
Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, AL  36130-0152

Jack B. Hinton, Jr.

6

EXHIBIT H-10C-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

TEDDY A. WATSON       )
                     )
     Plaintiff,        )
                     )
v.                   )   CIVIL ACTION NO. 06-CV978-MEF
                     )
JERE BEASLEY, ET AL.    )
                     )
     Defendants.     )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPEL

COMES NOW defendants formerly and hereinafter known as the Beasley firm and respectfully request that this Honorable Court deny plaintiff's Motion to Compel (Document 4). As grounds therefore, these defendants state that plaintiff's Motion has no basis in law or fact, that this Court does not have jurisdiction to entertain such a motion regardless of its merits and/or such a motion is barred by the doctrines of res judicata and collateral estoppel.

WHEREFORE, PREMISES CONSIDERED, the Beasley firm respectfully requests that this Honorable Court deny as moot or, alternatively, deny on the merits plaintiff's Motion to Compel.

Respectfully submitted,

_____

Jack B. Hinton, Jr. (HIN020)

OF COUNSEL:
Gidiere, Hinton & Herndon
60 Commerce Street
Suite 904
Montgomery, Alabama 36104
Telephone: (334) 834-9950
Facsimile: (334) 834-1054

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 29th day of November, 2006:

Teddy A. Watson
4362 Eastmont Drive
Montgomery, AL 36109

I do hereby certify that I have on this 29th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following

Misty S. Fairbanks
Assistant Attorney General
Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, AL 36130-0152

_____
Jack B. Hinton, Jr.

*EXHIBIT A SC-5*

# SUPREME COURT OF ALABAMA

Robert G. Esdale
  Clerk
Lynn Knight
  Assistant Clerk



Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1060172

Ex parte Teddy A. Watson.  PETITION FOR WRIT OF MANDAMUS: CIVIL  (In re: Teddy A. Watson v. CSX Transportation, Inc.)   (Lowndes Circuit Court: CV-91-78).

## NOTICE

You are hereby notified that your case has been docketed.  Future correspondence should refer to above Supreme Court case number.  The petition for writ of mandamus was filed with the Supreme Court on 10/30/2006

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

  RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005 and October 31, 2005.  The June amendments can be found in The Southern Reporter, Second series, volume numbered 888-890.  The October amendments can be found in the Advance Sheets to Volume 914 of the Southern Reporter.  The amendments can also be found under "Rule Changes" at the Judicial System website at http://www.judicial.state.al.us.

  APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules and any amendments can be accessed at http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

  SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

  PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1 and October 31, 2005, to provide that no briefs in support of or in response to a petition for

writ of certiorari shall be filed before the writ of certiorari issues unless otherwise ordered by the Court.   Any brief filed in disregard of subsection (b)(4) or subsection (c)(3) of Rule 39 shall be stricken.

OTHER AMENDMENTS TO THE ALABAMA RULES OF APPELLATE PROCEDURE: Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001. Those amendments govern, among other things, the presumptively reasonable time for filing petitions for a writ of mandamus (Rule 21(a)); appellate review of arbitration cases (Rule 4(d)); and applications for rehearing (Rule 40).   Also, counsel who are unfamiliar with the "abeyance" procedure should review the amendment to Rule 4 effective February 1, 1994.

## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE.  PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

Any party requesting an extension pursuant to Rule 31(d) may do so by telephone request to the clerk's office, PRIOR to the date the brief is due.  If a  Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office. A copy of the letter must be served on all other attorneys or parties.  If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule.  This rule does not apply to briefs ordered filed by the Court, for instance in response to petitions for writs of mandamus.

For extensions, please call the Supreme Court Clerk's Office at 334-242-4609.

Motions for enlargement of time to file a brief after the seven day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted.  A heavy workload alone will not be considered good cause.  Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.

## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

NUMBER OF COPIES: An original and 12 copies must be filed.

COLOR OF COVERS OF BRIEFS AND OTHER FILINGS:  Rule 32 requires the

following colors be used on brief covers: appellant/petitioner -- blue, appellee/respondent -- red, intervenor/amicus -- green, reply -- gray. The cover of any filing not specifically mentioned in the rules shall be white.

CERTIFICATE OF SERVICE: The certificate of service shall contain the attorney's address, telephone number, facsimile number, and e-mail address if any, and party represented for each attorney served.

BINDING OF BRIEFS: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure. It is recommended that any clasps, staples, or other fasteners used to bind the briefs be covered by nylon reinforced tape so as to prevent injury to those handling the briefs.

FILING: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED, OR EXPRESS MAIL of the UNITED STATES POSTAL SERVICE is used. Rule 25(a).

NOTICE TO TRIAL COURT CLERK WHEN APPELLEE'S BRIEF IS FILED: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

SECOND COPY OF RECORD ON APPEAL: Rule 11(a)(4) requires that the appellant file in this Court a copy of the record on appeal within 14 days after the date shown on the copy of the certificate of completion of the record on appeal. NOTE: The second copy of the record of appeal does not have to be filed in those appeals where the record is e-filed.

SETTLEMENT NEGOTIATIONS: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

STAYS: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted by the trial court or this Court, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

ADMISSION OF NONRESIDENT ATTORNEYS: Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

## E-FILING PILOT PROJECT

Note that your record may be transmitted to the Court electronically. On March 1, 2005, the Supreme Court of Alabama authorized a pilot project in Lee, Madison, Montgomery, and Russell counties for the purpose of evaluating the usefulness and efficiency of preparing, transmitting, and using documents and pleadings filed electronically in cases appealed to the appellate courts of Alabama. On February 28, 2006, the Chief Justice extended the pilot project for an additional six months (to August 31, 2006) and added Baldwin, Shelby, Jefferson (Birmingham Division and Bessemer Division) and Etowah counties to the list of counties eligible to participate in the pilot program. NOTE: The second copy of the record on appeal does not have to be filed if the record on appeal is e-filed.

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama