IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 20  P 4: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TEDDY A. WATSON ON BEHALF OF HIMSELF, CITIZENS OF ALABAMA CITIZENS OF THE UNITED STATES | * * * * |
| Plaintiffs/Defendants, | * * |
| vs. | * CASE NO.2:06-cv-978-MEF * |
| JERE L. BEASLEY, J. GREG ALLEN, MICHAEL J. CROW, THOMAS J. METHVIN, J. COLE PORTIS & DANIEL MILES, III, OF THE BEASLEY LAW FIRM, | * WITH * DEMANDS * FOR * "JURY TRIAL" "INJUNCTION RELIEF" "NATIONAL CLASS ACTION STATUS" |
| PHILIP S. GIDIERE, JR., JACK B. HINTON, JR. & STEVEN K. HERNDON OF THE GIDIERE LAW FIRM, | * * * * * |
| STATE OFFICIALS OF ALABAMA, | * * |
| FEDERAL OFFICIALS OF THE UNITED STATES OF AMERICA, | * * * |
| WANDA LLOYD, MONTGOMERY ADVERTISER, GANNETT NEWS SERVICE, | * * * * |
| PHILLIP RAWLS, ASSOCIATED PRESS, | * * * |
| Defendants/Plaintiffs | * |

**PLAINTIFFS/DEFENDANTS RESPONSE TO U.S. DISTRICT JUDGE ORDER**

Comes now Layman Pro Se Plaintiff/Defendant Teddy A. Watson, on behalf of himself, the Plaintiff/Defendant

1

Citizens of Alabama, and the Plaintiff/Defendant Citizens of the United States, response to U.S. District Judge Mark E. Fuller's Order on December 1,2006:

1. Because Watson was told the compliance to order that Watson filed on December 15,2006, was not acceptable, **this** response is being filed with motion to compel for leave to amend that is being filed in this case (2:06-cv-978-MEF) today.

2. Judge Fuller's Order on December 1,2006, gave Watson until December 15,2006, **to file** a response to the Beasley Firm's motion to dismiss or in the alternative motion to remand, **that** Jack B. Hinton, Jr. of the Gidiere Law Firm filed in this case (2:06-cv-978-MEF) on November 29,2006, **AND ALSO** to file a brief that addressed Judge Fuller's concerns **(1)** on whether U.S. District Court has subject matter jurisdiction, and **(2)** whether there is any legal authority for a plaintiff, as opposed to a defendant, to remove an action pursuant to 28 U.S.C. §§ 1441& 1443.

3. The Beasley Firm's motion to dismiss or in the alternative motion to remand, **that** Hinton of the Gidiere Firm filed in this case (2:06-cv-978-MEF) on November 29,

2006, **claimed/stated:** that the notice of removal Watson filed in this case on October 30, 2006, was in violation of the Federal Rules of Civil Procedure; **AND THAT** if the removal (10/30/06) was not in violation of the Federal Rules of Civil Procedure, **Watson's** actions are barred by res judicata and collateral estopped; **AND NOTE** in order for the connecting fraud, conspiracy & racketeering jury demands to be barred by res judicata/collateral estopped, **in** Watson's national class action civil jury demands (2/25/05), **and in** Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05), **under** the elements thereof defined in <u>Dairyland Ins. Co. v. Jackson</u>, 566 So.2d 723 (Ala.1990), there has to be a prior judgment on the fraud, conspiracy and racketeering jury demands against a host of federal/state officials & lawyers in this national class action criminal/civil injunctive/civil jury case.

    **3-A.** Hinton of the Gidiere Firm's above (par.3) claims regarding the Federal Rules of Civil Procedure in the Beasley Firm's motion to dismiss or remand in this case (2:06-cv-978-MEF) on November 29, 2006, **is also included** in the two issues of concern in U.S. District Judge Fuller's

above (par.2) Order on December 1,2006.

**3-B.** In regards to complying with the rules of civil procedure **under** the Alabama Rules of Civil Procedure **and/or** Federal Rules of Civil Procedure, Hinton failure to serve federal officials with the Beasley Firm's filings in this case (2:06-cv-978-MEF) on November 29,2006, **was an** issue Watson noted in the motion to compel for recusal of the district/magistrate judges in Montgomery Al., **that** Watson filed in this case (2:06-cv-978-MEF) on December 4,2006 (**Ex.DC-MC-R**, par.9 on pages 42-43).

