IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TEDDY A. WATSON, *etc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06-cv-00978-MEF-WC |
| JERE L. BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## STATE OF ALABAMA'S REPLY BRIEF

The State of Alabama, by and through its Attorney General, Troy King, for the limited purpose of responding to this Court's Order (Doc. # 9), without waiving any defenses that it might have, states the following:

On October 30, 2006, the Plaintiff filed a Notice of Removal in this Court which Notice lists, among others, "Officials of the State of Alabama" as "Defendants/Plaintiffs." The docket report for the above-styled case lists the State of Alabama as a Defendant.

On November 28, 2006, the State of Alabama moved this Court to remand the case to the Circuit Court of Lowndes County, Alabama. (Doc. # 5). As grounds therefor, the State asserted that a plaintiff cannot remove a case to federal court, *see* 28 U.S.C. §§1441(a), 1442(a), 1443, 1446(a). (*Id.*) Alternatively, the State asked that the Plaintiff be required to affirmatively demonstrate that the Circuit Court of Lowndes County, Alabama, from which court this case was removed, had allowed him to amend his complaint to include federal claims, such as would vest this Court with subject matter jurisdiction. (*Id.*)

On November 29, 2006, the Beasley Firm Defendants filed their Motion to Dismiss or in the Alternative Motion to Remand (Doc. # 7) and their Defendants' Opposition to Plaintiff's

Motion to Compel (Doc. # 8). In their Motion, the Beasley Firm Defendants recited the proceedings, as pertinent here, demonstrating that the State court had never granted leave for the Plaintiff to amend his complaint. *See* (Doc. # 7).

On December 1, 2006, this Court ordered Plaintiff Watson to file his response to the Beasley Firm Defendants' Motion and to brief certain concerns of the Court, namely "(1) whether this Court has subject matter jurisdiction over this action and (2) whether there is any legal authority for a plaintiff, as opposed to a defendant, to remove an action pursuant to 28 U.S.C. §§1441 & 1443." (Doc. # 9). The Court further ordered that Defendants file "a reply brief addressing plaintiff's submissions and the Court's concerns." (*Id.*)

Thereafter, the Plaintiff filed the following documents: Federal Motion to Compel for Recusal of the District & Magistrate Judges of this Court (Doc. # 10); Revised Notice of Removal (Doc. # 11); Plaintiffs/Defendants Response to U.S. District Judge Order (Doc. # 12); Plaintiffs/Defendants Compliance with U.S. District Judge Order on December 1, 2006 (Doc. # 13); and a Motion to Compel for Leave to Amend, accompanied by Third Amendment to the Amended Complaint on July 13, 2004 (Doc. # 14). Additionally, the Beasley Firm Defendants filed their Response to Court's Order of December 1, 2006. (Doc. # 15).

The Plaintiff acknowledges that the State court did not grant him leave to amend his complaint, and, in fact, in his words, the court refused to "take-up" the motion. (Doc. # 12 at 9-10; Doc. # 14, Motion, at 5). It was for this reason that the Plaintiff attempted to remove the pending motion to amend his complaint when he removed his case from State court. *See* (Doc. # 12 at 9-10; Doc. # 14, Motion, at 5). Such a procedure is unknown to the law. Absent an amendment, there are no federal claims in the underlying litigation removed from State court and

this Court lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443. Accordingly, the case should be remanded.

Moreover, the Plaintiff accepts, as he must, that the law allows only defendants, and not plaintiffs, to remove cases to federal court. *See* (Doc. # 12 at 11; Doc. # 13, Exhibit MA/AP at 5; Doc. # 14, Proposed Amendment, at 5, 28). To overcome this hurdle, the Plaintiff attempts to establish that he is indeed a defendant in this litigation. To the extent that the Plaintiff asserts that he is a defendant because the Beasley Firm Defendants have a lien against his settlement funds, he has cited no authority in support of this novel proposition. *See* (Doc. # 12 at 11-13; Doc. # 13, Exhibit MA/AP at 4-5; Doc. # 14, Proposed Amendment, at 5-6, 28). To the extent that the Plaintiff asserts that he is a defendant because he represents two classes of citizens suing the governments responsible to them, such that the citizen classes are simultaneously plaintiff and defendant classes, (Doc. # 12 at 13; Doc. # 14, Proposed Amendment, at 4-5), Plaintiff has cited no authority for this novel argument. Furthermore, the argument is dependent on amendments to the complaint that have not been allowed. Plaintiff Watson *is* the Plaintiff in the underlying case in the Circuit Court of Lowndes County, Alabama, and for that reason he cannot remove the case to this Court. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a).

Finally, the Plaintiff has moved for leave to amend his complaint. (Doc. # 14.) This motion should be denied. First and foremost, for the reasons stated above, this Court lacks subject matter jurisdiction over this case and, thus, is without authority to grant the motion. Secondly, the proposed amended complaint, attached to Doc. # 14, not only comes too late in the litigation to be permitted, but is also vexatious, scandalous and frivolous. Among other things, the proposed amended complaint makes baseless allegations against the Judges of this Honorable Court and against counsel, all of which are barred by various forms of immunity.

For these reasons, this cause should be remanded to state court.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL

        s/ Misty S. Fairbanks
        Misty S. Fairbanks (FAI005)
        Assistant Attorney General
        OFFICE OF THE ATTORNEY GENERAL
        STATE OF ALABAMA
        11 South Union Street
        Montgomery, AL  36130-0152
        Telephone:  (334) 353-8674
        Facsimile:   (334) 353-8440
        E-mail:       mfairbanks@ago.state.al.us

        **ATTORNEY FOR THE STATE OF ALABAMA**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jack B. Hinton, Jr., Esq., and Leura G. Canary, Esq., and I hereby certify that I have mailed by United States Postal Service to the following non-CM/ECF participants: Teddy A. Watson, 4362 Eastmont Drive, Montgomery, Alabama 36109.

Respectfully submitted,

s/ Misty S. Fairbanks
Misty S. Fairbanks (FAI005)
Assistant Attorney General
Attorney for the State of Alabama
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Fax:  (334) 353-8440
E-mail:  mfairbanks@ago.state.al.us