IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 28 P 2: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TEDDY A. WATSON ON BEHALF OF HIMSELF, CITIZENS OF ALABAMA CITIZENS OF THE UNITED STATES | * * * * |
| Plaintiffs/Defendants, | * * |
| vs. | * CASE NO.2:06-cv-978-MEF * |
| JERE L. BEASLEY, J. GREG ALLEN, MICHAEL J. CROW, THOMAS J. METHVIN, J. COLE PORTIS & DANIEL MILES, III,    OF THE BEASLEY LAW FIRM, | * WITH * DEMANDS * FOR * "JURY TRIAL" * "INJUNCTION RELIEF" "NATIONAL CLASS ACTION STATUS" * |
| PHILIP S. GIDIERE, JR., JACK B. HINTON, JR. & STEVEN K. HERNDON    OF THE GIDIERE LAW FIRM, | * * * * * |
| STATE OFFICIALS OF ALABAMA, | * * |
| FEDERAL OFFICIALS OF THE UNITED STATES OF AMERICA, | * * |
| Defendants/Plaintiffs | * * |

**PLAINTIFFS/DEFENDANTS RESPONSE**
**TO**
**THE STATE OF ALABAMA REPLY**
**&**
**THE BEASLEY FIRM'S RESPONSE**

Comes now Layman Pro Se Plaintiff/Defendant Teddy A.

Watson, on behalf of himself, the Plaintiff/Defendant

Citizens of Alabama, and the Plaintiff/Defendant Citizens

1

of the United States, **response to the** Alabama Attorney
General Office reply brief on December 22,2006, **and
response to the** Beasley Firm's response to court's order
(12/1/06) on December 22,2006; **AND THIS RESPONSE** will also
serve as an **OBJECTION**, if the three complaints (7/13/04,
2/25/05 & 5/11/05), **and** two outstanding motions to compel
for default (2/25/05 & 5/11/05), have been **dismissed** or
**remanded** to Lowndes County Circuit Court (CV-91-78), **by**
criminal/civil liable U.S. District Judge Mark E. Fuller:

    **1.** This U.S. District Court's docket sheets of this
case (2:06-cv-978-MEF), has U.S. Attorney Leura G. Canary
in Montgomery Al, listed as representing the United States
of America, **on the** connecting fraud, conspiracy &
racketeering claims that are filed against lawyers, state
officials of Alabama and federal officials of the United
States, **in** Watson's national class civil jury demands
(2/25/05), **and in** Citizens of Alabama & United States
national class action criminal/civil injunctive demands
(7/13/05, 2/25/05 & 5/11/05); **AND AN ISSUE** that the State
of Alabama (Attorney General Office) and the Beasley Firm
(Hinton of the Gidiere Firm) **have both** evaded addressing in
their reply/response on December 22,2006, **is that** no

federal official has filed answers/responses in Lowndes
County Circuit Court (CV-91-78) to the three complaints
(7/13/04, 2/25/05 & 5/11/05), **and also** in this U.S.
District Court (2:06-cv-978-MEF) to the notice of removal
on October 30,2006, that removed **the** three complaints
(7/13/04, 2/25/05 & 5/11/05) **and also the** two outstanding
motions to compel for default (2/25/05 & 5/11/05) on
state/federal officials having rights to oppose, **(1)**
Citizens of Alabama & United States national class action
criminal & civil injunctive demands (7/13/04 & 2/25/05) and
**(2)** a jury trial being held on Watson's national class
action civil jury demands (2/25/05).

    **2.** Another issue that the State of Alabama (Attorney
General Office) has also refused to address in this U.S.
District Court (2:06-cv-978-MEF) on November 28,2006
(MOTION TO REMAND), and again on December 22,2006
(REPLY BRIEF), is that because Alabama Attorney General
Troy King also refused to file answers/responses in Lowndes
County Circuit Court (CV-91-78) to the two complaints on
July 13,2004, and February 25,2005, the two outstanding
motions to compel for defaults (2/25/05 & 5/11/05), **are
demanding that** Alabama Attorney General King be held in

3

default on having rights to oppose (**KING** using his state office & taxpayers money), to obstruct justice/enforce unconstitutional on, **(1)** Citizens of Alabama rights under the national class action injunctive demands (7/13/04, 2/25/05 & 5/11/05), **to have** a host of state officials indicted by a federal grand jury, to be held criminally & civilly liable to the State of Alabama & its citizens, **for conspiring** with the Beasley Firm lawyers to defraud the State of Alabama & its citizens of a constitutional/lawful judicial system, and **(2)** a jury trial being held Watson's national class action civil jury demands (2/25/05) against **lawyers** (Beasley Firm partners **and** Gidiere Firm partners), **two state officials of Alabama** (Attorney General Troy King & Second Judicial Circuit Judge H. Edward McFerrin, **the** presiding judge in the Lowndes CV-91-78 case), **and five federal officials of the United States** (**1-**U.S. Attorney Leura G. Canary, **2-**U.S. Magistrate Susan Russ Walker, **3-**U.S. District Judge W. Harold Albritton, III, **4-**former U.S. Attorney General John Ashcroft, and **5-**U.S. Senator Richard Shelby), **NOTE who all also** have criminal/civil liability to government/citizens under the national class action injunctive demands.