**4.** The three complaints (7/13/04, 2/25/05 & 5/11/05) **along with** the exhibit court records bound in Exhibit Pack 4 to DC-NR-4 **that was** filed with the notice of removal on October 30,2006, **show that** the fraud, conspiracy & racketeering jury demands, **include** connecting conspiracies by judges, **that** fraudulently used leave to obstruct justice on fraud, conspiracy & racketeering jury demands in complaints, **(1)** by Defendant Judge H. Edward McFerrin **in the CV-91-78 case** in Lowndes County Circuit Court, **on** April 18,2002 (**on** the prior complaint filed on 4/2/02) **and on** February 26,2003 (**on** the prior complaint filed on

4

10/31/02), **(2)** by U.S. Magistrate Judge Susan Russ Walker **(on 1/29/03)** and U.S. District Judge Mark E. Fuller **(on** 2/12/03), **in the CV-02-F-1214-N case** in U.S. District Court **(on** the prior complaint filed on 10/31/02), and **(3)** by U.S. Magistrate Judge Susan Russ Walker **(on** 3/2/05) and U.S. District Judge Myron H. Thompson **(on** 3/15/05), **in the CV-05-T-179-N case** in U.S. District Court **(on** the pending complaints filed on 7/13/04 & 2/25/05), **AND NOTE** that the fraud, conspiracy & racketeering jury demands in the pending complaints (7/13/04 & 2/25/05), **that** U.S. Magistrate Judge Walker & U.S. District Judge Thompson conspired to use leave to obstruct justice on in March 2005 in U.S. District Court (CV-05-T-179-N), **include** jury demands on Defendant Judge McFerrin, U.S. Magistrate Walker & U.S. District Judge Fuller's connecting conspiracies in January/February 2003 in U.S. District Court (CV-02-F-1214-N) & Lowndes County Circuit Court (CV-91-78), **that** fraudulently used leave to obstruct justice of the fraud, conspiracy & racketeering jury demands in the amended complaint on October 31, 2002.

    **5.** The above (par.3) on res judicata/collateral

estopped, **the** three pending complaints (7/13/04, 2/25/05 & 5/11/05), along with **Ex.DC-NR-4, Ex.FC-19, Ex.FC-23, Ex.BF-B, Ex.C-6, Ex.C-19, Ex.C-20, Ex.C-21, Ex.18, Ex.24, Ex.B. Ex.C** & **Ex.G** bound in Exhibit Pack 4 to DC-NR-4, **show that** the pending fraud, conspiracy & racketeering jury demands (7/13/04, 2/25/05 & 5/11/05), on Defendant State Judge McFerrin, U.S. Magistrate Judge Walker, and U.S. District Judge Fuller's connecting conspiracies in U.S. District Court (CV-02-F-1214-N) and Lowndes County Circuit Court (CV-91-78) in January/February 2003 (**for** fraudulently using leave to obstruct justice of the fraud, conspiracy & racketeering jury demands in the amended complaint on 10/31/02), **are not** barred by res judicata/collateral estopped, **because** those connecting January/February 2003 conspiracies could not have even been claimed in prior complaints.

   **5-A.** What stated/recorded in **Ex.DC-NR-1, Ex.B, Ex.C, Ex.BF-B, Ex.C-6, Ex.C-19, Ex.C-20, Ex.C-21, Ex.18** and **Ex.24** bound in Exhibit Pack 4 to DC-NR-4, are persuasive evidence of the following in the CV-91-78 case in Lowndes County Circuit Court; **(1)** that Judge McFerrin is aware, **THAT** the 10% attorney lien Julia Asam filed on May 23,1995, was the

6

only attorney lien on file when Plaintiff Watson made his pro se settlement with Defendant CSX on February 16,1996, **AND THAT** the Beasley Firm file/made a 40% lien/demand on Watson's settlement money in the attorney lien hearing, **that** Judge McFerrin ordered on February 29,1996, **and held** on March 26,2006, **(2)** that in his Amended Order on April 18,2002, Defendant Judge McFerrin fraudulently created a phantom attorney lien Codefendant Beasley Firm was to have had on file before Watson's pro se settlement with CSX on February 16,1996, **in order** to have grounds to expunge Watson's fraud, conspiracy & racketeering jury demands (4/2/02), **on grounds** those claims were filed too late **and without** leave of the court, **because** Judge McFerrin had held a final hearing (4/26/96) on an attorney lien Watson's former attorneys had on file before Watson's pro se settlement (2/16/96), and **(3)** that in his Order on February 26,2006, Defendant Judge McFerrin used Codefendant Beasley Firm's phantom attorney lien again that Defendant Judge McFerrin had fraudulently created on April 18,2002, **to expunge** Watson's fraud, conspiracy & racketeering jury demands (10/31/02) **on the** same grounds.