4

**3.** The two outstanding motions to compel for default (2/25/05 & 5/11/05), **include** the below (par.3-A thru 3-C) federal legislative demands in Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04 & 2/25/05), **being demanded** of the U.S. Congress, **which the** presiding district judge (criminal/civil liable U.S. District Judge Mark E. Fuller) in this U.S. District Court (2:06-cv-978-MEF), **is also trying** to evade having to address.

**3-A.** To impeach the following district judges for prior connecting conspiracy obstructions of justice/enforcements of unconstitutional law in the U.S. District Court in Montgomery Al., on citizens constitutional rights to due process of law, **on** complaints/petitions against judges & lawyers for conspiring in the courts to enforce unconstitutional law, **(CV-94-D-1112-N case & CV-98-D-1023-N case)** U.S. District Judge Ira DeMent, **(CV-01-T-1268-N case)** U.S. District Judge Myron H. Thompson, **(CV-02-F-1214-N)** U.S. District Judge Mark E. Fuller, and **(CV-04-A-677-N case)** U.S. District Judge W. Harold Albritton, III; **AND ALSO** U.S. 11th Circuit Court Appeal Judge Bill Pryor, **for**

**Pryor** conspiracy engagement in this matter, in obstructing justice/enforcing unconstitutional law **when Pryor** was Attorney General of Alabama.

    **3-B.** To have special congressional investigators & prosecutors assigned, to hold federal/state officials & lawyers criminally/civilly liable, **to the** State of Alabama & its citizens, **and to the** United States & its citizens.

    **3-C.** To have a special federal judge assigned in the U.S. District Court in Montgomery Al. **(who** will follow **and** uphold the law on corrupt federal judges), **TO PRESIDE OVER** Citizens of Alabama & United States national class action criminal/civil injunctive demands (7/13/04 & 2/25/05), **that are** federal criminal/civil jury issues, **which** includes the criminal/civil jury demands against the federal district judges in the above (par.3-A) **and the following** federal magistrate judges in Montgomery Al., **who** conspired with the federal district judges to obstruct justice/enforce unconstitutional law, **(CV-94-D-1112-N case)** U.S. Magistrate Charles S. Coody, **(CV-98-D-1023-N case)** U.S. Magistrate Vanzetta Penn McPherson, and **(CV-02-F-1214-N case** and **CV-04-A-677-N case)** U.S. Magistrate Susan Russ Walker, **AND**

**TO ALSO PRESIDE OVER** Watson's national class action civil jury demands (2/25/05) **against** the lawyers, two state officials and five federal officials in the above (par.2).

**4.** Because of the two motion to compel for default (2/25/05 & 5/11/05) on rights to oppose the civil/criminal jury demands in the two outstanding complaints (7/13/04 & 2/25/05), the injunctive demands being demanded of U.S. Attorney General Alberto Gonzales in the second amendment to the amended complaint (7/13/04) on May 11,2005, includes the below (par.4-A thru 4-B).

**4-A.** To order grand jury investigations, **in Montgomery Al.**, which will give citizens their constitutional rights as federal grand jurors, **the rights** to indict a host of federal/state officials & lawyers to be held criminal/civil liable, **to the** State of Alabama & its citizens, **and to the** United States & its citizens, **for their** engagement in racketeering conspiracy crimes of fraud being committed on the United States Constitution itself **and also** citizens constitutional rights/interests thereunder, **in order** to defraud the State of Alabama & its citizens of a constitutional/lawful state/federal judicial system (criminal & civil), **and in Washington DC,** to determine the

7

extent of corruption within the U.S. Department of Justice during John Ashcroft's tenure as the U.S. Attorney General **and** U.S. Senator Richard Shelby's conspiracy engagement therein, **that includes** President Bush being mislead to make a senate recess appointment of Alabama Attorney General Bill Pryor to the U.S. 11th Circuit Court of Appeal on February 20,2004, **because** of Ashcroft & Shelby's conspiracy (**starting in April 2004),** in obstructing justice on the Washington federal justice officials who conspired in June/July 2003 to obstruct justice on Watson's two petitions to U.S. Attorney General Ashcroft on May 16,2003.

**4-B.** To remove from Lowndes County Circuit Court (CV-91-78) to U.S. District Court in Montgomery Al. **under** U.S. Title 28 (**§** 1442), **the** national class action criminal/civil jury demands in the two preexisting complaints (7/13/04 & 2/25/05) **and the** money being held from Watson's pro se settlement with CSX on February 16, 1996, **(1)** for the above (par.4-A) grand jury investigation in Montgomery Al., on Citizens of Alabama & United States national class action criminal/civil jury demands in the injunctive demands, and **(2)** for a civil jury trial to be held on the Beasley Firm's liens/demands on Watson's money,