    5-B. What stated/recorded in **Ex.DC-NR-1, Ex.FC-19,**

**Ex.FC-23, Ex.C** and **Ex.G** bound in Exhibit Pack 4 to DC-NR-4, are persuasive evidence of the following in the CV-02-F-1214-N case in U.S. District Court on the Watson's fraud, conspiracy & racketeering jury demands (10/31/02): **(1)** that in her Recommendation on January 29,2003, U.S. Magistrate Walker falsified what is stated/recorded in Montgomery County Circuit Judge Sally Greenhaw's Order in the Watson v. Beasley Firm case (CV-00-1545-GR) on July 30, 2001, **in order** to be able to show/claim Watson had filed and removed the complaint (10/31/02) in violation of Rule 15 of the Alabama Rules of Civil Procedure, **and in order** to recommend the amended complaint (10/31/02) be remanded back to Defendant Judge McFerrin in the Lowndes CV-91-78 case, **to expunge** on the same grounds **that** Defendant Judge McFerrin had expunged (4/18/02) the fraud, conspiracy & racketeering jury demands on April 2,2002, and **(2)** that on February 12,2003, U.S. District Judge Fuller, overruled Watson's objection to **and** approved U.S. Magistrate Walker's recommendation (1/29/03).

    6. Under Rule 15 of the Alabama Rules of Civil Procedure, **(1)** an amendment can be filed without leave if the case has not been docketed for trial, and **(2)** that when

leave is needed to file amendments, <u>leave is to be freely given when justice so requires</u>.

**6-A.** The above (par.5 thru 5-B) on the pending jury demands in complaints 7/13/04 & 2/25/05), along with **Ex.DC-NR-3, Ex.MW-O-1 & Ex.JT-O-4** bound in Exhibit Pack 4 to DC-NR-4, **show that** in the CV-05-T-179-N case in U.S. District Court on March 15,2006, U.S. District Judge Thompson remanded the complaints (7/13/04 & 2/25/05) back to Judge McFerrin in the CV-91-78 case in Lowndes County Circuit Court, on U.S. Magistrate Walker's claims on March 2,2006, **that** Watson needed leave (permission) from the State Court (Judge McFerrin), **to file** those federal claims **against** State Judge McFerrin, U.S. Magistrate Judge Walker and U.S. District Judge Fuller, **for their** January/February 2003 connecting conspiracies in U.S. District Court (CV-02-F-1214-N) and Lowndes County Circuit Court (CV-91-78), **in fraudulently** using leave to obstruct justice of fraud, conspiracy & racketeering jury demands in the amended complaint on October 31,2002.

**6-B.** The notice of removal on October 30,2006 (opening statement on pages 1-2), **shows that** Watson also removed from the Lowndes CV-91-78 case, **the** pending motion for

leave to amend **that** Watson filed in the CV-91-78 case on May 11,2005, **which** Judge McFerrin has refused to even take-up; **AND NOTE** the three complaints (7/13/04, 2/25/05 & 5/11/05) along with **Ex.CSX-8** bound in Exhibit Pack 4 to DC-NR-4, **show that** before Watson filed those complaints, **Watson** had filed a motion for leave to amend in the CV-91-78 case on March 21,2003, **which** Judge McFerrin had refused to even take-up.

 **7.** The three complaints (7/13/04, 2/25/05 & 5/11/05) show/state: **(1)** that the civil conspiracy jury demands **in** Watson's national class civil jury demands **and in** Citizens of Alabama & United States national class action criminal/civil injunctive demands, **are filed** under U.S. Title 28 (§ 1981, § 1983 & § 1985); **(2)** that under U.S. Title 28 (§ 1343), U.S. District Court has jurisdiction over the civil conspiracy jury demands against Judge McFerrin, Attorney General Troy King, and other state officials of Alabama; and **(3)** that under U.S. Title 28 (§ 1346), U.S. District Court has jurisdiction over the civil conspiracy jury demands against federal judges in Montgomery Al., federal attorneys in Montgomery Al. & Washington DC **(which**

includes former U.S. Attorney General John Ashcroft), **and** U.S. Senator Richard Shelby; **AND THE** elements of a civil conspiracy on civil rights & property are defined in <u>Sykes v. State of Cal. (Dept. of Motor Vehicles)</u>, C.A. 9 (Cal.) 1974, 497 F.2d 197:

> "In order to recover for conspiracy to deprive plaintiff of civil rights, plaintiff is required to alleged purpose of the conspiracy was to deprive plaintiff of equal protection, privileges and immunities, or to obstruct course of justice, that defendants intended to discriminate against plaintiff, that the defendants acted under color of state law and authority, and that the acts done in furtherance of conspiracy resulted in an injury to plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen."