8

**verses** Watson's above (par.2) national class civil jury
demands (2/25/05) against lawyers and state/federal
officials, **WHICH** U.S. Attorney General Gonzales has duty to
do, **(a)** because the connecting fraud, conspiracy &
racketeering criminal/civil jury demands against lawyers
and state/federal officials in the two existing complaints
(7/13/04 & 2/25/05), are filed under the Alabama Legal
Services Liability Act (§ 6-5-570), U.S. Title 42 (§ 1981,
§ 1983 & § 1985) **and** the Federal Racketeer Influence and
Corrupt Organizations Act, U.S. Title 18 (§ 1961 thru
§ 1968), **(b)** because under U.S. Title 28 (§ 1343), U.S.
District Court has jurisdiction over the civil/criminal
fraud, conspiracy & racketeering jury demands (7/13/05 &
2/25/05) that are filed against state officials of Alabama,
and **(c)** because under U.S. Title 28 (§ 1346), U.S. District
Court has jurisdiction over the civil/criminal fraud,
conspiracy & racketeering jury demands that are filed
against federal officials of the United States.

    **5.** The second amendment to the amended complaint
(7/13/04) on May 11,2005 (par.AA-8 thru AA-9 on pages 5-7),
**also demanded** that in his answer thereof, for U.S. Attorney

General Gonzales to address if he was even aware of this
national class action criminal/civil injunctive/civil jury
case; **because** Gonzales could have office staff officials
who are holdovers from former U.S. Attorney General
Ashcroft's office staff **who have** conspired with U.S.
Senator Shelby, to withhold the pleadings & exhibits that
Watson mailed Gonzales on February 25,2005, and March 11,
2005, **in order** to keep all the other federal legislators
in the U.S. Congress, from even knowing about the federal
legislative demands in the above (par.3 thru 3-C), in
Citizens of Alabama & United States national class action
injunctive demands (7/13/04 & 2/25/05), **and also** then U.S.
General Ashcroft & U.S. Senator Shelby's 2004 conspiracy in
the above (par.4-A); **AND NOTE** the notice of removal on
October 30,2006 (**1**-par.4 thru 4-A on pages 7-8, **2**-par.17 on
pages 41-42 and **3**-par.27 on pages 64-65), **shows that**
**because** on June 9,2005, **the** U.S. Congress had been mislead
to approve Bill Pryor's nomination for a lifetime position
on the U.S. 11th Circuit Court of Appeals **before** the
Washington conspiracy scam jurisdiction authority on July
29,2005 **(in which** Civil Rights Official Theresa Weathers
claimed the U.S. Department of Justice/U.S. Attorney

10

General Gonzales did have jurisdiction authority **to act** on
the injunctive demands on 5/11/05 in the above par.4 thru
4-A), **Watson** demanded U.S. Attorney General to address that
also, **because** by having an office staff who are conspiring
with U.S. Senator Shelby, U.S. Attorney General Gonzales
may still may not be aware of the federal criminal/civil
legislative **&** jury demands filed against lawyers and
state/federal officials **in** Citizens of Alabama & United
States national class action injunctive demands (7/13/04,
2/25/05 & 5/11/05) **and in** Watson's national class action
civil jury demands (2/25/05), **OR** U.S. Attorney General
Gonzales is another Washington conspirator on the national
class action criminal/civil injunctive demands, **that** the
U.S. Congress will have duty to see is removed as this
nation's chief-law-enforcement-officer **and** held criminally
& civilly liable to the United States & its citizens.

    **5-A.** On behalf of criminal/civil liable Alabama
Attorney General Troy King in this case in U.S. District
Court (2:06-cv-978-MEF), Assistant Attorney General
Misty S. Fairbanks has played a conspiring roll in trying
to keep U.S. Attorney General Gonzales from addressing the
above (par.5), **by only** serving criminal/civil liable Jack

B. Hinton, Jr. of the Gidiere Firm (criminal/civil liable
Beasley Firm's attorney) **and** criminal/civil liable U.S.
Attorney Leura G. Canary in Montgomery Al., **with** the State
of Alabama's motion to remand on November 28,2006, and
reply brief on December 22,2006, **which both show** are
claiming this U.S. District Court (2:06-cv-978-MEF) lacks
subject matter jurisdiction over the three complaints
(7/13/04, 2/25/05 & 5/11/05), **because** Plaintiff Watson
removed them from Lowndes County Court (CV-91-78) under
U.S. Title 28 (**§** 1443) to this U.S. District Court
(2:06-cv-978-MEF) on October 30,2006, **and because** only a
defendant can remove complaints from state court under U.S.
Title 28 (**§** 1443).

   **5-B.** As criminal/civil liable Beasley Firm's attorney
in this case in U.S. District Court (2:06-cv-978-MEF),
criminal/civil liable Jack B. Hinton, Jr. of the Gidiere
Firm has played a conspiring roll in trying to keep U.S.
Attorney General Gonzales from addressing the above
(par.5), **in addition** to trying make this matter between
Watson **verses** the Beasley Firm & the State of Alabama
**because** federal officials have not responded (above par.1),

12

**by serving** only the State of Alabama (Attorney General Office), **with** the Beasley Firm's motion to dismiss or in the alternative to remand on November 29,2006, **and with** the Beasley Firm's response to Court's Order (12/1/06) on December 22,2006, **which both** along with the above (par.5-A), **show are** claiming what Assistant Attorney General Fairbanks is claiming on behalf of criminal/civil liable Attorney General King, **IN ADDITION TO** claiming that Watson's claims are barred by res judicata & collateral estopped.