**7-A.** The above (par.4 thru 6-A **verses** par.7) has addressed U.S. District Judge Fuller's above (par.2) on December 1,2006, **on whether** U.S. District Court has subject matter jurisdiction over the conspiracy jury demands in this national class action criminal/civil injunctive/civil jury case.

8. Under U.S. Title 28 (**§** 1343), a DEFENDANT can remove a civil or criminal case from state court, if they are being deprived of their equal rights to due process of law; **and the** notice of removal on October 30,2006 (open statement on pages 1-2 **and** par.1-B on page 3), **show that** by

11

the Beasley Firm being the demanding party on Watson's money in the attorney lien dispute in Lowndes County Circuit Court (CV-91-78), the Beasley Firm is the PLAINTIFF and Watson is the DEFENDANT, **and that** under the provisions in U.S. Title 28 (§ 1343), on behalf of himself and Plaintiffs/Defendants Citizens of Alabama & United States, Plaintiff/Defendant Layman Pro Se Watson removed Citizens of Alabama & United States national class criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05) and Watson's national class action civil jury demands (2/25/05 from Lowndes County Circuit Court (CV-91-78).

 8-A. **Ex.DC-O** bound in Exhibit Pack 4 to DC-NR-4 **along with** the corrective copy of the amended complaint on July 13,2004, **show that** in the CV-04-A-677-N case in U.S. District Court on July 23,2004, U.S. District Judge W. Harold Albritton III, remanded the complaint (7/13/04) back to Judge McFerrin in Lowndes County Circuit Court (CV-91-78), **on grounds** that Watson held illegally removed it from state court (CV-91-78) under U.S. Title 28 (§ 1343); and **Ex.DC-NR-4** (par.1 on pages 1-2 **and** par.10 on pages 6-7) bound in Exhibit Pack 4 to DC-NR-4, **shows that** Watson stated in the notice of removal on July 13,2004,

that he had rights to remove the amended complaint (7/13/04) from Lowndes County Circuit Court (CV-91-78) under U.S. Title 28 (**§** 1343), **because** by being the demanding party in the long running attorney lien dispute in the Lowndes CV-91-78 case, the Beasley Firm is the PLAINTIFF **and** Watson is the DEFENDANT.

    **8-B.** By being the demanding party in this national class action criminal/civil injunctive/civil jury case, makes Watson and Citizens of Alabama & United States the PLAINTIFFS **verses** DEFENDANTS federal/state officials & lawyers; **AND** Citizens of Alabama & United States are also DEFENDANTS with the State of Alabama & United States of America **verses** DEFENDANTS federal/state officials, **because** when state and/or federal government officials are sued, state and/or federal government is also a DEFENDANT, **and because** citizens are the owners (title holders) of DEFENDANT State of Alabama **and** DEFENDANT United States of America.

    **8-C.** The above (par.8 thru 8-B) **along with** the above (par.4 thru 7-A), **show that** in addition to addressing U.S. District Judge Fuller's above (par.2) concerns on December

13

1,2006, **in regards** to authority under 28 U.S.C. §§ 1441 & 1443, **Watson** has also shown that U.S. District Judge Fuller has intent on using that federal rule of civil procedure to obstruct justice on Judge Fuller's own federal prosecution in this case (2:06-cv-978-MEF) **for** the above (par.5-B), **under** Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05).

9. The notice of removal on October 30,2006 (par.22 on pages 55-56), **shows that** the criminal conspiracy relief being demanded against federal/state officials & lawyers in Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05), **is being demanded** under the following federal criminal conspiracy statutes in U.S. Title 18: (**§ 241**) involving deprivations on constitutional rights; (**§ 341**) involving offenses on **or** to defraud the United States; (**§ 1505**) involving obstruction on proceeding before departments, agencies and committees; (**§ 1506**) involving theft **or** alteration of record or process; and (**§ 1510**) involving obstruction of a criminal investigation.

**9-A.** All of the above shows that in violation of two or more of the federal criminal conspiracy statutes in the above (par.9), CO-criminal/civil U.S. District Judge Fuller & Hinton of the Gidiere Firm, are engaged in trying to obstruct federal criminal/civil prosecution on the connecting 2003 conspiracies in the above (par.5 thru 5-B).