    **5-C.** As the presiding district judge in this case in U.S. District Court (2:06-cv-978-MEF), criminal/civil liable U.S. District Judge Mark E. Fuller has played a conspiring roll in keeping U.S. Attorney General Gonzales from address the above (par.5), **and also** trying to make this matter between Watson **and** the Beasley Firm **in which** criminal/civil liable Judge McFerrin has jurisdiction over in Lowndes County Circuit Court (CV-91-78), **because** Judge Fuller's Order on December 1,2006, **GAVE** Watson until December 15,2006, **to file** a response to the Beasley Firm's motion to dismiss or in the alternative to remand on November 29,2006, **and to file** a brief that addressed the

two addition concerns of the Court (criminal/civil liable
Judge Fuller), **(1)** whether this Court has subject matter
jurisdiction over this action, and **(2)** whether there is any
legal authority for a plaintiff, as oppose to a defendant,
to remove an action pursuant to 28 U.S.C. **§§** 1441 & 1443,
**AND GIVE** the Beasley Firm until December 22,2006, to file a
reply brief on Watson's submissions (**on** 12/15/06) **and** the
Court's concerns (12/1/06).

    **6.** Form the pleadings & exhibits evidence Watson has on
file in this U.S. District Court (2:06-cv-978-MEF), **the**
CO-conspiring parties in the above (par.5-A thru 5-C), **are**
**aware** that Watson had rights under U.S. Title 28 (**§** 1443),
to remove the three complaints (7/13/04, 2/25/05 & 5/11/05)
and the two outstanding motions to compel for default
(2/25/05 & 5/11/05) from Lowndes Circuit Court (CV-91-78)
on October 30,2006, **BECAUSE** by being the filing & demanding
party on the money from Watson's pro se settlement with CSX
on February 16,1996, the Beasley Firm is THE PLAINTIFF **and**
Watson is THE DEFENDANT, **in the long running** attorney lien
dispute in the Lowndes CV-91-78 case (**between** the former
Plaintiff Watson  **and** the former plaintiff's attorneys

14

Beasley Firm lawyers), **AND BECAUSE** Watson has shown from
exhibit court records **(that** are signed by Judge McFerrin),
**that** Judge McFerrin is aware he is lawfully holding half
the money from Watson's pro se settlement with CSX on
February 16,1996, **on** a phantom attorney the Beasley Firm
was to have had on file in the CV-91-78 case before
Watson's pro se settlement with CSX on February 16,2006,
**NOTE THAT** Judge McFerrin conspired to create for the
Beasley Firm on April 18,2002.

    **6-A.** From the exhibit court records Watson filed with
the notice of removal on October 30,2006 **(Ex.DC-NR-1,**
**Ex.BF-B, Ex.C-6, Ex.C-19, Ex.C-20, Ex.C-21, Ex.18, Ex.24,**
**Ex.B** & **Ex.C** bound in Ex. Pk. 4 to DC-NR-4), **the**
**CO-conspiring parties** in the above (par.5-A thru 5-C), **know**
**that** in his pleading in this U.S. District Court
(2:06-cv-978-MEF), Watson has shown persuasive evidence of
the following against Judge McFerrin in the CV-91-78 case
in Lowndes County Circuit Court: **that** Judge McFerrin
conspired to create the Beasley Firm's phantom attorney
lien in the above (par.6) on April 18,2002, **in order** to be
able to expunge Watson's fraud, conspiracy & racketeering
jury demands on April 2,2002 (**against** Judge McFerrin, the

15

Beasley Firm partners, Hinton of the Gidiere Firm **&** federal attorneys in Montgomery Al.), **on grounds** they were filed too late **and** without leave of the court, **because** Judge McFerrin had held a final hearing on March 26,1996, on an attorney lien Watson's former attorneys had on file in the CV-91-78 case before said pro se settlement (2/296/96); **AND THAT** on February 26,2003, Judge McFerrin conspired to use same phantom attorney lien **and** grounds to expunge Watson's fraud, conspiracy & racketeering jury demands on October 31,2002, **against** federal attorneys in Washington DC & Montgomery Al, **Judge McFerrin**, other state officials of Alabama, **and** lawyers (**the** Beasley Firm partners and **the** Gidiere Firm partners).