**10. Exhibit F** (**SEE** pages 4-5 in Recommendation) bound in Exhibit Pack 4 to DC-NR-4, **shows that** the following was taken from U.S. Magistrate Vanzetta Penn McPherson's Recommendation in the CV-98-D-1023-N case in U.S. District Court on March 1,1999, **IN REGARDS TO THE FEDERAL COURT** (THE PRESIDING JUDGES) ASSESSING A MOTION TO DISMISS pursuant to Federal Rules of Civil Procedure 12(b)(6): **(1)** the court must accept as true any allegations in the plaintiffs Complaint, **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984), **AND Jackson v. Okaloosa County, Fla.**, 21 F.3d 1531, 1534 (11th Cir.1994); **(2)** "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved with the allegations", **Hishon v. King & Spalding**, 467 U.S. at 73 (1984), **AND Powell v. United States**, 945 F.2d 374, 375 (11th Cir.1991); **(3)** "[D]ismissal is justified when the

15

allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim.", **5A Wright & Miller, Federal Practice and Procedure § 1357, AND <u>Bradberry v. Pinellas County</u>**, 789 F.2d 1513, 1515 (11th Cir.1986); **(4)** For the purpose of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true, **<u>Hishon v. King & Spalding</u>**, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); and **(5)** The issue is not whether the plaintiff will ultimately prevail, **but <u>"whether the claimant is entitled to offer evidence to support the claims</u>.", <u>Scheuer v. Rhodes</u>**, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d. 90 (1974): **AND NOTE** just the exhibit court records in the above (par.5 thru 5-B) **along with** the law in the above (par.7), **shows that** based on fact and law, Watson and Citizens of Alabama & United States have rights to a jury trial in this case (2:06-cv-978-MEF), on the connecting 2003 conspiracies in the above (par.5 thru 5-B).

**10-A.** In addition to addressing criminal/civil liable Hinton of the Gidiere Firm's claims in criminal/civil Beasley Firm motion to dismiss or in the alternative motion

16

to remand in this case (2:06-cv-978-MEF) on November 29, 2006 **(above** par.2), the above (par.10) **along with** the above (par.3 thru 9), **show that** based on fact and law before the Court, said motion (11/29/06) has to be denied **because** it is a conspiracy effort to obstruct justice on the jury demands in this national class action criminal/civil injunctive/civil jury case.

                                              Teddy A. Watson
                                            Layman Pro Se Petitioner
                                              on behalf of himself,
                     Citizen of Alabama & United States

ADDRESS

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

## FIRST CERTIFICATE OF SERVICE

    I hereby certify that on December 20,2006, that copies of this response , are being given to the Clerk of this Court, to served to the following parties with summons and the third amendment to the amended complaint (7/13/04) on December 15,2006.

Wanda Lloyd
Executive Editor of the Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

Board of Directors of the Montgomery Advertiser
C/O Montgomery Advertiser
425 Molton Street
Montgomery, Alabama 36104

Board of Directors of the Gannett News Service
C/O Montgomery Advertiser (A Gannett Newspaper)
425 Molton Street
Montgomery, Alabama 36104

Phillip Rawls
Reporter for the Associated Press
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

Board of Directors of the Associated Press
C/O Associated Press
201 Monroe Street, Suite 1940
Montgomery, Alabama 36104

                                              Teddy A. Watson

## SECOND CERTIFICATE OF SERVICE

   I hereby certify that a copy this response, was served to the following parties by U.S. Mail on December 20, 2006.

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104

Board of Directors of WSFA TV (NBC)
C/O WSFA TV
12 E Delano Avenue
Montgomery, Alabama 36105

Board of Directors of WAKA TV (CBS)
C/O WAKA TV
3020 Eastern Boulevard
Montgomery, Alabama 36116

Board of Directors of the Mobile Register
C/O Mobile Register
Post Office Box 2488
Mobile, Alabama 36652-2488

```
Board of Directors of the Birmingham News
C/O Birmingham News
2200 Fourth Avenue
Birmingham, Alabama 35203

Board of Directors of WBRC TV (FOX)
C/O WBRC TV
1720 Valley View Drive
Birmingham, Alabama 35209

Board of Director of CNN Headline News
C/O CNN Headline News
One CNN Center
Atlanta, Georgia 30303
```

_/s/ Teddy A. Watson_
Teddy A. Watson