   **6-B.** From the exhibit court records Watson filed with the notice of removal on October 30,2006 **(Ex.DC-NR-1, Ex.FC-19, Ex.FC-23, Ex.B, Ex.C** & **Ex.G** bound in Ex. Pk. 4 to DC-NR-4), **the CO-conspiring parties** in the above (par.5-A thru 5-C), **know that** in his pleading in this U.S. District Court (2:06-cv-978-MEF), Watson has shown persuasive evidence of the following against U.S. Magistrate Susan Russ Walker & U.S. District Judge Mark E. Fuller in the CV-02-F-1214-N case in U.S. District Court, **on** Watson's

16

notice of removal (10/31/02) **that removed** from Lowndes
County Circuit Court (CV-91-78), **the** fraud, conspiracy &
racketeering jury demand complaint (10/31/02) against Judge
McFerrin, federal attorneys in Washington DC & Montgomery
Al, other state officials of Alabama, and lawyers (the
Beasley Firm partners **&** the Gidiere Firm partners), **that
included** demands for a jury trial on the phantom attorney
lien **that** Judge McFerrin conspired for the Beasley Firm on
April 18,2002, **(1)** that in her Recommendation on January
29,2003, U.S. Magistrate Walker conspired to falsify what
is stated/recorded in Montgomery County Circuit Judge Sally
Greenhaw's Order in the Watson v. Beasley Firm case
(CV-00-1545-GR) on July 30,2001, **in order** to be able
show/claim, **that** Watson had filed & removed the complaint
(10/31/02) from Lowndes County Circuit Court (CV-91-78) in
violation of Rule 15 of the Alabama Rules of Civil
Procedure (**filed/removed** without leave of the state court),
**and should** be remanded back to Defendant Judge McFerrin in
Lowndes County Circuit Court (CV-91-78), **to dismiss** on the
same grounds Defendant Judge McFerrin had dismiss the
fraud, conspiracy & racketeering jury demand complaint
(4/2/02) on April 18,2002, (**filed** too late **and** without

17

leave of the court, **because** Judge McFerrin had held a final hearing on 2/26/96 on the attorney lien the Beasley Firm had on file before Watson's pro se settlement on 2/16/96), **which** is a phantom attorney lien **that** Watson's complaint (10/31/02) **sued** Judge McFerrin for conspiring to create for the Beasley Firm on April 18,2002, and **(2)** that U.S. District Judge Fuller conspired with U.S. Magistrate Walker, **by in his** Order on February 12,2003, **overruling** Watson's objection to (2/7/03) **and approving** Magistrate Walker's Recommendation (1/29/03).

7. From the three complaints (7/13/04, 2/25/05 & 5/11/05) **and** the two outstanding motions to compel for default (2/25/05 & 5/11/05), **along with** the pleadings Watson has filed in this case in U.S. District Court (2:06-cv-978-MEF), **the CO-conspiring parties** in the above (par.5-A thru 5-C), **know that** under Citizens of Alabama & United States national class action criminal/civil injunctive demands, **in addition** to being connecting civil conspiracy deprivations on civil rights under U.S. Title 42 (§ 1981, § 1983 & § 1985) **that** Alabama Second Judicial Circuit Judge McFerrin, U.S. Magistrate Walker and U.S. District Judge Fuller, are civilly liable to government &

18

citizens on, **the above** (par.6 thru 6-B) **are also connecting**
criminal conspiracy violations in U.S. District Court
(CV-02-F-1214-N) and Lowndes County Circuit Court
(CV-91-78) in January/February 2003 **under** two or more of
the following federal criminal conspiracy statutes in U.S.
Title 18 (**§ 241, § 341, § 1505, § 1506 & § 1510**), **that**
Alabama Second Judicial Circuit Judge McFerrin, U.S.
Magistrate Judge Walker, and U.S. District Judge Fuller,
**are due** to be indicted **by a** federal grand jury of citizens,
**to held** criminally liable to government & citizens **by a**
federal trial jury of citizens.

    **7-A.** The demands in the second amendment to the amended
complaint (7/13/04) on May 11,2005 (**above** par.4 thru 4-A),
**are being** demanded because of the two  motions to compel
for default (2/25/05 & 5/11/05) on the issues in the two
existing complaints (7/13/04 & 2/25/05) in the above (par.3
thru 3-C); and **Ex.USAG-G-P1** & **Ex.USDJ-CRD** bound in Exhibit
Pack USAGG to DC-NR-4 filed with the notice of removal on
October 30,2006, **along with** the averments in the pleadings
Watson has filed in this case in U.S. District Court
(2:06-cv-978-MEF), **also show that the CO-conspiring parties**
in the above (5-A thru 5-C) **are aware** that under the

federal criminal conspiracy statutes in the above (par.7),
**that** Washington Civil Rights Official Theresa Weathers **is
due** to be indicted and held criminally liable to the United
States & its citizens, **for conspiring** with one or more
officials in the U.S. Attorney General Office **and** U.S.
Senator Shelby to obstruct justice/enforce unconstitutional
law on July 29,2005, **because** Weathers stated/claimed in her
letter to Watson on July 29,2005, **that** she was responding
on behalf of U.S. Attorney General Gonzales, **and
fraudulently claimed that** the U.S. Department of Justice &
U.S. Attorney General Gonzales, **did not have** jurisdiction
authority **to act** on the injunctive demands in the second
amendment to the amended complaint (7/13/04) on May 11,2005
**(see** above par.4 thru 4-B).

    **8.** All of the above shows, **(1)** that **BECAUSE** no judge
has rights to act as judge/jury of a complaint against the
Judge for conspiring to obstruct justice/enforcing
unconstitutional law, **AND BECAUSE** of Judge Fuller's
criminal/civil liability to government/citizens under
Citizens of Alabama & United States national class action
injunctive demands (7/13/04, 2/25/05 & 5/11/05) for that,

20

**subject matter** has to bar U.S. District Judge Mark E.
Fuller from presiding over **the** three complaints (7/13/04,
2/25/05 & 5/11/05) **and the** related two outstanding motions
to compel default (2/25/05 & 5/11/05) in this case in U.S.
District Court (2:06-cv-978-MEF), and **(2)** that **BECAUSE** no
judge has rights to act as judge/jury on complaints against
the judge for conspiring to obstruct justice/enforcing
unconstitutional law, **AND BECAUSE** of Judge McFerrin's
criminal/civil liability to government/citizens under
Citizens of Alabama & United States national class action
injunctive demands (7/13/04, 2/25/05 & 5/11/05) for that
**and** civil liability to Watson under the national class
action civil jury demands (2/25/05) for that, **subject**
**matters** also has to bar Alabama Second Judicial Circuit
Judge H. Edward McFerrin from presiding over **the** three
complaints (7/13/04, 2/25/05 & 5/11/05) **and the** related two
outstanding motions to compel default (2/25/05 & 5/11/05)
in the CV-91-78 case in Lowndes County Circuit Court.

  **9.** Because of the improper service by the Alabama
Attorney General Office and Hinton of the Gidiere Firm in
the above (par.5-A thru 5-B), **and in order** for all parties
to be served **(especially** U.S. Attorney General Gonzales **and**

U.S. Senator Shelby), Watson is attaching to this response,
the State of Alabama reply brief (12/22/06) as **Ex.AL-DC-3**
and the Beasley Firm's response (12/22/06) as **Ex.H-DC-3**.

    **9-A.** In order for all parties to be served (**especially**
U.S. Attorney General Gonzales **and** U.S. Senator Shelby),
**the** federal motion to compel for recusal of the district &
magistrate judges of this Court, **that** Watson filed in this
case in U.S. District Court (2:06-cv-978-MEF) on December
4,2002 **(Ex.DC-MC-R)**, had copies of the State of Alabama's
filings in this Court on November 28,2006, attached as
**Ex.AL-DC-1** & **Ex.AL-DC-2**, and copies of the Beasley Firm's
filings in this Court on November 29,2006, attached as
**Ex.H-DC-1** & **Ex.H-DC-2**; and U.S. District Judge Fuller's
Order on December 1,2006 (**above** par.5-C), was attached as
**Ex.JF-O-1** to compliance to the U.S. District Judge Order
(12/1/06), **that** Watson filed in this case in U.S. District
Court (2:06-cv-978-MEF) on December 15,2006 **(Ex.P/D-C)**.

    **10.** All of the above shows that under **the** three
complaints (7/13/04, 2/25/05 & 5/11/05) **and the** related two
outstanding motions to compel for default (2/25/05 &
5/11/05), **THAT** U.S. Attorney General Gonzales has duty to

the citizens of this nation, to take action that brings an end to federal officials conspiring with state officials of Alabama & lawyers, to obstruct justice/enforce unconstitutional law on, **(1)** Citizens of Alabama & United States national class criminal/civil injunctive demands (7/13/04, 2/25/05 & 5/11/05), **that are** federal legislative issues, federal criminal/civil jury issues in Montgomery Al. **and also** federal criminal jury issues in Washington DC, and **(2)** Watson's national class action civil jury demands (2/25/05), **that** is a federal civil jury issue in Montgomery Al., **AND THAT** if U.S. Attorney General Gonzales refuses, **the** U.S. Congress has duty to the citizens of this nation to also take action against U.S. Attorney General Gonzales, **in bringing** an end to federal officials conspiring with state officials & lawyers, to obstruct justice/enforce unconstitutional law on the federal legislative and federal jury issues in the three complaints (7/13/04, 2/25/05 & 5/11/05) and the related two outstanding motions to compel for default (2/25/05 & 5/11/05), **which clearly** also includes/demands, **that** the U.S. Senate to immediately expel U.S. Senator Richard Shelby, **because** of Shelby's conspiracy engagement with federal justice officials in Washington DC,

23

**in withholding** the federal legislative demands in the above

(par.3 thru 3-C), **from** all the other federal legislators in

the U.S. Congress.

*Teddy A. Watson*

Teddy A. Watson
Layman Pro Se Petitioner
on behalf of himself,
Citizen of Alabama & United States

ADDRESS OF LAYMAN PRO SE

Teddy A. Watson
4362 Eastmont Drive
Montgomery, Alabama 36109
(334) 272-6252

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this response with **Ex.AL-DC-3** (copy of State of Alabama reply brief on 12/22/06) and **Ex.H-DC-3** (copy of Beasley Firm's response on 12/22/06) **attached,** are being served to the following parties by U.S. Mail on December 28,2006.

U.S. Attorney General Alberto Gonzales
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

U.S. Senator Richard Shelby
110 Hart Boulevard, Senate Office Building
Washington, DC 20510-0103

U.S. Attorney Leura G. Canary
Post Office Box 197
Montgomery, Alabama 36101

Attorney General Troy King
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

Jack B. Hinton, Jr.
Gidiere, Hinton & Herndon
904 Region Tower
60 Commerce Street
Montgomery, Alabama 36104


Teddy A. Watson

EXHIBIT H-DC-3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| TEDDY A. WATSON | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 06-CV978-MEF |
| | ) |
| JERE BEASLEY, ET AL. | ) |
| | ) |
|     Defendants. | ) |

## RESPONSE TO COURT'S ORDER OF
## DECEMBER 1, 2006[1]

COMES NOW Defendants (heretofore commonly referred to as "the Beasley firm") and respond to plaintiff's filing of December 15, 2006 and in compliance with the Court's December 1, 2006 Order state as follows:

1.  On December 1, 2006, (Doc. #9) this Honorable Court provided plaintiff an opportunity to respond to these defendants' Motion to Dismiss or in the alternative Motion to Remand (Doc. #7).  At that time, the Court Ordered plaintiff to brief 1) whether this Court has subject matter jurisdiction and 2) whether there is any legal authority for a plaintiff to remove.  Plaintiff's filing fails on both fronts.

2.  In response to and in ostensible compliance with this Court's Order, plaintiff served these defendants with a pleading purportedly filed and styled

---

[1] These defendants do not believe a reply is substantively necessary in response to plaintiff's filing. However, out of an abundance of caution, these defendants make this brief reply.

"Plaintiffs/Defendants Compliance with U. S. District Judge Order on December 1, 2006". (Doc. #13).

3. Additionally, Watson has served the undersigned counsel with a pleading styled "Motion to Compel for Leave to Amend" dated December 20, 2006 (Doc.#14) and a pleading styled "Plaintiffs/Defendants Response to U. S. District Judge Order" dated the same date (Doc. #12). In these two later filings, Watson asserts that he was told in a telephone call on December 18, 2006 that his December 15, 2006 filing was in some way defective.

4. Plaintiff appears to assert that federal jurisdiction is proper because he is bringing his Amended Complaint pursuant to various federal criminal conspiratorial statutes. But, his amendment has never been allowed by the Circuit Judge in State Court and, thus, does not provide a vehicle to "bootstrap" jurisdiction into the United States District Court for the Middle District. His most recent "Amendment" was not filed in State but in Federal Court.

5. On the issue of removeability, plaintiff purports to assert that because this is a state and national class action of which he is the representative and because that "class" is made up of citizens of Alabama and of the United States and because that class of persons "owns" the government, he, in essence, represents plaintiffs and defendants in this action. He also alleges that because the Beasley firm's attorney fee lien claim is the lead issue then the Beasley firm is in reality the plaintiff and he the defendant. Therefore, he argues, he can remove as a defendant. This is circular reasoning which does not support the argument that

2

this plaintiff should be allowed to remove what remains of his own personal injury case from the Circuit Court of Lowndes County.

6. Regardless of the merits of plaintiff's answer to the Court's two inquiries, as pointed out in these defendants' earlier motion (Doc. #7) this matter is still barred by three previous rulings by Article III Judges of this District on the identical issue before this Court.

7. Respectfully, this Court does not have jurisdiction to entertain or grant plaintiff's request for relief. To the extent this Court has or accepts jurisdiction on whatever grounds, plaintiff's requested relief should be denied as barred by res judicata or collateral estoppel.

Respectfully submitted,

/s/ _____
Jack B. Hinton, Jr. (HIN020)


OF COUNSEL:
Gidiere, Hinton & Herndon
60 Commerce Street
Suite 904
Montgomery, Alabama 36104
Telephone: (334) 834-9950
Facsimile: (334) 834-1054

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this 22nd day of December, 2006:

Teddy A. Watson
4362 Eastmont Drive
Montgomery, AL   36109

I do hereby certify that I have on this 22nd day of December, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following

Misty S. Fairbanks
Assistant Attorney General
Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, AL  36130-0152

/s/ _____
Jack B. Hinton, Jr.

Exhibit A-DC-3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| TEDDY A. WATSON, *etc.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06-cv-00978-MEF-WC |
| JERE L. BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## STATE OF ALABAMA'S REPLY BRIEF

The State of Alabama, by and through its Attorney General, Troy King, for the limited purpose of responding to this Court's Order (Doc. # 9), without waiving any defenses that it might have, states the following:

On October 30, 2006, the Plaintiff filed a Notice of Removal in this Court which Notice lists, among others, "Officials of the State of Alabama" as "Defendants/Plaintiffs." The docket report for the above-styled case lists the State of Alabama as a Defendant.

On November 28, 2006, the State of Alabama moved this Court to remand the case to the Circuit Court of Lowndes County, Alabama. (Doc. # 5). As grounds therefor, the State asserted that a plaintiff cannot remove a case to federal court, *see* 28 U.S.C. §§1441(a), 1442(a), 1443, 1446(a). (*Id.*) Alternatively, the State asked that the Plaintiff be required to affirmatively demonstrate that the Circuit Court of Lowndes County, Alabama, from which court this case was removed, had allowed him to amend his complaint to include federal claims, such as would vest this Court with subject matter jurisdiction. (*Id.*)

On November 29, 2006, the Beasley Firm Defendants filed their Motion to Dismiss or in the Alternative Motion to Remand (Doc. # 7) and their Defendants' Opposition to Plaintiff's

Motion to Compel (Doc. # 8). In their Motion, the Beasley Firm Defendants recited the proceedings, as pertinent here, demonstrating that the State court had never granted leave for the Plaintiff to amend his complaint. *See* (Doc. # 7).

On December 1, 2006, this Court ordered Plaintiff Watson to file his response to the Beasley Firm Defendants' Motion and to brief certain concerns of the Court, namely "(1) whether this Court has subject matter jurisdiction over this action and (2) whether there is any legal authority for a plaintiff, as opposed to a defendant, to remove an action pursuant to 28 U.S.C. §§1441 & 1443." (Doc. # 9). The Court further ordered that Defendants file "a reply brief addressing plaintiff's submissions and the Court's concerns." (*Id.*)

Thereafter, the Plaintiff filed the following documents: Federal Motion to Compel for Recusal of the District & Magistrate Judges of this Court (Doc. # 10); Revised Notice of Removal (Doc. # 11); Plaintiffs/Defendants Response to U.S. District Judge Order (Doc. # 12); Plaintiffs/Defendants Compliance with U.S. District Judge Order on December 1, 2006 (Doc. # 13); and a Motion to Compel for Leave to Amend, accompanied by Third Amendment to the Amended Complaint on July 13, 2004 (Doc. # 14). Additionally, the Beasley Firm Defendants filed their Response to Court's Order of December 1, 2006. (Doc. # 15).

The Plaintiff acknowledges that the State court did not grant him leave to amend his complaint, and, in fact, in his words, the court refused to "take-up" the motion. (Doc. # 12 at 9-10; Doc. # 14, Motion, at 5). It was for this reason that the Plaintiff attempted to remove the pending motion to amend his complaint when he removed his case from State court. *See* (Doc. # 12 at 9-10; Doc. # 14, Motion, at 5). Such a procedure is unknown to the law. Absent an amendment, there are no federal claims in the underlying litigation removed from State court and

this Court lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443. Accordingly, the case should be remanded.

Moreover, the Plaintiff accepts, as he must, that the law allows only defendants, and not plaintiffs, to remove cases to federal court. *See* (Doc. # 12 at 11; Doc. # 13, Exhibit MA/AP at 5; Doc. # 14, Proposed Amendment, at 5, 28). To overcome this hurdle, the Plaintiff attempts to establish that he is indeed a defendant in this litigation. To the extent that the Plaintiff asserts that he is a defendant because the Beasley Firm Defendants have a lien against his settlement funds, he has cited no authority in support of this novel proposition. *See* (Doc. # 12 at 11-13; Doc. # 13, Exhibit MA/AP at 4-5; Doc. # 14, Proposed Amendment, at 5-6, 28). To the extent that the Plaintiff asserts that he is a defendant because he represents two classes of citizens suing the governments responsible to them, such that the citizen classes are simultaneously plaintiff and defendant classes, (Doc. # 12 at 13; Doc. # 14, Proposed Amendment, at 4-5), Plaintiff has cited no authority for this novel argument. Furthermore, the argument is dependent on amendments to the complaint that have not been allowed. Plaintiff Watson *is* the Plaintiff in the underlying case in the Circuit Court of Lowndes County, Alabama, and for that reason he cannot remove the case to this Court. *See* 28 U.S.C. §§ 1441(a), 1442(a), 1443, 1446(a).

Finally, the Plaintiff has moved for leave to amend his complaint. (Doc. # 14.) This motion should be denied. First and foremost, for the reasons stated above, this Court lacks subject matter jurisdiction over this case and, thus, is without authority to grant the motion. Secondly, the proposed amended complaint, attached to Doc. # 14, not only comes too late in the litigation to be permitted, but is also vexatious, scandalous and frivolous. Among other things, the proposed amended complaint makes baseless allegations against the Judges of this Honorable Court and against counsel, all of which are barred by various forms of immunity.

3

For these reasons, this cause should be remanded to state court.

> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
> s/ Misty S. Fairbanks
> _____
> Misty S. Fairbanks (FAI005)
> Assistant Attorney General
> OFFICE OF THE ATTORNEY GENERAL
> STATE OF ALABAMA
> 11 South Union Street
> Montgomery, AL  36130-0152
> Telephone:  (334) 353-8674
> Facsimile:  (334) 353-8440
> E-mail:      mfairbanks@ago.state.al.us
>
> **ATTORNEY FOR THE STATE OF ALABAMA**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2006, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF System which will send notification of such filing

to the following:  Jack B. Hinton, Jr., Esq., and Leura G. Canary, Esq., and I hereby certify that I

have mailed by United States Postal Service to the following non-CM/ECF participants: Teddy

A. Watson, 4362 Eastmont Drive, Montgomery, Alabama 36109.

Respectfully submitted,

s/ Misty S. Fairbanks
Misty S. Fairbanks (FAI005)
Assistant Attorney General
Attorney for the State of Alabama
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 353-8674
Fax:  (334) 353-8440
E-mail:  mfairbanks@ago.state.al.us